1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
4  Telephone:     415-434-9100
   Facsimile:     415-434-3947
5

6  TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
   LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                           SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE, INC., | Case No. C 04 01497 RS |
| Plaintiff, | Date:   June 16, 2004<br>Time:   9:30 a.m. |
| v. | The Honorable Richard Seeborg |
| DIGITAL ENVOY, INC., | **NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES THEREON** |
| Defendant. | |
| DIGITAL ENVOY, INC., | |
| Counterclaimant, | |
| v. | |
| GOOGLE, INC., | |
| Counterdefendant. | |

-1-

W02-SF:5BB\61412731.1

NOTICE OF MOTION AND MOTION TO DISMISS OR
TO STAY; MEMO OF POINTS AND AUTH.
Case No. C 04 01497 RS

Dockets.Justia.com

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, August 5, 2004 at 2:00 p.m. in the Courtroom of the Honorable Richard Seeborg, located 280 South First Street, San Jose, California, the Defendant Counterclaimant Digital Envoy, Inc. will move the Court for an order dismissing the instant action pursuant to Fed. R. Civ. Proc. 12(b)(3) on the grounds that venue properly lies in the United States District Court for the Northern District of Georgia by virtue of an earlier filed action, *Digital Envoy, Inc. v. Google, Inc.*, Case No. 1:04-CV-0864-CAP, filed on March 29, 2004.

The issue to be decided by this motion is whether in light of Digital Envoy's earlier filed action, venue in this district is improper and the case should be dismissed in favor of the action now pending between these same parties in the United States District Court, Northern District of Georgia. Alternatively, Digital Envoy respectfully requests the Court stay this action pending the Northern District of Georgia's ruling on Google's motion to dismiss or transfer.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings, documents, records and other materials on file in this matter, the arguments of counsel at the time this motion is heard, and such further evidence and material as the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On March 29, 2004, Digital Envoy filed a Complaint with the U. S. District Court for the Northern District of Georgia relating to a dispute which had arisen pertaining to Google's misappropriation of Digital Envoy's technology ("Digital Envoy Complaint"). A true and correct copy of the Digital Envoy Complaint is attached hereto as Exhibit A. Eighteen days later, Google filed this action for breach of contract and declaratory judgment ("Google Complaint"). The declaratory judgment aspect of the Google complaint is a mirror image of the claims set forth in the Digital Envoy Complaint. The breach of contract is a novel, but improper, claim for relief based on Google's interpretation of the venue clause in the agreement between the parties, which Google raised by motion in the Northern District of Georgia. In accordance with principles of

1  federal comity and the "first to file" rule, venue over this dispute properly lies with the Northern
2  District of Georgia and this Court should decline jurisdiction over and dismiss the Google
3  Complaint in deference to the Northern District of Georgia.
4      In the alternative, this Court should stay this action, pending determination by the Court in
5  the Northern District of Georgia as to whether venue is proper in that court. Should the Northern
6  District of Georgia determine that the Digital Envoy Complaint was properly filed in its Court,
7  this action should be dismissed. Should the Northern District of Georgia determine the Digital
8  Envoy Complaint was not properly filed in its Court, the stay should be lifted and the two actions
9  should be consolidated with Digital Envoy as the proper party plaintiff.

## II.    THE "FIRST TO FILE" RULE

The doctrine of federal comity permits a "district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 94-95 (9th Cir. 1982) (affirming dismissal of later filed action); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (same). The "first to file" rule was "developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625.

In *Pacesetter*, the Ninth Circuit affirmed the Central District of California which dismissed a case similar to the present case. *Pacesetter* arose from an intellectual property dispute between Medtronic and Pacesetter. Medtronic filed suit in the Southern District of Florida, claiming patent infringement and seeking injunctive and compensatory relief from Pacesetter. 678 F.2d at 94. Three days later, pacesetter filed its own lawsuit in the Central District of California, seeking a declaratory judgment holding that the Medtronic patens were invalid, not infringed and unenforceable. *Id.* On motion, the California district court applied the "first to file" rule and dismissed the later filed case in deference to the Florida district court and the first filed Medtronic. The Ninth Circuit affirmed and held that "permitting multiple litigation of these identical claims could serve no purpose of judicial administration, and the risk of conflicting determinations . . . was clear." *Id.* at 97. The same consideration applies here.

-3-

Both the Digital Envoy and Google complaints involve identical issues. Digital Envoy seeks redress for Google's misuse of Digital Envoy's technology. Google seeks a declaration that it does not misuse the technology. Accordingly, if permitted to proceed simultaneously, the same issue will be adjudicated in both actions. This sort of unnecessarily duplicative litigation, and the corresponding potential for inconsistent verdicts, are precisely the dangers the "first to file" rule was developed to avoid. *See Alltrade*, 946 F. 2d at 526,

The Georgia venue selected by Digital Envoy is not a disinterested or arbitrary venue for resolution of this dispute in that it is Digital Envoy's home location. Although Google contends that venue should lie only in this district, that matter has been brought before the Northern District of Georgia and is properly determined by that Court. A true and correct copy of Digital Envoy's brief filed in response to Google's motion is attached hereto as Exhibit B. As set forth therein, Digital Envoy contends that the claims brought in the Digital Envoy complaint are not controlled by the venue selection provision of the agreement and that venue is properly maintained in the forum of its choice.

Accordingly, the Google Complaint should be dismissed in favor of the earlier filed Digital Envoy Complaint. Alternatively, this action should be stayed pending determination by the Georgia court as to whether the Digital Envoy Complaint was properly brought there. If that court determines that it is a proper venue to hear the claims, then this action is completely duplicative and unnecessary and should be dismissed. If the Georgia court determines that Digital Envoy was bound to bring its action in this district, then the two cases can be consolidated and the cases can proceed in this Court with Digital Envoy as the party plaintiff.

////

////

-4-

### III.    CONCLUSION

For the foregoing reasons, Digital Envoy respectfully requests this Honorable Court GRANT its motion and dismiss the Google Complaint, or in the alternative, stay this action pending adjudication of Google's venue motion by the Northern District of Georgia.

DATED: May 10, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____-s-_____
P. CRAIG CARDON

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.