| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
| | WILSON SONSINI GOODRICH & ROSATI |
| 2 | Professional Corporation |
| | 650 Page Mill Road |
| 3 | Palo Alto, CA 94304-1050 |
| | Telephone: (650) 493-9300 |
| 4 | Facsimile: (650) 565-5100 |
| 5 | Attorneys for Plaintiff |
| | Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GOOGLE INC., | ) | CASE NO.: C 04 01497 RS |
| Plaintiff, | ) | **ANSWER TO DIGITAL ENVOY'S COUNTERCLAIM** |
| v. | ) | |
| DIGITAL ENVOY, INC., | ) | Jury Trial Requested |
| Defendant. | ) | |
| DIGITAL ENVOY, INC., | ) | |
| Counterclaimant, | ) | |
| v. | ) | |
| GOOGLE INC., | ) | |
| Counterdefendant. | ) | |

ANSWER TO DIGITAL ENVOY'S
COUNTERCLAIM
Case No: C 04 01497 VRW (RS)

## ANSWER TO COUNTERCLAIM

Google Inc. ("Google") hereby responds to the Counterclaim of Digital Envoy, Inc. ("Digital Envoy") below. To the extent not specifically admitted, each and every allegation in the Counterclaim is denied.

1. Google admits that Digital Envoy filed a complaint in the Northern District of Georgia on March 29, 2004. Google further admits that the substance of Digital Envoy's claims in the March 29, 2004 complaint is similar to the substance of the counterclaims asserted by Digital Envoy in the present case. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis denies the remaining allegations.

2. Google denies the allegations contained in Paragraph 2 as they relate to Google or its conduct. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis denies them.

3. Google admits that it entered into a license agreement in November of 2000 with Digital Envoy, but denies Digital Envoy's characterization and interpretation of the license agreement. Google admits that at all times it has properly complied with the terms of the Contract between itself and Digital Envoy. Google denies the remaining allegations of Paragraph 3.

4. Google denies the allegations contained in Paragraph 4.

### Jurisdiction

5. Google admits that Digital Envoy does business in Norcross, Georgia. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies the allegations therein.

6. Google admits the allegations contained in Paragraph 6.

7. Google admits that jurisdiction over Digital Envoy's counterclaims in this Court is proper under 28 U.S.C. § 1332 based on diversity of citizenship. To the extent not expressly admitted, Google denies the allegations of Paragraph 7.

8. Google admits that the district and division identified in Paragraph 8 is the proper venue for the present action and all related claims. To the extent not expressly admitted, Google denies the allegations of Paragraph 8.

**Factual Allegations**

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies the allegations therein.

10. Google admits that there are over 4 billion possible addresses in the address space for IP ("Internet Protocol") version 4, sometimes referred to as IPv4. Google admits that numerical IP addresses do not, in and of themselves, convey geographical information. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and on that basis denies the allegations contained therein.

11. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies the allegations contained therein.

12. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies the allegations contained therein.

13. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies the allegations contained therein.

14. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies the allegations contained therein.

15. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies the allegations contained therein.

ANSWER TO DIGITAL ENVOY'S COUNTERCLAIM
Case No: C 04 01497 VRW (RS)

-3-

16. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies the allegations contained therein.

17. Google is informed and believes, and on that basis admits, that some advertisers find attractive the ability to target advertising in one or more ways. Google is informed and believes, and on that basis admits, that the availability of advertising targeting options may affect ad performance and/or profitability. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17, and on that basis denies the allegations contained therein.

18. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies the allegations contained therein.

19. Google admits that it was formed in approximately September 1998, that it operates an Internet search engine, that it offers various search technologies, that it has made excellent technological innovations, and that it has strong financial backing. Google further admits that one of its search technologies is an Internet search engine, and that it has, for years, been one of the most popular Internet search engines. Google is informed and believes, and on that basis admits, that by mid-2000 it was, in at least some respect, operating the largest search engine on the Internet. To the extent not expressly admitted, Google denies the allegations of Paragraph 19.

20. Google admits the name "Google" is a play on the word "googol" which is 10 to the 100th power. Google admits that the company's mission is to make the world's information universally accessible and useful. To the extent not specifically admitted, Google denies the allegations of Paragraph 20.

