DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant/Counterclaimant
Google Inc.

P. CRAIG CARDON
BRIAN R. BLACKMAN
KENDALL M. BURTON
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Attorneys for Plaintiff/Counterdefendant
Digital Envoy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | CASE NO.: C 04 01497 RS |
| Plaintiff/Counterdefendant, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| GOOGLE INC., | |
| Defendant/Counterclaimant. | |

Pursuant to Civil Local Rule 16-9(a) and Fed. R. Civ. P. 26(f), Digital Envoy, Inc. ("Digital Envoy") and Google Inc. ("Google") jointly submit this Joint Case Management Statement and [Proposed] Order.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO: C 04 01497 RS

## I. DESCRIPTION OF THE CASE

### A. Brief Description of the Events Underlying the Action

This is a dispute regarding the scope of a license agreement and the consequences of a party allegedly exceeding the scope of that license. Digital Envoy developed technology that assists users in making educated guesses about the approximate geographic location of visitors to websites. Google licensed this technology from Digital Envoy in November 2000.

Digital Envoy contends that Google's use of Digital Envoy's technology exceeded the authorization contained in the parties' November 2000 agreement between the parties and the amendments thereto (the "Agreement"). Digital Envoy contends that Google's allegedly unauthorized use of Digital Envoy technology constitutes a misappropriation of trade secrets, unfair competition under federal, state and common law and unjust enrichment.

Google denies Digital Envoy's claims and maintains that the Agreement permits its uses of Digital Envoy's technology. Separately, Google contends that Digital Envoy's conduct in originally bringing this suit in Georgia federal court was a breach of the forum selection clause contained in the Agreement.

### B. Principal Factual Issues In Dispute

The factual issues in dispute may include: (1) the parties' intent with respect to the scope of the license in the Agreement at the time it was signed; (2) whether Google's use of Digital Envoy's technology was authorized by the Agreement; (3) whether either party was damaged by the conduct of the other; and (4) assuming a party was damaged, the measure and extent of such damages.

### C. Principal Legal Issues In Dispute

The parties dispute whether: (1) Google's conduct constitutes a misappropriation of trade secrets; (2) Google's conduct constitutes a violation of federal, state, and/or common law unfair business practices; (3) Google was unjustly enriched as a result of its conduct; (4) Digital Envoy has breached the forum selection clause in the Agreement; (5) Google is entitled to a declaratory judgment that it has not exceeded the scope of, or otherwise breached, the Agreement; (6) Google is entitled to a declaratory judgment that it has not misused Digital Envoy's intellectual

property; (7) the doctrines of laches, waiver, estoppel, accord and satisfaction, or a statute of limitations precludes any recovery by Digital Envoy; (8) Digital Envoy has impliedly licensed Google's conduct through a course of dealing; (9) Digital Envoy's claims are preempted in whole or in part; (10) the limitation of liability clause in the Agreement limits either party's recovery, if any; (11) either party is entitled to damages and, if so, the measure of such damages; (12) Digital Envoy is entitled to entitled to recover treble damages, punitive damages or its attorneys' fees from Google; and (13) Digital Envoy is entitled to an injunction against Google.

### D.   Other Unresolved Factual Issues

The parties are unaware of any additional factual issues in dispute at this time.

### E.   Parties Not Served

All of the Defendants have been served at this time.

### F.   Amendments / Additional Parties to be Joined

The parties do not anticipate joinder of any additional parties. Any amendments to the pleadings will be done by August 27, 2004 (*see* discovery schedule--Section III--below).

### G.   Consent to Assignment of Magistrate Judge for Trial

The parties have consented to assignment of this case to a magistrate judge for trial.

## II.   ALTERNATIVE DISPUTE RESOLUTION

The parties have considered alternative dispute resolution ("ADR") pursuant to Civil Local Rule 16-8(b). The parties' Rule 16-8(b) ADR certifications are filed concurrently with this Joint Case Management Statement. The parties have agreed to pursue ADR through a private process, such as Judicial Arbitration & Mediation Services ("JAMS"), by December 15, 2004.

## III.   DISCOVERY

### A.   Proposed Schedules:

Digital Envoy proposes the following schedule:

| ACTION | DUE DATE |
|---|---|
| Initial disclosures under Fed. R. Civ. P. 26 | August 4, 2004 |
| Last day to amend/join additional parties | August 27, 2004 |

| ACTION | DUE DATE |
|---|---|
| Fact discovery cut-off | December 14, 2005 |
| Exchange of expert reports | January 4, 2005 |
| Exchange of rebuttal expert reports | February 4, 2005 |
| Expert discovery cut-off | February 25, 2005 |
| Dispositive motions cutoff | Motion:  March 15, 2005<br><br>Opposition:  April, 14, 2005<br><br>Reply: April 28, 2005<br><br>Hearing: May 10, 2005 |
| Pre-trial conference | June 2005 |
| Trial | July 2005 |

