**KRAMER DECLARATION EXHIBIT F**

1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:  415-434-9100
   Facsimile:  415-434-3947
5

6  TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
   LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14 GOGGLE, INC.,                          | Case No. C 04 01497 RS

15         Plaintiff,

16    v.                                  | **DIGITAL ENVOY, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

17 DIGITAL ENVOY, INC.,

18         Defendant.

19 DIGITAL ENVOY, INC.,

20         Counterclaimant,

21    v.

22 GOOGLE, INC.,

23         Counterdefendant.

24

25

26      Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff

27 Digital Envoy, Inc. hereby propounds the following interrogatories and requests for

28
                                    -1-
   W02-SF:5CC\61423194.1                    DIGITAL ENVOY, INC.'S FIRST SET OF
                                            INTERROGATORIES AND REQUESTS FOR
                                            PRODUCTION

Identify all web sites on which Google has placed advertisements, the first and last date in which Google has placed an advertisement on each site, and for each site indicate whether Google was capable of using and permitted by the web site owner/operator to use Digital Envoy's technology in the placement of advertisements on the site.

**INTERROGATORY NO. 6**

Identify by month and web site, the total revenue received by Google for the placement of advertisements on third party web sites where the placement of the advertisement included the use of Digital Envoy's technology.

**INTERROGATORY NO. 7**

Identify each person who participate in the drafting or negotiation of the Agreement.

**INTERROGATORY NO. 8**

Describe each communication you had regarding the Agreement.

**INTERROGATORY NO. 9**

For each change to any draft of the Agreement, describe your understanding of the purpose of that change.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DOCUMENT REQUEST NO. 1**

All documents relating to the Agreement, including all documents relating to the drafting or negotiation of the Agreement.

**DOCUMENT REQUEST NO. 21**

All documents relating to communications relating to Google's and Digital Envoy's performance under the agreement.

**DOCUMENT REQUEST NO. 3**

All documents relating to Google's uses of Digital Envoy's technology, specifically including but not limited to documents relating to communication regarding the technology and technical documents and design drawings relating to Google's implementation or use of the technology for any purpose (including but not limited to AdWords and AdSense).

**DOCUMENT REQUEST NO. 4**

All documents relating to communications relating to any alleged breach of the Agreement by either Google or Digital Envoy.

**DOCUMENT REQUEST NO. 5**

All documents relating to Digital Envoy, including documents relating to communication relating to Digital Envoy.

**DOCUMENT REQUEST NO. 6**

All documents relating to communication with Digital Envoy.

**DOCUMENT REQUEST NO. 7**

All documents relating to communication leading to Google's decision to place advertisements on its own web site(s).

**DOCUMENT REQUEST NO. 8**

All documents relating to communication leading to Google's decision to use Digital Envoy's technology in placing advertisements on Google's own web site(s).

**DOCUMENT REQUEST NO. 9**

All documents relating to communication leading to Google's decision to offer advertisers options incorporating the use of Digital Envoy's technology for advertisements placed on Google's own web site(s).

**DOCUMENT REQUEST NO. 10**

All documents relating to communication leading to Google's decision to place advertisements on third party web sites.

**DOCUMENT REQUEST NO. 11**

All documents relating to communication leading to Google's decision to use Digital Envoy's technology in placing advertisements on third party web sites.

**DOCUMENT REQUEST NO. 12**

All documents relating to communication leading to Google's decision to offer advertisers options incorporating the use of Digital Envoy's technology for advertisements placed on third party web sites.

**DOCUMENT REQUEST NO. 13**

Documents sufficient to determine the identity of all advertisers who have paid Google for advertisements to be placed on Google's own web site(s), and the date and amount of payments.

**DOCUMENT REQUEST NO. 14**

Documents sufficient to determine the identity of advertisers who have paid Google for advertisements to be placed on third party web sites, and the date and amount of payments.

**DOCUMENT REQUEST NO. 15**

Documents sufficient to determine the identity of all advertisers who had advertisements placed by Google and selected an option which incorporated the use of Digital Envoy's technology in the placement of one or more of those advertisements.

**DOCUMENT REQUEST NO. 16**

Documents sufficient to determine the identity of all advertisers who had advertisements placed by Google and were given but did not select an option which incorporated the use of Digital Envoy's technology in the placement of one or more of those advertisements.

**DOCUMENT REQUEST NO. 17**

All documents relating to web site information provided by Google relating to AdWords, AdSense, and any other program or offering relating to the placement of advertisements on any web site, specifically including all historical changes made to the information provided.

**DOCUMENT REQUEST NO. 18**

All documents relating to information other than web site information provided by Google to then existing or prospective AdWords or AdSense customers relating to AdWords, AdSense, and any other program or offering relating to the placement of advertisements on any web site.

**DOCUMENT REQUEST NO. 19**

All documents containing any projection or expectation relating to revenue or profit or other economic factor relating to AdWords, AdSense, or any other program or offering

-9-

relating to the placement of advertisements on any web site, specifically including any projection relating to the use Digital Envoy's technology in placing advertisements on third party web sites.

**DOCUMENT REQUEST NO. 20**

All documents containing press releases pertaining to AdWords, AdSense, or any other program or offering relating to the placement of advertisements on any web site, or the use of Digital Envoy's technology in placing advertisements on third party web sites.

**DOCUMENT REQUEST NO. 21**

All documents relating to communication with any other company who provides or purports to provide information regarding the geographic location of a user relating to the provision of such information to Google.

DATED: July 29, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
P. CRAIG CARDON
Attorneys for DIGITAL ENVOY, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is 210 Fell Street, 17th Street, San Francisco, California 94102.

On **July 29, 2004**, I served the following document(s) described as **DIGITAL ENVOY, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

David H. Kramer
David L. Lansky
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94303-9300

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 29, 2004**, at San Francisco, California.

_____
Print Name  RAMON GAVIOLA