Digital Envoy Inc., v. Google Inc., Doc. 32

DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant/Counterclaimant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC.,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant/Counterclaimant. | CASE NO.: C 04 01497 RS<br><br>**GOOGLE INC.'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER STAGING DISCOVERY**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 4, 5th Floor<br>Date: September 22, 2004<br>Time: 9:00 a.m. |

GOOGLE'S REPLY RE. MOTION FOR ENTRY OF PROTECTIVE ORDER STAGING DISCOVERY
C 04 01497 RS
C:\NrPortbl\PALIB1\PBM\2518784_1.DOC

Dockets.Justia.com

As the Northern District of Georgia has already made clear, Google's license defense, if successful, should dispose of Digital Envoy's claims in this action. Google has thus requested that discovery be staged, and limited, in the first instance, to issues concerning the negotiation and interpretation of the parties' license agreement. Should Google then prevail on its license defense, the parties will have avoided the substantial cost and disruption of discovery on other issues.

Digital Envoy has not offered a legitimate basis for resisting staged discovery proceedings. If anything, it has helped make the case that staging is appropriate, as it admits that absent a staging order, it will immediately seek far-ranging, and potentially unnecessary, discovery concerning most aspects of Google's business.

Digital Envoy has also failed to show any prejudice that it will suffer from having its discovery campaign delayed until it demonstrates that its claims can survive Google's early summary judgment motion. The closest Digital Envoy comes is to complain about the possibility of having to re-depose certain witnesses. But that is hardly a significant burden.

Digital Envoy has asked to depose only two Google witnesses. Digital Envoy's interrogatory responses mention only these two individuals as having been involved in the formation, drafting and negotiation of the contract between Google and Digital Envoy. If Google prevails on its motion for summary judgment, the question of future depositions of these witnesses on other issues would be moot. And if Google's motion does not succeed, the burden on Digital Envoy to re-depose the two witnesses would be negligible. In any event, the burden of having to re-depose witnesses is not, by itself, a compelling reason to avoid the potential cost savings of staged discovery. *See e.g. Reliance Ins. Co. v. Wilson,* No. C 90-20006 JPV, 1990 WL 751025, at *2 (N.D. Cal. Oct. 3, 1990) (cited in Google's opening brief).

Separately, Digital Envoy contends that a staging order will lead to disputes over what is a proper subject of discovery in the first stage. But it has identified no flaw with the bright line Google proposed in its motion and reiterated at oral argument. Discovery relating to the negotiation and interpretation of the parties' license agreement should proceed -- discovery

GOOGLE'S REPLY I.S.O. MOTION FOR ENTRY OF PROTECTIVE ORDER STAGING DISCOVERY
C 04 01497 RS

1

C:\NrPortbl\PALIB1\PBM\2518784_1.DOC

regarding Google's use of Digital Envoy's technology, Digital Envoy's trade secret and other tort theories, and Digital Envoy's damages claims should not.

**CONCLUSION**

For the reasons set out above, in its opening brief and during oral argument, Google respectfully requests that the Court order staged discovery proceedings in the case, staying all discovery other than that directed to the negotiation and interpretation of the parties' contract until after the resolution of Google's motion for summary judgment on its license defense.

Respectfully Submitted:

Dated: August 23, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
David H. Kramer

Attorneys for Defendant/Counterclaimant Google Inc.

GOOGLE'S REPLY I.S.O. MOTION FOR ENTRY OF PROTECTIVE ORDER STAGING DISCOVERY
C 04 01497 RS

2

C:\NrPortbl\PALIB1\PBM\2518784_1.DOC

**CERTIFICATION**

I, Stephen C. Holmes, am the ECF User whose identification and password are being used to file Google Inc.'s Reply In Support Of Motion For Entry of A Protective Order Staging Discovery. In compliance with General Order 45 X.B., I hereby attest that David H. Kramer has concurred in this filing.

Dated: August 23, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Stephen C. Holmes
Stephen C. Holmes

Attorneys for Defendant/Counterclaimant
Google Inc.