1   P. CRAIG CARDON, Cal. Bar No. 168646
    BRIAN R. BLACKMAN, Cal. Bar No. 196996
2   KENDALL M. BURTON, Cal. Bar No. 228720
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4106
4   Telephone:     415-434-9100
    Facsimile:     415-434-3947

5

6   TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
    LUKE ANDERSON (Admitted *Pro Hac Vice*)
7   MCGUIRE WOODS, L.L.P
    1170 Peachtree Street, N.E., Suite 2100
8   Atlanta, Georgia 30309
    Telephone: 404.443.5500
9   Facsimile: 404.443.5751

10  Attorneys for DIGITAL ENVOY, INC.

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14  DIGITAL ENVOY, INC.,                    Case No. C 04 01497 RS

15         Plaintiff/Counterdefendant,      **DIGITAL ENVOY, INC.'S SURREPLY RE
                                            GOOGLE, INC.'S MOTION TO STAGE
16     v.                                   DISCOVERY**

17  GOOGLE, INC.,

18         Defendant/Counterclaimant.

19

20      Digital Envoy submits this further memorandum in opposition to Google's Motion for

21  Protective Order Staging Discovery in order to address the following limited issues pertinent

22  thereto, which were raised by Google subsequent to Digital Envoy's Opposition being submitted.

23      As described in Digital Envoy's prior brief, Google submitted extensive discovery to

24  Digital Envoy timed such that Digital Envoy's responses were served before Google filed this

25  motion.  Portions of the discovery requests whose scope were far beyond the contemplated first

26  stage of discovery were quoted in Digital Envoy's memorandum.  Digital Envoy has expended the

27

28  effort to respond to those requests as required by rule.

                                -1-        SURREPLY RE MOTION TO STAGE

1    Evidently emboldened by the prospect of successfully leveraging an imbalance of

2  discovery expenses against Digital Envoy, Google has set upon further discovery efforts outside

3  the scope of its own proposed first stage of discovery.  After Digital Envoy submitted its

4  Opposition to the motion, on August 20, 2004, counsel for Google requested that Digital Envoy

5  identify its alleged trade secrets pursuant to a California state procedural rule, and repeated this

6  request on August 23, 2004, in response to Digital Envoy calling into question the applicability of

7  the rule to federal court proceedings.  See Declaration of P. Craig Cardon in Support of Surreply,

8  Exhs. A and B.  Digital Envoy intends to set aside the technical question of the rule's applicability

9  and voluntarily submit such information as a good faith effort to support the aims of the discovery

10  process in civil matters.

11

12    Digital Envoy submits that Google's conduct is a microcosm of its contradictory approach

13  to this discovery issue.  Despite claiming in its reply brief that Digital Envoy has identified no

14  flaw in the "bright line" test proposed by this motion, Google itself cannot maintain a constant

15  position as to whether they intend to present parole evidence in its proposed dispositive motion.

16  Digital Envoy understands that Google will, since the plain language of the document supports

17  Digital Envoy's position and since Google has already referred extensively to their version of the

18  parole evidence.  Therein lies the flaw, as in fact noted in Digital Envoy's initial brief.  The scope

19  of discoverable potential parole evidence swallows the limitations proposed for the first stage of

20  discovery.

21

22    The Court, through inevitable additional discovery disputes and Rule 56(f) issues arising

23  from an allegedly dispositive motion to be filed on incomplete discovery, and Digital Envoy, who

24  will be compelled to engage in such additional disputes or suffer prejudice from being

25  economically leveraged against protecting its rights and will need to re-take at least two

26  depositions, gain nothing from staging discovery.

27

28
                                    -2-                    SURREPLY RE MOTION TO STAGE
                                                                      DISCOVERY
W02-SF:5BB\61425220.1

1    Google, since the motion will not be well taken and it will also have increased its own

2    expenses, gains only economic leverage by causing equal increased expenses to be incurred by a

3    significantly less financially capable foe and the strategic advantage of making Digital Envoy go

4    through hoops to obtain legitimate discovery (i.e. requiring Digital Envoy to justify its purpose in

5    asking any particular question, invading Digital Envoy's work product).  Google is thus the only

6    person who benefits from its proposal, improper and imbalanced benefits, just like its request for

7    further discovery of Digital Envoy's trade secrets claim.

8    For this reason, and those set forth in its prior briefing, Digital Envoy requests that

9    Google's motion be DENIED.

10

11

12   DATED:  August 23, 2004

13   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15   By _____

16                              P. CRAIG CARDON
                                 BRIAN R. BLACKMAN
17                         Attorneys for DIGITAL ENVOY, INC.

18

19

20

21

22

23

24

25

26

27

28