P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:      415-434-9100
Facsimile:      415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC.,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>v.<br><br>GOOGLE, INC.,<br><br>　　　　Defendant/Counterclaimant. | Case No. C 04 01497 RS<br><br>**DECLARATION OF CRAIG CARDON IN SUPPORT OF DIGITAL ENVOY'S REQUEST FOR AN ORDER ALLOWING SURREPLY**<br><br>Date:　　September 22, 2004<br>Time:　　9:00 a.m.<br>Crtrm.:　 4, 5th Floor<br><br>The Honorable Richard Seeborg |

I, P. Craig Cardon, declare:

1. I am an attorney licensed to practice before this Court and am a member of Sheppard Mullin Richter & Hampton LLP, counsel of record for plaintiff and counterdefendant Digital Envoy, Inc. in this matter. I make this declaration based on my personal knowledge, except where noted otherwise, and would competently testify to these statements if called to do so.

2. On August 20, 2004, I received a fax letter from counsel for Google, Stephen Holmes. A true and correct copy of this letter is attached as Exhibit A. That letter asked Digital Envoy to provide a California Code of Civil Procedure ("C.C.P.") section 2019(d) trade secret

-1-

1  disclosure. This was the first time Google ever raised the C.C.P. § 2019(d) issue. That same day I
2  sent Mr. Holmes an email reminding him that this case was in Federal court and not State court.

3.  On August 23, 2004, I spoke with Mr. Holmes and told him that no case in the Northern District nor any opinion of the Ninth Circuit had ever held that a C.C.P. section 2019(d) disclosure is required in Federal court. Mr. Holmes maintained that the case out of the Central District did mandate such disclosure in the Northern District.

4.  After I got off of the phone with Mr. Holmes, I received a letter from him at 5:10 p.m. asserting that the Central District case applied and requiring that Digital Envoy provide a C.C.P. section 2019(d) disclosure. A true and correct copy of this letter is attached as Exhibit B. Realizing the inconsistency of Google's demand and its Motion to Stage Discovery, I filed a Surreply in opposition to Google's motion at or about 11:30 p.m. that same day. I did not seek a stipulation from opposing counsel prior to filing the reply brief in light of the late hour at which I filed the Surreply.

I declared under the penalty of perjury that the above statement are true. Executed this 24th day of August 2004 in San Francisco, California.

/s/
_____
P. CRAIG CARDON