# EXHIBIT B

# WSGR Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Date: August 23, 2004

**To:** P. Craig Cardon  **Fax:** (415) 434-3947  ☐ Use this fax number only

**Company:** Sheppard, Mullin, Richter & Hampton  **Phone:** (415) 434-9100  ☐ Notify recipient before sending

**From:** Stephen Holmes  **Phone:** (650) 493-9300 X 3256  **Return Fax:** (650) 565-5100

**Original:** ☒ To follow via mail  ☐ To follow via courier  ☐ To follow via email  ☐ Original will not follow

**Fax Contains:** 2 pages *(including this sheet)*. If incomplete, call Purita @ (650) 461-5220

**Message:** Please see attached letter

**Ref:** 21622.514  **Return Original to:** Purita Marquez  **Location:** BA 1-1

650 Page Mill Road, Palo Alto, CA 94304-1050 • 650.493.9300 Tel • 650.493.6811 Fax • www.wsgr.com

This fax may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender and destroy all copies.

Entire Transmission Copyright © 2003 Wilson Sonsini Goodrich & Rosati. All Rights Reserved.

2858169_1.DOC (471)



**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

August 23, 2004

<u>Via Facsimile and U.S. Mail</u>

P. Craig Cardon
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Fax No.: (415) 434-3947

    Re:   *Digital Envoy, Inc. v. Google Inc.*
           Case No.: C 04-01497 RS

Dear Craig:

    Further to your email of last Friday and our conversation today, it is Google's position that 2019(d) of the California Code of Civil Procedure applies in federal court, and specifically to the present proceedings in the Northern District of California. *See Computer Economics, Inc., vs. Gartner Group, Inc.*, 50 F. Supp.2d 980 (SD CA, 1999).

    It seems reasonable to us that a plaintiff in a trade secret case must identify its alleged trade secrets before it commences discovery, which is what 2019(d) clearly requires. We would like for this not to be an issue, which is why I called the matter to your attention. Please therefore identify Digital Envoy's trade secrets with reasonable particularity as soon as possible.

                         Very truly yours,

                         WILSON SONSINI GOODRICH & ROSATI
                         Professional Corporation

                         Stephen C. Holmes

cc: Timothy H. Kratz, McGuireWoods LLP

C:\NrPortbl\PALIB1\PBM\2519873_1.DOC