*E-FILED 8/27/04*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant. | NO. 5:04-cv-1497 RS <br><br> **ORDER DENYING MOTION FOR ENTRY OF PROTECTIVE ORDER FOR STAGED DISCOVERY** |

## I. INTRODUCTION

Defendant Google, Inc. ("Google") filed a motion for entry of a protective order requiring discovery to proceed in stages, with the first stage limited to certain aspects of an agreement entered into between the parties in November, 2000. The motion was noticed for hearing on September 22, 2004, however, by agreement of the parties, the Court addressed the motion during the case management conference held on August 18, 2004. Following the conference, Google was afforded time to file its reply brief to the motion.[1] Based on all papers filed to date, as well as on the argument presented to the Court at the case

---

[1] On August 23, 2004, plaintiff Digital Envoy, Inc. ("Digital") filed a surreply in response to Google's reply brief. That same day, Google filed its objection to the surreply and moved to strike it on the basis that the brief was filed without permission from the Court. On August 24, 2004, Digital filed a request to file its surreply brief. Pursuant to Civil Local Rule 7-3(d), the Court sustains Google's objection and grants its motion to strike the surreply filed by Digital.

management conference, the Court denies the motion for the reasons set forth below.

## II.  BACKGROUND

This action stems from a dispute between the parties regarding the scope of a license which Google obtained from Digital Envoy, Inc. ("Digital") regarding the use of technology which assists a user in making an educated guess about the approximate geographic location of a visitor to its website. Google contends that the terms of its license allow it to use Digital's technology in its advertising programs and further to afford its advertisers the opportunity to use the technology as well. Digital argues that Google is exceeding the scope of its license.

By this motion, Google seeks to obtain a protective order which would phase discovery so that, initially, discovery would be limited to the sole question of contract interpretation. Google argues that this limitation would enable the parties to avoid the costs of extremely burdensome and unnecessary discovery since it would focus solely on the issue of the terms of the license entered into between the parties, a defense which Google contends is potentially dispositive of the entire action. Google proposes that discovery be limited to this sole issue so that it may file a motion for summary judgment regarding its license defense. In the event that such motion was denied, all remaining discovery would then proceed.

Digital opposes the request for phased discovery on the basis that it would not save any expense or time. To the contrary, Digital argues that such an approach in this instance would likely lead to confusion which might result in frequent discovery disputes and motions. Moreover, Digital takes issue with Google's proposition that its "license defense" would resolve all issues in this litigation. Even were such a defense potentially dispositive, Digital contends that it will need broader discovery in order to oppose Google's proposed summary judgment motion. Therefore, it notes that no benefit would be derived in this case by phasing discovery.

## III.  STANDARDS

Entry of a protective order is warranted where the moving party establishes "good cause" for an order and justice so requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.Pro. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips

1  v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm,

2  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman

3  Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

## IV.  DISCUSSION

As noted by Google, in deciding whether to stage discovery, the Court balances the harm of staying discovery against the benefit of allowing discovery to continue.  GTE Wireless, Inc. v Qualcomm, Inc., 192 F.R.D. 284 (S.D. Cal. 2000).  Google argues that the benefits of a stay far outweigh any potential harms since expensive discovery may be avoided in the event that its motion for summary judgment is granted.  It also contends that Digital will not be harmed by staged discovery because, if its motion is unsuccessful, full discovery will be conducted.  Google contends that Digital has already expressed its intent to depose many high-level Google employees, depositions which could, for the most part, be avoided if the Court grants Google's motion for summary judgment.  Google also notes that Digital is requesting large amounts of documents; materials which again may not be necessary if its motion is granted.

In response, Digital points out that, in focusing on Digital's discovery requests to date, Google ignores its own massive discovery requests which have been propounded on Digital.  In addition, Digital contends that, contrary to Google's assertions, much of the discovery Digital has requested is necessary to enable it to oppose Google's anticipated motion for summary judgment.  To that end, Digital also notes that, although Google purports to rely solely on the language contained in the license agreement itself, much of the evidence it has attached to this motion is parol evidence which addresses information outside the four corners of the parties' agreement.  Accordingly, Digital states that Google presumably will argue that evidence of the parties' negotiations leading up to the formation of the license agreement will be admissible to prove Digital's intent and/or knowledge in granting a license to Google.  All of these communications and materials, Digital contends, are discoverable in this case.

Although phased discovery is a useful method to promote efficient litigation in the appropriate case, Google has not demonstrated that the benefits of phased discovery in this instance would outweigh the potential harms that such a procedure would create.  First, Digital raises a valid concern that some materials which would not be included in the first phase of discovery are necessary and relevant to its opposition to

3

Google's proposed motion for summary judgment. In any event, it is far from clear that discovery in this matter would be susceptible to the sort of clear delineation that would make staged discovery practical or efficient. Second, the legal and factual issues presented in this action are not so complex as to warrant a phased discovery process. Third, phased discovery could well spawn a whole new branch of motion practice, namely, what materials are or are not properly discoverable during discovery stage one. Fourth, discovery regarding the broader contours of the case could serve to educate the parties regarding the strengths and weaknesses of their positions and, accordingly, might facilitate settlement. Fifth, additional costs would be incurred if it were necessary to depose witnesses on more than one occasion. For these reasons, phased discovery here would not seem to promote judicial efficiency nor would it avoid inconvenience or prejudice to the parties or witnesses. <u>Spectra-Physics Lasers, Inc. v. Uniphase Corp.</u>, 144 F.R.D. 99, 1001 (N.D. Cal. 1992).

## V.  CONCLUSION

For the reasons stated above, the Court denies Google's motion for entry of a protective order to phase discovery in this case. Accordingly, discovery may proceed in accordance with the requirements and procedures set forth in the Federal Rules of Civil Procedure.[2]

Dated: August 27, 2004

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian R. Blackman     bblackman@sheppardmullin.com

P. Craig Cardon     ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves     tgraves@wsgr.com

Stephen C. Holmes     sholmes@wsgr.com, pmarquez@wsgr.com

---

[2] Nothing in this order is intended to address the applicability of Cal. Code of Civ. Pro. § 2019(d) to the discovery process in this case.

4

1. David H. Kramer    dkramer@wsgr.com, dgrubbs@wsgr.com
2. Michael S. Kwun    mkwun@google.com
3. David L. Lansky    dlansky@wsgr.com
4. Chan S. Park    cpark@wsgr.com,

**Dated: 8/27/04**                                          **Chambers of Judge Richard Seeborg**

                                                                    **By:**      **/s/ BAK**

**United States District Court**
For the Northern District of California