P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| Plaintiff/Counterdefendant, | Date:  October 6, 2004<br>Time:  9:30 a.m. |
| v. | |
| GOOGLE, INC., | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND RELIEF FROM CASE MANAGEMENT SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN R. BLACKMAN; [PROPOSED] ORDER** |
| Defendant/Counterclaimant. | |
| | The Honorable Richard Seeborg |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 6, 2004 at 9:30 a.m. in Courtroom 4, Fifth Floor of the United States District Court for the Northern District of California, United States Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant Digital Envoy, Inc. ("Digital Envoy") shall move the court for an order granting leave to file its Amended

1  Complaint pursuant to Fed. R. Civ. P. 15(a) and for relief from the Case Management Schedule to
2  allow the amendment pursuant to Local Rule 16-2(d).
3      Plaintiff seeks leave to file the proposed Amended Complaint attached to the Declaration
4  of Brian R. Blackman as Exhibit A.
5      This motion is based upon these moving papers, the Declaration of Brian R. Blackman, the
6  proposed Amended Complaint, the pleadings on file herein, matters of which the court may take
7  judicial notice, and upon such other and further oral and documentary argument and evidence as
8  the Court may permit at the hearing of this motion.

10  DATED: August 27, 2004

11                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13              By _____/s/_____
                    P. CRAIG CARDON
14                  BRIAN R. BLACKMAN
                Attorneys for DIGITAL ENVOY, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Digital Envoy seeks leave to amend its complaint to add a claim, based on the same facts as are already at issue, that defendant Google, Inc. ("Google") breached the parties' agreement and to specifically allege California Business and Professions Code § 17200, *et seq.*, as part of its third count for unfair competition. Digital Envoy also seeks relief from the Case Management Schedule to allow the proposed amendment.

Digital Envoy should be allowed to file its proposed Amended Complaint because doing so allows it to assert all claims arising out of the facts and because Google will suffer no prejudice from the amendment. Google is already on notice of the breach of contract claim that is being added in the Amended Complaint, as Google made a conscious decision not to pay the monthly fee required by the parties' agreement and its amendments. Google only stopped paying after Digital Envoy instituted its action in March 2004.

## II.   FACTUAL STATEMENT

In November 2000, Digital Envoy and Google entered into an agreement permitting Google to use Digital Envoy's technology for limited uses. (See Digital Envoy's Counterclaim at ¶ 2.) At the beginning of the business relationship, Google properly used the technology on its search site. (Id.) Later, Google expanded its business model and began to use Digital Envoy's technology outside the terms of the parties' agreement. (Id. at ¶ 3.)

On or about March 29, 2004, Digital Envoy filed a complaint against Google in the United States District Court, Northern District of Georgia, Case No. 1:04-CV-0864, alleging misappropriation of trade secrets, federal unfair competition, unfair competition under Georgia law, common law unfair competition and common law unjust enrichment (the "Georgia Action"). On April 16, 2004, Google moved to dismiss or transfer the Georgia action to California based on a venue provision in the parties' agreement.

That same day, Google filed its own complaint against Digital Envoy in the United States District Court, Northern District of California, Case No. C 04-01497 RS, alleging breach of contract and seeking declaratory relief (the "California Action"). On May 21, 2004, District Judge

Charles Pannell denied Google's motion to dismiss, but granted the motion to transfer the Georgia Action to California.  Instead of proceeding with two separate actions in the same court, Digital Envoy and Google stipulated to realigning the parties so that Digital Envoy would be designated "plaintiff/counterdefendant" and Google would be designated "defendant/counterclaimant" in the California Action.

On August 8, 2004, Digital Envoy and Google filed their Joint Case Management Conference Statement, which included a deadline of August 27, 2004 to amend pleadings and add parties.  On August 27, 2004, the Court issued the Case Management Schedule for this action, which included the August 27th deadline for amending the pleadings.

