1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
4  Telephone:    415-434-9100
   Facsimile:    415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                     SAN JOSE DIVISION

14 | DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
15 | Plaintiff/Counterdefendant, | |
   | | **ANSWER TO COUNTERCLAIMS OF** |
16 | v. | **GOOGLE, INC. AND DEMAND FOR** |
   | | **JURY TRIAL** |
17 | GOOGLE, INC., | |
18 | Defendant/Counterclaimant. | |
19

20      Digital Envoy, Inc. ("Digital Envoy") answers the Counterclaims filed by Google, Inc.

21 ("Google") as follows:

22      1.      In response to paragraph 1 of the Counterclaim, Digital Envoy states that the first

23 two sentences of the paragraph describe Google's requested relief and do not require a response

24 except that Digital Envoy denies Google is entitled to any relief.  Digital Envoy denies the

25 allegations contained in the third and final sentence of the paragraph.

26      2.      Digital Envoy admits the allegations contained in paragraph 2 of the Counterclaim

27 on information and belief.

28      3.      Digital Envoy admits the allegations contained in paragraph 3 of the Counterclaim.

-1-

4. In response to paragraph 4 of the Counterclaim, Digital Envoy admits there is diversity jurisdiction.

5. In response to paragraph 5 of the Counterclaim, Digital Envoy admits the allegations contained in first sentence of the paragraph and denies the second sentence. Accordingly, Digital Envoy admits that this District is an appropriate venue for this action.

6. In response to paragraph 6 of the Counterclaim, Digital Envoy denies the description of Google's business is comprehensive of all of the businesses of Google, but otherwise admits the allegations contained in this paragraph.

7. In response to paragraph 7 of the Counterclaim, Digital Envoy denies that there are several companies offering technology capable of providing the information provided by Digital Envoy. Digital Envoy further denies the implication that Digital Envoy's technology only provides the geographic information noted or that the information only can be used to tailor content of websites, to the extent such allegations are implied by this paragraph. Digital Envoy otherwise admits the allegations contained in this paragraph.

8. In response to paragraph 8 of the Counterclaim, Digital Envoy denies Google's characterization of the Agreement contained in the first sentence and accordingly denies the allegations contained in the first sentence. Digital Envoy admits the allegations contained in second sentence of this paragraph.

9. In response to paragraph 9 of the Counterclaim, Digital Envoy denies Google's characterization of the Agreement contained in the first sentence and accordingly denies the allegations contained in the first sentence. In response to the second sentence, Digital Envoy admits that Google's monthly payments to Digital Envoy under the Agreement were originally $3,000 and by amendment was raised to $8,000.

10. In response to paragraph 10 of the Counterclaim, Digital Envoy denies Google's characterization of the Agreement and accordingly denies the allegations contained in this paragraph.

1        11.     In response to paragraph 11 of the Counterclaim, Digital Envoy admits that Google has met its payment obligations under the Agreement, but otherwise denies the allegations contained in this paragraph.

        12.     Digital Envoy denies the allegations contained in paragraph 12 of the Counterclaim.

        13.     Digital Envoy denies the allegations contained in paragraph 13 of the Counterclaim.

        14.     Digital Envoy denies the allegations contained in paragraph 14 of the Counterclaim.

        15.     Digital Envoy denies the allegations contained in paragraph 15 of the Counterclaim, except that it admits filing a lawsuit against Google on March 29, 2004.

        16.     In response to paragraph 16 of the Counterclaim, Digital Envoy incorporates its responses to paragraphs 1 through 15 of the Counterclaim.

        17.     Digital Envoy admits the allegations contained in paragraph 17 of the Counterclaim.

        18.     In response to paragraph 18 of the Counterclaim, Digital Envoy admits that Google has met its payment obligations under the Agreement, but otherwise denies the allegations contained in this paragraph.

        19.     Digital Envoy denies the allegations contained in paragraph 19 of the Counterclaim.

        20.     Digital Envoy denies the allegations contained in paragraph 20 of the Counterclaim.

        21.     In response to paragraph 21 of the Counterclaim, Digital Envoy incorporates its responses to paragraphs 1 through 20 of the Counterclaim.

        22.     In response to paragraph 22 of the Counterclaim, Digital Envoy denies the allegations contained in the first two sentences of the paragraph and admits the allegations contained in the last two sentences.

23. In response to paragraph 23 of the Counterclaim, Digital Envoy states that the paragraph describes Google's requested relief and does not require a response except that Digital Envoy denied Google is entitled to any relief.

**AFFIRMATIVE DEFENSES**

24. **First Affirmative Defense** Some or all of plaintiff's claims for relief fail to state a claim upon which relief can be granted.

25. **Second Affirmative Defense:** Some or all of plaintiff's claims for relief are barred by waiver.

26. **Third Affirmative Defense:** Some or all of plaintiff's claims for relief are barred by estoppel.

27. **Fourth Affirmative Defense:** Some or all of plaintiff's claims for relief are barred by laches.

28. **Fifth Affirmative Defense:** Some or all of plaintiff's claims for relief are barred by the doctrine of unclean hands.

29. **Sixth Affirmative Defense:** Some or all of plaintiff's claims are barred by plaintiff's failure to mitigate its damages.

///

///

///

///

**PRAYER**

30.   WHEREFORE, Digital Envoy respectfully prays that the Court dismiss these Counterclaims, or in the alternative enter judgment in favor of Digital Envoy and against Google, for its costs and for such other relief as deemed just and proper.

DATED: November 3, 2004

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By       -s-
                        P. CRAIG CARDON
                        BRIAN R. BLACKMAN

                        TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
                        LUKE ANDERSON (Admitted *Pro Hac Vice*)
                        MCGUIRE WOODS, L.L.P
                        1170 Peachtree Street, N.E., Suite 2100
                        Atlanta, Georgia 30309
                        Telephone: 404.443.5706
                        Facsimile:  404.443.5751

                        Attorneys for DIGITAL ENVOY, INC.

-5-

W02-SF:5BB\61433596.1                         ANSWER TO COUNTERCLAIMS OF GOOGLE, INC.

## JURY TRIAL DEMAND

Plaintiff/Counter defendant Digital Envoy, Inc. demands trial by jury on these Counterclaims as to all issues so triable.

DATED: November 3, 2004

                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By                  -s-
             P. CRAIG CARDON
             BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

-6-