1  DAVID H. KRAMER, State Bar No. 168452
   STEPHEN C. HOLMES, State Bar No. 200727
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7                      UNITED STATES DISTRICT COURT
8                     NORTHERN DISTRICT OF CALIFORNIA
9                             SAN JOSE DIVISION

11 DIGITAL ENVOY, INC.,              )    CASE NO.: C 04 01497 RS
                                     )
12         Plaintiff/Counterdefendant,)   **DECLARATION OF STEPHEN C.**
                                     )    **HOLMES IN SUPPORT OF**
13    v.                             )    **GOOGLE INC.'S MOTION FOR**
                                     )    **LEAVE TO AMEND ITS**
14 GOOGLE INC.,                      )    **COUNTERCLAIMS AND FOR**
                                     )    **RELIEF FROM CASE**
15         Defendant/Counterclaimant.)    **MANAGEMENT SCHEDULE**
                                     )
16                                   )    Date:      February 9, 2005
17                                   )    Time:      9:30 a.m.
                                     )    Courtroom: 4, 5th Floor
18                                   )    Judge:     Hon. Richard Seeborg
                                     )

**HOLMES DECL. ISO GOOGLE'S MTN TO AMEND
COUNTERCLAIMS AND FOR RELIEF FROM CASE
MANAGEMENT SCHEDULE - CASE NO. 04-0197 RS**

2581017_1.DOC

I, Stephen C. Holmes, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am an associate with Wilson Sonsini Goodrich & Rosati, counsel for defendant and counterclaimant Google Inc. ("Google"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Attached as Exhibit A is a true and correct copy of Google's proposed Answer to Amended Complaint and Amended Counterclaims.

3. Attached as Exhibit B is a true and correct copy of a Mutual Non-Disclosure Agreement dated November 29, 2000 between Google Inc. and Digital Envoy, Inc. and amendments.

4. Attached as Exhibit C is a true and correct copy of a Product and Electronic Database Evaluation and License Agreement dated November 30, 2000 between Google Inc. and Digital Envoy, Inc.

5. Attached as Exhibit D is a true and correct copy of an email from Steve Schimmel of Google to Rob Friedman of Digital Envoy dated November 17, 2000.

6. Attached as Exhibit E is a true and correct copy of an email from Steve Schimmel to Susan Daw of Digital Envoy, dated March 28, 2002.

7. On August 27, 2004, the Court issued a Case Management Scheduling Order setting that same day as the deadline for amending the pleadings. That same day, Digital Envoy sought leave to file an amended complaint. Google did not oppose the request. *See* Google Statement of Nonopposition, dated September 15, 2004. The Court also set a fact discovery cut-off of April 29, 2005 and a trial date of October 24, 2005.

8. After the deadline for amending pleadings had passed, Google received its first production of documents from Digital Envoy. Included among the documents Google received, were several indicating that Digital Envoy had repeatedly shared information regarding the parties' relationship with Google's fiercest competitors.

9. On November 17, 2004, Google deposed Mr. Rob Friedman, Digital Envoy's vice president of corporate development and corporate counsel, pursuant to Fed. R. Civ. P. 30(b)(6).

**HOLMES DECL. ISO GOOGLE'S MTN TO AMEND COUNTERCLAIMS AND FOR RELIEF FROM CASE MANAGEMENT SCHEDULE - CASE NO. 04-0197 RS**

-1-

1  During the deposition, Mr. Friedman confirmed what the documents suggested – in marketing its
2  services to third parties, Digital Envoy made a practice of sharing information about its
3  relationship with Google and Google's various uses of its technology.

4        10.    On Wednesday, November 24, 2004, one week after the deposition of
5  Mr. Friedman, Digital Envoy's vice president of corporate development and corporate counsel, I
6  sent a draft of Google's proposed Answer to Amended Complaint and Amended Counterclaims
7  to counsel for Digital Envoy, Messrs. Tim Kratz and P. Craig Cardon, along with a request that
8  Digital Envoy consent to the proposed amendments. On Tuesday, November 30, 2004, I spoke
9  by telephone with Mr. Kratz who refused to consent to proposed amendments. On Thursday,
10 December 2, 2004, I sent a revised draft of Google's proposed Answer to Amended Complaint
11 and Amended Counterclaims to Messrs. Kratz and Cardon. On December 14, 2004, I sent a
12 letter to Mr. Kratz stating that I had not heard from him in response to my December 2 letter and
13 revised draft counterclaims, and asking him to confirm whether Digital Envoy would consent to
14 the proposed amendments. Later that day, Mr. Kratz stated in an email to me that Digital Envoy
15 would not consent to the amendments.

17     I declare under penalty of perjury under the laws of the United States of America that the
18 foregoing is true and correct.
19     Executed on December 28, 2004, at Palo Alto, California.

                                          /s/  Stephen C. Holmes
                                            Stephen C. Holmes