# HOLMES DECLARATION EXHIBIT B

Dockets.Justia.com

# Google

# Mutual Non-Disclosure Agreement

This Mutual Non-Disclosure Agreement ("Agreement") is made and entered into between Google, Inc., for itself and its subsidiaries and affiliates ("Google"), and Digital Envoy, Inc. for itself and its subsidiaries and affiliates ("Participant"), individually referred to as a "Party" and collectively referred to as the "Parties". The Parties wish to explore a business opportunity in the field of using Participant's geographic location technology with Google's search technology (the "Purpose"). In connection with this opportunity, each party may disclose to the other party certain confidential technical and business information. The parties have entered into this Agreement to assure the confidentiality of such information is maintained, in accordance with the following terms of this Agreement:

1. The Effective Date of this Agreement is November 28, 2000.

2. The Confidential Information disclosed under this Agreement ("Confidential Information") includes all information concerning either party's business including, but not limited to, all tangible, intangible, visual, electronic, present, or future information such as: (a) trade secrets; (b) financial information, including pricing; (c) technical information, including research, development, procedures, algorithms, data, designs, and know-how; (d) business information, including operations, planning, marketing interests, and products; and (e) the terms of any agreement and the discussions, negotiations and proposals related to any agreement.

3. The Parties receiving Confidential Information (each, a "Recipient") will have a duty to protect Confidential Information (a) if it is clearly and conspicuously marked as "confidential" or the equivalent; or (b) if it is identified by the Discloser as confidential before, during, or promptly after presentation or communication.

4. A Recipient will use the Confidential Information only for the Purpose described above. A Recipient will use the same degree of care, but no less than a reasonable degree of care, as the Recipient uses with respect to its own similar information to protect the Confidential Information and to prevent (a) any use of Confidential Information not authorized in this Agreement, (b) dissemination of Confidential Information to any employee or third party contractor of Recipient without a need to know, or (c) communication of Confidential Information to any third party. Furthermore, Confidential Information may only be disseminated to an employee or third party contractor of the Recipient if that employee or third party contractor has signed an agreement with either of the Parties containing confidentiality provisions substantially similar to those herein.

5. Both parties agree not to do the following, except with the advanced review and written approval of the other party: (a) issue or release any articles, advertising, publicity or other matter relating to any Confidential Information (including the fact that a meeting or discussion has taken place between the parties) or mentioning or implying the name of the other party, or (b) make copies of documents containing Confidential Information.

6. This Agreement imposes no obligation upon a Recipient with respect to Confidential Information that (a) was known to the Recipient before receipt from the Discloser; (b) is or becomes publicly available through no fault of the Recipient; (c) is rightfully received by the Recipient from a third party without a duty of confidentiality; (d) is independently developed by the Recipient without a breach of this Agreement; (e) is disclosed by the Recipient with the Discloser's prior written approval; or (f) is required to be disclosed by operation of the law, provided that the Recipient immediately notifies the Discloser of the legal obligation and provides the Discloser a reasonable opportunity to seek a protective order (or the equivalent) from the court or other legal or governmental authority issuing the process.

7. EACH DISCLOSER WARRANTS THAT IT HAS THE RIGHT TO DISCLOSE ITS CONFIDENTIAL INFORMATION. NO OTHER WARRANTIES ARE MADE. ALL CONFIDENTIAL INFORMATION CONTAINED HEREIN IS PROVIDED "AS IS".

8. This Agreement shall remain in effect until it is terminated by either Party with thirty (30) days prior written notice. Notwithstanding the foregoing, the terms and conditions of this Agreement shall survive with respect to Confidential Information that is disclosed before the effective date of termination.

9. Unless the Parties otherwise agree in writing, a Recipient's duty to protect Confidential Information expires five (5) years from the date of disclosure. A Recipient, upon Discloser's written request, will promptly return all Confidential Information received from the Discloser, together with all copies, or certify in writing that all such Confidential Information and copies thereof have been destroyed. Regardless of whether the Confidential Information is returned or destroyed, the Recipient may retain an archival copy of the Discloser's Confidential Information in the possession of outside counsel of its own choosing for use only in the event that a dispute arises hereunder and only in connection with that dispute.

10. No Party acquires any intellectual property rights under this Agreement (including but not limited to patent, copyright, and trademark rights) except the limited rights necessary to carry out the purposes as set forth in this Agreement.

11. Notwithstanding anything herein to the contrary, either party may use Residuals for any purpose, including use in the development, manufacture, promotion, sale and maintenance of its products and services; provided that this right to Residuals does not represent a license under any patents, copyrights or mask work rights of the disclosing party. The term "Residuals" means information of a general nature, such as general knowledge, ideas, concepts, know-how, professional skills, work experience or techniques (not specifics such as exact implementations) that is retained in the unaided memories of the receiving party's employees who have had access to the disclosing party's Information pursuant to the terms of this Agreement. An employee's memory is unaided if the employee has not intentionally memorized the information for the purpose of retaining and subsequently using or disclosing it.

12. This Agreement does not create any agency or partnership relationship. This Agreement will not be assignable or transferable without the prior written consent of the other Party.

13. This constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes any prior oral or written agreements. All additions or modifications to this Agreement must be made in writing and must be signed by all Parties. Any failure to enforce a provision of this Agreement shall not constitute a waiver thereof or of any other provision.

14. This Agreement shall be governed by the laws of the State of California, without reference to conflict of laws principles. The exclusive venue for any dispute relating to this Agreement shall be in the state or federal courts within Santa Clara County, California.

Google, Inc.

By: _[signature]_
Name: Steven Schimmel
Title: Business Development _[illegible]_
Address: 2400 Bayshore Parkway
City, State, Zip: Mountain View, California 94043
Date: 11/29/00

By: _[signature]_
Name: Rob Friedman
Title: Co-President
Address: 470 Riviera Pkwy
City, State, Zip: Duluth GA 30056
Date: 11/29/00