| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
| | STEPHEN C. HOLMES, State Bar No. 200727 |
| 2 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 3 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 4 | Telephone: (650) 493-9300 |
| | Facsimile: (650) 565-5100 |
| 5 | |
| | Attorneys for Defendant/Counterclaimant |
| 6 | Google Inc. |
| 7 | P. CRAIG CARDON |
| | BRIAN R. BLACKMAN |
| 8 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | Four Embarcadero Center, 17th Floor |
| 9 | San Francisco, CA 94111-4106 |
| | Telephone: (415) 434-9100 |
| 10 | Facsimile: (415) 434-3947 |
| 11 | Attorneys for Plaintiff/Counterdefendant |
| | Digital Envoy, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DIGITAL ENVOY, INC., | ) | CASE NO.: C 04 01497 RS |
| | ) | |
| Plaintiff/Counterdefendant, | ) | **UPDATED JOINT CASE** |
| | ) | **MANAGEMENT STATEMENT** |
| v. | ) | |
| | ) | |
| GOOGLE INC., | ) | Date: January 5, 2005 |
| | ) | Time: 2:30 p.m. |
| Defendant/Counterclaimant. | ) | Courtroom: 4, 5th Floor |
| | ) | Judge: Hon. Richard Seeborg |
| | ) | |

Pursuant to Civil Local Rule 16-9(a) and Fed. R. Civ. P. 26(f), Digital Envoy, Inc. ("Digital Envoy") and Google Inc. ("Google") jointly submit this updated Joint Case Management Statement for the Case Management Conference on January 5, 2005.

UPDATED JOINT CASE MANAGEMENT STATEMENT
CASE NO: C 04 01497 RS

## I. DESCRIPTION OF THE CASE

### A. Brief Description of the Events Underlying the Action

This is a dispute regarding the scope of a license agreement and the consequences of a party allegedly exceeding the scope of that license. Digital Envoy developed technology that assists users in making educated guesses about the approximate geographic location of visitors to websites. Google licensed this technology from Digital Envoy in November 2000.

Digital Envoy contends that Google's use of Digital Envoy's technology exceeded the authorization contained in the parties' November 2000 agreement between the parties and the amendments thereto (the "Agreement"). Digital Envoy contends that Google's allegedly unauthorized use of Digital Envoy technology constitutes a misappropriation of trade secrets, unfair competition under federal, state and common law and unjust enrichment.

Google denies Digital Envoy's claims and maintains that the Agreement permits its uses of Digital Envoy's technology. Separately, Google contends that Digital Envoy's conduct in originally bringing this suit in Georgia federal court was a breach of the forum selection clause contained in the Agreement.

In addition, as a result of recent discovery in this case, Google further contends that Digital Envoy has disclosed to Google's competitors information about the parties' relationship and the manner in which Google used Digital Envoy's technology. Google contends that such disclosures breached two contracts between the parties and constitute trade secret misappropriation. Digital Envoy has opposed granting Google leave to add these counterclaims. Accordingly, Google has filed a motion seeking leave, which is set for hearing on February 9, 2005. Digital Envoy believes the claims are without merit and will oppose Google's motion for leave to add these counterclaims.

### B. Principal Factual Issues In Dispute

The factual issues in dispute may include: (1) the parties' intent with respect to the scope of the license in the Agreement at the time it was signed; (2) whether Google's use of Digital Envoy's technology was authorized by the Agreement; (3) whether either party was damaged by the conduct of the other; and (4) assuming a party was damaged, the measure and extent of such

damages. In the event that Google's motion to amend is granted: (5) whether Digital Envoy has wrongfully disclosed information about the parties' relationship and Google's use of Digital Envoy's technology.

### C. Principal Legal Issues In Dispute

The parties dispute whether: (1) Google's conduct constitutes a misappropriation of trade secrets; (2) Google's conduct constitutes a violation of federal, state, and/or common law unfair business practices; (3) Google was unjustly enriched as a result of its conduct; (4) Digital Envoy has breached the forum selection clause in the Agreement; (5) Google is entitled to a declaratory judgment that it has not exceeded the scope of, or otherwise breached, the Agreement; (6) Google is entitled to a declaratory judgment that it has not misused Digital Envoy's intellectual property; (7) the doctrines of laches, waiver, estoppel, accord and satisfaction, or a statute of limitations precludes any recovery by Digital Envoy; (8) Digital Envoy has impliedly licensed Google's conduct through a course of dealing; (9) Digital Envoy's claims are preempted in whole or in part; (10) the limitation of liability clause in the Agreement limits either party's recovery, if any; (11) either party is entitled to damages and, if so, the measure of such damages; (12) either party is entitled to entitled to recover treble damages, punitive damages or its attorneys' fees from the other; and (13) either party is entitled to an injunction against the other.

If Google's motion to amend is granted, whether: (14) Digital Envoy has wrongfully disclosed information about the parties' relationship and Google's use of Digital Envoy's technology in breach of the Agreement and/or a non-disclosure agreement between the parties; (15) Digital Envoy's conduct constitutes a misappropriation of trade secrets; and (16) Google was damaged or Digital Envoy was unjustly enriched as a result of Digital Envoy's conduct.

### D. Other Unresolved Factual Issues

The parties are unaware of any additional factual issues in dispute at this time.

### E. Parties Not Served

All of the Defendants have been served at this time.

