

17th Floor  |  Four Embarcadero Center  |  San Francisco, CA  94111-4106
415-434-9100 *office*  |  415-434-3947 *fax*  |  *www.sheppardmullin.com*

Writer's Direct Line: 415-774-2967
ccardon@sheppardmullin.com

January 10, 2005

Our File Number:  05VA-111623

*VIA ELECTRONIC FILING*

The Honorable Richard Seeborg
United States District Court
Northern District of California
Courtroom 4, 5th Floor
280 South 1st Street
San Jose, CA 95113

       Re:    <u>Digital Envoy, Inc. v. Google, Inc.</u>, Case No. C 04 01497 RS
            Digital Envoy's Opposition to Amending Existing Protective Order

Dear Judge Seeborg:

     Digital Envoy opposes Google's request to modify the existing Protective Order because Google has shown no valid justification for placing additional burdens on Digital Envoy's prosecution of this case.

     The existing protective order was negotiated by agreement and approved by the Court. At that time, Google knew (but resisted on grounds rejected by the Court) that it would be obligated to produce financial information to Digital Envoy during the course of this litigation, along with other information it deemed to be "highly confidential".  To protect itself, Google insisted upon provisions that would limit the access and use of documents so marked.  Digital Envoy agreed to such mutual limitations and has complied with the agreement.  With no further excuse not to produce the financial documents requested more than five months ago, Google has made another attempt to unreasonably withhold discovery from Digital Envoy, explaining its refusal to even produce the documents to Digital Envoy's outside counsel under an agreement to submit the issue to the Court.  Google, makes no showing that the existing protective order is insufficient to protect its concerns.

     Google contends that Digital Envoy's inside counsel is a competitive decision maker involved in contact with certain of Google's major competitors.  Google does not contend, at least as of this writing, that Digital Envoy is Google's competitor, but only that there is a relationship between Digital Envoy and Google's competitors.  This is a distinction with an

SHEPPARD MULLIN RICHTER & HAMPTON LLP
The Honorable Richard Seeborg
January 10, 2005
Page 2

important difference.  The extreme restrictions contemplated by Google are not tailored to protect against the situation with which it is faced.  The existing protective order specifically prevents Digital Envoy from disclosing the information outside of the context of the litigation.  Thus, Google already has the full force and effect of a judicial order prohibiting the conduct it fears.  Currently, if the information flows from Digital Envoy to Google's competitors, Digital Envoy is subject to contempt.  Additional orders protecting against the same conduct are redundant and serve only to change the flow of information within Digital Envoy for purposes inside this litigation.  Accordingly, in the name of fear of the outside, Google only seeks to disrupt its litigation opponent's internal management of the litigation.

The controlling case in the Ninth Circuit is Brown Bag Software v. Symantec Corp., 960 F. 2d 1465 (9th Cir. 1992).  Brown Bag  sued Symantec alleging federal copyright and trademark infringement as well as several state law claims.  Both Brown Bag and Symantec were engaged in the development of computer software – and were competitors.   At the outset of the suit, the parties entered into a protective order to protect each party's trade secrets.  Discovery material containing trade secrets was to be labeled "attorneys eyes only".  Also at the beginning of the case Brown Bag had outside counsel.  However, after the discovery period closed Brown Bag's outside counsel withdrew and Brown Bag's in-house counsel, who had just been hired two weeks prior, entered an appearance on behalf of Brown Bag.  The trial court issued a modified protective order (which the Circuit Court affirmed) preventing Brown Bag's in-house counsel from access to the "attorneys eyes only" documents. Id. at 1468-69.

The court found that a competitor's in-house counsel who was responsible for advising "on a gamut of legal issues" would necessarily entail advising in areas related to the trade secrets obtained in discovery from the competitor.  The problem when there is such nexus between the information obtained and the attorney's day to day competitive activities, is that it puts the in-house counsel in a position of either violating a protective order or refusing to advise the company in areas related to the trade secrets.  Id. at 1471.

The court also weighed the potential impairment to Brown Bag of not being able to have its in-house counsel have access  Symantec's trade secrets.   The court noted that before in-house counsel had appeared for Brown Bag, Brown Bag's outside counsel had six months in which to study Symantec's trade secrets, but had not done so.  Furthermore, the trial court noted that Symantec's trade secrets were irrelevant to Brown Bag's claims, which were "look and feel" infringement claims dependant on a side-by-side comparison of the two software programs.  Lastly, the court noted that access to Symantec's trade secrets could not possibly lead to other discoverable evidence, since the discovery period had already closed.  The appellate court affirmed, finding that the trial court struck a reasonable balance between Brown Bag's right to discover evidence and Symantec's right to shield trade secrets from a competitor.  Id.

Here, Google and Digital Envoy are not competitors except that Google, while using Digital Envoy data (which it professes to do no longer), takes away potential Digital Envoy

SHEPPARD MULLIN RICHTER & HAMPTON LLP

The Honorable Richard Seeborg
January 10, 2005
Page 3

customers by wrongfully providing them with Digital Envoy solutions in connection with Google products or services, all in violation of the license. Thus Google discouraged third parties from licensing from Digital Envoy what they get from Google for free. Notably, Google claims it no longer uses the Digital Envoy data and therefore does not compete in this way any longer.

In any event Google denies this unfair competition phenomenon and does not profess to be a competitor of Digital Envoy. Instead, it suggests that Digital Envoy, as a vendor to Google's competitors, creates a <u>Brown Bag</u> scenario. This is not so. <u>Brown Bag</u> focuses on the use Digital Envoy might make of the information in direct competition and the untenable situation Digital Envoy's inside counsel might be placed in if his access to information for litigation necessarily was implicated in his advice to the company. Here, there is no showing Digital Envoy's counsel would face such a dilemma. Instead Google claims merely that he travels in the same circle as some of Google's competitors. The information Digital Envoy's in-house counsel will glean from being allowed access to Google's information is not related to the decisions he makes for Digital Envoy outside of this litigation or to the role he performs as its in-house counsel.

The other factors considered in Brown Bag also support rejecting Google's request for modification of the protective order. Brown Bag had been conducting the litigation for months without the new in-house counsel and without ever attempting to review the documents. Here, Digital Envoy's inside counsel is the central decision maker with respect to the litigation and has been involved from the beginning of the dispute. Denying Digital Envoy's principal decision maker's access to critical information is far different than denying Brown Bag's new counsel access to marginally relevant documents with the discovery period already over. The information requested by Digital Envoy is relevant on several issues, including Digital Envoy's damages claim and specific details of Google's wrongful conduct, and discovery in this case is in process and far from over. Moreover, Digital Envoy has been diligently seeking these documents from Google for months over myriad objections.

For these reasons, Digital Envoy respectfully requests that the Court deny Google's request for modification of the existing protective order and order production of all responsive documents pursuant to the procedures set forth in the existing protective order.

Very truly yours,


P. Craig Cardon

for SHEPPARD MULLIN RICHTER & HAMPTON LLP

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
The Honorable Richard Seeborg
January 10, 2005
Page 4