

| | 650 Page Mill Road |
|---|---|
| **W$&R** Wilson Sonsini Goodrich & Rosati | Palo Alto, CA 94304-1050 |
| PROFESSIONAL CORPORATION | PHONE 650.493.9300 |
| | FAX 650.493.6811 |
| | www.wsgr.com |

January 10, 2005

VIA E-FILING

The Honorable Richard Seeborg
United States Magistrate Judge
United States District Court
280 South 1st Street
San Jose, CA 95113

Re:  *Digital Envoy v. Google*
     **USDC, Northern District of California, Case No.: C-04-01497 RS**

Your Honor:

As discussed at the Case Management Conference in this action on January 5, 2005, we write on behalf of defendant Google Inc. to request a modification of the existing Protective Order in this action. Specifically, Google requests the Protective Order be amended to provide for an "outside counsel's eyes only" level of protection for certain extremely confidential competitive information. Google's proposed Protective Order is attached hereto as Exhibit A. Google seeks this level of protection only for its most sensitive business information to ensure that such information is not shared with plaintiff Digital Envoy's Executive Vice President of Corporate Development Mr. Robert Friedman, who currently has access to all information under the Protective Order.

This case arises from a license agreement between the parties under which Digital Envoy granted Google broad rights to use Digital Envoy's "geotargeting" technology and data. Discovery in this case has made clear that Mr. Friedman is *the* competitive decision maker for Digital Envoy, and that he regularly communicates with Google's chief competitors.[1] Moreover, as set out in Google's pending motion to amend its counterclaims, Google has learned that Mr. Friedman has wrongfully disclosed Google's business information to Google's competitors in the past, in violation of contractual and statutory obligations.

*Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) is the seminal case governing the determination of whether a party's attorney should be permitted to

---

[1] While certain of Google's employees may have known of Mr. Friedman's business role at Digital Envoy, Google's counsel, who negotiated the Protective Order now in place, did not. Counsel understood Mr. Friedman was principally Digital Envoy's in-house counsel. Accordingly, the fact that the existing Protective Order grants Mr. Friedman access to "Attorney's Eyes Only" materials should not impact the relief Google now seeks.

C:\NrPortbl\PALIB1\DAG\2587338_2.DOC

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Richard Seeborg
January 10, 2005
Page 2

review its adversary's confidential documents and information. In *Brown Bag*, the Ninth Circuit upheld the magistrate's decision to deny plaintiff's in-house counsel access to defendant's confidential information, finding that counsel's employment would necessarily entail advising his employer in areas relating to the defendant's trade secrets. 960 F.2d at 1470-71. The same issue is presented here.

1.  **There is a Clear Risk of Disclosure by Mr. Friedman Who Is Digital Envoy's Competitive Decision Maker.**

    There is no dispute that Mr. Friedman is intimately involved in Digital Envoy's competitive decision making. As Mr. Friedman explained in deposition, he is currently Digital Envoy's Executive Vice President of Corporate Development and its general counsel. He has also served as the company's co-president and its CEO. All of these roles undeniably involve significant competitive decision making. In addition, Mr. Friedman has been Digital Envoy's principal contract negotiator since 1999 and has negotiated hundreds of licenses for the company. He is directly involved in marketing Digital Envoy's services to third parties. As a result, he has had considerable interaction with Google's chief competitors including Microsoft, Yahoo, Looksmart and Overture. Mr. Friedman's position at Digital Envoy, his regular contact with Google's competitors, and the potential for Google to itself develop geotargeting capability, all heighten the risk and the consequences of Mr. Friedman using and/or disclosing Google's sensitive competitive information.

    This risk here is not merely theoretical. Google has now learned that in the course of his dealings with Google's competitors, Mr. Friedman shared with them information about Google's relationship with Digital Envoy and the manner in which Google used Digital Envoy's technology. Such disclosures were prohibited by two separate contracts between the parties and Google expressly and repeatedly instructed Digital Envoy not to reveal such information to third parties. *See Google's Motion for Leave to Amend its Counterclaims*, (filed December 28, 2004).[2]

---

[2] During the Case Management Conference, Digital Envoy suggested Mr. Friedman was not a "competitive decision maker" because Digital Envoy and Google are not direct competitors. There are two flaws with that position. First, *Brown Bag* does not hold that parties must be direct competitors before allowing heightened confidentiality protections. *Brown Bag* and its progeny are concerned about would-be recipients of confidential information who occupy roles in which they might be expected to use/disclose the information, inadvertently or otherwise. *See Motorola, Inc. v. Interdigital Technology Corp.*, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994) ("courts look for involvement in competitive decision making or scientific research in determining *whether an individual would have a difficult time compartmentalizing his knowledge*."); *Davis v. AT&T Corp.*, 1998 WL 912012 (W.D.N.Y. Dec. 23, 1998) (issuing protective order barring plaintiff inventor from prosecuting patents relating to defendant's technology, even though plaintiff was not competitor of defendant). Here, while Digital Envoy is not presently Google's direct competitor, Mr. Friedman's job plainly offers opportunities for him to use information concerning Google, as evidenced by his actual disclosure of Google's information to Google's competitors. Second, as noted, Google has (and continues) to explore developing its own geotargeting technology, creating the potential for direct competition even under Digital Envoy's formulation of the issue.

While such conduct might disqualify Mr. Friedman from accessing all of Google's confidential information, Google merely asks that its most sensitive information be restricted.[3]

2.  **The Requested Modification Will Not Unduly Prejudice Digital Envoy**

Google envisions that it will apply the "outside counsel only" designation only to extremely sensitive financial metrics for its advertising programs (which would be of enormous interest to Google's competitors), information on Google's future business plans (which would be of considerable interest to most Internet businesses including Digital Envoy), and information concerning alternative methods/suppliers of geotargeting capabilities (which would be substantial interest to Digital Envoy itself).

Digital Envoy has claimed that it will be unable to conduct this litigation unless Mr. Friedman is able to freely access all of Google's information. That claim does not withstand scrutiny. Even with the proposed restrictions in place, Digital Envoy will be able to share Google's most sensitive business information with its outside counsel and outside consultants who in turn may advise Digital Envoy without revealing Google's trade secrets. That is the same approach routinely employed in commercial disputes. Indeed, Google has made clear that it is willing to accept the same restrictions, even though its in-house counsel is not engaged in competitive decision making. Further, Digital Envoy may apply to the Court for relief from the Protective Order if it believes such relief is necessary.

Under the circumstances, Google Inc. respectfully requests that the Court modify the Protective Order to adopt the "outside counsel only" designation, as shown in Exhibit A hereto.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ David H. Kramer
David H. Kramer
for defendant/counterclaimant Google Inc.

---

[3] Mr. Friedman has already had access to the vast majority of Google's documents produced long ago pursuant to the current Protective Order. Accordingly, removing his right of access to such information would have little practical impact.

C:\NrPortbl\PALIB1\DAG\2587338_2.DOC (4967)