

17th Floor **|** Four Embarcadero Center **|** San Francisco, CA  94111-4106
415-434-9100 *office* **|** 415-434-3947 *fax* **|** *www.sheppardmullin.com*

Writer's Direct Line: 415-774-2967
ccardon@sheppardmullin.com

January 10, 2005

Our File Number:  05VA-111623

*Via Electronic Filing*

The Honorable Richard Seeborg
United States Magistrate Judge
United States District Court
280 South First Street
San Jose, CA 95113

> Re:   Digital Envoy Inc. v. Google, Inc., Case No. 04-01497 RS
>       Objections to Letter Brief of Google, Inc.

Dear Judge Seeborg:

    At the January 5, 2005 Case Management Conference, counsel for Google, Inc., Mr. Kramer, in raising Google's desire to have the Protective Order Amended, referenced Google's allegations of violations of a Non-Disclosure Agreement between Google and Digital Envoy.  In response, the Court expressly asked Mr. Kramer if, in connection with its efforts to amend the Protective Order, Google was relying in the argument that Digital Envoy's in house counsel, Mr. Robert Friedman, was at risk to violate the protective order because of the past conduct alleged by Google (conduct denied by Digital Envoy).  Mr. Kramer responded that Google was not making that argument and that it was only concerned with Mr. Friedman's alleged dual role as in house counsel and primary negotiator with Google's competitors.

    Relying on Mr. Kramer's representations to the Court, Digital Envoy's letter brief did not address the issue of Google's allegations of violations of the Non-Disclosure Agreement.  However, Google's letter brief not only relies on but focuses on its allegations that Mr. Friedman violated the Non-Disclosure Agreement.  Specifically, Google begins, " The risk here is not merely theoretical.  Google has now learned that in the course of his dealings with competitors, Mr. Friedman shared with them information about Google's relationship with Digital Envoy and the manner in which Google used Digital Envoy's technology. "  See Google Letter Brief, p. 2.

    Google has told this Court and Digital Envoy that it was not raising this argument. But without notice to the Court or Digital Envoy, it places it as the centerpiece of its Letter Brief. Google's misrepresentation to this Court and Digital Envoy as to the basis for the relief it seeks has deprived Digital Envoy of the opportunity to brief this issue and has deprived the Court an opportunity to hear the arguments of both parties on the issues framed by the movant. Accordingly, Digital Envoy requests that:

SHEPPARD MULLIN RICHTER & HAMPTON LLP

January 10, 2005
Page 2

      1)    this Court hold Google to the issues framed by it at the January 5 Case Management Conference and not consider Google's assertion of or argument regarding alleged past disclosures; or

      2)    provide Digital Envoy with the opportunity to brief this issue, which Google claimed was not a basis for its efforts to amend the Protective Order.

Thank you for your consideration of this issue.

Very truly yours,


P. Craig Cardon

for SHEPPARD MULLIN RICHTER & HAMPTON LLP


W02-SF:5CC\61440463.1