1  DAVID H. KRAMER, State Bar No. 168452
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile:  (650) 565-5100

5  Attorneys for Defendant/Counterclaimant
   Google Inc.
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                           SAN JOSE DIVISION

10

11 DIGITAL ENVOY, INC.,              )    CASE NO. C 04 01497 RS
                                     )
12         Plaintiff/Counterdefendant,)   **DECLARATION OF DAVID H.
                                     )    KRAMER IN SUPPORT OF
13    v.                             )    GOOGLE INC.'S MOTION FOR A
                                     )    PROTECTIVE ORDER**
14 GOOGLE INC.,                      )
                                     )    Judge:      Hon. Richard Seeborg
15         Defendant/Counterclaimant.)    Courtroom:  4, 5th Floor
                                     )    Date:       January 26, 2005
16                                   )                (pending motion)
                                     )    Time:       9:30 a.m.
17                                   )
                                     )
18

19

20

21

22

23

24

25

26

27

28

KRAMER DECL. ISO GOOGLE'S MOTION FOR                    C:\NrPortbl\PALIB1\DAG\2591113_1.DOC
A PROTECTIVE ORDER - C 04 01497 RS

I, David H. Kramer, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am a member of Wilson Sonsini Goodrich & Rosati, counsel for defendant and counterclaimant Google, Inc. ("Google"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of an email from Rob Friedman of Digital Envoy to Steve Schimmel of Google, dated November 21, 2000, which was retrieved from Google's electronic mail system. The email chain, which by convention is read from end to beginning, reflects Google's discussions with Digital Envoy concerning a license to certain Digital Envoy technology. It has been highlighted by our firm for emphasis.

3. Attached hereto as Exhibit B is a true and correct copy of an email from Steve Schimmel of Google to Rob Friedman of Digital Envoy, dated November 21, 2000, also retrieved from Google's electronic mail system. The email continues the discussion commenced in Exhibit A between representatives of Google and Digital Envoy. It too has been highlighted by our firm for emphasis.

4. Attached hereto as Exhibit C is a true and correct copy of the November 30, 2000 agreement between Google and Digital Envoy (along with its two amendments and subsequent ratification), which Digital Envoy has acknowledged as authentic in its pleadings in this case.

5. At various points in this action, Digital Envoy has demanded Google produce considerable sensitive information bearing no relationship to the parties' dispute. It has, for example, demanded that Google produce documents identifying each of the thousands of advertisers in its advertising programs, and state for each one, the dates and amounts of their payments to Google.

6. Digital Envoy has also demanded that Google produce all agreements with any of the numerous third party web sites with whom Google has agreements to display advertising, and all documents merely referring to any communication regarding those contracts.

7. Google timely objected to these requests on a variety of grounds. Digital Envoy has not challenged those objections, or even sought to meet and confer concerning them.

8. On January 12, 2005, our firm received copies of 22 nonparty subpoenas Digital Envoy served on various Google business partners. A copy of a representative subpoena is attached hereto as Exhibit D. Google quickly requested that Digital Envoy explain the relevance of the information demanded by the subpoenas. Digital Envoy responded only that the information was relevant to "whether or not Google violated the licensing agreement." Digital Envoy did not say how. When Google again demanded an explanation, Digital Envoy could state only that "it would respond to [the] relevance inquiry at an appropriate time." It has not responded to date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2005, at Palo Alto, California.

/s/ David H. Kramer
David H. Kramer