1 DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
2 Professional Corporation
650 Page Mill Road
3 Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
4 Facsimile: (650) 565-5100

5 Attorneys for Defendant/Counterclaimant
Google Inc.
6

7 UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9 SAN JOSE DIVISION

11 DIGITAL ENVOY, INC., ) CASE NO. C 04 01497 RS
)
12 Plaintiff/Counterdefendant, ) **DECLARATION OF HILARY**
) **WARE IN SUPPORT OF GOOGLE**
13 v. ) **INC.'S MOTION FOR ENTRY OF A**
) **PROTECTIVE ORDER**
14 GOOGLE INC., )
) Judge: Hon. Richard Seeborg
15 Defendant/Counterclaimant. ) Courtroom: 4, 5th Floor
) Date: January 26, 2005
16 ) (pending motion)
) Time: 9:30 a.m.
17 )
)

WARE DECL. ISO GOOGLE'S MOTION FOR
ENTRY OF A PROTECTIVE ORDER
C 04 01497 RS

C:\NrPortbl\PALIB1\DAG\2591154_1.DOC

Dockets.Justia.com

I, Hilary Ware, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California. I am commercial litigation counsel at Google Inc. ("Google"), the defendant and counterclaimant in this action. One of my responsibilities is to oversee and coordinate Google's response to litigation discovery requests. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I have reviewed a copy of a subpoena that I understand Digital Envoy has served in this litigation on a number of Google's business partners. Based upon my review and internal investigation, I can say without question that most, if not all of the documents Digital Envoy is demanding from Google's partners contain or constitute Google's highly confidential information. For example, Google takes care to ensure that its contract negotiations with partners as well as the contracts themselves are confidential so that negotiations with an individual partner are not controlled by the negotiations or agreements with others. Such confidentiality is equally important to ensure that Google's competitors cannot use the information to Google's detriment in negotiations. For similar and obvious reasons, Google requires that its partners preserve Google's technical specification documents and its documents discussing future business plans as confidential. Even the unintentional use or disclosure of such information by a company directly involved in the Internet space (and associated with Google's competitors) could cost Google its relationships with partners, set back its future plans, and directly or indirectly cause Google competitive harm.

3. I can also say, based on my investigation, that the volume of documents demanded from at least several of Google's partners is substantial. For example, Google and its employees communicate with AskJeeves almost every day on a host of subjects that have nothing to do with Digital Envoy or this litigation. The same is true for Google's partners Infospace, Lycos, Amazon, and others. As drafted, there would literally be thousands of potentially responsive documents, located in a variety of different departments (and, in some cases, offices or regions) that would take weeks if not months to locate, review, redact where applicable, and produce.

WARE DECL. ISO GOOGLE'S MOTION FOR ENTRY OF A PROTECTIVE ORDER
C 04 01497 RS

-1-

C:\NrPortbl\PALIB1\DAG\2591154_1.DOC

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on January 19, 2005, at Mountain View, California.

/s/ Hilary Ware
Hilary Ware

## CERTIFICATION

I, David H. Kramer, am the ECF User whose identification and password are being used to file this Declaration of Hilary Ware in Support of Google Inc.'s Motion for Entry of a Protective Order. In compliance with General Order 45.X.B, I hereby attest that Hilary Ware has concurred in this filing.

DATED: January 19, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ David H. Kramer
David H. Kramer
Attorneys for Google Inc.