| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
|   | WILSON SONSINI GOODRICH & ROSATI |
| 2 | Professional Corporation |
|   | 650 Page Mill Road |
| 3 | Palo Alto, CA 94304-1050 |
|   | Telephone: (650) 493-9300 |
| 4 | Facsimile: (650) 565-5100 |
| 5 | Attorneys for Defendant/Counterclaimant |
|   | Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DIGITAL ENVOY, INC., | ) | CASE NO.: C 04 01497 RS |
| | ) | |
| Plaintiff/Counterdefendant, | ) | **GOOGLE INC.'S MOTION TO SHORTEN TIME ON THE HEARING OF ITS MOTION FOR A PROTECTIVE ORDER (CIV.L.R. 6-3)** |
| v. | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | Judge: Hon. Richard Seeborg |
| | ) | Courtroom: 4, 5th Floor |

**MEMORANDUM ON REQUEST TO SHORTEN TIME**

**INTRODUCTION**

Pursuant to Local Rule 6-3, defendant/counterclaimant Google Inc. ("Google") hereby moves for an order shortening the time for the hearing on Google's Motion for a Protective Order, concurrently filed herewith on January 18, 2005, and noticed for hearing on January 26, 2005, so that such hearing can take place on January 26, 2005. Google proposes that Digital Envoy's Opposition to Google's Motion for a Protective Order be filed and served by January 22, 2005, and that Google's Reply to that Opposition be filed and served by January 24, 2005.

Google requests shortened time on the motion because Digital Envoy has refused to withdraw or even delay enforcement of twenty-two absurdly overbroad nonparty subpoenas it served on Google's strategic partners and customers last Wednesday. The subpoenas exclusively call for the production of documents that Digital Envoy could have, but chose not to seek from Google directly (e.g. *all* communications from Google on *any* subject, *all* technical specifications for *any* Google product). As set forth in Google's Motion for a Protective Order filed herewith, the law is clear that Digital Envoy's end-run around the discovery process is improper.

Unfortunately, Digital Envoy has given Google's partners fourteen days to respond to the improper subpoenas. To ensure that its partners are not put to considerable burden and expense and to ensure that they do not unwittingly produce a host of irrelevant, highly confidential business information, Google respectfully requests that the Court hear Google's Motion for a Protective Order on shortened time.

This Motion is based on this memorandum, the memorandum filed in support of the Google's Motion for a Protective Order, the Declarations of Stephen Holmes (Holmes Decl.") and David Kramer ("Kramer Decl."), any argument of counsel and any other matters properly before the Court.

**FACTUAL BACKGROUND**

Last Wednesday, Google received notice that Digital Envoy had served or attempted to serve 22 nonparty subpoenas to some of Google's biggest strategic partners and advertising customers. Holmes Decl. ¶2. The subpoenas are remarkably broad seeking, *inter alia*, *all* communications from Google on *any* subject, *all* documents relating to *any* agreement between the parties and *all* technical schematics on *any* Google product. Their breadth aside, the information demanded is not relevant to this case. That is likely why Digital Envoy has attempted to circumvent the normal discovery process, demanding that nonparties produce volumes of information on Google that it has never sought from Google in the first instance. Holmes Decl. ¶3. The return dates on the subpoenas are January 26, 2005. Holmes Decl. ¶4.

As soon as Google learned of Digital Envoy's subpoenas, its counsel contacted counsel for Digital Envoy objecting to the subpoenas and seeking an agreement to stay enforcement of the subpoenas until Google's motion for a protective order could be resolved. Holmes Decl. ¶5. Digital Envoy responded two days later, refusing to delay its enforcement of the subpoenas. Digital Envoy likewise refused to inform any of the third parties that Google would be moving for a protective order. Later, that same day Google's counsel wrote back to Digital Envoy's counsel's asking their agreement to a shortened briefing schedule. On January 15, 2005, Digital Envoy's counsel agreed to a shortened briefing schedule, including the hearing on January 26, but specified their own briefing schedule rather than agreeing to Google's. Under Digital Envoy's proposed shortened schedule, Google would not be permitted to file a reply brief on the motion. As Digital Envoy has refused to explain the relevance of the information sought in its subpoenas during Google's meet and confer efforts, Google believes a reply brief is of particular importance. Holmes Decl. ¶6.

On January 17, 2005 Google reiterated its request that the return date on the subpoenas be extended so that the parties could adopt a reasonable briefing schedule for the protective order motion. Again, Digital Envoy refused. Holmes Decl. ¶7.

**ARGUMENT**

The circumstances present here justify an expedited briefing schedule on Google's Motion for Protective Order. Indeed, Digital Envoy has necessitated an expediting briefing schedule by setting an unnecessarily brief return date on the subpoenas, and then inexplicably refusing to extend that date pending the outcome of Google's motion.

Digital Envoy seems intent on maximizing the burden and disruption it is causing to Google's strategic partners. Already, numerous partners have contacted Google complaining about the facially overbroad subpoenas and demanding that Google take action to address them.

To ensure that (1) Google's motion is heard before the return date in Digital Envoy's subpoena, and (2) Google has an adequate opportunity to brief the matter, Google respectfully requests that the Court shorten time on its motion.

**CONCLUSION**

For the foregoing reasons, Google Inc. respectfully requests that the Court grant Google's Motion to Shorten Time and order that Digital Envoy's Opposition to Google's Motion be filed and served by January 22, 2005, and that Google's Reply to that Opposition be filed and served by January 24, 2005 for a hearing on January 26, 2005.

Dated: January 19, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ David H. Kramer
         David Kramer

Attorneys for Defendant/Counterclaimant
GOOGLE Inc.