1  DAVID H. KRAMER, State Bar No. 168452
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile:  (650) 565-5100

5  Attorneys for Defendant/Counterclaimant
   Google Inc.
6

7                          UNITED STATES DISTRICT COURT

8                         NORTHERN DISTRICT OF CALIFORNIA

9                                   SAN JOSE DIVISION

10

11  DIGITAL ENVOY, INC.,                    )    CASE NO. C 04 01497 RS
                                            )
12           Plaintiff/Counterdefendant,    )    **DECLARATION OF**
                                            )    **STEPHEN C. HOLMES IN**
13      v.                                  )    **SUPPORT OF GOOGLE INC.'S**
                                            )    **MOTION TO SHORTEN TIME ON**
14  GOOGLE INC.,                            )    **THE HEARING OF ITS MOTION**
                                            )    **FOR A PROTECTIVE ORDER**
15           Defendant/Counterclaimant.     )
                                            )    Judge:     Hon. Richard Seeborg
16                                          )    Courtroom: 4, 5th Floor
                                            )
17

18

19

20

21

22

23

24

25

26

27

28

HOLMES DECL. ISO GOOGLE'S MOTION TO                         C:\NrPortbl\PALIB1\DAG\2591239_1.DOC
SHORTEN TIME — C 04 01497 RS

I, Stephen C. Holmes, declare as follows:

1.  I am an attorney at law duly licensed to practice in the State of California and before this Court. I am an associate at Wilson Sonsini Goodrich & Rosati, counsel for defendant and counterclaimant Google Inc. ("Google"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.  Last Wednesday, Google received notice that Digital Envoy had served or attempted to serve 22 nonparty subpoenas to some of Google's biggest strategic partners and advertising customers.

3.  The subpoenas are remarkably broad seeking, *inter alia*, *all* communications from Google on *any* subject, *all* documents relating to *any* agreement between the parties and *all* technical schematics on *any* Google product. Their breadth aside, the information demanded is not relevant to this case. That is likely why Digital Envoy has attempted to circumvent the normal discovery process, demanding that nonparties produce volumes of information on Google that it has never sought from Google in the first instance.

4.  The return dates on the subpoenas are January 26, 2005. The normal hearing date for a motion filed today is February 23, 2005, nearly one month *after* the subpoena return date. Accordingly, substantial harm or prejudice will occur if the Court does not change the date for hearing Google's motion to January 26, 2005, because Google will not have been able to present its motion before the third parties' responses to the subpoenas are due.

5.  As soon as Google learned of Digital Envoy's subpoenas, on January 12, 2005, I contacted counsel for Digital Envoy objecting to the subpoenas and seeking an agreement to stay enforcement of the subpoenas until Google's motion for a protective order could be resolved.

6.  Digital Envoy responded two days later, on January 14, 2005, refusing to delay its enforcement of the subpoenas. Digital Envoy likewise refused to inform any of the third parties that Google would be moving for a protective order. Later, that same day I wrote back to Digital Envoy's counsel's asking their agreement to a shortened briefing schedule. On January 15, 2005, Digital Envoy's counsel agreed to a shortened briefing schedule, including the hearing on January 26, but specified their own briefing schedule rather than agreeing to Google's. Under

1. Digital Envoy's proposed shortened schedule, Google would not be permitted to file a reply brief on the motion. As Digital Envoy has refused to explain the relevance of the information sought in its subpoenas during Google's meet and confer efforts, Google believes a reply brief is of particular importance.

7. On January 17, 2005 Google reiterated its request that the return date on the subpoenas be extended so that the parties could adopt a reasonable briefing schedule for the protective order motion. Again, Digital Envoy refused.

8. Pursuant to L.R. 6-3(b), the only previous time modifications in the case are a modification to allow Digital Envoy to amend its complaint and allow Google to answer, and to change the date of the agreed JAMS mediation to February 10, 2005.

9. The requested time modification for Google's Motion for a Protective Order will not have any effect on the schedule for the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2004, at Palo Alto, California.

/s/ Stephen C. Holmes
Stephen C. Holmes