United States District Court
For the Northern District of California

*E-FILED 1/20/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DIGITAL ENVOY, INC.,

    Plaintiff,

v.

GOOGLE, INC.,

    Defendant.

NO. 5:04-cv-1497 RS

**ORDER DENYING REQUEST TO MODIFY PROTECTIVE ORDER**

## I. INTRODUCTION

Defendant Google, Inc. ("Google") filed a request to modify the protective order in this action to provide for an "outside counsel's eyes only" level of protection for certain documents which Google deems "extremely confidential competitive information." Digital Envoy, Inc. ("Digital") opposes the request as unnecessary based on what it deems to be the adequacy of terms of the protective order already in place, as well as on the fact that Google and Digital are not competitors. Based on all papers filed to date, as well as on the discussion of the issue at the case management conference on January 5, 2005, the Court denies the request for the reasons set forth below.

## II. BACKGROUND

This action stems from a dispute between the parties regarding the scope of a license which Google

obtained from Digital. The license covered the use of technology to assist in making an educated guess about the approximate geographic location of those who visited a particular website. Google contends that the terms of its license allow it to use Digital's technology in its advertising programs and further to accord its advertisers that opportunity as well. Digital argues that Google is exceeding the scope of its license.

The parties negotiated, and the Court approved, the entry of a protective order in this action. That order specifically prevents Digital from disclosing information outside the context of this litigation to any third party. Nonetheless, Google argues that an additional level of protection is necessary to ensure that its confidential materials are not disclosed by Digital's in-house counsel to Google's competitors.[1] Digital opposes Google's request, arguing that the current protections afforded Google under the order are sufficient and that, in any event, as non-competitors, the holding in Brown Bag Software v. Symantec Corp., 960 F.2d 1465 (9th Cir. 1992) pertaining to restrictions on disclosure to competitive decision-makers is not implicated.

### III. STANDARDS

Entry of a protective order is warranted where the moving party establishes "good cause" for an order and justice so requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.Pro. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

### IV. DISCUSSION

As noted by the parties, the controlling case in this area is Brown Bag, in which the Ninth Circuit determined whether a party's in-house counsel should be permitted to review its competitor's confidential

---

[1] In its letter brief, Google suggests that Digital's in-house counsel improperly disclosed Google's business information to Google's competitors. However, at the case management conference, Google expressly stated that such alleged misconduct, which apparently forms the basis of other pending motions, is not the grounds on which Google argues the protective order needs to be modified. Accordingly, such allegations will not be considered. The Court notes, however, that all parties are expected to abide by the protective order.

2

and trade secret information.  In that case, the Circuit upheld the district court's decision to deny plaintiff's in-house counsel access to defendant's confidential material, finding that, were in-house counsel granted such access, that counsel would be placed in the untenable position of choosing between violating the protective order or refusing to advise the client in areas related to trade secrets.  906 F.2d at 1471. The parties in Brown Bag were direct competitors.  Moreover, the record reflected litigation over the period of months without the involvement of plaintiff's in-house counsel and without the need for such counsel to review defendant's confidential documents.

In this instance, unlike the scenario presented in Brown Bag, Google and Digital are not competitors.  Rather, Google argues that Digital's in-house counsel "has had considerable interaction with Google's chief competitors."  Google has failed to establish, however, that such interaction places Digital's counsel in the untenable position of reviewing Google's trade secrets and divulging them to Digital in violation of the protective order or of being unable to advise Digital in areas related to such trade secrets - the situation which counsel faced in Brown Bag.  Here, there does not appear to be a dilemma presented by permitting Digital's in-house counsel to review Google's confidential information since Digital does not compete with Google and, presumably, has no interest in Google's proprietary information.[2]  Moreover, Google concedes that Digital's in-house counsel has been involved in this case from the beginning and is a key decision-maker for Digital.  While in certain instances as was present in Brown Bag, in-house counsel's position as a decision-maker would present the unacceptable risk that such counsel would use information, inadvertently or otherwise, that inflicted competitive harm on its litigation adversary, here that risk is one step removed.  The danger identified by Google that Digital, through its in-house counsel, might disclose information to third party competitors is simply too attenuated to outweigh the harm to Digital from precluding a central figure on its side of this litigation from access to discovery materials.  Indeed, as Google acknowledges, counsel has already reviewed most if not all of Google's confidential documents.  As a result of such extensive interaction, Digital would suffer harm if its counsel were now denied access to Google's documents.

---

[2] In the event confidential information was disclosed, the protective order affords relief to Google.

3

## V. CONCLUSION

For the reasons stated above, Google's request to modify the protective order is denied.

Dated: January 20, 2005

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman    bblackman@sheppardmullin.com

P. Craig Cardon    ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves    tgraves@wsgr.com

Stephen C. Holmes    sholmes@wsgr.com, pmarquez@wsgr.com

David H. Kramer    dkramer@wsgr.com, dgrubbs@wsgr.com

Michael S. Kwun    mkwun@google.com

David L. Lansky    dlansky@wsgr.com

Chan S. Park    cpark@wsgr.com,

**Dated: January 20, 2005**                    **Chambers of Judge Richard Seeborg**

                                **By:    /s/ BAK**