P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC.,<br><br>         Plaintiff/Counterdefendant,<br><br>   v.<br><br>GOOGLE, INC.,<br><br>         Defendant/Counterclaimant. | Case No. C 04 01497 RS<br><br>**PLAINTIFF DIGITAL ENVOY, INC.'S BRIEF IN OPPOSITION TO DEFENDANT GOOGLE, INC.'S MOTION TO SHORTEN TIME ON THE HEARING OF ITS PROTECTIVE ORDER** |

### I.   INTRODUCTION

COMES NOW Plaintiff Digital Envoy, Inc. ("Digital Envoy") and files this Brief in Opposition to Defendant Google, Inc.'s ("Google") *Motion to Shorten Time on the Hearing of Its Protective Order*, respectfully showing the Court as follows:

### II.   BACKGROUND

On January 11, 2005, Digital Envoy, pursuant to Federal Rule of Civil Procedure 45(c), issued subpoenas for the production of documents to twenty-two (22) customers of Google.[1]  By

---

[1] Counsel for Google were served copies of these subpoenas via e-mail on January 12, 2005.

W02-SF:5BB\61441620.1                    -1-

letter dated January 12, 2005, counsel for Google threatened to move for a protective order, stating that requests are "not appropriate and [are] vexatious and harassing." (See Letter from David Kramer to Timothy H. Kratz, attached hereto as Exhibit A.)[2]  On January 14, 2005, counsel for Google requested that counsel for Digital Envoy stipulate to the following briefing schedule regarding its threatened motion for protective order:

- Google's motion for protective order to be filed Tuesday, January 18.
- Digital Envoy's opposition to Google's protective order to be filed by Friday, January 21.
- Google's reply brief to be filed by Monday, January 24.
- Hearing before Judge Seeborg on Wednesday, January 26.[3]

In a January 15, 2005 e-mail, counsel for Digital Envoy e-mailed counsel for Google and stipulated to the date of the hearing, but demanded that it be allowed until Monday, January 24, 2005, to file its brief in opposition to the protective order.  Digital Envoy required these three extra days, not merely because of the extremely abbreviated response period proposed by counsel for Google, but also because lead counsel for Digital Envoy was indisposed during two of the three days between Google's brief was due and Digital Envoy's brief in opposition was due.[4]

Counsel for Google, however, would not agree to allow Digital Envoy three extra days to file its response. (See 1/17/05 letter from Stephen C. Holmes to Timothy H. Kratz, attached hereto as Exhibit C.)  Furthermore, in a blatant attempt to further frustrate Digital Envoy's ability to adequately respond, Google did not abide by the briefing schedule it proposed in its January 14,

---

[2] Counsel for Google makes such claims, despite the fact that as of the writing of this brief, only one of the twenty-two subpoena recipients has lodged a formal objection to the production of documents.

[3] See 1/14/05 Letter from Stephen C. Holmes to Timothy H. Kratz, attached hereto as Exhibit B.

[4] On Wednesday, January 19, 2005 Timothy Kratz, lead counsel for Digital Envoy, was taking a deposition in Roanoke, VA, in connection with Southprint, Inc v. H3, Inc., Case No. 4:02CV0038, United States District Court for the Western District of Virginia.  On Thursday, January 20, 2005, Mr. Kratz was himself under subpoena to give deposition testimony in Atlanta, Georgia in the case styled *University of Georgia Research Foundation, Inc. v. KB Visions, Inc., et al*., in the United States District Court for the Northern District of Georgia, Case No. 03-CV-008.

1  2005 letter and filed its *Motion for Protective Order* and *Motion to Shorten Time In the Hearing of*
2  *its Protective Order* one day late, on Wednesday, January 19, 2005.  Google's *Motion to Shorten*
3  *Time* proposes a different briefing schedule than the one proposed in the letter of January 14,
4  2005.  Google's motion seeks to have Digital Envoy's brief in opposition to the motion for
5  protective order filed and served by Saturday, January 22, 2005.

### III.    ARGUMENT

All Digital Envoy seeks is adequate time to respond to Google's motion for protective order.  Digital Envoy is not unreasonable in demanding two days more than what Google proposes in its motion.  Counsel for Digital Envoy understands that counsel for Google wants the Court to rule on its motion before the end of business January 26, 2005, the time which responses to Digital Envoy's twenty-two subpoenas are due.  That is why Digital Envoy has stipulated to having the hearing on Google's motion January 26, 2005.  However, forcing Digital Envoy to hurriedly draft a response to the motion is unjustified.  It is especially unjustified on the ground that a quick turn-around time is required so that Google will have time to file a reply brief.[5]  First, if Digital Envoy files its brief in opposition Monday, January 24, Google will still have one day to file reply brief.  Second, and most importantly, if counsel for Google believes that there are issues which it Google did not adequately address in its brief, counsel for Google can more fully argue this issue at the hearing on January 26, 2005.  There is no reason to subject Digital Envoy to the burdensome and arduous task of filing its brief in opposition this Saturday just so Google can have the last word.  Lastly, Local 6-3, the rule under which Google moves the Court, does not provide for a reply brief in the context of a motion to change time. Local Rule 6-3(d), expressly provides that "After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for additional briefing or a

---

[5] In its Motion to Shorten Time On the Hearing of its Motion for Protective Order, counsel for Google, in describing why it rejected Digital Envoy's briefing schedule, writes "Under Digital Envoy's proposed shortened schedule, Google would not be permitted to file a reply brief on the motion. . . .Google believes a reply brief is of particular importance."

hearing." The absence of any mention of a reply brief in Local Rule 6-3 indicates that such pleadings are unnecessary in motions such as this.

### IV.    CONCLUSION

Digital Envoy opposes Google's motion to shorten time because to adopt the briefing schedule proposed by Google would seriously prejudice Digital Envoy. Furthermore, since Google can raise any argument is wishes to at the January 26, 2005 hearing, Google is in no way prejudiced by having only one day to file a reply brief. For these reasons, Digital Envoy respectfully requests that Google's *Motion to Shorten Time on the Hearing of its Protective Order* be **DENIED**, and that Digital Envoy be allowed through Monday, January 24, 2005 to file its brief in opposition to the above referenced motion.

DATED: January 20, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/
P. CRAIG CARDON
BRIAN R. BLACKMAN
Attorneys for DIGITAL ENVOY, INC.