# EXHIBIT A

DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant/Counterclaimant
Google Inc.

P. CRAIG CARDON
BRIAN R. BLACKMAN
KENDALL M. BURTON
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*E-FILED 8/23/04*

Attorneys for Plaintiff/Counterdefendant
Digital Envoy, Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DIGITAL ENVOY, INC.,                    ) CASE NO.: C 04 01497 RS
                                         )
            Plaintiff/Counterdefendant, ) STIPULATION AND [PROPOSED]
                                         ) PROTECTIVE ORDER
       v.                                ) REGARDING CONFIDENTIALITY
                                         )
GOOGLE INC.,                             )
                                         )
            Defendant/Counterclaimant.   )
                                         )
_____)

1.     **Purposes and Limitations.** Disclosure and discovery in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the limited purposes of prosecuting, defending, or attempting to settle this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and [Proposed] Protective Order Regarding Confidentiality ("Protective Order"). The Parties

acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information or items entitled to treatment as confidential under the applicable legal principles. The Parties further acknowledge that civil local rule 79-5 sets forth the applicable procedures and standards when a party seeks permission from the Court to file material under seal.

2. <u>Definitions.</u> As set forth below:

   2.1. <u>Party</u>. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2. <u>Disclosure or Discovery Material</u>. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3. <u>"Confidential" Information or Items</u>. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under FED.R.CIV.P. 26(c).

   2.4. <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>. Extremely sensitive information the disclosure of which would create a substantial risk of serious injury to the Designating Party that could not be avoided by less restrictive means.

   2.5. <u>Receiving Party</u>. A Party that receives Disclosure or Discovery Material from a Producing Party.

   2.6. <u>Producing Party</u>. A Party or third-party that produces Disclosure or Discovery Material in this action.

   2.7. <u>Designating Party</u>. A Party or third-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

   2.8. <u>Protected Material</u>. Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. <u>House Counsel</u>. Attorneys who are employees of a Party.

2.11. <u>Counsel</u> (without qualifier). Outside Counsel and House Counsel (as well as their support staffs).

2.12. <u>Expert</u>. A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. In addition, a person who is not a current or past employee of a Party or of a competitor of any Party, and who, at the time of retention, is not anticipated to become an employee of any Party or of a competitor of any Party. This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

2.13. <u>Professional Vendors</u>. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>Scope</u>. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>Duration</u>. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>Designating Protected Material</u>.

5.1. <u>General Considerations When Designating Material for Protection</u>. Designation of information or items for protection under this Protective Order must be limited to the specific material that qualifies under the standards set forth herein. If it comes to a Party's or a third-party's attention that information or items that it designated for protection either do not qualify for the level of protection initially asserted or for any protection at all, the Designating Party

must promptly notify all other parties that it is withdrawing the mistaken designation. *See* Section 5.3.

    5.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided, or as otherwise ordered by the Court, material for which protection is sought under this Order must be clearly designated prior to it disclosure or production. Designation of materials in conformity with this Order requires:

    (a)   <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "confidential" or "highly confidential - attorneys' eyes only"). A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "highly confidential - attorneys' eyes only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

    (b)   <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that, prior to the close of the deposition, hearing, or other proceeding, the Party or third-party offering or sponsoring the testimony shall identify on the record all protected testimony and further specify any portions of the testimony that qualify as "highly confidential - attorneys' eyes

1  only." When it is impractical to identify separately each portion of testimony that is entitled to
2  protection, or when it appears that substantial portions of the testimony may qualify for
3  protection, the Party or third-party that sponsors, offers, or gives the testimony may invoke on
4  the record (before the deposition or proceeding is concluded) a right to have up to thirty (30)
5  days to identify the specific portions of the testimony as to which protection is sought and to
6  specify the level of protection being asserted ("confidential" or "highly confidential - attorneys'
7  eyes only"). Those portions of the testimony that are appropriately designated for protection
8  under the standards set forth herein within the thirty (30) days shall be covered by the provisions
9  of this Protective Order. Transcript pages containing Protected Material must be separately
10 bound by the court reporter, who must affix to the top of each such page the legend
11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as
12 instructed by the Party or third-party offering or sponsoring the witness or presenting the
13 testimony.

   (c)  <u>For information produced in some form other than documentary, and for
any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of
the container or containers in which the information or item is stored the legend
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only
portions of the information or item warrant protection, the Producing Party, to the extent
practicable, shall identify the protected portions, specifying whether they qualify as
"Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

   5.3.  <u>Inadvertent Failures to Designate</u>. Inadvertent failure to identify documents or
things as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to this
Protective Order shall not constitute a waiver of any otherwise valid claim for protection,
provided that the provisions of this paragraph are satisfied. If the Designating Party discovers
that information should have been but was not designated "confidential" or "highly confidential
– attorneys' eyes only," or if the Designating Party receives notice that would enable the
Designating Party to learn that it has disclosed such information, the Designating Party must
immediately notify all other parties. In such event, within thirty (30) days of notifying all other

parties, the Designating Counsel must provide copies of the "confidential" or "highly confidential – attorneys' eyes only" information designated in accordance with this Protective Order. After receipt of such re-designated information, the "confidential" or "highly confidential – attorneys' eyes only" shall be treated as required by this Protective Order, and the Receiving Party shall promptly, but in no event more than fourteen (14) calendar days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same unlegended documents or things. The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

6. <u>Challenging Confidentiality Designations</u>.

