1  DAVID H. KRAMER, State Bar No. 168452
   STEPHEN C. HOLMES, State Bar No. 200727
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                          SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,              )   CASE NO.: C 04 01497 RS
12                                   )
              Plaintiff/Counterdefendant,  )   **GOOGLE INC.'S NOTICE OF**
13                                   )   **MOTION AND MOTION FOR**
       v.                            )   **PARTIAL SUMMARY JUDGMENT**
14                                   )   **ON COUNTS II, III, IV AND V OF**
   GOOGLE INC.,                      )   **THE AMENDED COMPLAINT**
15                                   )
              Defendant/Counterclaimant.   )   Date:       March 16, 2005
16                                   )   Time:       9:30 a.m.
                                     )   Courtroom:  4, 5th Floor
17                                   )   Judge:      Hon. Richard Seeborg
                                     )
18                                   )   **(PUBLIC VERSION)**
                                     )
19

20

21

22

23

24

25

26

27

28
   GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
   ON COUNTS II, III, IV AND V OF THE AMENDED
   COMPLAINT -- CASE NO. 04-0197 RS

-1-

1 **NOTICE OF MOTION AND MOTION**

2  PLEASE TAKE NOTICE that on March 16, 2005, at 9:30 a.m. in Courtroom 4, Fifth
3  Floor of the United States District Court for the Northern District of California, United States
4  Courthouse, 280 South First Street, San Jose, California, defendant/counterclaimant Google Inc.
5  ("Google") shall move the court for summary judgment pursuant to Federal Rule of Civil
6  Procedure 56 on Counts II - V of Plaintiff Digital Envoy's Amended Complaint on the grounds
7  that counts III – V (for statutory and common law unfair competition and unjust enrichment) are
8  preempted by California's Uniform Trade Secrets Act, and Count II (for violation of the Lanham
9  Act) fails as a matter of law.

10  This motion is based upon these moving papers, the Declaration of Stephen C. Holmes,
11  the pleadings on the file herein, matters of which the court may take judicial notice, and upon
12  such other and further oral and documentary argument and evidence as the Court may permit at
13  the hearing of this motion.

16  Dated: February 7, 2005                    WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation

                                               By:  /s/ David H. Kramer

                                               David H. Kramer
                                               Attorneys for Defendant/Counterclaimant
                                               Google Inc.

GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COUNTS II, III, IV AND V OF THE AMENDED
COMPLAINT -- CASE NO. 04-0197 RS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This case is a license dispute masquerading as a trade secret claim. Plaintiff Digital Envoy, Inc. ("Digital Envoy") contends that defendant Google Inc. ("Google") used data licensed to it by Digital Envoy beyond the scope of an agreed-upon license. Google vehemently disagrees and will shortly be filing a motion for summary judgment based upon the license agreement itself.

Regardless of the outcome of that motion, however, Counts II through V of Digital Envoy's Amended Complaint fail as a matter of law. Counts III (Statutory Unfair Competition), IV (Common Law Unfair Competition), and V (Common Law Unjust Enrichment) are mere restatements of Digital Envoy's trade secret misappropriation claim (Count I). Such claims are expressly preempted by the California Uniform Trade Secrets Act ("CUTSA"). Accordingly, Google is entitled to summary adjudication on each of these claims.

Digital Envoy's Count II, for violation of the Lanham Act, is similarly deficient. Digital Envoy has failed to plead facts sufficient to state a cause of action, and cannot adduce any evidence to support such a claim. Google thus requests that the Court grant it summary adjudication on Count II of the Amended Complaint as well.

**II.    BACKGROUND**

Google and Digital Envoy were parties to a November 2000 License Agreement (the "Agreement") under which Digital Envoy granted Google broad rights to use Digital Envoy's geo-location technology and data in Google's business. Declaration of Stephen C. Holmes ("Holmes Decl."), Ex. A.[1] In entering into the Agreement, Digital Envoy was fully aware that Google intended to use the data in Google's advertising programs. Holmes Decl., Exs. B, C.

---

[1] The parties contemplated an exceptionally broad license grant. Indeed, Digital Envoy's CEO told Google during the negotiations: "you can use it for everything and there is no volume cap." Holmes Decl., Ex. B. Google made clear that the breadth of the license was critical, conditioning the deal on "[u]nlimited volume and use for [the data] (ie. advertising, customized country pages and internal research purposes)." Holmes Decl., Ex. C.

