P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant/Counterclaimant. | Case No. C 04 01497 RS <br><br> **ANSWER TO AMENDED COUNTERCLAIMS OF GOOGLE, INC. AND DEMAND FOR JURY TRIAL** |

Digital Envoy, Inc. ("Digital Envoy") answers the Amended Counterclaims filed by Google, Inc. ("Google") as follows:

1.  In response to paragraph 1 of the Amended Counterclaims, Digital Envoy states that this paragraph describes Google's requested relief and does not require a response. Should the court require an answer from Digital Envoy, it admits that Google seeks the relief stated in paragraph 1, but denies that Google is entitled to any relief.

2.  Digital Envoy lacks sufficient information to form a belief as to the truth of the allegations stated in paragraph 2 of the Amended Counterclaims and on that basis denies the allegations.

-1-

3. Digital Envoy admits the allegations contained in paragraph 3 of the Amended Counterclaims.

4. Digital Envoy admits the allegations contained in paragraph 4 of the Amended Counterclaims.

5. In response to paragraph 5 of the Amended Counterclaims, Digital Envoy admits the allegations contained in the first sentence of the paragraph and denies the second sentence. Accordingly, Digital Envoy admits that this District is an appropriate venue under 28 U.S.C. § 1391.

6. In response to paragraph 6 of the Amended Counterclaims, Digital Envoy admits that Google performs internet search, but denies the remainder of that allegations contained in this paragraph.

7. Digital Envoy admits the allegations contained in paragraph 7 of the Amended Counterclaims.

8. Digital Envoy admits the allegations contained in paragraph 8 of the Amended Counterclaims.

9. In response to paragraph 9 of the Amended Counterclaims, Digital Envoy denies Google's characterization of the Agreement and accordingly denies the allegations contained in this paragraph. The Agreement speaks for itself.

10. In response to paragraph 10 of the Amended Counterclaims, Digital Envoy denies Google's characterization of the Agreement and accordingly denies the allegations contained in this paragraph. The Agreement speaks for itself.

11. In response to paragraph 11 of the Amended Counterclaims, Digital Envoy denies Google's characterization of the Agreement and accordingly denies the allegations contained in this paragraph. The Agreement speaks for itself.

12. In response to paragraph 12 of the Amended Counterclaims, Digital Envoy denies Google's characterization of the Agreement and accordingly denies the allegations contained in this paragraph. The Agreement speaks for itself.

.13.    In response to paragraph 13 of the Amended Counterclaims, Digital Envoy denies Google's characterization of the Mutual Non-Disclosure Agreement ("NDA") and accordingly denies the allegations contained in this paragraph. The NDA speaks for itself.

14.    In response to paragraph 14 of the Amended Counterclaims, Digital Envoy denies Google's characterization of the NDA and accordingly denies the allegations contained in this paragraph. The NDA speaks for itself.

15.    Digital Envoy denies the allegations contained in paragraph 15 of the Amended Counterclaims.

16.    Digital Envoy denies the allegations contained in paragraph 16 of the Amended Counterclaims.

17.    Digital Envoy denies the allegations contained in paragraph 17 of the Amended Counterclaims.

18.    Digital Envoy denies the allegations contained in paragraph 18 of the Amended Counterclaims.

19.    Digital Envoy denies the allegations contained in paragraph 19 of the Amended Counterclaims.

20.    Digital Envoy denies the allegations contained in paragraph 20 of the Amended Counterclaims.

21.    Digital Envoy denies the allegations contained in paragraph 21 of the Amended Counterclaims.

22.    Digital Envoy denies the allegations contained in paragraph 22 of the Amended Counterclaims.

23.    Digital Envoy denies the allegations contained in paragraph 23 of the Amended Counterclaims.

24.    Digital Envoy denies the allegations contained in paragraph 24 of the Amended Counterclaims.

25.    Digital Envoy denies the allegations contained in paragraph 25 of the Amended Counterclaims.

-3-

26. In response to paragraph 26 of the Amended Counterclaims, Digital Envoy incorporates its responses to paragraphs 1 through 25 of the Amended Counterclaims.

