**KRAMER DECLARATION EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
--oOo--

DIGITAL ENVOY, INC.,         )
                             )
            Plaintiff,       )
                             )
      vs.                    ) Case No. C 04 01497 RS
                             )
GOOGLE, INC.,                )
                             )
            Defendant.       )
_____)
                             )
AND RELATED CROSS-ACTION.    )
_____)

CERTIFIED COPY

HIGHLY CONFIDENTIAL

Attorneys' Eyes Only

DEPOSITION OF

STEVEN L. SCHIMMEL

Thursday, September 23, 2004
Volume
(Pages 1 - 253)

*** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY ***

REPORTED BY: ANA M. DUB, RMR, CRR, CSR 7445 (01-356130)



LEGALINK
A WORDWAVE COMPANY
LegaLink San Francisco
601 Van Ness Ave, Suite 2052
San Francisco, CA 94102
tel (415) 359-2040
tel (800) 869-9132
fax (415) 359-2050
www.legalink.com
GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

1  Q. Did you -- other than passing that information
2  on to Kulpreet -- "information" being Matt's desire to
3  have the contract as general as possible -- other than
4  passing that on to Kulpreet, did you do anything else to
5  ensure that Matt's desire in that regard was met?
6  A. I don't recall anything specific except for
7  reading the language as it was written.
8  Q. Did you yourself consider whether or not this
9  sentence was broad enough to suit Google's desire?
10 A. It seemed to reflect the concept of unlimited
11 usage, which is what I understood an agreement to be.
12 Q. What is your understanding of what -- what the
13 word "develop" means?
14     MR. KRAMER: Vague as to context.
15     THE WITNESS: Yeah. I don't understand what
16 you mean.
17     MR. KRATZ: Q. Well, do you believe that the
18 word "develop" means to use in any way that someone
19 would want to?
20     MR. KRAMER: Vague.
21     MR. KRATZ: Q. Do you believe "develop" means
22 the same thing as "use"?
23 A. "Develop" generally relates to a creation --
24 Q. Okay.
25 A. -- or enhancement.

1  but not tip Digital Envoy to the notion that Google was
2  attempting to obtain that broad of a license?
3          MR. KRAMER:  Objection to the term "Google" as
4  lacking foundation and calling for speculation, and
5  object to the question as compound.
6          THE WITNESS:  So can you rephrase that?  There
7  seemed to be a nefarious component to the way you asked
8  that.
9          MR. KRATZ:  Why don't we reread it, and then
10 if there's parts that you don't understand, you can let
11 me know.  And it, of course, would be subject to the
12 objection.
13         THE WITNESS:  I'm sorry.
14         (Record read.)
15         THE WITNESS:  To my recollection and as a base
16 of foundation, we would not have been attempting to do
17 anything nefarious, which is what the implication is.
18         MR. KRATZ:  Q.  Okay.  Would you agree that
19 the language could have been more explicit in Google's
20 desire to use Digital Envoy's technology in a general
21 sense in case they think about things they want to do?
22         MR. KRAMER:  Incomplete hypothetical, calls
23 for speculation.
24         You can answer.
25         THE WITNESS:  Every call, every e-mail that

105

1  we'd had together always discussed the concepts of
2  unlimited use, including Rob volunteering additional
3  ways in which we hadn't thought of in which we might use
4  it. So at no time did it ever come into my mind that
5  I'd have to be concerned with such a thing.
6       MR. KRATZ:  Q.  At no time did it come in your
7  mind that Mr. Friedman was concerned about the breadth
8  of the license that was being granted to Google?
9       MR. KRAMER:  Objection.
10      THE WITNESS:  Is that a question?
11      MR. KRAMER:  Vague as to -- I think it is.
12      Objection; vague as to time.  If you mean in
13 connection with the negotiations --
14      MR. KRATZ:  Sure, that's fine.
15      MR. KRAMER:  -- or in light of the litigation,
16 I think it's a different question.
17      MR. KRATZ:  Right.
18      THE WITNESS:  Okay.  I'm sorry.  Can you
19 rephrase that for me?
20      MR. KRATZ:  Q.  Through the time of the
21 execution of the contract, is it your testimony that
22 Mr. Friedman did not ever express a concern regarding
23 the breadth of the license given to Google?
24      A.  The only time a concern ever came out was upon
25 my return from leave, when he contacted me.