P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P.
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| Plaintiff/Counterdefendant, | **DECLARATION OF ROBERT FRIEDMAN IN SUPPORT OF DIGITAL ENVOY, INC.'S OPPOSITION TO GOOGLE, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| GOOGLE, INC., | |
| Defendant/Counterclaimant. | **Date:** **March 30, 2005** <br> **Time:** **9:30 a.m.** <br> **Courtroom:** **4, 5th Floor** <br><br> **The Honorable Richard Seeborg** |

I, Robert Friedman, hereby declare:

1.      I am an officer of Digital Envoy, Inc.  I have personal knowledge of the facts attested to in this declaration and if called to testify at trial I would do so competently.

2.      Digital Envoy's licensing program allows is to be compensated in exchange for the portion of the market it give up, and each licensing agreement it enters into reflects this concept. If a licensee of Digital Envoy distributes Digital Envoy's licensed information to a third party, this takes away a business opportunity from Digital Envoy.  Digital Envoy generates revenue exclusively through licensing its technology.

3.      Digital Envoy limits and controls access to its information through the use of standardized licensing agreements.  Particularly, sections 3.1 and 7.2 of the agreement.  This standard agreement was used in the drafting of the Google license agreement.  What changes were made to that licensing agreement did not allow Google to geo-locate users on third party sites.

4.      The interpretation of the licensing agreement advanced by Google would essentially mean that Digital Envoy gave away all of the rights to its information for $3,000 per month.

5.      Google's Adwords program does not share Digital Envoy's information with third party sites.  Only Google receives revenue from the Adwords program.  The Adwords program does not violate the licensing agreement.  The Adwords program does not take away a potential customer from Digital Envoy.

6.      Adsense is different from Adwords in that in Adsense, a user is not "searching", but is browsing a third party site.

7.      The protections found in Digital Envoy's licensing agreements prevent the licensee from acquiring a new and distinct line of business and use and using the technology in that business without an expansion of the license.

8.      Digital Envoy had no knowledge Google was misusing its data until Google confirmed as much on February 6, 2004.

9.      Digital Envoy's database coverage of internet IP addresses is 99.99% complete.

-1-

1    I declare that the above stated facts are true under penalty of perjury under the laws of the

2  United States of America.

3

4  Executed this 9th day of March at Norcross, Georgia.

5

6

7                                         /s/ Robert Friedman
                                          Robert Friedman
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-SF:5BK\61446864.1                                    DECLARATION OF ROBERT FRIEDMAN