1    DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
       STEPHEN C. HOLMES, State Bar No. 200727 (sholmes@wsgr.com)
2    WILSON SONSINI GOODRICH & ROSATI
       Professional Corporation
3    650 Page Mill Road
       Palo Alto, CA 94304-1050
4    Telephone: (650) 493-9300
       Facsimile: (650) 565-5100

Attorneys for Defendant/Counterclaimant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | CASE NO.: C 04 01497 RS |
| Plaintiff/Counterdefendant, | **GOOGLE INC.'S OBJECTION TO EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| GOOGLE INC., | Date: March 30, 2005 |
| Defendant/Counterclaimant. | Time: 9:30 a.m. |
| | Courtroom: 4, 5th Floor |
| | Judge: Hon. Richard Seeborg |

GOOGLE'S OBJECTION TO EVIDENCE
CASE NO. 04-0197 RS

C:\NrPortbl\PALIB1\DAG\2617031_1.DOC

1  Google Inc. ("Google") objects to and moves to strike Paragraphs 2, 3, 4, 6 and 7 of the
2  Declaration of Robert Friedman in Support of Digital Envoy, Inc.'s Opposition to Google's
3  Second Motion for Summary Judgment (the "Friedman Declaration") and Exhibits R, S, T, U, X
4  and Y to the Declaration of Timothy Kratz in Support of Digital Envoy, Inc.'s Opposition to
5  Google's Second Motion for Summary Judgment (the "Kratz Declaration").

**I.    ARGUMENT**

### A.    Testimony Offered In Opposition To Summary Judgment Must Be Based On Personal Knowledge And Must Set Forth Facts That Would Be Admissible In Evidence

On a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (emphasis added); *Conoco Inc. v. Dept. of Energy*, 99 F.3d 387, 394 (Fed. Cir. 1997) (vacating summary judgment based on inadmissible evidence). Hearsay not within any exception is not admissible. Fed. R. Evid. 802. Inadmissible evidence, in turn, may not be used to support summary judgment. Fed. R. Civ. P. 56(e). Finally, this Court's Local Rules confirm that non-complying declarations may be stricken:

> An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Civil L.R. 7-5(b).

### B.    The Friedman Declaration Contains Inadmissible and Otherwise Improper Testimony

In Paragraphs 2, 3, 4, and 7 of the Friedman Declaration, Mr. Friedman offers his self-serving interpretation of the contract between Google and Digital Envoy (the "License Agreement"). However, "parol evidence is inadmissible to contradict a clear and unambiguous provision of a contract, where the parties intended that the written contract be the complete and final expression of their agreement." *Environment Now! v. Espy,* 877 F.Supp. 1397, 1404 (E.D. CA. 1994). Here, Digital Envoy concedes that the contract is both unambiguous and integrated.

*See* Kramer Supp. Decl. Ex. N (interrogatory responses) at Nos. 5, 6.  Accordingly, Mr. Friedman's interpretation of the various contractual terms is inadmissible.[1]  Mr. Friedman's testimony also flouts Local Rule 7-5(b)'s admonition that declaration testimony "must avoid conclusions and argument[.]"  Accordingly, this testimony may not be considered, Fed. R. Civ. P. 56(e), and should be stricken.  Civil L.R. 7-5(b).

Paragraph 2 of the Friedman Declaration is also improper because it contains Mr. Friedman's unsupported speculation.  Specifically, Mr. Friedman claims that Digital Envoy loses a business opportunity whenever licensed information is distributed to third parties.  Yet Mr. Friedman offers no factual foundation for this purely speculative claim.  Indeed, it is altogether likely that many recipients of geo-location data have no interest in purchasing the data and, as such, are not potential Digital Envoy customers.  Mr. Friedman's speculation should be disregarded.

