1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   STEPHEN C. HOLMES, State Bar No. 200727 (sholmes@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7                      UNITED STATES DISTRICT COURT
8
                      NORTHERN DISTRICT OF CALIFORNIA
9
                              SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,              )   CASE NO.: C 04 01497 RS
12                                    )
          Plaintiff/Counterdefendant, )   **GOOGLE INC.'S OBJECTION TO**
13                                    )   **EVIDENCE SUBMITTED IN**
       v.                             )   **OPPOSITION TO MOTION FOR**
14                                    )   **SUMMARY JUDGMENT**
   GOOGLE INC.,                       )
15                                    )   Date:       May 4, 2005
          Defendant/Counterclaimant.  )   Time:       9:30 a.m.
16                                    )   Courtroom:  4, 5th Floor
                                      )   Judge:      Hon. Richard Seeborg
17                                    )
                                      )
18 _____ )

GOOGLE'S OBJECTION TO EVIDENCE                C:\NrPortbl\PALIB1\NVG\2617031_1.DOC
CASE NO. 04-0197 RS

Google Inc. ("Google") objects to and moves to strike Paragraphs 2, 3, 4, 6 and 7 of the Declaration of Robert Friedman in Support of Digital Envoy, Inc.'s Opposition to Google's Second Motion for Summary Judgment (the "Friedman Declaration") and Exhibits R, S, T, U, X and Y to the Declaration of Timothy Kratz in Support of Digital Envoy, Inc.'s Opposition to Google's Second Motion for Summary Judgment (the "Kratz Declaration").

## I. ARGUMENT

### A. Testimony Offered In Opposition To Summary Judgment Must Be Based On Personal Knowledge And Must Set Forth Facts That Would Be Admissible In Evidence

On a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *Conoco Inc. v. Dept. of Energy*, 99 F.3d 387, 394 (Fed. Cir. 1997) (vacating summary judgment based on inadmissible evidence). Hearsay not within any exception is not admissible. Fed. R. Evid. 802. Inadmissible evidence, in turn, may not be used to support summary judgment. Fed. R. Civ. P. 56(e). Finally, this Court's Local Rules confirm that non-complying declarations may be stricken:

> An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Civil L.R. 7-5(b).

### B. The Friedman Declaration Contains Inadmissible and Otherwise Improper Testimony

In Paragraphs 2, 3, 4, and 7 of the Friedman Declaration, Mr. Friedman offers his self-serving interpretation of the contract between Google and Digital Envoy (the "License Agreement"). However, "parol evidence is inadmissible to contradict a clear and unambiguous provision of a contract, where the parties intended that the written contract be the complete and final expression of their agreement." *Environment Now! v. Espy,* 877 F. Supp. 1397, 1404 (E.D. Cal. 1994). "The parol evidence rule is not merely a rule of evidence excluding precontractual

1  discussions for lack of credibility or reliability. It is a rule of substantive law making the
2  integrated written agreement of the parties their exclusive and binding contract *no matter how*
3  *persuasive the evidence* of additional oral understandings. Such evidence is legally irrelevant
4  and cannot support a judgment." *Marani v. Jackson*, 183 Cal. App. 3d 695, 701 (1986)
5  (emphasis in original). Indeed, California's Supreme Court recently made clear that the parol
6  evidence rule "provides 'absolute protection from liability' for prior or contemporaneous
7  statements at variance with the terms of a written integrated agreement." *Casa Herrera, Inc. v.*
8  *Beydoun*, 32 Cal. 4th 336, 347 (2004) (citations omitted).

9  Here, Digital Envoy concedes that the contract is both unambiguous and integrated. *See*
10  Kramer Supp. Decl. Ex. N (interrogatory responses) at Nos. 5, 6. Accordingly, Mr. Friedman's
11  interpretation of the various contractual terms is inadmissible.[1] Mr. Friedman's testimony also
12  flouts Local Rule 7-5(b)'s admonition that declaration testimony "must avoid conclusions and
13  argument[.]" Accordingly, this testimony may not be considered, Fed. R. Civ. P. 56(e), and
14  should be stricken. Civil L.R. 7-5(b).

15  Paragraph 2 of the Friedman Declaration is also improper because it contains Mr.
16  Friedman's unsupported speculation. Specifically, Mr. Friedman claims that Digital Envoy loses
17  a business opportunity whenever licensed information is distributed to third parties. Yet Mr.
18  Friedman offers no factual foundation for this claim. Indeed, it is altogether likely that many
19  recipients of geo-location data have no interest in purchasing the data and, as such, are not
20  potential Digital Envoy customers. Mr. Friedman's speculation should be disregarded.

