P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:   415-434-9100
Facsimile:    415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P.
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC.,<br><br>        Plaintiff/Counter defendant,<br><br>v.<br><br>GOOGLE, INC.,<br><br>        Defendant/Counterclaimant. | Case No. C 04 01497 RS<br><br>**CORRECTED DECLARATION OF ANDREW LINDNER IN SUPPORT OF DIGITAL ENVOY, INC.'S OPPOSITION TO GOOGLE, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:**        March 30, 2005<br>**Time:**        9:30 a.m.<br>**Courtroom:**  4, 5th Floor<br><br>**The Honorable Richard Seeborg** |

I, Andrew Lindner, hereby declare:

1. I am a Partner of Frontier Funds, a venture capital firm headquartered in Charlotte, North Carolina. I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2. Frontier Funds is an investor in Digital Envoy, Inc. Prior to Frontier Funds making that investment, I was responsible for conducting due diligence into the business of Digital Envoy.

3. In connection therewith, on April 5, 2001, I spoke with Matt Cutts who was a senior software engineer for Google. Mr. Cutts was responsible for evaluating and selecting Digital Envoy as Google's geo-location vendor. I asked him about the selection process, his general opinion regarding Digital Envoy, Google's use of Digital Envoy's data and technology. Essentially, Mr. Cutts praised Digital Envoy for its superior technology, and its professionalism.

4. Following the conversation, I sent an e-mail to Mr. Cutts and he replied. The document marked Plaintiff's Exhibit 8 which is attached hereto is a true and correct copy of this e-mail exchange.

5. I sought clarification of Google's understanding of its prohibition against reselling products or services based on Digital Envoy's technology or data due to my understanding that Digital Envoy's business model was based on the ability to license its technology to web site owners who would be interested in the technology for a variety of purposes and it was imperative that Google was prohibited from sharing the benefit of the technology with potential licensees of Digital Envoy without either expanding its license or requiring a license to be obtained by the third party.

6. Based on my reading of the License Agreement, and Mr. Cutts' confirmation of Digital Envoy's understanding of the restrictive language, I was satisfied that Digital Envoy had adequately protected its market, and my company ultimately invested in Digital Envoy.

1 | I declare under penalty of perjury under the laws of the United States of America the
2 | foregoing is true and correct. Executed on March 9, 2005 at Charlotte, North Carolina.

/s/ Andrew Lindner
Andrew Lindner