1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:    415-434-9100
   Facsimile:    415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10  Attorneys for DIGITAL ENVOY, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

| | |
|---|---|
| 14 DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| 15     Plaintiff/Counterdefendant, | **NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST AND SECOND SETS OF INTERROGATORIES AND ITS FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO GOOGLE, INC.** |
| 16 v. | |
| 17 GOOGLE, INC., | |
| 18     Defendant/Counterclaimant. | |
| 19 | Date:    June 15, 2005<br>Time:    9:30 a.m.<br>Courtroom: 4, 5th Floor |
| 20 | |
| 21 | The Honorable Richard Seeborg |

22

23                    **Notice Of Motion And Motion**

24       PLEASE TAKE NOTICE that on June 15, 2005 at 9:30 a.m. in Courtroom 4, Fifth Floor

25  of the United States District Court for the Northern District of California, United States

26  Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant Digital Envoy,

27  Inc. ("Digital Envoy") shall move the court pursuant to Fed. R. Civ. P. 37 for an order compelling

28

-1-

further responses from Google, Inc. to Digital Envoy's First and Second sets of Interrogatories and Requests for Production of Documents and for and award of attorney fees.

Digital Envoy certifies that it has in good faith conferred with Google, Inc. in an effort to secure further responses and disclosures without court action, and that those efforts were unsuccessful. Digital Envoy respectfully requests that this court enter an order: (1) compelling further responses to Interrogatory Nos. 5, 6, 10, 11 more fully identified and discussed below; (2) compelling further responses to Request for Production Nos. 22, 23, 24, and 25 fully identified and discussed below; and (3) awarding Digital Envoy all such further relief as this Court deems just and appropriate.

This motion is based upon these moving papers, the Declaration of Timothy H. Kratz, the pleadings on file herein, matters of which the court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion.

DATED: April 29, 2005

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By      /s/ Brian Blackman
              P. CRAIG CARDON
              BRIAN R. BLACKMAN

          TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
          LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
          MCGUIRE WOODS, L.L.P
          1170 Peachtree Street, N.E., Suite 2100
          Atlanta, Georgia 30309
          Telephone: 404.443.5706
          Facsimile: 404.443.5751

          Attorneys for DIGITAL ENVOY, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Google has stonewalled Digital Envoy's efforts to obtain legitimate discovery information in support of its causation and damage theories. Digital Envoy patiently attempted to get this information from Google through voluntary compliance with discovery procedures, but to no avail. Accordingly, Digital Envoy brings this motion to compel Google's responses to specific discovery requests.

In essence, Digital Envoy claims Google's use of its technology and data in its AdSense programs exceeds the scope of the permitted uses under the License Agreement between the parties. To assist Digital Envoy in proving causation and damages, it asked Google to identify its AdSense customers and produce the agreements with them and related documents, and to provide revenue detail pertaining to the AdSense programs during the time in which Digital Envoy's technology and data was being used. Without legitimate justification, Google has refused.

Pursuant to Fed. R. Civ. P. 37, Digital Envoy certifies that it has in good faith conferred with Google in an effort to secure disclosures without court action, and that those efforts were unsuccessful. As a result, Digital Envoy moves to compel Google to provide substantive responses to Digital Envoy's Interrogatory Nos. 5, 6, 10, and 11 and Requests for Production Nos. 22, 23, 24, and 25; and for an award of attorneys' fees incurred by Digital Envoy in relation to the filing and prosecution of its motion to compel.

## II. PROCEDURAL BACKGROUND

On July 29, 2004, Digital Envoy served its first Request for Production of Documents, Interrogatories, and Requests for Admissions on Google. On August 30, 2004, Google served its responses to Digital Envoy's first set of discovery requests. On November 10, 2004, Google served its Supplemental and Amended Responses to Digital Envoy's First Set of Interrogatories.

On December 3, 2004, Digital Envoy served its second set of Interrogatories and second Request for Production of Documents to Google. On January 3, 2005, Google served its responses to Digital Envoy's second set of discovery requests.

Following Google's discovery responses, Digital Envoy contacted Google in writing and by telephone to detail the deficiencies in the responses and to attempt to secure Google's commitment to supplement with appropriate responses.  On March 9, 2005, Digital Envoy's counsel participated in a conference call with Google's counsel to discuss the outstanding discovery issues.  Digital Envoy followed this conference with additional written contact in a final effort to obtain the requested information from Google without court intervention.  As a result of these efforts, Google has not adequately responded or otherwise properly supplemented its responses.

