McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309
Phone: 404.443.5500
Fax: 404.443.5599
www.mcguirewoods.com

Timothy H. Kratz
Direct: 404.443.5730

**McGUIREWOODS**

tkratz@mcguirewoods.com
Direct Fax: 404.443.5784

February 9, 2005

**<u>Via Facsimile (650) 493-6811</u>**

David H. Kramer, Esq.
Wilson, Sonsini, Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, California 94304-1050

    Re:    <u>Digital Envoy, Inc. v. Google, Inc.</u>
              Civil Action File No.: C 04 02267 WDB

Dear David:

    This letter is sent pursuant to Local Rule 37-1(a) and FRCP 37 in a good faith attempt to confer and resolve potential discovery disputes pertaining to the following serially numbered deficiencies in Google's responses to Digital Envoy's discovery requests:

***First Interrogatories***

    1.    We requested on September 10, 2004, for you to confirm whether you are withholding any information pursuant to your General Objection No. 2, and if so, to provide a log of the information withheld and a description of the obligation which forms the basis for withholding the information. You have not provided any response to this request. We demand here that you withdraw your General Objection 2 and provide any information withheld, or to comply with our request for a detailed log of the information withheld.

    2.    We requested on September 10, 2004, for you to withdraw General Objection No. 5 and provide any information withheld on the basis of that objection. Since then, you have taken the deposition of Digital Envoy and were certainly free to inquire beyond the detailed disclosures already provided. We demand here that you withdraw the objection and provide any information withheld.

    3.    We requested a privilege log on September 10, 2004 and received no response whatsoever. We demand here that you comply with our request.

    4.    As discussed on September 10, 2004, with no response from you whatsoever, your objection to Interrogatory No. 1 is deficient in that there is no

David H. Kramer, Esq.
February 9, 2005
Page 2

demonstrable burden associated with the reasonable inquiry in this interrogatory. The information provided in response to the interrogatory does not answer the question posed. We demand here that you withdraw your objections and answer the question.

     5.    In Interrogatory Nos. 3 and 4, you supplemented to provide the identity of those persons principally involved in the launch of AdSense for Content. Please provide the same supplement with respect to AdSense for Search, in light of the understanding that we make claims with respect to AdSense for Search.

     6.    Interrogatory 5 asks for, at a minimum, a list of the web sites involved in Google's advertising syndication program, whether called AdSense or some other name, and the dates of the first and last placement of advertisements on those sites. You supplemented with a summary of revenue from the AdSense for Content program which is insufficient for many reasons, but is non-responsive to the essence of this interrogatory. We are entitled to discover the identity of the web sites on which the advertisements appeared to which Digital Envoy bases its claims. Such information, and the first and last dates of the advertising arrangement is relevant for many reasons, including several alternative damage theories. Also, the interrogatory is reasonably calculated to lead to the discovery of other highly relevant information in that the identity of the third party web sites provides Digital Envoy a basis for exploring the nexus between the use of Digital Envoy's data, loss of licensing opportunities, and Google's third party advertising program. We here now demand that you provide (1) a list of the third party web sites, with identifying information; and (2) the first and last dates in which Google supplied advertisements that were shown to visitors on the web site.

     7.    We responded to your baseless objections to Interrogatory 6 on September 10, 2004. The information referred to in your supplemental response does not answer the question posed. We hereby demand that you provide us the information requested: organized by month and web site, the total revenue received by Google from (as explained in the previous good faith letter) "the business activity Google has engaged in wherein it generates revenue through its involvement in advertising on sites other than Google sites, which includes the AdSense program, its predecessors, Google network advertisements, Google's search partners and network and any other category of third party web sites in which Google has any involvement in advertising. And the interrogatory is narrowly tailored in that it seeks information regarding advertisements which appeared wherein Digital Envoy's technology was enabled, i.e. the ad was geo-targeted, or the advertisement partner had enabled geo-location.

*Second Interrogatories*

     8.    Please confirm whether you are withholding any information pursuant to your General Objection No. 2, and if so, provide a log of the information withheld and a description of the obligation which forms the basis for withholding the information.

David H. Kramer, Esq.
February 9, 2005
Page 3

9. Please withdraw General Objection No. 5 in light of the extensive disclosures and discovery already provided to you on this subject. Otherwise, confirm whether you are withholding any information on the basis of this objection and provide a log describing such information.

