Digital Envoy Inc., v. Google Inc.,                                                                                                    Doc. 143

P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant/Counterclaimant. | Case No. C 04 01497 RS <br><br> **NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST GOOGLE, INC.** <br><br> Date:        June 15, 2005 <br> Time:       9:30 a.m. <br> Courtroom:  4, 5th Floor <br><br> The Honorable Richard Seeborg |

<u>**Notice Of Motion And Motion**</u>

PLEASE TAKE NOTICE that on June 15, 2005 at 9:30 a.m. in Courtroom 4, Fifth Floor of the United States District Court for the Northern District of California, United States Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant Digital Envoy, Inc. ("Digital Envoy") shall move the court pursuant to Fed. R. Civ. P. 37(a) and Civil Local Rules 7-8 and 37-3 for an order sanctioning Google, Inc. in the amount of $4,758.50, representing the total amount of attorney's fees Digital Envoy incurred as a result of Google's failure and refusal to

-1-

Dockets.Justia.com

provide complete and adequate responses to Digital Envoy's first and second sets of Request for Production of Documents and Interrogatories.

Digital Envoy certifies that it has in good faith conferred with Google, Inc. in an effort to secure further responses and disclosures without court action, and that those efforts were unsuccessful. Digital Envoy respectfully requests that this court enter an order sanctioning Google in the amount of $4,758.50 pursuant to Fed. R. Civ. P. 37(a)(4) for the costs and expenses Digital Envoy incurred in filing its motion to compel.

This motion is based upon these moving papers, the Declaration of Timothy H. Kratz, the pleadings on file herein, matters of which the court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion.

DATED: April 29, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. P. 33 and 34 obligate a party responding to interrogatories or requests for production of documents to answer each request and interrogatory fully and completely.  If the responding party objects to all or any part of a request or interrogatory, then the propounding party may move under Fed. R. Civ. P. 37(a) for an order compelling a complete response.  Fed. R. Civ. P. 33(b)(5) and 34(b).

Digital Envoy propounded its first and second sets of Interrogatories and Requests for Production of Documents on Google in January and December 2004, respectively.  Google served timely responses.  (Declaration of Timothy Kratz ("Kratz Dec.") at ¶ 2.)  Several of Google's responses, however, were incomplete, based on boilerplate and improper objections.  (Kratz Dec. at ¶ 3.)  Following Google's second set of deficient responses, Digital Envoy repeatedly communicated with Google's counsel regarding those deficiencies, but Google refused to amend its responses adequately.  (Id. at ¶¶ 4-5.)  Digital Envoy, therefore, was left with no choice but to prepare and file a motion to compel – which motion was filed in conjunction with this motion and set for hearing on the same day.

If Digital Envoy's motion to compel is successful, then under Fed. R. Civ. P. 37(a)(4) the Court may require the party whose conduct necessitated a motion to compel [Google] to pay to the moving party [Digital Envoy] the reasonable expenses incurred in making the motion, including attorney's fees.  Digital Envoy has incurred $4,758.50 in attorney's fees in meeting and conferring over Google's incomplete responses, and preparing and filing its motion to compel.  (Id. at 6-10.)  These costs and expenses would not have been incurred had Google satisifed its obligations under Fed. R. Civ. P. 33 and 34 to provide full and complete responses to Digital Envoy's first and second sets of Interrogatories and Requests for Production of Documents.

The Court, therefore, should sanction Google in an amount equal to the fees and costs incurred by Digital Envoy in bring the accompanying motion to compel pursuant to Fed. R. Civ. P 37(a)(4).

W02-SF:5BB\61452137.1

-3-

NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST GOOGLE, INC.

## I. CONCLUSION

Digital Envoy respectfully requests that this Court grant Digital Envoy's motion and award sanction to Digital Envoy in the amount of $4,758.50.

DATED: April 29, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.