P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:   415-434-9100
Facsimile:   415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC.,<br><br>　　　　Plaintiff/Counter defendant,<br><br>　v.<br><br>GOOGLE, INC.,<br><br>　　　　Defendant/Counterclaimant. | Case No. C 04 01497 RS<br><br>**DIGITAL ENVOY, INC.'S NOTICE OF MOTION AND RULE 56(F) MOTION** |

-1-

**Notice Of Motion And Motion**

PLEASE TAKE NOTICE that on June 15, 2005 at 9:30 a.m. in Courtroom 4, Fifth Floor of the United States District Court for the Northern District of California, United States Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant Digital Envoy, Inc. ("Digital Envoy") shall move the court pursuant to Fed. R. Civ. P. 56(f) for a continuance of Google's motions for summary judgment until such time as the completion of fact discovery and a ruling on Digital Envoy's Motion to Compel.

This motion is based upon these moving papers, the Supplemental Declaration of Timothy H. Kratz in Opposition to Google's Inc.'s Two Motions for Summary Judgment and in Support of Digital envoy, Inc.'s Rule 56(f) Motion, the pleadings on file herein, matters of which the court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion.

DATED: May 3, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

# I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56(f), Digital Envoy moves for a continuance of Google's motions for summary judgment until such time as the completion of fact discovery and a ruling on Digital Envoy's Motion to Compel.

# II. ARGUMENT AND CITATION OF AUTHORITY

Digital Envoy principally contends that Google's motion for summary judgment should be denied as there are either genuine issues of material fact or that there are not and Digital Envoy is the party entitled to summary judgment. Digital Envoy respectfully submits that the record before the Court amply establishes those points.

Fed.R.Civ.P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Digital Envoy brings this motion in the alternative on three issues. First, Google claims that its alleged belief that it was entitled to use Digital Envoy's proprietary information in AdSense was reasonable. Among other factual and legal responses, Digital Envoy has asked witnesses regarding Google's policies and procedures in place to prevent such an innocent violation of a license. Digital Envoy has specifically requested 30(b)(6) testimony on this issue. (See Kratz Supplemental Declaration, Ex. 10). To the extent the Court is inclined to accept Google's self serving claim that "it thought it could do what it did" defense, despite (1) the negotiated terms of the contract preventing the conduct, (2) the assurances at time of contracting that it would not do what it did, (3) the stated understanding immediately after the time of the contract that the information was under license and had to be treated accordingly, (4) the stated understanding during the term of the contract that it could not do what it did, and (5) the complete lack of evidence that the persons implementing AdSense reviewed the license agreement at all, then Digital Envoy requests the opportunity to inquire of Google whether it had any procedures in

place to prevent the license violation and to what extent those procedures were followed and how otherwise Google ultimately violated the license.

Second, Google makes no argument regarding the language prohibiting Google from licensing Digital Envoy's proprietary information to others. Digital Envoy respectfully submits that such failure justifies denial of Google's motion. Moreover, the record before the Court established that Google did, in fact, offer to provide geo-location services as part of its bundle of services provided to third parties. To bolster this undisputed point, Digital Envoy has requested Google's license agreements with Google's AdSense customers, which Google has refused to provide and which refusal is the subject of a motion to compel. In support of this motion, and in opposition to Google's motions, Digital Envoy has submitted a publicly available version of a redacted agreement between Google and Ask Jeeves. (See Kratz Supplemental Declaration, Ex. 6). This agreement proves that Google has, in fact, licensed Digital Envoy's proprietary information to its AdSense customers by precisely treating the relationship as a limited license of the Services provided thereunder. Ironically, Google ensures that its own technology is protected from ownership claims but secures no such protection for items licensed by Google from third parties. To the extent the Court is inclined to accept Google's implied but unasserted argument that it did not effectively license Digital Envoy's proprietary information to others, despite (1) the fact that Google made no such argument or even attempt to satisfy its movant burden on summary judgment on this issue, (2) the statements in Google's SEC filings that it partners with the web site owners to run targeted advertisements on their web sites, acknowledging the use of Digital Envoy's proprietary information in so doing (see Kratz Supplemental Declaration, Ex. 2), and (3) the publicly available portion of the Ask Jeeves' agreement establishes a license framework, then Digital Envoy requests the opportunity to obtain unredacted versions of the contracts between Google and its AdSense partners to establish the nature of the relationship.

Third, Google claims (without submitting evidence of its own) that Digital Envoy has insufficient evidence in support of its Lanham Act claim, albeit as an afterthought to its main argument that Digital Envoy did not plead the claim properly. Among other factual and legal responses, Digital Envoy has requested discovery concerning Google's communication with the

-4-

1 third parties involved in Digital Envoy's business. In support of this motion and in opposition to
2 Google's motions, Digital Envoy has submitted a publicly available copy of an Insertion Order
3 between Google and Epinions. (Kratz Supplemental Declaration, Ex. 15). That document contains
4 the following provision:



Further, in the Ask Jeeves agreement, Google warrants that it has full power and authority to perform its obligations and agrees to indemnify Ask Jeeves against any claim to the contrary (which claim Digital Envoy can bring against all of Google's AdSense partners). To the extent the Court is inclined to accept Google's attack on Digital Envoy's Lanham Act claim despite (1) Digital Envoy's allegations that Google improperly sold Digital Envoy's technology as its own, (2) Google's failure to submit evidence to the contrary, (3) evidence documenting Google's program to convince the third party web sites not to geo-locate on their own but instead accept Google's offer of such service, (4) Google's general marketing of the geo-location services in connection with the AdSense program, and (5) the contracts available in the public domain that establish Google does palm off Digital Envoy's proprietary information as its own, then Digital Envoy requests the opportunity to obtain full discovery concerning Google's negotiations and agreements with its AdSense partners, and the agreements with AdWords customers.

## III. CONCLUSION

Accordingly, Digital Envoy respectfully requests in the alternative to a denial of Google's motions, that the Court continue its consideration of the motions until such time as Google has provided full discovery on the issues raised therein.

DATED: May 3, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Brian Blackman_____
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.