| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com) |
| 2 | DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com) WILSON SONSINI GOODRICH & ROSATI |
| 3 | Professional Corporation 650 Page Mill Road |
| 4 | Palo Alto, CA 94304-1050 Telephone: (650) 493-9300 |
| 5 | Facsimile: (650) 565-5100 |
| 6 | Attorneys for Defendant/Counterclaimant Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DIGITAL ENVOY, INC., | ) | CASE NO.: C 04 01497 RS |
| | ) | |
| Plaintiff/Counterdefendant, | ) | **GOOGLE INC.'S OBJECTION TO** |
| | ) | **"SUPPLEMENTAL" EVIDENCE** |
| v. | ) | **SUBMITTED IN OPPOSITION TO** |
| | ) | **MOTION FOR SUMMARY** |
| GOOGLE INC., | ) | **JUDGMENT** |
| | ) | |
| Defendant/Counterclaimant. | ) | Date: May 4, 2005 |
| | ) | Time: 9:30 a.m. |
| | ) | Courtroom: 4, 5th Floor |
| | ) | Judge: Hon. Richard Seeborg |
| | ) | |

GOOGLE'S OBJECTION TO EVIDENCE
CASE NO. 04-01497 RS

C:\NrPortbl\PALIB1\NVG\2653391_2.DOC

Google Inc. ("Google") hereby objects to and moves to strike the Supplemental Declaration of Timothy H. Kratz In Opposition to Google, Inc.'s Two Motions For Summary Judgment and In Support of Digital Envoy, Inc.'s Rule 56(f) motion (the "Supplemental Declaration") and the Second Supplemental Declaration of Timothy H. Kratz In Opposition to Google, Inc.'s Two Motions For Summary Judgment and In Support of Digital Envoy, Inc.'s Rule 56(f) motion (the "Second Supplemental Declaration"), and the exhibits thereto (the "Supplemental Exhibits").[1]

**INTRODUCTION**

On the eve of (and following) the hearing on Google's motions for summary judgment, Digital Envoy has supplied the Court with two "supplemental" declarations and 19 "supplemental" exhibits in opposition to Google's motions and in support of its untimely Rule 56(f) motion.

This flood of documents is plainly untimely – Google and the Court did not receive the bulk of them until *after the hearing on the motions*, and literally months after they were due. Digital Envoy's submissions are also objectionable in that they are merely a collection of documents with no clear relevance, and appear to be offered to contradict the unambiguous terms of the integrated license agreement in violation of the parol evidence rule. The Court should reject the materials in their entirety.

**ARGUMENT**

**I.   THE AFFIDAVITS ARE UNTIMELY**

Despite counsel for Digital Envoy's representation at the hearing that "the Local Rules" permit the filing of affidavits on the eve of a hearing,[2] the Civil Local Rules for the Northern

---

[1] As indicated by counsel at the May 4, 2005 hearing on Google's motions for summary judgment, Google objects to Digital Envoy's Rule 56(f) motion as untimely and as failing to satisfy the requirements of Rule 56(f). To the extent the Court is inclined to entertain the Rule 56(f) motion, Google hereby requests the opportunity to fully address the motion's inadequacies.

[2] In a letter to the Court dated May 4, 2005, Digital Envoy concedes that unredacted versions of its supplemental papers were not filed with the Court or provided to Google until *after* the hearing on Google's motions for summary judgment. It goes without saying that these affidavits are untimely. *See* Fed. R.Civ. P. 56(c) (all affidavits must be filed "prior" to the hearing).

