P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff/Counter defendant, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant/Counterclaimant. | Case No. C 04 01497 RS <br><br> **DIGITAL ENVOY'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RULE 56(F) MOTION** <br><br> Date: June 15, 2005 <br> Time: 9:30 a.m. <br> Courtroom: 4, 5th Floor <br><br> The Honorable Richard Seeborg |

-1-

W02-C:\Documents and Settings\5BB\Desktop\PDFCopies\Digital Envoy's Supp. Brief.DOC

DIGITAL ENVOY'S SUPP. BRIEF ISO RULE 56(F) MOTION

Dockets.Justia.com

Due to questions raised at the May 4, 2005, Digital Envoy respectfully submits the following supplemental brief in clarification of issues pertaining to its Rule 56(f) Motion.

### A.   Digital Envoy's Rule 56(f) Motion Is Timely.

Digital Envoy filed its Rule 56(f) motion two days before the May 4, 2005, summary judgment hearing.  As such, Digital Envoy's motion is timely. (See Mason v. United States, 120 Fed.Appx. 40, 2005 WL 32820, *3 (9th Cir. 2005) ("A Rule 56(f) motion must be timely filed.  This means that a 'Rule 56(f) motion must be brought before the summary judgment hearing.'")(citing United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002) (see also Wolde-Giorgis v. Goddard, 176 F.3d 486, n.5 (9th Cir. 1999) (holding that because movant did not file its 56(f) motion before the summary judgment hearing, motion was untimely.)  Digital Envoy respectfully submits that this authority, together with the complete absence of contrary authority, establishes that Digital Envoy's motion is timely and should be given proper consideration.

### B.   Digital Envoy Has Made A Proper Showing Under Rule 56(f).

Digital Envoy has made the required showing under Rule 56(f).  Digital Envoy has presented affidavits in which it appears that the court should refuse to consider Google's motion until the discovery pinpointed by Digital Envoy is taken.  Discussion of the missing evidence and the steps being taken to obtain that evidence is contained in the brief, but the underlying evidentiary support for that discussion is contained in proper Declarations timely submitted.  Digital Envoy has set forth the discovery requested, and the partial evidence obtained regarding three issues which it contends can be decided in Digital Envoy's favor presently, but in the alternative to the extent the Court is inclined toward Google's argument on the issue, the Court should defer ruling until complete discovery on the issue is provided to Digital Envoy.

Further, Google's effort to confuse certain issues at the hearing, underscores the need for complete discovery prior to blind acceptance of Google's position. Google has confused the interplay between the second and third sentences of Section 3.1.  Google further suggests that there is similarity between the AdSense and AdWords customers such

-2-

W02-C:\Documents and Settings\5BB\Desktop\PDFCopies\Digital Envoy's Supp. Brief.DOC

DIGITAL ENVOY'S SUPP. BRIEF
ISO RULE 56(F) MOTION

that Digital Envoy's acceptance of the AdWords program somehow justifies disregard of the plain language prohibiting use of Digital Envoy's data in AdSense.

Digital Envoy submits that the following issues can be resolved in its favor on the record before the Court. First, the specific prohibitions in the third sentence of Section 3.1 has priority over the narrow development permission granted in the second sentence. Second, a proper reading of the second sentence leads to the determination that "to develop" is the only action permitted and providing to third parties is a subordinate description of ultimately un-licensed activity. Third, the record establishes that both Google and Digital Envoy understood that the second sentence operated only to permit Google "to play" with the data (Google's words repeated at various points of time) and seek an expanded license or require the third party to obtain the license for actual, active use of the data within any application or service that would be developed.

This interpretation is consistent with Digital Envoy's business model of encouraging development of new potential uses of its technology to expand its market while making sure it is compensated in the event that such uses involved a licensee sharing Digital Envoy's data with third parties thus taking away potential customers from Digital Envoy. It is also consistent with the "web index" example, the only example given in that second sentence.

Fourth, the plain meaning of the words "not distribute in whole or in part," "distributed," "use," and "share," among other relevant language in the Agreement, must be given meaning and effect in interpreting the Agreement and eliminates Google's attempt at confusing the issues. Fifth, the record available of the AdWords and AdSense agreements establishes without reasonable dispute that Google's operation of AdSense exceeded the scope of business it licensed. Lastly, the record available of the operation of Google's advertisement programs establishes that AdSense "third party web site publisher" customers stand in complete contrast to the AdWords "advertiser" customers. That is, AdWords customers for advertisements placed on Google sites do not (and cannot possibly) share IP addresses with Google for Google to share the geo-location using

-3-

W02-C:\Documents and Settings\5BB\Desktop\PDFCopies\Digital Envoy's Supp. Brief.DOC

DIGITAL ENVOY'S SUPP. BRIEF
ISO RULE 56(F) MOTION

1  Digital Envoy data because all IP addresses looked up in Digital Envoy's database are
2  Google's own information, belonging to visitors to Google's site.  In contrast, the AdSense
3  "third party web site publisher" customer sends an IP address (associated with a visitor to
4  that third party web site—i.e., the third party web site publisher's information) so that the
5  AdSense customer is a partner of Google, sharing Digital Envoy's technology in lieu of
6  legitimately acquiring it themselves from Digital Envoy.  It is undisputed that this type of
7  use by third parties was specifically discussed by the parties and the parties agreed that
8  such third party use was specifically not allowed under the Agreement.  In short, use of
9  Digital Envoy's technology by Adwords customers is within the scope of the Agreement
10 because the AdWords customer is just that – a customer in the chain of commerce of
11 Google's employment of legitimate use of Digital Envoy's technology on its own site --
12 something which was completely contemplated and bargained for by the parties in the
13 Agreement.
14      If the Court, however, is otherwise inclined to accept Google's arguments on these
15 issues, full discovery regarding the AdSense and AdWords agreements and negotiations
16 thereof, as well as testimony on the 30(b)(6) topics previously requested, all of which is set
17 forth in the timely submitted declarations, would be appropriate to clarify the issues raised
18 by Google.  A full examination of the relationship between AdWords and AdSense, and
19 the second and third sentence of Section 3.1 firmly establish that Google has exceeded the
20 License Agreement through its operation of the AdSense program.
21      The motion addresses issues of fundamental fairness.  Google has consistently
22 thwarted fair discovery, yet moves for summary judgment on issues which it has
23 intentionally confused and over-reached in its presentation of the incomplete evidence.
24 Digital Envoy submits a decision can be made in its favor since Google's arguments are
25 refuted by the present record before the Court.  However, to the extent the Court is inclined
26 to accept Google's position, at least the position should be tested after complete discovery.
27
28

-4-

W02-C:\Documents and Settings\5BB\Desktop\PDFCopies\Digital Envoy's Supp. Brief.DOC

DIGITAL ENVOY'S SUPP. BRIEF
ISO RULE 56(F) MOTION

DATED: May 13, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

W02-C:\Documents and Settings\5BB\Desktop\PDFCopies\Digital Envoy's Supp. Brief.DOC

DIGITAL ENVOY'S SUPP. BRIEF
ISO RULE 56(F) MOTION