1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7                        UNITED STATES DISTRICT COURT
8
                         NORTHERN DISTRICT OF CALIFORNIA
9
                               SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,                    )   CASE NO.: C 04 01497 RS
12                                         )
           Plaintiff/Counterdefendant,     )   **GOOGLE INC.'S OBJECTION AND**
13                                         )   **MOTION TO STRIKE**
       v.                                  )   **"SUPPLEMENTAL" BRIEF**
14                                         )   **SUBMITTED IN OPPOSITION TO**
   GOOGLE INC.,                            )   **MOTIONS FOR SUMMARY**
15                                         )   **JUDGMENT**
           Defendant/Counterclaimant.      )
16                                         )   Date:      May 4, 2005
                                           )   Time:      9:30 a.m.
17                                         )   Courtroom: 4, 5th Floor
                                           )   Judge:     Hon. Richard Seeborg
18 _____)

19
20
21
22
23
24
25
26
27
28

GOOGLE'S OBJECTION AND MOTION TO STRIKE                C:\NrPortbl\PALIB1\DAG\2657878_1.DOC
CASE NO. 04-01497 RS

Dockets.Justia.com

**INTRODUCTION**

The day before and then shortly after the May 4, 2005 hearing on Google's Motions for Summary Judgment, Digital Envoy supplied the Court with an untimely and substantively inadequate motion under Rule 56(f), asking the Court to continue the hearing. Google opposed the 56(f) request at the hearing. Digital Envoy then indicated that it was withdrawing or at least did not care about its 56(f) request. Google's motions were then submitted for decision.[1]

Now, ten days later, as if to compound the impropriety of its untimely 56(f) request, Digital Envoy has filed what it calls a "Supplemental Brief" ostensibly in support of the 56(f) request it abandoned. The new brief is even more untimely than the first and should be stricken on that basis alone. Moreover, the new brief consists almost entirely of re-argument on the submitted motions, and does not cure any of the deficiencies in the original 56(f) request. In short, the new filing is the sort of submission for which Rule 56(g) contemplates the imposition of sanctions. Google respectfully requests that the Court strike the "Supplemental Brief" and instruct Digital Envoy not to file further papers concerning the submitted motions except with leave of Court in accordance with Local Rule 7-3.

**ARGUMENT**

**I.   THE SUPPLEMENTAL BRIEF IS UNTIMELY**

Digital Envoy is correct that a 56(f) request must be filed in advance of the hearing on a motion for summary judgment. Fed. R. Civ. Proc. 56(c); *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) ("[T]he process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make a ruling has passed."). For that reason alone, its brief filed ten days *after* the hearing, and after the motions were submitted, must be rejected.

---

[1] Google does not yet have a copy of the transcript from the May 4, 2005 hearing. Its representations concerning the conduct of the hearing are made based on the recollection of its counsel.

1  Digital Envoy is badly mistaken, however, in suggesting its original 56(f) request should
2  be considered because it was filed (albeit in an incomplete and unintelligible form) the day
3  before the hearing.  While a party must file papers opposing a summary judgment motion prior
4  to the hearing, that does not give a party the right to file those papers at any time it chooses, right
5  up to the moment the hearing begins.  *See* Local Rule 7-3.  As Wright and Miller explain, the
6  deadline for filing papers in opposition to a summary judgment motion is set by local rule.  10
7  Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2719 ("If the opposing party
8  decides to file counter-affidavits, the second sentence of subdivision (c) provides that they must
9  be served on the moving party prior to the day of the hearing. But local rules may vary this time
10 period....The purpose of these local court rules is to provide a specific time within which the
11 opposing party must respond to the motion and to make certain that the issues on the motion are
12 properly framed.")

13 In this Court, pursuant to Local Rule 7-3, "[a]ny opposition to a motion must be served
14 and filed not less than 21 days before the hearing date.  The opposition may *include* ... affidavits
15 or declarations . . . ."  Civil L.R. 7-3(a) (emphasis added).  An opposition based upon Rule 56(f)
16 obviously cannot be filed on the day before the hearing if it must be *included* with the opposition
17 21 days before the hearing.  More importantly, Local Rule 7-3 contains a section concerning
18 "Supplementary Material."  That section allows the parties only to alert the court to recent
19 judicial opinions published after the date the opposition or reply was served.  Civil L.R. 7-3(d).
20 "Otherwise, once a reply is filed, *no additional memoranda, papers or letters may be filed*
21 *without prior Court approval.*"  *Id.* (emphasis added).