21. Google admits that it was started by two Stanford University students with innovative ideas, that the company's first office was attached to a garage of a friend, and that it has so portrayed itself. Google further admits that its Googleplex headquarters includes many lava lamps, that there often are dogs of various sizes at the Googleplex, that it employs a chef

who formerly cooked for the Grateful Dead, and that there is room in its parking lot for roller hockey games. Google admits that the user interface for its Internet search engine is available in many languages, including the Klingon language. To the extent not specifically admitted, Google denies the allegations of Paragraph 21.

22. Google admits it is backed by funding from leading venture capital firms, and has an outstanding management team, board of directors, and technical advisory council. Google further admits its revenues for 2003 were nearly $1 billion, the majority of which was obtained through sales of advertising. Google lacks information sufficient to form a belief as to the remaining allegations of Paragraph 22, and on that basis denies those allegations.

23. Google admits that the company overall has been profitable since fiscal year 2001. Google admits that one source of its revenues has been and continues to be marketing search technology to other companies. Google further admits that it has, for several years, displayed advertisements on certain pages displaying results to users' search queries, and that is has earned revenue through that practice. To the extent not specifically admitted, Google denies the allegations of Paragraph 23.

24. Google admits that part of Google's advertising program known as AdWords permits advertisers to the display advertisements on pages containing the results to users' search queries. To the extent not specifically admitted, Google denies the allegations of Paragraph 24.

25. Google admits it believes that technology that estimates the physical location of users can play a role in providing relevant advertisements to users of its services depending upon, among other things, the accuracy of the technology and the nature of the advertisement. Google further admits that it was, for a number of reasons, interested in technology that could provide Google with an educated guess regarding the physical location of users of its services. To the extent not specifically admitted, Google denies the allegations of Paragraph 25.

26. Google admits that it negotiated with Digital Envoy in November 2000 over an agreement allowing Google to make use of certain Digital Envoy technology. To the extent not specifically admitted, Google denies the allegations of Paragraph 26.

27. Google admits the allegation contained in Paragraph 27.

1    28.    Google admits under the parties' agreement dated November 30, 2000 (the "Agreement"), Google was licensed to use Digital Envoy's technology as it saw fit in its "Business", and that the license was non-exclusive.  Google denies the interpretation or characterization based on Digital Envoy's selective paraphrasing and highlighting of the language of the Agreement.  To the extent not specifically admitted, Google denies the allegations of Paragraph 28.

29.    Google admits that Section 7.1 of the Agreement states:  "As between the parties hereto, Licensor shall be the sole owner of the Database Libraries, including any patents copyrights, or trade secrets associated with the Database Libraries or the underlying applications."  Google further admits that Section 7.2 of the Agreement states: "Licensee shall hold all of Licensor's product information, including the results of any evaluation or testing thereof by Licensee in strict confidence and shall in no event share such information with any third parties."  To the extent not specifically admitted, Google denies the allegations of Paragraph 29.

30.    Google admits that paragraph 7.4 of the Agreement states: "In the event either party discovers an instance of possible infringement of Licensor's rights in the Database Libraries, such party shall promptly notify the other.  The parties shall consult with one another with respect to the action that may be appropriate to stop or remedy such infringement."  To the extent not specifically admitted, Google denies the allegations of Paragraph 30.

31.    Google admits that it originally paid Digital Envoy $3,000 per month under the Agreement, with payments escalating to $8,000 per month as a result of amendments.  To the extent not specifically admitted, Google denies the allegations of Paragraph 31.

32.    Google admits that it has used Digital Envoy's technology to attempt to ascertain the physical geographic location of users for purposes of improving the targeting of advertisements to users.  Google further admits it has promoted the potential for targeting generally as a feature of its AdWords program.  To the extent not specifically admitted, Google denies the allegations of Paragraph 32.

ANSWER TO DIGITAL ENVOY'S COUNTERCLAIM
Case No:  C 04 01497 VRW (RS)

-6-

33.     Google admits that its advertising program for advertisers is known as "AdWords." Google further admits it has offered a "Premium Sponsorship" program for certain advertisers, and that it continues to offer certain services designated as "premium" services for certain advertisers. Google further admits that participants in the AdWords program pay for advertising on a "cost-per-click basis," meaning that an advertiser generally pays Google based upon the number of times users click on its advertisements displayed in the AdWords program. To the extent not specifically admitted, Google denies the allegations of Paragraph 33.

34.     Google admits that at least some advertisers participating in the AdWords program are offered the option of potentially targeting their advertisements to particular geographic areas. To the extent not specifically admitted, Google denies the allegations of Paragraph 34.