Google proposes the following schedule:

| ACTION | DUE DATE |
|---|---|
| Initial disclosures under Fed. R. Civ. P. 26 | August 4, 2004 |
| Last day to amend/join additional parties | August 27, 2004 |
| Fact discovery cut-off (re: license defense) | October 15, 2004 |
| Motion for Summary Judgment (re: license defense) | Motion:  November 19, 2004<br>Opposition:  December 23, 2004<br>Reply:  January 21, 2005<br>Hearing:  February 9, 2005 |
| Commencement of fact discovery re: liability and damages | Upon denial of Motion for Summary Judgment (if applicable). |
| Fact discovery cut-off: | May 20, 2005 |
| Exchange of expert reports | June 24, 2005 |
| Exchange of rebuttal expert reports | July 22, 2005 |
| Expert discovery cut-off | August 19, 2005 |
| Dispositive motion cutoff | September 23, 2005 |
| Pre-trial conference | November 2005 |

| ACTION | DUE DATE |
|---|---|
| Trial | December 2005 |

**B.     Other Discovery Issues**

**1.     Interrogatories**

The parties agree to the limits on interrogatories set forth in the Federal Rules of Civil Procedure.  Each party reserves the right to seek leave of the Court to obtain additional interrogatories.

**2.     Depositions**

The parties agree to the limits on depositions set forth in the Federal Rules of Civil Procedure.  Each party reserves the right to seek leave of the Court to obtain additional deposition days or hours.

**3.     Bifurcation of Discovery**

**a.     Google's Position**

Google submits that it would be appropriate to bifurcate discovery in this matter, allowing only for discovery concerning the parties' agreement and Google's license defense in a brief, initial stage.  Google expects such bifurcation would allow the parties to avoid substantial and potentially unnecessary discovery expense, as it believes it will prevail on a motion for summary judgment based on its license defense on the issue at the close of the first phase of discovery.  Should Digital Envoy's claims survive Google's summary judgment motion, the parties could then take up discovery on Digital Envoy's liability and damages theories.  As Digital Envoy has not agreed to such a stipulation, Google will be filing a motion seeking to bifurcate discovery in this manner.

**b.     Digital Envoy's Position**

Digital Envoy does not consent to bifurcating discovery and opposes Google's request to impose such a restriction on the discovery process.  Bifurcating discovery will add to discovery expense due to the increased length of discovery and multiple depositions of each witness since there would be no clear demarcation between license defense witnesses and witnesses bearing on

the remaining issues in this case. Bifurcating discovery will delay Digital Envoy's access to judicial resolution of its claims without substantial justification. Bifurcating discovery will also invite additional disputes between the parties regarding whether any particular interrogatory, request for production or deposition question falls within the bifurcated discovery boundary, and create an additional layer of consideration during the initial dispositive motion phase as to whether Digital Envoy was given a fair opportunity during the restricted discovery period to defend against the motion. Google's position serves its own purpose but does not promote the efficient administration of justice and is prejudicial to Digital Envoy.

## IV.  TRIAL SCHEDULE

### A.  Trial Date

Google believes that this matter should be tried before a jury in December 2005.

Digital Envoy believes that this matter should be tried before a jury in July 2005.

### B.  Length of Trial

The parties anticipate a two-week trial.

## V.  MISCELLANEOUS PROVISIONS

### C.  Service of Court Filings

The parties agree to serve all pleadings and other papers on one another by overnight mail and to serve briefs and affidavits, exclusive of exhibits, by facsimile. Google agrees to serve Digital Envoy's Atlanta counsel via facsimile and overnight mail and to serve Digital Envoy's California counsel via facsimile.

### D.  Modification To This Schedule

All schedules proposed herein are premised on discovery proceeding expeditiously and without protracted disputes over production of documents and witnesses. In the event of such protracted disputes, all parties reserve their right to seek to modify the schedules set forth herein.

### E.  Protective Order

The parties agree to submit a Stipulation and [Proposed] Order governing production of confidential information produced in this case.

Respectfully Submitted:

Dated: August 9, 2004

WILSON SONSINI GOODRICH & ROSATI
  Professional Corporation
David H. Kramer
650 Page Mill Road
Palo Alto, CA  94304
Telephone:   (650) 493-9300
Facsimile:    (650) 565-5100


By:  ____/s/ David H. Kramer_____
         David H. Kramer
Attorneys for Google Inc.

Dated: August, 9, 2004

SHEPPARD, MULLIN, RICHTER &
  HAMPTON LLP
P. Craig Cardon
Brian R. Blackman
Kendall M. Burton
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone:   (415) 434-9100
Facsimile:    (415) 434-3947

MCGUIRE WOODS, L.L.P
Timothy H. Kratz (admitted Pro Hac Vice)
Luke Anderson (admitted Pro Hac Vice)
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone:   (404) 443.5500
Facsimile:    (404) 443.5751


By:  ____/s/ P. Craig Cardon_____
         P. Craig Cardon
Attorneys for Digital Envoy, Inc.

## [PROPOSED] ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted as the Case Management Order for this case.

DATED: _____

_____
Honorable Richard Seeborg
United States Magistrate Judge

# CERTIFICATION

I, David H. Kramer, am the ECF User whose identification and password are being used to file this Joint Case Management Statement and [Proposed] Order. In compliance with General Order 45.X.B, I hereby attest that both parties have concurred in this filing.

DATED: August 9, 2004  WILSON SONSINI GOODRICH & ROSATI
  Professional Corporation


  By:      /s/ David H. Kramer
      David H. Kramer
      Attorneys for Google Inc