The proposed Amended Complaint concisely sets forth plaintiff's claims.  It adds a new cause of action for breach of contract based on Google's failure and refusal to pay the amounts due and owing under the agreement since this litigation was instituted.  In addition, the Amended Complaint specifically alleges California's Business & Profession Code § 17200, *et seq.*, as part of its previously alleged third count for unfair competition.  These new claims arise from the same set of facts as are already at issue and are based on the same core allegations as Digital Envoy's prior claims.  Allowing Digital Envoy to file the proposed Amended Complaint merely allows it to have all claims arising from the parties' agreement before the Court.

Digital Envoy's counsel contacted Google's counsel about stipulating to allow the filing of the Amended Complaint, but the parties could not reach a final agreement.  The parties are still in the initial stages of discovery and no depositions have taken.  The filing of the proposed Amended Complaint would only require changing the deadline for amending pleadings from August 27, 2004 to November 15, 2004.  The existing trial date of more than a year away and all other deadlines would remain.

### III.   ARGUMENT

**A.   The Liberal Policy Of Permitting Amended Pleadings Requires That This Motion Be Granted**

Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires."  Leave to amend is thus appropriate unless Google shows it will suffer undue prejudice

-4-

or establishes bad faith or a dilatory motive on the part of the moving party. <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>Hurn v. Retirement Fund Trust</u>, 648 F.2d 1252, 1254 (9th Cir. 1981) (overturning denial of leave sought two years after original pleading); <u>Howey v. United States</u>, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (delay of <u>five years</u> insufficient basis for refusing amendment). This policy of liberal amendment recognizes that cases should be heard on their merits. <u>Freeman v. Continental Gem Co.</u>, 381 F.2d 459 (5th Cir. 1967).

The policy favoring amendment should be applied with "extreme liberality." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1988) (overturning order denying leave to amend after dismissal of third amended complaint and order denying leave to add a defendant).

Where there will be no prejudice to the other side, it is an abuse of discretion to deny leave to amend based solely on delay in seeking the amendment. <u>Hurn</u>, <u>supra</u>, 648 F.2d at 1254 ("Delay alone does not provide sufficient grounds for denying leave to amend."). <u>See</u> also <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999) (denial requires "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment").

No prejudice will inure to Google in allowing the proposed amendment. The amendments are based upon the same or similar facts to those set forth in the prior pleading, and arise from events of which Google is fully aware. Discovery is still in the initial stages with a cut-off date more than eight (8) months away. The Case Management Schedule was only just issued and granting leave will not require a change in the pretrial or trial schedule, except for changing the last day to amend pleadings.

Moreover, the breach of contract claim, based upon the failure to make the required monthly payments, did not arise until after Digital Envoy initiated the Georgia Action and filed its counterclaims to Google's declaratory relief action. The unfair competition claim has always been a part of Digital Envoy's claims against Google—Digital Envoy is now simply clarifying that it seeks relief under either the California statue and/or the Georgia statute; the ultimate determination of which will now and has always been based upon a choice of law analysis. Hence, the proposed Amended Complaint is not offered to delay these proceedings or in bad faith.

Under these circumstances, Google cannot claim it will be prejudiced by the amended complaint. Digital Envoy should be allowed to file its amended pleading.

**B.      Good Cause Exists to Alter the Case Management Schedule.**

Local Rule 16-2(d) authorizes a party to seek relief from the Case Management Schedule by motion to the assigned Court.  On August 27, 2004, the Court issued a Case Management Schedule setting the last day to amend the pleading as that same day (this date was based on the parties' proposed case schedule).  This for the reasons outlined above, good cause exists to grant relief from this deadline and change the last day to amend the pleadings to November 15, 2004 (forty (40) days after the motion is heard—twenty (20) days for Google to answer and twenty (20) days to cover Google's right to amend its answer under Fed. R. Civ. P. 15(a)).

### IV.      CONCLUSION

Digital Envoy respectfully requests that it be granted leave to file its Amended Complaint in this action.

DATED: August 27, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/_____
P. CRAIG CARDON
BRIAN R. BLACKMAN
Attorneys for DIGITAL ENVOY, INC.