**F.     Amendments / Additional Parties to be Joined**

The parties do not anticipate joinder of any additional parties. Google seeks leave to amend its counterclaims to add in additional causes of action seeking redress based on recent discovery that Digital Envoy has disclosed information about the parties' relationship and Google's use of Digital Envoy's technology.

**G.     Consent to Assignment of Magistrate Judge for Trial**

The parties have consented to assignment of this case to a magistrate judge for trial.

## II.    ALTERNATIVE DISPUTE RESOLUTION

The parties have considered alternative dispute resolution ("ADR") pursuant to Civil Local Rule 16-8(b). The parties' Rule 16-8(b) ADR certifications were filed with the previous Joint Case Management Statement. The parties have agreed to pursue ADR through a private process, and have a mediation scheduled for February 10, 2005 through Judicial Arbitration & Mediation Services ("JAMS").

## III.   DISCOVERY

**A.     Current Scheduling Order:**

The Court's current Case Management Scheduling Order dated August 27, 2004 sets out the following schedule:

| ACTION | DUE DATE |
| --- | --- |
| Initial disclosures under Fed. R. Civ. P. 26 | August 4, 2004 |
| Last day to amend/join additional parties | August 27, 2004 |
| Further case management conference | January 5, 2005 |
| Non-expert discovery cut-off | April 29, 2005 |
| Digital Envoy's expert reports | May 13, 2005 |
| Google's expert reports | June 1, 2005 |
| Expert discovery cut-off | July 1, 2005 |
| Pre-trial motions to be heard by | August 31, 2005 |
| Joint Pre-trial Statement to be filed | October 3, 2005 |
| Final pre-trial conference | October 12, 2005 |

| ACTION | DUE DATE |
|---|---|
| Trial | October 24, 2005 |

### B. Other Discovery Issues

#### 1. Interrogatories

The parties have previously agreed to the limits on interrogatories set forth in the Federal Rules of Civil Procedure. Each party reserves the right to seek leave of the Court to obtain additional interrogatories.

#### 2. Depositions

The parties have previously agreed to the limits on depositions set forth in the Federal Rules of Civil Procedure. Each party reserves the right to seek leave of the Court to obtain additional deposition days or hours.

## IV. TRIAL SCHEDULE

### A. Trial Date

The parties believe that this matter should be tried before a jury in October 2005, as presently scheduled.

### B. Length of Trial

The parties anticipate a two-week trial.

## V. MISCELLANEOUS PROVISIONS

### C. Service of Court Filings

The parties agree to serve all pleadings and other papers on one another by overnight mail and to serve briefs and affidavits, exclusive of exhibits, by facsimile. Google agrees to serve Digital Envoy's Atlanta counsel via facsimile and overnight mail and to serve Digital Envoy's California counsel via facsimile.

### D. Modification To This Schedule

All schedules proposed herein by the parties are premised on discovery proceeding expeditiously and without protracted disputes over production of documents and witnesses. In the event of such protracted disputes, all parties reserve their right to seek to modify the schedules set forth herein.

### E. Protective Order

**Google's Position:**

Google seeks a modification of the existing Protective Order to provide for a designation of "Outside Counsel's Eyes Only" to cover extremely sensitive financial information that it believes should not be disclosed to anyone at Digital Envoy. Digital Envoy's in-house counsel, Mr. Friedman, is also executive vice president of corporate development for the company. Discovery has revealed that he is a competitive decision maker for Digital Envoy who is intimately involved in business development and licensing for Digital Envoy, and who regularly communicates with Google's principal competitors. For obvious reasons, Google does not wish to allow Mr. Friedman to view extremely sensitive financial information. Google has proposed a straightforward modification of the protective order to Digital Envoy, but Digital Envoy's counsel has refused to consent to the proposed modification.

**Digital Envoy's Position:**

Digital Envoy has not agreed to the proposed change.


Case 5:04-cv-01497-RS     Document 52     Filed 12/29/2004     Page 7 of 8

| | |
|---|---|
| 1 | Respectfully Submitted: |
| 2 | Dated: December 29, 2004 |

<table>
<tr><td></td><td>WILSON SONSINI GOODRICH & ROSATI<br>  Professional Corporation<br>David H. Kramer<br>650 Page Mill Road<br>Palo Alto, CA   94304<br>Telephone:   (650) 493-9300<br>Facsimile:    (650) 565-5100</td></tr>
</table>

By: _____/s/ David H. Kramer_____
     David H. Kramer
Attorneys for Google Inc.

Dated: December 29, 2004

SHEPPARD, MULLIN, RICHTER &
  HAMPTON LLP
P. Craig Cardon
Brian R. Blackman
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone:   (415) 434-9100
Facsimile:    (415) 434-3947

MCGUIRE WOODS, L.L.P
Timothy H. Kratz (admitted Pro Hac Vice)
Luke Anderson (admitted Pro Hac Vice)
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone:   (404) 443.5500
Facsimile:    (404) 443.5751


By: _____/s/ P. Craig Cardon_____
     P. Craig Cardon
Attorneys for Digital Envoy, Inc.


UPDATED JOINT CASE MANAGEMENT STATEMENT
CASE NO:  C 04 01497 RS                         7                         2581718_1.DOC

## **CERTIFICATION**

I, David H. Kramer, am the ECF User whose identification and password are being used to file this Update Joint Case Management Statement. In compliance with General Order 45.X.B, I hereby attest that both parties have concurred in this filing.

DATED: December 29, 2004                WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation


                                         By:    /s/ David H. Kramer
                                              David H. Kramer
                                              Attorneys for Google Inc