    6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed. However, a party does waive its right to challenge a confidentiality designation if the party does not initiate the meet and confer process described in Section 6.2 within ninety (90) calendar days after the original confidentiality designation subject to the challenge is disclosed to the Receiving Party.

    6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity of not less than ten (10) calendar days to review the designations, to reconsider the circumstances, and, if no change in the designations is offered, to explain the basis for the chosen designations. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth the justification for the confidentiality designation that was given by the Designating Party. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>Access to and Use of Protected Material</u>.

    7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced in connection with this case by another Party or by a third-party solely for the limited purposes of prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

        (b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)     The author of the document or the original source of the information.

7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "highly confidential - attorneys' eyes only" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     One designated member of the Receiving Party's House Counsel;

(c)     Experts (as defined herein) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d)     The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) The author of the document or the original source of the information.

(g) Except as otherwise approved by the Designating Party or by an order of this Court, highly confidential-attorneys' eyes only information may be used by a Receiving Party in taking testimony only if the witness has signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and is:

(1) A current or former employee of the Designating Party;

(2) An individual identified on the face of the Protected Material as an author, addressee or copy recipient of such information; or

(3) An expert duly qualified under paragraph 7.4 below.

7.4. <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "highly confidential - attorneys' eyes only" first must make a written request to the Designating Party that (1) identifies the specific highly confidential information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) a written statement outlining the Expert's complete employment history for the last five years, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

within twenty (20) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth the grounds on which it is based.

  (c) A Party that receives a timely written objection must confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party seeking disclosure of "highly confidential-attorneys' eyes only" information to the Expert shall bear the burden of proving that the Receiving Party's need to disclose the Protected Material to its Expert outweighs the risk of harm that the disclosure would entail.

8. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential" or "highly confidential - attorneys' eyes only," the Receiving Party must so notify the Designating Party, in writing no more than two (2) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must within five (5) calendar days inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such Party a copy of this Protective Order. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

STIPULATION AND [PROPOSED] ORDER -10- C:\NrPortbl\PALIB1\PBM\2492310_1.DOC
REGARDING CONFIDENTIALITY
CASE NO: C 04 01497 RS

9. <u>Unauthorized Disclosure of Protected Material</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than two (2) calendar days (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>Publicly Available or Previously Possessed Information</u>. The restrictions in the preceding paragraphs regarding disclosure of Protected Material do not and shall not apply to information or material that: was, is, or becomes public knowledge in a manner other than by violation of this Protected Order; is acquired by the non-designating party from a third-party having the right to disclose such information or material; or was lawfully possessed by the non-designating party before the date of this Protective Order.

11. <u>Filing Protected Material</u>. The parties shall comply with Civil L.R. 79-5 that states that a party authorized by statute, rule or Court order to file a document under seal must lodge the document with the Clerk in accordance with this rule. The Clerk shall refer the matter to the assigned judge pursuant to Civil L.R. 79-5(d). No document shall be filed under seal except pursuant to a Court order that authorizes the sealing of the particular document or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established. Any order sealing any documents shall direct the sealing of only those documents, pages or, if practicable, those portions of documents or pages that contain the information requiring confidentiality. All other portions of such documents shall be included in the public file. The parties shall further comply with the format requirements of Civil L.R. 79-5(c). The parties shall also comply with Civil L.R. 79-5(d) and Civil L.R. 79-5(e). Copies of any pleading, brief or other document containing Protected Material that is served on opposing counsel shall be delivered in a sealed envelope stamped:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

1 And shall be treated in accordance with the provisions of this Protective Order.

2 12.     <u>Final Disposition</u>.  Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) calendar day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

13.     <u>Miscellaneous</u>.

13.1.   <u>Modification</u>.  The parties may modify this Protective Order by written agreement, subject to approval by the Court.  The Court may modify this Protective Order upon a showing of good cause.

13.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

//

//

| | |
|---|---|
| 1 | WHEREAS, the respective parties agree to the foregoing terms, IT IS SO STIPULATED. |

Dated: August 19, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
David H. Kramer
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100


By: _____/s/ David H. Kramer_____
David H. Kramer
Attorneys for Google Inc.


Dated: August 19, 2004

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
P. Craig Cardon
Brian R. Blackman
Kendall M. Burton
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone: (415) 434-9100
Facsimile: (415) 434-3947


By: _____/s/ P. Craig Cardon_____
P. Craig Cardon
Attorneys for Digital Envoy, Inc.


## [PROPOSED] ORDER

For good cause appearing, the foregoing stipulation regarding confidentiality is approved. IT IS SO ORDERED.

DATED: 8/23/04

/s/ Richard Seeborg
Honorable Richard Seeborg
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2004 in the case of *Digital Envoy, Inc. v. Google Inc.*, Case No. C-04-01497-RS (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
            [signature]

## CERTIFICATION

I, David H. Kramer, am the ECF User whose identification and password are being used to file this Stipulation and [Proposed] Protective Order Regarding Confidentiality. In compliance with General Order 45 X.B., I hereby attest that both parties have concurred in this filing.

Dated: August 19, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: ___/s/ David H. Kramer_____
       David H. Kramer

Attorneys for Defendant/Counterclaimant
Google Inc.