1  And it expressly granted Google the right to use the data "to develop indices, services, or
2  applications that are provided to third parties...." Holmes Decl., Ex. A at § 3.1.
3      For years, Google openly used Digital Envoy's data in its advertising programs without
4  any objection from Digital Envoy. That changed in February 2004, as rumors of Google's initial
5  public offering heated up. For the first time, Digital Envoy claimed that Google's long-standing
6  use of the data in its advertising programs violated the Agreement. Specifically, it claimed that
7  Google was improperly relying on Digital Envoy's data as one factor in the complex algorithm
8  that Google used to select advertisements to display to users on its partners' websites. Digital
9  Envoy's Amended Complaint, Docket No. 45, at ¶¶ 37-40. Believing such use fell squarely
10 within the license granted to it, Google rejected Digital Envoy's demands for additional
11 payment. This litigation followed.

12 **<u>Digital Envoy's Claims</u>**

13     In its Amended Complaint, Digital Envoy eschews claims for breach of the Agreement
14 and instead asserts claims sounding in tort. Amended Complaint, Docket No. 45. Each of
15 Digital Envoy's tort theories is predicated upon Google's supposedly unlicensed use of Digital
16 Envoy's alleged trade secrets.[2]  Indeed, Digital Envoy "summarizes" its complaint as follows:

> Digital Envoy brings this action because Google is using Digital Envoy's technology in non-permitted ways. Digital Envoy seeks to recover for Google's wrongful use of Digital Envoy's technology... .

Amended Complaint at ¶1. Digital Envoy goes on to allege that:

> As part of the service it provides to its clients, Google uses Digital Envoy's IP Intelligence technology and Database Libraries to provide geographically targeted, non-information search related, advertisements on those third party websites in the "Google Ad Network". Such use is beyond the scope of the Agreement between Google and Digital Envoy.

*Id.* at ¶40.

---

[2] Digital Envoy added a claim for breach of contract to the case through amendments in August 2004. The contract claim, Count VI, charges that Google failed to make $16,000 in payments (two monthly payments) due to Digital Envoy under the License Agreement. Digital Envoy concedes that that claim has been satisfied. Holmes Decl., Ex. D at 220:17-222:3 (Friedman testimony concerning satisfaction of claim).

GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS II, III, IV AND V OF THE AMENDED COMPLAINT -- CASE NO. 04-0197 RS    -2-

Digital Envoy's singular focus has not changed as the case has progressed. In the Joint Case Management Statement, Digital Envoy offered this summary of its claims:

> Digital Envoy contends that Google's use of Digital Envoy's technology exceeded the authorization contained in the parties' November 2000 agreement [] and the amendments thereto []. Digital Envoy contends that Google's allegedly unauthorized use of Digital Envoy technology constitutes a misappropriation of trade secrets, unfair competition under federal, state and common law, and unjust enrichment.

Joint Case Management Statement, Docket No. 23, at 2.

And in deposition, Digital Envoy's corporate designee and general counsel reiterated the point:

## *REDACTED*

Holmes Decl., Ex. D (Friedman Dep. at 223:8-14).

Digital Envoy asserts five causes of action in its complaint based upon the supposed unlicensed use of the claimed trade secrets. In Count I, Digital Envoy charges Google with "Misappropriation of Trade Secrets" in violation of the CUTSA, the Georgia Trade Secrets Act of 1990 and Georgia Common Law.[3] Amended Complaint at ¶¶ 44-50. It expressly alleges that its technology and data constitute trade secrets. *Id*. at ¶ 45. Counts III – V of Digital Envoy's Amended Complaint – for statutory unfair competition under California and Georgia law,

---

[3] Digital Envoy's attempt to base its claims on Georgia law is misguided. The parties' agreement contains a California choice of law provision. Holmes Decl., Ex. A at § 12. ("This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California...."). Such a clause governs *all* disputes arising out of the parties' transaction or relationship. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 469 (1992) (where parties' contract specified Hong Kong law would apply, extra-contractual claim for breach of fiduciary duty under California law is improper; "When a rational businessperson enters into an agreement establishing a transaction or relationship and provides that disputes arising from the agreement shall be governed by the law of an identified jurisdiction, the logical conclusion is that he or she intended that law to apply to *all* disputes arising out of the transaction or relationship."). That is all the more appropriate here, since all of Digital Envoy claims stand or fall based upon an interpretation of the contract containing the choice of law clause. *See Digital Envoy Inc. v. Google, Inc.*, 319 F. Supp. 2d 1377, 1380 (N.D. Ga. 2004) (emphasis in original) (court ordering transfer of improperly venued action to California and finding that: "[O]ne of the central issues in this case – if not *the* central issue in this case – is whether that agreement extends to Google's current use of Digital Envoy's technology.").

GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS II, III, IV AND V OF THE AMENDED COMPLAINT -- CASE NO. 04-0197 RS                -3-

common law unfair competition under California and Georgia law, and unjust enrichment – each expressly incorporates all of the allegations of the trade secret claim as well as the factual background upon which it rests. *Id*. at ¶¶ 56-70. These counts contain little else in terms of allegations; certainly nothing to distinguish them substantively from the trade secret claim.

Count II of the Amended Complaint likewise incorporates the allegations of trade secret misappropriation. *Id*. at ¶¶ 51-55. It then curiously purports to state a claim for unfair competition under the federal Lanham Act. According to the Amended Complaint, "Google's actions" somehow deceive others as to the origin and approval of unspecified services. *Id*. at ¶ 52. No further detail is supplied. Notably, Digital Envoy does not identify any public statements by Google concerning the origin or approval of its services. Further, while asserting a federal unfair competition claim, Digital Envoy has affirmatively averred in this case that it is not in competition with Google. *See* Order dated January 20, 2005 at 1. (Digital Envoy opposes request to modify protective order on grounds that "Google and Digital Envoy are not competitors").

### III.    ARGUMENT

Summary judgment should be granted where there are no genuine issues of material fact and the movant is entitled to prevail as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which demonstrate the absence of a triable issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue of material fact for trial. *See* Fed.R.Civ.P. 56(e); *Verizon Delaware, Inc. v. Covad Communications, Co.*, 232 F. Supp. 2d 1066, 1069 (N.D. Cal. 2002) (citing *Celotex*, 477 U.S. at 324). A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in

the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. at 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

Here there are no material issues of fact. As a matter of law Digital Envoy's state law tort claims of statutory and common law unfair competition as well as unjust enrichment are all pre-empted by the CUTSA. Likewise there is no fact issue with respect to Digital Envoy's Lanham Act claim. Digital Envoy's allegations fail to state a claim, and it has no evidence to support such a claim even if it were properly pled.

### A. Digital Envoy's State Law Claims for Unfair Competition and Unjust Enrichment are Preempted the California Uniform Trade Secrets Act (CUTSA)

California's Uniform Trade Secrets Act (Cal. Civ. Code §3426 *et seq*.) preempts other state law claims that are predicated upon an alleged misappropriation of trade secrets. *See Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954 (N.D. Cal. 2003); *Callaway Golf Co. v. Dunlop Slazenger Group Am., Inc.*, 318 F. Supp. 2d 216, 219-20 (D. Del. 2004) (applying California law); *see also Cadence Design Systems, Inc. v. Avant! Corp.*, 29 Cal. 4th 215, 224 (2002)(suggesting that common law trade secret claims did not survive enactment of the CUSTA).

The *Accuimage* court grounded its preemption holding on the language of the CUTSA, the import of the California Supreme Court's decision in *Cadence Design*, and the host of other like-minded decisions around the country interpreting statutes identical to the CUTSA. *Accuimage*, 260 F. Supp. 2d at 951-54.[4] It concluded that the CUTSA "occupies the field in California" and

---

[4] California's view on this issue is echoed across many jurisdictions that have enacted the Uniform Trade Secrets Act. *Frantz v. Johnson*, 999 P.2d 351 (Nev. 2000) (Nevada Uniform Trade Secrets Act preempts unfair competition and unjust enrichment claims that merely repackage trade secret allegations)*; Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 971 (N.D. Ill. 2000) (same, under Illinois Uniform Trade Secrets Act); *On-Line Techs. v. Perkin Elmer Corp.*, 141 F. Supp. 2d 246, 260-61 (D. Conn.2001)(same, under Connecticut Uniform Trade Secrets Act); *Glasstech, Inc. v. TGL Tempering Sys., Inc.*, 50 F.Supp.2d 722, 730 (N.D. Ohio 1999) (same, under Ohio's trade secrets act).

thus dismissed a state law "misappropriation" claim that simply echoed a claim under the CUTSA. *Id.* at 953-54 ("common law remedies based upon misappropriation of trade secrets are superseded.").

*Accuimage* was followed this year by *Callaway Golf*, in which the court, applying California law, found that the CUTSA preempted state law claims for unjust enrichment and conversion. The court explained that because these claims were "based entirely on the same factual allegations that form the basis of [the] trade secrets claim … [they] are preempted by CUTSA." *Callaway Golf*, 318 F. Supp. 2d at 219-221.

In sum, as the Eastern District of Virginia put it in analyzing Virginia's identical trade secret statute:

> In order to survive summary judgment, [] a plaintiff must be able to show that the distinct theories of relief sought are supported by facts unrelated to the misappropriation of the trade secret.

*Smithfield Ham and Prods. Co. v. Portion Pac, Inc*., 905 F. Supp. 346, 348-49 (E.D. Va. 1995) (state law claims for unjust enrichment and unfair competition preempted under Virginia Uniform Trade Secrets Act).