27. Digital Envoy admits the allegations contained in paragraph 27 of the Amended Counterclaims.

28. Digital Envoy denies the allegations contained in paragraph 28 of the Amended Counterclaims.

29. Digital Envoy denies the allegations contained in paragraph 29 of the Amended Counterclaims.

30. Digital Envoy denies the allegations contained in paragraph 30 of the Amended Counterclaims.

31. Digital Envoy denies the allegations contained in paragraph 31 of the Amended Counterclaims.

32. In response to paragraph 32 of the Amended Counterclaims, Digital Envoy incorporates its responses to paragraphs 1 through 31 of the Amended Counterclaims.

33. Digital Envoy denies the allegations contained in paragraph 33 of the Amended Counterclaims.

34. Digital Envoy denies the allegations contained in paragraph 34 of the Amended Counterclaims.

35. In response to paragraph 35 of the Amended Counterclaims, Digital Envoy incorporates its responses to paragraphs 1 through 34 of the Amended Counterclaims.

36. Digital Envoy admits the allegations contained in paragraph 36 of the Amended Counterclaims.

37. Digital Envoy denies the allegations contained in paragraph 37 of the Amended Counterclaims.

38. Digital Envoy denies the allegations contained in paragraph 38 of the Amended Counterclaims.

39. Digital Envoy denies the allegations contained in paragraph 39 of the Amended Counterclaims.

40. In response to paragraph 40 of the Amended Counterclaims, Digital Envoy incorporates its responses to paragraphs 1 through 39 of the Amended Counterclaims.

41. Digital Envoy denies the allegations contained in paragraph 41 of the Amended Counterclaims.

42. Digital Envoy denies the allegations contained in paragraph 42 of the Amended Counterclaims.

43. Digital Envoy denies the allegations contained in paragraph 43 of the Amended Counterclaims.

44. Digital Envoy denies the allegations contained in paragraph 44 of the Amended Counterclaims.

45. Digital Envoy denies the allegations contained in paragraph 45 of the Amended Counterclaims.

46. Digital Envoy denies the allegations contained in paragraph 46 of the Amended Counterclaims.

47. Digital Envoy denies the allegations contained in paragraph 47 of the Amended Counterclaims.

48. Digital Envoy denies the allegations contained in paragraph 48 of the Amended Counterclaims.

49. Everything no expressly admitted by Digital Envoy in this answer to Google's Amended Counterclaims is denied. Digital Envoy further denies that Google is entitled to any of the relief it prays for in its Amended Counterclaims.

**AFFIRMATIVE DEFENSES**

50. **First Affirmative Defense** Some or all of Google's claims for relief fail to state a claim upon which relief can be granted.

51. **Second Affirmative Defense:** Google is barred from recovery against Digital Envoy because, all, or part of the alleged actions or inactions of Digital Envoy were privileged and cannot serve as a basis for imposing liability on Digital Envoy.

52. **Third Affirmative Defense:** Google is barred from recovery against Digital Envoy because, all, or part of the alleged actions or inactions taken by Digital Envoy were taken with Google's consent.

53. **Fourth Affirmative Defense:** Some or all of Google's claims for relief are barred by waiver.

54. **Fifth Affirmative Defense:** Some or all of Google's claims for relief are barred by estoppel.

55. **Sixth Affirmative Defense:** Some or all of Google's claims are barred by its failure to mitigate its damages.

56. **Seventh Affirmative Defense:** Some or all of Digital Envoy's actions or inactions are excused.

## PRAYER

57. WHEREFORE, Digital Envoy respectfully prays that the Court dismiss these Amended Counterclaims, or in the alternative enter judgment in favor of Digital Envoy and against Google, for its costs and for such other relief as deemed just and proper.

DATED: February 14, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     -s-
      P. CRAIG CARDON
      BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

**JURY TRIAL DEMAND**

Plaintiff/Counter-Defendant Digital Envoy, Inc. demands trial by jury on these Amended Counterclaims as to all issues so triable.

DATED: February 14, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  ‑s‑
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.