Paragraphs 5 and 6 of the Friedman Declaration contain testimony that is not within Mr. Friedman's personal knowledge.  There, Mr. Friedman attempts to describe and contrast the features of Google's AdWords and AdSense products.  However, Mr. Friedman's declaration fails to establish that he is qualified to testify on such matters.  Mr. Friedman does not work for Google and has not claimed to have any degree of familiarity with Google's products, nor has he offered any other basis to support the conclusion that he is competent to testify regarding the features of Google's various products.  As such, his testimony should be excluded under FED. R. EVID. 602 on the grounds that he does not have personal knowledge as to the facts stated.  Mr. Friedman's characterization of Google's AdWords and AdSense programs is likewise irrelevant and therefore inadmissible pursuant to Federal Rule of Evidence 402.

---

[1] The admittedly unambiguous terms of the contract are not reasonably susceptible to Mr. Friedman's interpretation.  Mr. Friedman claims that the contract did not allow Google to geo-locate users on third party sites or to use Digital Envoy technology in a new line of business.  Friedman Decl., ¶¶ 3, 7.  But the terms of the contract contain no such limitation.  Indeed, the Contract expressly authorizes such use: "Licensee may also use the database libraries to develop indices, services, or applications that are provided to third parties."  Kramer Decl., Exh. E at § 3.

Paragraph 8 runs afoul of the "best evidence" rule, Fed. R. Evid. 1002. The best evidence rule provides that the original of a writing is required to prove the contents thereof. *Id*. Here, Mr. Friedman offers testimony regarding the contents of a February 6, 2004 communication by Google without attaching the communication as an exhibit. This is improper. The evidence proffered should not be admitted, and that portion of the Friedman Declaration should be stricken.

### C. Several Exhibits To The Kratz Declaration Are Inadmissible

Exhibits R, S, T, U, X, and Y to the Kratz Declaration are inadmissible parol evidence. These exhibits are offered to construe the terms of the License Agreement. But the contract is an integrated agreement, with express prohibitions on using evidence of usage of trade or regular practice of course of dealing to aid in its interpretation. Kramer Decl. Ex. E at §13. Moreover, Digital Envoy concedes the terms of the License Agreement are unambiguous. *See* Kramer Supp. Decl. Ex. N (interrogatory responses) at Nos. 5, 6.

In any event, Exhibits R, S, T, U are irrelevant to the issues raised in Google's pending Motion for Summary Judgment. As explained in Google's moving papers, the parties agree that under the License Agreement, Google was authorized to use Digital Envoy's data within its "Business" defined as "producing and maintaining information search technology." Accordingly, to determine whether Google was authorized to use Digital Envoy's data in AFC, the only relevant question is whether Google produced and maintained its information search technology through the AFC advertising program. These exhibits do not speak to that issue and are therefore irrelevant.

Exhibits X and Y appear to have been offered to show that Google's contract negotiators did not specifically know that Google was using Digital Envoy's data in AFC. But that point is irrelevant as it in no way shows Google's representatives believed such use was unlicensed. Indeed, Digital Envoy repeatedly told the negotiators that Google had "unlimited use" rights to the data and could "use it for everything." They were also repeatedly told that Google could use Digital Envoy's data in its advertising program. Accordingly, their knowledge (or lack thereof) about use in a particular advertising program is irrelevant.

Additionally, Exhibit S to the Kratz Declaration is inadmissible because it is hearsay not within any exception to the rule. Fed. R. Civ. P. 56(e); Fed. R. Evid. 802. That exhibit is an article describing Google's business and is a classic example of an out of court statement asserted for the truth of the matter therein. The exhibit is therefore hearsay. *See* Fed. R. Evid. 801 and 802. It does not fit within any hearsay exception. *See* Fed. R. Evid. Rule 803, 804, and 807. Accordingly, Exhibit S may not be considered on summary judgment.

## II. CONCLUSION

For the foregoing reasons, Google Inc. objects to and respectfully requests the Court to strike Paragraphs 2, 3, 4, 6 and 7 of the Friedman Declaration and Exhibits R, S, T, U, X and Y to the Kratz Declaration.

Dated: March 16, 2005                WILSON SONSINI GOODRICH & ROSATI

By: ___/s/ David H. Kramer___
       David H. Kramer

Attorneys for Defendant/Counterclaimant
Google Inc.