21  Paragraphs 5 and 6 of the Friedman Declaration contain testimony that is not within Mr.
22  Friedman's personal knowledge. There, Mr. Friedman attempts to describe and contrast the
23  features of Google's AdWords and AdSense products. However, Mr. Friedman's declaration

---

[1] The admittedly unambiguous terms of the contract are not reasonably susceptible to Mr. Friedman's interpretation. Mr. Friedman claims that the contract did not allow Google to geo-locate users on third party sites or to use Digital Envoy technology in a new line of business. Friedman Decl., ¶¶ 3, 7. But the terms of the contract contain no such limitation. Indeed, the Contract expressly authorizes such use: "Licensee may also use the Database Libraries to develop indices, services, or applications that are provided to third parties." Kramer Decl., Exh. E at § 3.

GOOGLE'S OBJECTION TO EVIDENCE                    -2-
CASE NO. 04-0197 RS

fails to establish that he is qualified to testify on such matters. Mr. Friedman does not work for Google and has not claimed to have any degree of familiarity with Google's products, nor has he offered any other basis to support the conclusion that he is competent to testify regarding the features of Google's various products. As such, his testimony should be excluded under Fed. R. Evid. 602 on the grounds that he does not have personal knowledge as to the facts stated. Mr. Friedman's characterization of Google's AdWords and AdSense programs is likewise irrelevant and therefore inadmissible pursuant to Federal Rule of Evidence 402.

Paragraph 8 runs afoul of the "best evidence" rule, Fed. R. Evid. 1002. The best evidence rule provides that the original of a writing is required to prove the contents thereof. *Id*. Here, Mr. Friedman offers testimony regarding the contents of a February 6, 2004 communication by Google without attaching the communication as an exhibit. This is improper. The evidence proffered should not be admitted, and that portion of the Friedman Declaration should be stricken.

**C.     Several Exhibits To The Kratz Declaration Are Inadmissible**

Exhibits R, S, T, U, X, and Y to the Kratz Declaration are inadmissible parol evidence. These exhibits are offered to construe the terms of the License Agreement. But the contract is an integrated agreement, with express prohibitions on using evidence of usage of trade or regular practice of course of dealing to aid in its interpretation. Kramer Decl. Ex. E at §13. Moreover, Digital Envoy concedes the terms of the License Agreement are unambiguous. *See* Kramer Supp. Decl. Ex. N (interrogatory responses) at Nos. 5, 6. Accordingly, the evidence is barred by the parol evidence rule. *Environment Now!,* 877 F. Supp. at 1404; *Casa Herrera*, 32 Cal. 4th at 347.

In any event, Exhibits R, S, T, U are irrelevant to the issues raised in Google's pending Motion for Summary Judgment. As explained in Google's moving papers, the parties agree that under the License Agreement, Google was authorized to use Digital Envoy's data within its "Business" defined as "producing and maintaining information search technology." Accordingly, to determine whether Google was authorized to use Digital Envoy's data in AdSense for Content, the only relevant question is whether Google produced and maintained its

1  information search technology through the AdSense for Content advertising program. These
2  exhibits do not speak to that issue and are therefore irrelevant.

3  Exhibits X and Y appear to have been offered to show that Google's contract negotiators
4  did not specifically know that Google was using Digital Envoy's data in AdSense for Content.
5  But that point is irrelevant as it in no way shows Google's representatives believed such use was
6  unlicensed. Indeed, Digital Envoy repeatedly told the negotiators that Google had "unlimited
7  use" rights to the data and could "use it for everything." They were also repeatedly told that
8  Google could use Digital Envoy's data in its advertising program. Accordingly, their
9  knowledge (or lack thereof) about use in a particular advertising program is irrelevant.

10  Additionally, Exhibit S to the Kratz Declaration is inadmissible because it is hearsay not
11  within any exception to the rule. Fed. R. Civ. P. 56(e); Fed. R. Evid. 802. That exhibit is an
12  article describing Google's business and is a classic example of an out of court statement
13  asserted for the truth of the matter therein. The exhibit is therefore hearsay. *See* Fed. R. Evid.
14  801 and 802. It does not fit within any hearsay exception. *See* Fed. R. Evid. Rule 803, 804, and
15  807. Accordingly, Exhibit S may not be considered on summary judgment.

16  **II.  CONCLUSION**

17  For the foregoing reasons, Google Inc. objects to and respectfully requests the Court to
18  strike Paragraphs 2, 3, 4, 6 and 7 of the Friedman Declaration and Exhibits R, S, T, U, X and Y
19  to the Kratz Declaration.

21  Dated: April 25, 2005                    WILSON SONSINI GOODRICH & ROSATI

                                             By:  /s/ David L. Lansky
                                                    David L. Lansky

                                             Attorneys for Defendant/Counterclaimant
                                             Google Inc.