### III.   ARGUMENT

Pursuant to Fed. R. Civ. P. 26, Digital Envoy is entitled to obtain discovery from Google "regarding any matter, not privileged, that is relevant to the claim or defense of any party…" Furthermore, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.  Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1).  Fed R. Civ. P. 33.  Requests for production of documents may relate to any matters within the scope of Rule 26(b). Fed. R. Civ. P. 34.  The requests set forth below fall squarely within Rule 26.

**A.   Google Should be Compelled to Provide Substantive Responses to Digital Envoy's Interrogatory Nos. 5, 6, 10, 11:  Identities of web sites on which Google has placed advertisements, and information relating to revenue received by Google relating to the placement of advertisements on those sites.**

**INTERROGATORY NO. 5:**

Identify all web sites on which Google has placed advertisements, the first and last date in which Google has placed an advertisement on each site, and for each site indicate whether Google was capable of using and permitted by the web site owner/operator to use Digital Envoy's technology in the placement of advertisements on the site.

**Google's Response:**

In addition to its general objections, Google objects to this interrogatory as overbroad and unduly burdensome.  Google also objects to this interrogatory as vague with respect to the phrase

-4-

1 "placing advertisements," with respect to the phrase "capable of using and permitted" and with
2 respect to the phrase "use Digital Envoy's technology." Google also objects to this interrogatory
3 as compound, consisting of several, independent interrogatories. Google further objects to the
4 interrogatory to the extent it calls for information that is neither relevant nor reasonably calculated
5 to lead to the discovery of admissible evidence. Finally, Google also objects to this interrogatory
6 to the extent that it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not
7 yet identified with particularity. Subject to and without waiving its general and specific
8 objections, Google responds as follows. Google did not use Digital Envoy's "technology," only
9 Digital Envoy's data. Google does not "place []" advertisements" on third party web sites. In
10 Google's AdSense for Content program, which is all that Google believes is at issue in this action
11 based upon Digital Envoy's allegations, it is more precise to say that Google displays
12 advertisements on users' computers in connection with content on a third party site.

13 **INTERROGATORY NO. 6:**

14   Identify by month and web site, the total revenue received by Google for the placement of
15 advertisements on third party web sites where the placement of the advertisement included the use
16 of Digital Envoy's technology.

17   **Google's Response:**

18   In addition to its general objections, Google also objects to this interrogatory as compound,
19 consisting of several, independent interrogatories. Google further objects to this request as vague
20 with respect to the terms "placement of the advertisement" and "use of Digital Envoy's
21 technology." Google further objects to the interrogatory to as calling for information that is
22 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Google
23 also objects to this interrogatory to the extent that it relates to Digital Envoy's claimed trade
24 secrets which Digital Envoy has not yet identified with particularity. Subject to and without
25 waiving its general and specific objections, Google responds as follows. Google did not use
26 Digital Envoy's "technology," only Digital Envoy's data. Google does not "place []
27 advertisements" on third party web sites. In Google's AdSense for Content program, which is all
28 that Google believes is at issue in this action based upon Digital Envoy's allegations, it is more

-5-

1 precise to say that Google displays advertisements on users' computers in connection with content
2 on a third party sit Google further responds that, pursuant to Federal Rule of Civil Procedure 33(d)
3 and upon the entry of heightened attorneys eyes only confidentiality protection, it will produce
4 non-privileged documents sufficient to show the total revenue derived from the AdSense for
5 Content program through the date upon which Google ceased to use Digital Envoy's data, which
6 Google expects to be by month.

7 **INTERROGATORY NO. 10:**

8 On page 54 of the Prospectus for Google, Inc. dated August 18, 2004 (the "Prospectus"),
9 you set forth revenue from the subcategory of revenue source labeled Google Network web sites
10 ("Google Network revenue").  For the total Google Network revenue, provide an itemized
11 breakdown which (1) divides the revenue into AdSense for search and AdSense for content (as
12 those terms are used on page 51 of the Prospectus); (2) divides the subdivision in part (1) of this
13 interrogatory into revenue associated with each Google Network member's web site (as described
14 on page 51 of the Prospectus); and (3) for each revenue listing for each web site listed in part (2)
15 of this interrogatory, provide the cost of revenue recognized as a result of the portion of the
16 advertiser fee paid to a Google Network member, identifying the member (all as described on page
17 51 of the Prospectus).