10. Please provide a privilege log.

11. Your response to Interrogatory No. 10 is deficient. First, you now understand that AdSense for Search is a subject of this litigation and information should be provided on this program. Second, the breakdown of revenue by website is relevant to many of the claims in the case, and enables the determination of many different damage and causation theories, and is an appropriate predicate for the next interrogatory. So too is the cost of revenue which is requested. Please supplement this interrogatory with the full information requested.

12. Your response to Interrogatory No. 11 is deficient for the reasons set forth in item 11 herein. This information is relevant to many of Digital Envoy's damage and causation theories.

**First Document Requests**

13. We requested on September 10, 2004, for you to confirm whether you are withholding any information pursuant to your General Objection No. 2, and if so, to provide a log of the information withheld and a description of the obligation which forms the basis for withholding the information. You have not provided any response to this request. We demand here that you withdraw your General Objection 2 and provide any information withheld, or to comply with our request for a detailed log of the information withheld.

14. We requested on September 10, 2004, for you to withdraw General Objection No. 5 and provide any information withheld on the basis of that objection. Since then, you have taken the deposition of Digital Envoy and were certainly free to inquire beyond the detailed disclosures already provided. We demand here that you withdraw the objection and provide any information withheld.

15. We requested a privilege log on September 10, 2004 and received no response whatsoever. We demand here that you comply with our request.

16. Your response to Request No. 1 is still deficient. Please confirm whether you have responsive documents that are not being produced due to your redefining the request and if so a log describing such documents.

David H. Kramer, Esq.
February 9, 2005
Page 4

      17.    Your response to Request No. 2 is still deficient. Please confirm whether you have responsive documents that are not being produced due to your redefining the request and if so a log describing such documents.

      18.    At a minimum in your redefinition of Request No. 3, please confirm whether you have produced all documents which relate to Google's use of Digital Envoy's data, including technical documents and design drawings relating to Google's use of the data for any purpose including AdWords and AdSense. If not, please supplement with this minimum production.

      19.    Please supplement your production to include the documents which you indicated you would produce in response to Request No. 4.

      20.    Your response to Request Nos. 5 – 12 are is still deficient. Please confirm whether you have responsive documents that are not being produced due to your objections of your redefining the request and if so a log describing such documents.

      21.    With reference to Request Nos. 13 – 14, at a minimum Digital Envoy is entitled to receive revenue data for the AdSense program, or other syndication of advertisements by Google broken down by advertiser (this is in addition to the specific information requested in other discovery requests regarding revenue broken down by third party web site). However, if at this time you are able to provide monthly data of revenue for all syndicated advertisements (whether labeled AdSense for Content, AdSense for search or otherwise) which separates revenue derived from ads which were enabled for geo-targeting, we would be willing to review that data to see if it is sufficient for our discovery needs related to these requests.

      22.    With respect to Request Nos. 15 - 16, we request that you provide a breakdown of advertisers who selected some form of geo-targeting versus those who had signed up to have their advertisements shown to users from "All Countries".

      23.    With respect to Request Nos. 17 – 18, we request that you, at a minimum, provide (1) the historical record of changes to the portion of your web site which relate to the AdWords or AdSense programs, or any of their predecessors or other programs relating to the appearance of advertisements to visitors of other web sites; (2) all documents provided to existing or prospective AdSense customers (for now, limited to the web site partners rather than the advertisers) relating to Google providing advertisements to visitors of the third party web sites.

      24.    Your response to Request Nos. 19 - 20 are still deficient. Please confirm whether you have responsive documents that are not being produced due to your objections of your redefining the request, and if so, a log describing such documents.

      25.    Please provide the documentation responsive to Request No. 21.

David H. Kramer, Esq.
February 9, 2005
Page 5

**Second Document Requests**

26.   Please confirm whether you are withholding any information pursuant to your General Objection No. 2, and if so, provide a log of the information withheld and a description of the obligation which forms the basis for withholding the information.

27.   Please withdraw General Objection No. 5 in light of the extensive disclosures and discovery already provided to you on this subject. Otherwise, confirm whether you are withholding any information on the basis of this objection and provide a log describing such information.