1  District of California clearly prohibit such litigation by ambush.  Pursuant to Local Rule 7-3,
2  "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing
3  date.  The opposition may *include* ... affidavits or declarations . . . ."  Civil L.R. 7-3(a) (emphasis
4  added).  An affidavit obviously cannot be filed on the day before the hearing if it must be
5  *included* with the opposition 21 days before the hearing.  To dispel any doubt or confusion,
6  however, Local Rule 7-3 contains a section concerning "Supplementary Material."  That section
7  allows the parties only to alert the court to recent judicial opinions published after the date the
8  opposition or reply was served.  Civil L.R. 7-3(d).  "Otherwise, once a reply is filed, ***no***
9  ***additional memoranda, papers or letters may be filed without prior Court approval***."  *Id*.
10 (emphasis added).  Consequently, given that Digital Envoy did not have prior Court approval to
11 file its supplemental declarations, they are untimely under the Local Rules and should be
12 stricken.
13      It is clear that Digital Envoy's tardiness is without good cause given that the most of the
14 Supplemental Exhibits were available well before Digital Envoy filed its oppositions to Google's
15 motions for summary judgment.  Indeed, Exhibit 4 is a press release dated April 23, ***2003***.  Many
16 of the exhibits were used in depositions, or are excerpts from deposition transcripts the latest of
17 which (Ex. 14) was taken on November 17, 2004.  *See* Exs. 7-9, 12-14.  Exhibits 2, 3, 5, 11 to the
18 Supplemental Declaration and Exhibits 1 and 3 to the Second Supplemental Declaration are
19 printouts of web pages that could have easily been submitted with Digital Envoy's oppositions.
20 Likewise, Exhibit 4 to the Second Supplemental Declaration is from Google's Form S-1A filed on
21 November 23, 2004.  There is no reason these exhibits could not have been submitted in a timely
22 fashion.  Digital Envoy has offered no explanation as to why there were not, or why they should be
23 considered at this late date.
24
25 **II.    THE SUPPLEMENTAL EXHIBITS ARE IRRELEVANT**
26      The Supplemental and Second Supplemental declarations attach a collection of
27 documents with no explanation whatsoever as to their purported relevance.  The declarations
28 merely state that "[a]ttached to this declaration as Exhibit [  ] is a true and correct copy of ...",

leaving it for the Court and Google to wade through the submissions and guess how they have any bearing on the issues at bar. This is inappropriate, to say the least. *See, e.g., Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1052 n.5 (9th Cir. 2004) (denying request for judicial notice based in part on party's failure to explain relevance of the proffered documents).[3]

### III.  THE EXHIBITS ARE INADMISSIBLE PAROL EVIDENCE

To the extent Digital Envoy purports to offer the Supplemental Exhibits to contradict the express terms of the parties' integrated license agreement it is inadmissible parol evidence. "[P]arol evidence is inadmissible to contradict a clear and unambiguous provision of a contract, where the parties intended that the written contract be the complete and final expression of their agreement." *Environment Now! v. Espy,* 877 F. Supp. 1397, 1404 (E.D. Cal. 1994). "The parol evidence rule is not merely a rule of evidence excluding precontractual discussions for lack of credibility or reliability. It is a rule of substantive law making the integrated written agreement of the parties their exclusive and binding contract *no matter how persuasive the evidence* of additional oral understandings. Such evidence is legally irrelevant and cannot support a judgment." *Marani v. Jackson*, 183 Cal. App. 3d 695, 701 (1986) (emphasis in original). Indeed, California's Supreme Court recently made clear that the parol evidence rule "provides 'absolute protection from liability' for prior or contemporaneous statements at variance with the terms of a written integrated agreement." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 347 (2004) (citation omitted). Accordingly, the Supplemental Exhibits cannot be considered for this improper purpose.

///
///
///
///

---

[3] Should the Court be inclined to consider any of the Supplemental Exhibits and concludes that they may raise a triable issue of fact on either of Google's motions, Google requests the opportunity to address the substance of the document(s).

**CONCLUSION**

For the foregoing reasons, Google Inc. objects to and respectfully requests the Court to strike the Supplemental Declaration, the Second Supplemental Declaration, and all exhibits thereto.

Dated: May 5, 2005                                    WILSON SONSINI GOODRICH & ROSATI

By:   /s/ David L. Lansky
          David L. Lansky

Attorneys for Defendant/Counterclaimant
Google Inc.