22 Here, the hearing on Google's motions was twice continued.[2]  Digital Envoy did not file
23 its 56(f) request with its original opposition papers, or even 21 days prior to the hearing date that

---

[2] Google's initial motion for partial summary judgment was noticed for hearing on March 16, 2005.  Digital Envoy filed its opposition to that motion in February 2005.  That motion was then continued to be heard together with Google's motion for summary judgment on March 30, 2005.  Digital Envoy filed its opposition to Google's second motion on March 9, 2005  The hearing on both motions was then continued until May 4, 2005.  Digital Envoy did not file its 56(f) request until May 3, 2005, roughly two months after it completed the submission of its opposition papers.

GOOGLE'S OBJECTION AND MOTION TO STRIKE       -2-
CASE NO. 04-0197 RS

1  was ultimately set. It waited until the day before the hearing, apparently seeking to deprive

2  Google of an opportunity to respond.[3] Moreover, ignoring Local Rule 7-3, Digital Envoy did

3  not request or obtain leave of Court to file its original 56(f) request, much less the supplemental

4  brief at issue here.

5      Digital Envoy's new submission and its original 56(f) request were untimely and

6  improperly filed with the Court. Google thus requests that they both be stricken.

7

8  **II. THE SUPPLEMENTAL BRIEF DOES NOT CURE THE SUBSTANTIVE DEFECTS IN DIGITAL ENVOY'S 56(F) REQUEST**

9

10      Despite taking for itself far more time than the rules allow, Digital Envoy still has not put

11  together a proper 56(f) request.

12      To begin with, Rule 56(f) requires that a party opposing a summary judgment on Rule

13  56(f) grounds show through *affidavits* that it cannot present facts essential to justify the party's

14  opposition. Digital Envoy's original 56(f) request contained argument, but no affidavits and thus

15  no evidence. Its new submission suffers from the same flaw. Because Digital Envoy has never

16  submitted the affidavit required by Rule 56(f), its request must be denied for that reason alone.

17      The lack of affidavit points up a second fatal deficiency in Digital Envoy's 56(f) request

18  – nowhere has Digital Envoy explained why, after a year of discovery, it is unable to present

19  supposedly important information to the Court. Indeed, nowhere has Digital Envoy even

20  attempted to show diligence in the discovery process. Again, by itself, this warrants denial of its

21  56(f) request. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The

22  failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); *Bryson*

23  *v. Royal Business Group*, 763 F.2d 491, 494-95 (1st Cir. 1985) (denying plaintiff's request to

24

25  ―――――――――――

26    [3] As much of Digital Envoy's 56(f) filing was submitted manually, Google could not retrieve it through the Court's electronic case filing system. Digital Envoy then chose to serve Google
27  with its manually filed papers by mail, ensuring that Google could not possibly have a complete set of the papers before the hearing.
28

GOOGLE'S OBJECTION AND MOTION TO STRIKE     -3-
CASE NO. 04-0197 RS

delay summary judgment when plaintiff had four months between time defendants filed motion and summary judgment hearing to conduct discovery).

Finally, Rule 56(f) requires a moving party to show: (1) the specific facts that it hopes to elicit from further discovery; (2) that those facts exist; and (3) that those facts are essential to resist summary judgment. *See State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998); *Reiffin v. Microsoft Corp.*, 270 F. Supp. 2d 1132, 1146 (N.D. Cal. 2003). Digital Envoy did not come close to satisfying these requirements with its original request, and offers nothing new in its supplemental brief. All Digital Envoy did was identify broad topics on which it desires additional discovery. It has made no showing of what specific facts it hopes to elicit, whether such facts exist, or how such facts would allow Digital Envoy to resist summary judgment. For this reason as well, Digital Envoy's 56(f) request should be denied. *See State of California v. Campbell*, 138 F.3d at 779 ("failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."); *see also Encuentro del Canto Popular v. Christopher*, 930 F. Supp. 1360, 1369 (N.D. Cal. 1996) (Walker, J.) (same).

## CONCLUSION

Digital Envoy's barrage of untimely and otherwise improper submissions has already placed a substantial, unnecessary burden on both the Court and Google. Its latest gambit is its most flagrant abuse of the Court's Rules. Digital Envoy's "Supplemental Brief" should be stricken and it should be barred from any further filings on the submitted motions without leave of Court.

Dated: May 13, 2005

WILSON SONSINI GOODRICH & ROSATI

By:  /s/ David H. Kramer
       David H. Kramer

Attorneys for Defendant/Counterclaimant
Google Inc.