35.     Google avers that the allegations of Paragraph 35 are vague, ambiguous and unintelligible. Google thus lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and on that basis denies those allegations.

36.     Google admits that it was not placing third party advertisements on the Internet web sites of other companies in November 2000. Google further admits that it was then and is now in the business of producing and maintaining information search technology. Google denies the remaining allegations of Paragraph 36.

37.     Google admits that by mid-2001, it had signed up more than 350 Premium Sponsorship advertisers, and thousands of AdWords advertisers. Google is informed and believes, and on that basis admits, that at that time, the clickthrough rates on Google advertisements were four to five times higher than clickthrough rates for then-traditional Internet banner ads. Google is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and on that basis denies those allegations.

38.     Google admits that by August 2002, Google was placing AdWords advertisements on third party web sites. To the extent not specifically admitted, Google denies the allegations of Paragraph 38.

ANSWER TO DIGITAL ENVOY'S                -7-
COUNTERCLAIM
Case No: C 04 01497 VRW (RS)

39. Google admits that in approximately February 2003, it announced an advertising program under which it would search the content of third party web pages and advertisements and match the two based on its assessment of an advertisement's relevance to a web page's content. To the extent not specifically admitted, Google denies the allegations of Paragraph 39.

40. Google admits that in June 2003 it stated that the Google AdSense contextual advertising program was designed to allow website publishers to "maximize the revenue potential of their websites" by providing "ads that are highly relevant to their content." Google admits that it shares revenues generated from ads placed on a publisher's website with that publisher, typically based on some measure of the success of the advertisements on that publisher's website. Google admits that as of June 2003, the website publishers using Google AdSense contextual ads included ABC.com, HowStuffWorks, Internet Broadcasting Systems, Inc., Lycos Europe, New York Post Online Edition, Reed Business Information, and U.S.News & World Report. Google admits that it sometimes collectively refers to the sites who publish targeted AdWords ads on their web pages as the "Google ad network." To the extent not specifically admitted, Google denies the allegations of Paragraph 40.

41. Google denies the allegations contained in Paragraph 41.

42. Google admits that its revenues for the 2003 fiscal year were more than double its revenues for the 2002 fiscal year, and that the AdSense program was an important part of that success. To the extent not specifically admitted, Google denies the allegations of Paragraph 42.

43. Google denies it has made any unauthorized use of Digital Envoy's technology, and otherwise denies the allegations of Paragraph 43.

44. Google admits that Digital Envoy notified Google in February of 2004 that Digital Envoy believed Google was exceeding the scope of its license with Digital Envoy. Google denies that it has exceeded the scope of its license, and to the extent not specifically admitted, Google denies the allegations of Paragraph 44.

ANSWER TO DIGITAL ENVOY'S COUNTERCLAIM
Case No:  C 04 01497 VRW (RS)

-8-

**Count I**

45. Google incorporates its responses contained in paragraphs 1 through 44 as if fully stated herein.

46. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis denies the allegations contained therein.

47. Google denies the allegations contained in Paragraph 47.

48. Google denies the allegations contained in Paragraph 48.

49. Google denies the allegations contained in Paragraph 49.

50. Google denies the allegations contained in Paragraph 50.

51. Google denies the allegations contained in Paragraph 51.

**Count II**

52. Google incorporates its responses contained in paragraphs 1 through 51 as if fully stated herein.

53. Google denies the allegations contained in Paragraph 53.

54. Google denies the allegations contained in Paragraph 54.

55. Google denies the allegations contained in Paragraph 55.

56. Google denies the allegations contained in Paragraph 56.

**Count III**

57. Google incorporates its responses contained in Paragraphs 1 through 56 as if fully stated herein.

58. Google denies the allegations contained in Paragraph 58.

59. Google denies the allegations contained in Paragraph 59.

60. Google denies the allegations contained in Paragraph 60.

61. Google denies the allegations contained in Paragraph 61.

**Count IV**

62. Google incorporates its responses contained in Paragraphs 1 through 61 as if fully stated herein.

ANSWER TO DIGITAL ENVOY'S COUNTERCLAIM
Case No: C 04 01497 VRW (RS)
-9-

1  63.  Google denies the allegations contained in Paragraph 63.
2  64.  Google denies the allegations contained in Paragraph 64.
3  65.  Google denies the allegations contained in Paragraph 65.
4  66.  Google denies the allegations contained in Paragraph 66.