Throughout this action, Digital Envoy has made clear that its state law claims for unfair competition and unjust enrichment rest on exactly the same facts as its claim for trade secret misappropriation – Google's alleged use of Digital Envoy's technology beyond the scope of the parties' license. There is no distinct factual basis for these claims. As a matter of law, therefore, the state law claims are preempted by the CUTSA and Google is entitled to summary judgment with respect to Counts III, IV and V of Digital Envoy's Amended Complaint.

**B.     Digital Envoy's Lanham Act Claim Fails as a Matter of Law.**

In Count II of its Amended Complaint, Digital Envoy claims that Google's alleged misuse of its trade secret information somehow amounts to a violation of Section 43(a) of the Lanham Act. Specifically, Digital Envoy alleges:

> Google's actions, as set forth above, made in connection with services and used in commerce, falsely designate the origin of its services, are misleading in their description or representation of fact. Google's actions deceive others (including its AdSense and AdWords customers) as to the origin and approval of its services and its commercial activities and Digital Envoy is damaged by this conduct.

> Google's actions thus constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Amended Complaint at ¶52; *see also* Holmes Decl., Ex. D at 223:8-14 (Friedman testimony stating that all of Digital Envoy's claims are based on allegedly unlicensed use of Digital Envoy's data).

The ultimate test under Section 43(a), however, is whether consumers are likely to be confused by the similarity of the Digital Envoy's and Google's respective trademarks. *See New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1202 (9th Cir. 1979). In fact, in *New West Corp.*, the Ninth Circuit explained that "[w]hether we call the violation infringement, unfair competition or false designation of origin, the test is identical – is there a 'likelihood of confusion?'" *Id.* at 1201. Here, Digital Envoy has not pled that Google made any use whatsoever of trademarks that were confusingly similar to Digital Envoy's trademarks. Indeed, Digital Envoy does not even plead what false designation of origin could be attributable to Google's actions, nor what misleading descriptions or representations of fact Google is alleged to have made. It certainly has no evidence of any such conduct, and its claim fails on that basis alone.

Instead, by express incorporation, Digital Envoy bases its Section 43(a) claim solely on the same allegations as its trade secret claim. Section 43(a), however, does not provide a federal vehicle for asserting claims for misappropriation of trade secrets. *See Wolf v. Louis Marx & Co.*, 203 U.S.P.Q. 856, 859 (S.D.N.Y. 1978).

Furthermore, to the extent that Digital Envoy is attempting to allege some species of false advertising under Section 43(a), it has not pled and cannot prove the necessary elements. *See Accuimage*, 260 F. Supp. 2d at 948 (listing five elements that must be plead for a false advertising claim under Section 43(a)). In particular, Digital Envoy has not pled, and cannot offer evidence on the required element that "defendant made a false statement of fact in a commercial advertisement or promotion about its own or another's product." *Id.* Certainly, Google's alleged misappropriation of Digital Envoy's trade secrets is not itself a false statement

1  of fact in a commercial advertisement or promotion.  The Lanham Act count fails for this reason
2  as well.
3       There is still another fatal flaw with this claim.  The Ninth Circuit has held that in order
4  to constitute a "commercial advertisement or promotion" for purposes of a Section 43(a) false
5  advertising claim, the statement must be made "by a defendant who is in commercial
6  competition with plaintiff."  *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d
7  725, 735 (9th Cir. 1999).  Digital Envoy, however, has already told this Court that it is not in
8  competition with Google.  *See* Order dated January 20, 2005 at 1.  (Digital Envoy opposes
9  request to modify protective order on grounds that "Google and Digital Envoy are not
10 competitors").  Indeed, it secured judicial relief on that basis.  *Id.* at 3.  Consequently, Digital
11 Envoy is judicially estopped from alleging or offering evidence to satisfy the requirement of
12 competition for a 43(a) claim.  *See R.F. Delaware, Inc. v. Pacific Keystone Techs., Inc.,* 326 F.3d
13 1255, 1262 (Fed Cir. 2003) (applying doctrine of judicial estoppel).
14      For all of these reasons, Digital Envoy's Lanham Act claim fails as a matter of law, and
15 Google is entitled to summary judgment with respect to Count II of the Amended Complaint.

### IV.  CONCLUSION

17      For the foregoing reasons, Defendant Google Inc. respectfully requests that the Court
18 grant its motion for partial summary judgment on Counts II, III, IV and V in the Amended
19 Complaint.

21 Dated:  February 7, 2005          WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation

                                          By: _____/s/ David H. Kramer_____

                                             David H. Kramer
                                             Attorneys for Defendant/Counterclaimant
                                             Google Inc.