18 **Google's Response:**

19 In addition to its general objections, Google also objects to this interrogatory as compound,
20 consisting of several, independent interrogatories.  Google further objects to this interrogatory as
21 overbroad, unduly burdensome and vague.  Google also objects to this interrogatory to the extent
22 that it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified
23 with particularity.  Google also objects to this interrogatory to the extent it calls for information
24 that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
25 In particular, this interrogatory calls for information that has nothing to do with the use of Digital
26 Envoy's date that is at issue in this lawsuit.  Further, the interrogatory calls for information
27 regarding AdSense for search which is not accused by Digital Envoy in its amended complaint.
28 As Google has stated in response to Digital Envoy's interrogatory no. 6, subject to Google's

general and specific objections, pursuant to Federal Rule of Civil Procedure 33(d) and upon the entry of heightened attorneys eyes only confidentiality protection, it will produce non-privileged documents sufficient to show the total revenue derived from the AdSense for Content program through the date upon which Google ceased to use Digital Envoy's data, which Google expects to be by month.

**INTERROGATORY NO. 11:**

For the revenue listing in part (2) of the previous interrogatory, divide each revenue listing into two categories reflecting revenue generated from advertiser fees (as described on page 51 of the Prospectus) where the advertiser whose ad resulted in the fee either (a) selected "all countries" when the ad was enabled or (b) selected something other than "all countries" when enabled.

**Google's Response:**

In addition to its general objections, Google also objects to this interrogatory as compound, consisting of several, independent interrogatories. Google further objects to this interrogatory as overbroad, unduly burdensome and vague. Google also objects to this interrogatory to the extent that it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Google also objects to this interrogatory to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In particular, this interrogatory calls for information that has nothing to do with the use of Digital Envoy's data that is at issue in this lawsuit. Further, the interrogatory calls for information regarding AdSense for search which is not accused by Digital Envoy in its amended complaint. As Google has stated in response to Digital Envoy's interrogatory no. 6, subject to Google's general and specific objections, pursuant to Federal Rule of Civil Procedure 33(d) and upon the entry of heightened attorneys eyes only confidentiality protection, it will produce non-privileged documents sufficient to show the total revenue derived from the AdSense for Content program through the date upon which Google ceased to use Digital Envoy's data, which Google expects to be by month.

### 1. Reasons to Compel Further Responses From Google to Each of the Interrogatories.

These legitimate discovery requests seek revenue information regarding the AdSense program during the time period in which Digital Envoy's technology and data were used. The information it seeks is tailored to obtain the level of detail which would provide evidentiary support for Digital Envoy's causation and damage theories. Google has provided virtually no information in response to these requests.

Google's various boilerplate objections are without merit. First, Google attempts to limit the scope of Digital Envoy's discovery and indeed its claims in this case to AdSense for Content, rather than the entirety of the AdSense program. However, as is clear from the Complaint, from Digital Envoy's Rule 26 disclosures, discovery responses and 30(b)(6) testimony, Digital Envoy properly makes claims against Google for AdSense for Content and AdSense for Search and is certainly entitled to discover relevant information as to both programs. Google does not get to narrow the scope of Digital Envoy's claims, no matter how much it wishes it could.

Second, Google claims the requests are overbroad, unduly burdensome and vague. Digital Envoy has narrowly tailored its requests for financial information to the AdSense program rather than the entirety of Google's advertising activity. The nature of Digital Envoy's requests is tailored in time to the period in which the License Agreement was in effect and that the questioned activity (AdSense or otherwise-labeled syndicated advertising) was generating revenue. In the face of Google's earlier word game responses, Digital Envoy clarified the requests in conference and in the later propounded interrogatories referencing specific pages from Google's Prospectus so that there would be no misunderstanding as to the specific information requested.

Google's relevance objection is similarly without merit. As a result of Google's wrongful activity in its AdSense programs, Digital Envoy is entitled to damages. The damages to which it is entitled includes disgorgement of the ill-gotten gains and compensation for Digital Envoy's losses. Digital Envoy intends to assess and present evidence regarding the revenue wrongfully gained by Google and the losses suffered by Digital Envoy, either directly or in the nature of projected lost licensing income. The specific detail requested in these discovery requests provides

-8-

the foundation for this evidence. Google's response to this theory, more in the nature of a causation argument, is that there has to be a nexus between Google's misuse and Digital Envoy's loss of any particular license opportunity. Digital Envoy disagrees that Google can eat Digital Envoy's market on the scale it did and erect impossible standards of proof, but regardless the need for the level of detail requested exists even in Google's World of Virtually No Accountability for its Wrongful Conduct. The specific identity of the AdSense customers, and accordingly the revenue derived from each, is relevant for Digital Envoy to establish that nexus. Digital Envoy should hardly be expected to prove its case with the targets of its proof kept a secret.