28.   Please provide a privilege log.

29.   Your objections to Request No. 22 are without merit. All of the parties to these agreements are related to this dispute in that they are the set of potential customers of Digital Envoy which were encouraged by Google not to do their own geo-targeting and they are the actual customers of Google wherein, Google and the parties shared revenue resulting from the sharing of Digital Envoy's data. Further, the relationship between Google and these parties is relevant in response to Google's varied descriptions of the manner in which advertisements appear on the parties' web sites and the role of geo-targeting and Digital Envoy data. The contracts involved contain significant information in defining the terms, the manner of Google's services and the sharing of revenue derived from the misuse of Digital Envoy data. Please supplement by producing the agreements requested.

30.   With respect to Request No. 23, we clarify by stating that the "negotiations" referred to pertain to the agreements referenced in Request No. 22. With this limitation, please supplement with production of the documents requested.

31.   With respect to Request No. 24, we clarify by limiting the request to those agreements referenced in Request No. 22. With this limitation, please supplement with production of the documents requested.

32.   Your objection to Request No. 25 is unfounded as set forth above. Please supplement your production to include responsive documentation.

33.   Request No. 26 seeks documents which are relevant on a number of issues. Quova is the "replacement" geo-location vendor and the nature of your discussions with them relating to Digital Envoy, Google's anticipated use of Quova data, and the terms (and negotiations thereof) of the licensing agreement are all relevant to this dispute. Please supplement your production to include responsive documentation.

David H. Kramer, Esq.
February 9, 2005
Page 6


34. Request No. 27 is reciprocal to your requests that Digital Envoy produce its license agreements. Digital Envoy is entitled to documents of Google licenses to the same extent you claim Digital Envoy's other licensing agreements are relevant on any issue in this dispute. Please supplement your production to include responsive documentation.

We request full supplementation as indicated herein by February 18, 2005.

Very truly yours,

Timothy H. Kratz

THK/dig

\\COM\484433.1

```
     ********************
     ***   TX REPORT   ***
     ********************

     TRANSMISSION OK

     TX/RX NO              3667
     RECIPIENT ADDRESS     916504936811
     DESTINATION ID
     ST. TIME              02/09 13:01
     TIME USE              02'43
     PAGES SENT            7
     RESULT                OK
```

# McGUIREWOODS

**Number of Pages (including Fax cover sheet):** 7  **DATE:** 2/9/2005

If all pages are not received, please call the Fax Operator indicated below.

**TO:** David H. Kramer, Esq.

**OFFICE/COMPANY/FIRM:** Wilson, Sonsini, Goodrich & Rosati, P.C.

**LOCATION:** Palo Alto, California

**PHONE NUMBER:** (650) 493-9300    **FAX NUMBER:** (650) 493-681·

**FROM:** Timothy H. Kratz, Esq.

**OFFICE:** Atlanta, Georgia    **DIRECT FAX NUMBER:** (404) 443-5784
(See list below)

**SENDER'S DIRECT DIAL PHONE NUMBER:** (404) 443-5730

**REMARKS:**

This Fax is intended for the recipient indicated above. It may be confidential or protected from disclosure by the attorney-client privilege or work-product doctrine. If you have received this Fax in error, please destroy it immediately. Thank you.

**Sender Name:** ___    **Charge No.:** 20417C8 0001

**Employee No.** ___    **Total Charge:** ___

| OFFICE | GENERAL FAX NUMBER | SWITCHBOARD | FAX OPERATOR |
|---|---|---|---|
| ATLANTA, GA | 404/443-5599 | 404/443-5500 | 404/443-5500 |
| BALTIMORE, MD | 410/659-4599 | 410/659-4400 | 410/659-4400 |
| CHARLOTTE, NC | 704/373-8935 | 704/373-8999 | 704/373-8999 |
| CHARLOTTESVILLE, VA | 434/980-2222 | 434/977-2500 | 434/977-2500 |
| CHICAGO, IL | 312/849-3690 | 312/849-8100 | 312/849-8100 |
| DETROIT, MI | 313/259-1840 | 313/259-6200 | 313/259-6200 |
| JACKSONVILLE, FL | 904/798-3207 | 904/798-3200 | 904/798-3200 |