**Count V**

67.  Google incorporates its responses contained in Paragraphs 1 through 66 as if fully stated herein.

68.  Google denies the allegations contained in Paragraph 68.
69.  Google denies the allegations contained in Paragraph 69.
70.  Google denies the allegations contained in Paragraph 70.
71.  Google denies the allegations contained in Paragraph 71.

**AFFIRMATIVE DEFENSES**

Google alleges the following separate affirmative defenses to Digital Envoy's Counterclaims, and in doing so, does not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on Digital Envoy.

**First Affirmative Defense**

(Failure to State a Claim)

The Counterclaim fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

(Privilege of Competition)

Digital Envoy is barred from recovery against Google because, all, or part, of the alleged actions or inactions taken by Google were taken under the privilege of competition and cannot serve as a basis for imposing liability against Google.

### Third Affirmative Defense

(Consent)

Digital Envoy is barred from recovery against Google because, all, or part, of the alleged actions or inactions taken by Google were taken with Digital Envoy's consent.

### Fourth Affirmative Defense

(Laches)

Digital Envoy is barred from recovery against Google by reason of the doctrine of laches.

### Fifth Affirmative Defense

(Unclean Hands)

As a result of the acts and omissions in the matters relevant to this Counterclaim, Digital Envoy has unclean hands and is therefore barred from asserting any claims against Google.

### Sixth Affirmative Defense

(Waiver)

Digital Envoy has voluntarily waived, relinquished and/or abandoned all claims for relief against Google.

### Seventh Affirmative Defense

(Estoppel)

Digital Envoy is barred from recovery against Google by reason of the doctrine of estoppel.

### Eighth Affirmative Defense

(License)

Digital Envoy is barred from recovery against Google because, all, or part, of the alleged actions or inactions taken by Google were licensed and authorized by Digital Envoy.

### Ninth Affirmative Defense

(Good Faith)

Digital Envoy's claims are barred, in whole or in part, because Google's actions were based on good, sufficient, and legal cause, upon reasonable grounds for belief in their justification, and were taken in good faith and without malice or ill will for Digital Envoy.

### Tenth Affirmative Defense

(Preemption)

Digital Envoy's claims are preempted, in whole or in part, by the USTA and California's enactment thereof.

### Eleventh Affirmative Defense

(Contractual Provisions)

Digital Envoy's claims are barred, in whole or in part, by the provisions of the agreement between the parties.

### Twelfth Affirmative Defense

(Statute of Limitations)

Digital Envoy's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Thirteenth Affirmative Defense

(Contractual Provisions)

To the extent Digital Envoy sustained any damages, which Google denies, Digital Envoy's recovery of damages is barred, in whole or in part, by the provisions of the agreement between the parties.

### Fourteenth Affirmative Defense

(Failure to Mitigate)

To the extent Digital Envoy sustained any damages, which Google denies, Digital Envoy is barred from recovering any damages because it has and failed, and continues to fail, to make reasonable efforts to mitigate such damages, which would have prevented such alleged damages, if any.

### Fifteenth Affirmative Defense

(Contributory Fault)

To the extent Digital Envoy sustained any damages, which Google denies, such damages were caused, in whole or in part, by Digital Envoy's contributory fault which bars or limits Digital Envoy's recovery.

**Additional Affirmative Defenses**

Google may have additional, as yet unidentified defenses available. Google reserves the right to assert additional defenses that are revealed through further investigation or through discovery in a timely fashion after the facts to support such defenses become known to it.

**PRAYER**

WHEREFORE, Google prays that

1. Digital Envoy take nothing by the Counterclaim;
2. That Google be awarded judgment on Digital Envoy's Counterclaim;
3. That Google be awarded its costs of suit including reasonable attorneys' fees; and
4. That the Court award Google any such other and further relief as the Court deems just and proper.

Dated: June 21, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ David H. Kramer
         David H. Kramer

Attorneys for Plaintiff and Counterdefendant
Google Inc.

**JURY DEMAND**

Google demands a jury trial on all claims so triable.

Dated: June 21, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     /s/ David H. Kramer
          David H. Kramer

Attorneys for Plaintiff and Counterdefendant
Google Inc.

ANSWER TO DIGITAL ENVOY'S COUNTERCLAIM
Case No: C 04 01497 VRW (RS)

-13-