Accordingly, Digital Envoy requests Google be compelled to produce full and complete responses to these discovery requests.

**B.   Google Should be Compelled to Produce all Documents Within its Possession relating to Requests for Production Nos. 22, 23, 24, and 25: Agreements with Google Network members, documents relating to the negotiation of those agreements, and the identity of all Google Network members.**

**REQUEST FOR PRODUCTION NO. 22:**

On page 51 of the Prospectus for Google, Inc. dated August 18, 2004 (the "Prospectus"), you describe agreements between yourselves and Google Network members. Produce all such agreements, whether "standard agreements" or "negotiated agreements" as used in the Prospectus.

**Google's Response:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome and oppressive. Google further objects to this request to the extent it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Google objects to this request because it seeks information regarding Google's relationships with countless third parties that are completely unrelated to this dispute.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents referring to or reflecting negotiations between you and the Google Network members.

1   **Google's Response:**

2   In addition to its general objections, Google objects to this request because it is overly
3   broad and unduly burdensome and oppressive.  Google further objects to this request on the
4   ground that it is vague.  In particular, Google objects to this request as vague with respect to the
5   term "negotiations."  Google further objects to this request to the extent it calls for information
6   that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
7   Among other things, the request seeks information regarding Google's relationships with countless
8   third parties that are completely unrelated to this dispute.

9   **REQUEST FOR PRODUCTION NO. 24:**

10  Produce all documents referring to or reflecting communication within Google regarding
11  such negotiations or agreements.

12  **Google's Response:**

13  In addition to its general objections, Google objects to this request because it is overly
14  broad and unduly burdensome and oppressive.  Google further objects to this request on the
15  ground that it is vague.  Google further objects to this request to the extent it calls for information
16  that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
17  Among other things, the request seeks information regarding Google's relationships with countless
18  third parties that are completely unrelated to this dispute.

19  **REQUEST FOR PRODUCTION NO. 25:**

20  Produce documents sufficient to show the name and last known address of each Google
21  Network member.

22  **Google's Response:**

23  In addition to its general objections, Google objects to this request because it is overly
24  broad and unduly burdensome and oppressive.  Google further objects to this request to the extent
25  it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of
26  admissible evidence.  Among other things, the request seeks information regarding Google's
27  relationships with countless third parties that are completely unrelated to this dispute.

28

### 1. Reasons to Compel Further Responses From Google to Each of the Requests for Production of Documents.

In these requests, Digital Envoy seeks the identity of the Google network web sites (AdSense customers), the contractual relationship specifically pertaining to the AdSense relationship and the negotiations pertaining to that contractual relationship. This information supports a variety of Digital Envoy's claims, contradicts some of Google's contentions and otherwise may lead to discovery of further relevant information.

All of the parties to the agreements identified in these requests are related to the dispute between Digital Envoy and Google, in that they were potential customers of Digital Envoy who instead entered into a sharing relationship with Google. That sharing relationship included Google wrongfully bundling Digital Envoy's technology and data with its own, which generated revenue which was shared between the parties to that agreement. The agreements describe the mechanics of that process and the legal relationship between the parties (differently than contended by Google). The agreements, and presumably the negotiations, also contain representations by Google pertaining to its legal authorization to provide contracted services which in fact included unlawful and unauthorized use of Digital Envoy's technology and data. Accordingly, Digital Envoy's discovery requests are narrowly tailored to obtain relevant evidence in support of its claims.

As such, Google's boilerplate objections are without merit, and Digital Envoy respectfully requests that Google be compelled to provide full and complete responses to these discovery requests.

## IV.   CONCLUSION

Digital Envoy respectfully requests that this Court grant Digital Envoy's motion and award all such other relief as is just and proper.

DATED: April 29, 2005

                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                           By          /s/ Brian Blackman
                                        P. CRAIG CARDON
                                        BRIAN R. BLACKMAN

                               TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
                               LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
                               MCGUIRE WOODS, L.L.P
                               1170 Peachtree Street, N.E., Suite 2100
                               Atlanta, Georgia 30309
                               Telephone: 404.443.5706
                               Facsimile:  404.443.5751

                                    Attorneys for DIGITAL ENVOY, INC.

W02-SF:5BB\61451967.1         NOT. OF MTN. AND MTN. TO COMPEL FURTHER RESPONSES FROM GOOGLE