1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
4  Telephone:      415-434-9100
   Facsimile:      415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14 DIGITAL ENVOY, INC.,                      Case No. C 04 01497 RS

15          Plaintiff/Counterdefendant,      **NOTICE OF MOTION AND MOTION TO**
                                             **COMPEL FURTHER RESPONSES TO**
16     v.                                    **DIGITAL ENVOY'S REQUESTS FOR**
                                             **PRODUCTION OF DOCUMENTS NOS. 3,**
17 GOOGLE, INC.,                             **14, 18, 19, and 26**

18          Defendant/Counterclaimant.       Date:        June 22, 2005
                                             Time:        9:30 a.m.
19                                           Courtroom:   4, 5th Floor

20                                           The Honorable Richard Seeborg

21

22                    __Notice Of Motion And Motion__

23          PLEASE TAKE NOTICE that on June 22, 2005 at 9:30 a.m. in Courtroom 4, Fifth Floor

24 of the United States District Court for the Northern District of California, United States

25 Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant Digital Envoy,

26 Inc. ("Digital Envoy") shall move the court pursuant to Fed. R. Civ. P. 37 for an order compelling

27 further responses from Google, Inc. to Digital Envoy's Requests for Production of Documents

28 Nos. 3, 14, 18, 19, and 26.

                                        -1-
W02-SF:5BB\61451967.1                        NOT. OF MTN. AND MTN. TO COMPEL
                                             FURTHER RESPONSES FROM GOOGLE

1    Digital Envoy certifies that it has in good faith conferred with Google, Inc. in an effort to

2   secure further responses and disclosures to these specific requests without court action, and that

3   those efforts were unsuccessful.  Digital Envoy respectfully requests that this Court enter an order:

4   (1) compelling further responses to Requests for Production of Documents Nos. 3, 14, 18, 19 and

5   26 fully identified and discussed below.

6    This motion is based upon this Notice of Motion and Motion, accompanying Memorandum

7   of Points and Authorities, the pleadings on file herein, matters of which the Court may take

8   judicial notice, and upon such other and further oral and documentary argument and evidence as

9   the Court may permit at the hearing of this motion.

10   DATED:  May 17, 2005

11                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

12

13                  By     _____
                                            /s/ Brian Blackman
14                                  P. CRAIG CARDON
                                   BRIAN R. BLACKMAN
15
                            TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
16                          LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
                            MCGUIRE WOODS, L.L.P
17                          1170 Peachtree Street, N.E., Suite 2100
                            Atlanta, Georgia 30309
18                          Telephone: 404.443.5706
                            Facsimile:  404.443.5751
19
                                   Attorneys for DIGITAL ENVOY, INC.
20

21

22

23

24

25

26

27

28

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Digital Envoy files this Motion to Compel Further Responses to Requests for Production of Documents Nos. 3, 14, 18, 19, and 26.  As shown below, Google, Inc. ("Google") has stubbornly refused to produce documents, which Digital Envoy is entitled to discover under the Federal Rules.  Despite repeated efforts on the part of Digital Envoy to obtain these documents, Google has adamantly refused.  Digital Envoy now moves this Court to compel production of documents responsive to Digital Envoy's Request for Production of Documents Nos. 3, 14, 18, 19, and 26.

### II.    BACKGROUND

Throughout this litigation Google has employed stonewalling tactics to prevent Digital Envoy from discovering documents it is entitled to discover under the Federal Rules.  Over the course of the discovery period, Digital Envoy has served four (4) sets of requests for production of documents on Google, totaling thirty-nine (39) separate requests.  In response, Google has produced less than 13,000 documents.  In contrast, Digital Envoy, a much smaller company than Google and a company with considerably fewer resources, has produced more than 55,000 documents.  The disparity between the numbers of documents produced by the two parties is clear evidence that Google is not complying with its duties to produce all non-privileged responsive documents.

### III.    ARGUMENT

**A.    The Standard For Relevancy Under The Federal Rules**

Most of the objections made by Google are on the grounds of relevancy.  As this Court is keenly aware, the Federal Rules employ a very liberal standard for determining whether discovery requests are "relevant" to the case at hand.  Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identify and location or persons having

-3-

NOT. OF MTN. AND MTN. TO COMPEL
FURTHER RESPONSES TO RFP

knowledge of any discoverable matter. . . .Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under the Federal Rules if extremely broad.  A relevant matter is 'any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case.'" Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978)). "Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings.  Rather the question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information has no conceivable bearing on the case." Soto, 162 F.R.D. at 610.[1]

**B.      Each Of Google's Objections Is Improper**

Each discovery requests which Digital Envoy now moves to compel is set forth below. Next to each request is Google's response – along with Digital Envoy's explanation as to why a response to each request should be compelled.  As is shown below, each Google objection is specious.

**DIGITAL ENVOY'S REQUEST FOR PRODUCTION NO. 3:**

All documents relating to Google's uses of Digital Envoy's technology, specifically including but not limited to documents relating to communication regarding the technology and technical documents and design drawings relating to Google's implementation or use of the technology for any purpose (including but not limited to AdWords and AdSense).

---

[1]      See also Jones v. Commander, Kansas Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993) ("A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of [the] action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

-4-

**GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome.  Google further objects to this request to the extent it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action.  Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity.  Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.  Upon production of an adequate 2019(d) disclosure, Digital Envoy may re-serve this request.

**GOOGLE'S SUPPLEMENTAL AND AMENDED RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome.  Google further objects to this request to the extent it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action.  Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity.  Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.  Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that Google has and will generally produce non-privileged documents that directly refer to or directly relate to Google's use of Digital Envoy's data and documents constituting communications that refer to Digital Envoy's data.

-5-

**DIGITAL ENVOY'S REASONS TO COMPEL A FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

At its core, the lawsuit is about how Google goes about using Digital Envoy's technology. Accordingly, Digital Envoy requested "[a]ll documents relating to Google's uses of Digital Envoy's technology." Google objected on the grounds that the request was: (1) overly broad and unduly burdensome; (2) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (3) and on the grounds that Digital Envoy has not yet identified what it contends to be its trade secrets under Section 2019(d) of the California Code of Civil Procedure.[2]

Request No. 3 is neither over broad nor unduly burdensome. In fact, Google made an even broader request for production of documents to Digital Envoy with which Digital Envoy fully complied.[3] In that request, Google requested "All documents related to Google." Digital Envoy produced every responsive document in its possession, custody or control. Digital Envoy merely contends that Google be made to comply with the Federal Rules as Digital Envoy has done.

Furthermore, Google is fully capable, without being at all burdened, of producing all documents related to how it uses Digital Envoy's technology. For Google to pretend that a company with its resources cannot accomplish such a task is laughable. In short, if Digital Envoy can comply with Google's discovery request, Google can certainly comply with Digital Envoy's Request No. 3.

Google next objects that the requested documents are not relevant to the issues involved in this litigation. Clearly, under the Federal Rules' liberal standard for relevancy, the documents sought by this request are relevant. As was stated earlier, the crux of this case is the scope of Google's use of Digital Envoy's technology. Once the parameters of the contract are determined, those parameters must be compared to Google's use of Digital Envoy's technology in order to determine whether Google exceeded the scope of the licensing agreement, and in turn, is liable

---

[2] Since this time, Digital Envoy has identified its trade secrets and Google has stipulated that it will not challenge Digital Envoy's designation. Accordingly, this objection is now moot.

[3] See Digital Envoy's response to Google's Request for Production No. 9, a true and correct copy of which is attached hereto as Ex. A.

NOT. OF MTN. AND MTN. TO COMPEL FURTHER RESPONSES TO RFP

under any of the causes of action in Digital Envoy's complaint.  In order for that comparison to take place, Digital Envoy must be allowed to discover exactly how Google used its technology – and it cannot do that unless it has all documents that relate to Google's use of Digital Envoy's technology.

Lastly, Google objects on the grounds that some of the documents sought by the request would relate to Adwords, and since Digital Envoy has stipulated that Google's use of its technology in Adwords is within the scope of the Agreement, the request is therefore irrelevant because it seeks documents not relevant to the contested use of Digital Envoy's technology [i.e., Google's use in its Adsense program].  This reasoning misunderstands the nature of all of Digital Envoy's claims.  As Digital Envoy has previously noted to the Court in its briefs and in oral argument, its Lanham Act claim is a reverse palming off claim.  Part of this claim arises from the fact that in its contracts with its Adwords advertisers, Google is labeling Digital Envoy's geo-targeting technology "Google's Proprietary Technology." (see Ex. 15 to *Supplemental Declaration of Timothy H. Kratz filed in Opposition to Google's Second Motion for Summary Judgment*.)  Digital Envoy discovered this only by finding a publicly available copy of a contract between Google and Epinions.  Digital Envoy needs to be allowed to discover other documents related to Google's use of Digital Envoy's technology, whether they be in Adsense, Adwords, or otherwise.

**DIGITAL ENVOY'S DOCUMENT REQUEST NO. 14:**

Documents sufficient to determine the identity of advertisers who have paid Google for advertisements to be placed on third party web sites, and the date and amount of payments.

**GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome.  Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action.  Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which

-7-

Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.

**GOOGLE'S SUPPLEMENTAL AND AMENDED RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrase "advertisements to be placed on third party web sites." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that, upon the entry of heightened attorneys eyes only confidentiality protection, it will produce non-privileged documents sufficient to show the total revenue derived from the AdSense for Content program through the date upon which Google ceased to use Digital Envoy's data, which Google expects to be by month.

**DIGITAL ENVOY'S REASONS TO COMPEL A FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Google objected on the grounds that the request was: (1) overly broad and unduly burdensome; (2) irrelevant on the grounds that some of the documents it seeks relate to Adwords; (3) vagueness. Digital Envoy hereby reincorporates its above arguments with respect to Google's

-8-

overly broad / unduly burdensome objection and its irrelevance objection.[4]  As for the vagueness

objection, there is absolutely nothing vague about the phrase "advertisements to be placed on third

party sites."  This is a ridiculous objection.  The phrase means exactly what the plain meaning of

the words of the sentence indicates - it is referring to those advertisers who pay money to Google

to have their ads placed on websites other than Google websites.

**DIGITAL ENVOY'S DOCUMENT REQUEST NO. 18:**

All documents relating to information other than web site information provided by Google

to then existing or prospective AdWords or AdSense customers relating to AdWords, AdSense,

and any other program or offering relating to the placement of advertisements on any web site.

**GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to its general objections, Google objects to this request because it is overly

broad and unduly burdensome.  Google further objects to this request as calling for information

that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Specifically, the request seeks information concerning uses by Google of Digital Envoy's

technology that Digital Envoy concedes are licensed and are thus not at issue in this action.

Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which

Digital Envoy has not yet identified with particularity.  Accordingly, pursuant to Section 2019(d)

of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such

discovery.  Upon production of an adequate 2019(d) disclosure, Digital Envoy may re-serve this

request, and Google will, subject to and without waiving its general objections or its right to make

specific objections, generally produce non-privileged documents that constitute materials provided

to prospective and existing advertisers generally regarding Google's AdSense for Content

advertising program.

---

[4]     Just as Request No. 3 is needed to allow Digital Envoy to determine if Google is guilty of
reverse palming off, No. 14 is needed to help prove damages if Google is guilty of revere
palming off.

-9-

**GOOGLE'S SUPPLEMENTAL AND AMENDED RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome.  Google further objects to this request as vague with respect to the phrase "placement of advertisements on any web site."  Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action.  Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity.  Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.  Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that constitute materials provided to prospective and existing advertisers generally regarding Google's AdSense for Content advertising program.

**DIGITAL ENVOY'S REASONS TO COMPEL A FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Again, Google makes the same improper objections.  Google objects on the grounds that the request is: (1) overbroad and unduly burdensome; (2) irrelevant because some of the documents requested relate to Adwords; and (3) vagueness.  Digital Envoy hereby reincorporates the arguments it made to in response to each of these objections earlier in the brief.

**DIGITAL ENVOY'S DOCUMENT REQUEST NO. 19**

All documents containing any projection or expectation relating to revenue or profit or other economic factor relating to AdWords, AdSense, or any other program or offering relating to the placement of advertisements on any web site, specifically including any projection relating to the use Digital Envoy technology in placing advertisements on third party web sites.

-10-

**GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome.  Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action.  Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity.  Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.  Upon production of an adequate 2019(d) disclosure, Digital Envoy may re-serve this request, and Google will, subject to and without waiving its general objections or its right to make specific objections, generally produce non-privileged documents that constitute projections or calculations of profits generated by Google's AdSense for Content advertising program.

**GOOGLE'S SUPPLEMENTAL AND AMENDED RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "projection or expectation relating to revenue or profit or other economic factor," "placement of advertisements on any web site" and "Digital Envoy's technology."  Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action.  Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity.  Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.  Despite Digital Envoy's inadequate 2019(d) disclosure, Google will, upon the entry of heightened attorneys eyes only confidentiality protection and subject to and without waiving its general or specific objections or its right to make

-11-

further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that constitute projections or calculations of profits generated by Google's AdSense for Content advertising program through the date upon which Google ceased to use Digital Envoy's data.

**DIGITAL ENVOY'S REASONS TO COMPEL A FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Google objected to this request on the grounds that its was: (1) overly broad and unduly burdensome; (2) irrelevant since some documents responsive to this request relate to Adwords; and (3) vagueness.  As for the overly broad and unduly burdensome objection, Digital Envoy reincorporates the arguments it made in response to this objection earlier in the brief.

The documents responsive to this request are relevant because they demonstrate damages incurred by Digital Envoy as a result of Google's reverse palming off of Digital Envoy's technology by Google in instances like the one evidenced in Ex. 15 to the *Supplemental Declaration of Timothy H. Kratz in Opposition to Google's Second Motion for Summary Judgment*.  Request No. 19 seeks documents that relate revenue generated from Google programs [including, but not limited to Adwords and Adsense] in which Google places ads on websites.  As such, they are clearly relevant to at least part of Digital Envoy's Lanham Act claim and should be produced.[5]

**DIGITAL ENVOY'S DOCUMENT REQUEST NO. 26:**

Produce all documents referring to or reflecting communications with or about Quova, Inc. or any of its representatives, including internal or external communication, negotiations regarding any agreements with Quova, and drafts and final versions of any such agreements.

**GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome.  Google further objects to this request to the extent it calls for

---

[5] As for the vagueness objection, Digital Envoy contends the words and phrases in this request are not at all vague.

W02-SF:5BB\61454412.1

NOT. OF MTN. AND MTN. TO COMPEL
FURTHER RESPONSES TO RFP

1  information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

2  evidence, and on the ground that the request seeks information concerning a third party as to

3  whom Google may have confidentiality obligations.

4  **DIGITAL ENVOY'S REASONS TO COMPEL A FURTHER RESPONSE TO REQUEST**

5  **FOR PRODUCTION OF DOCUMENTS NO. 26:**

6        Digital Envoy hereby reincorporates its previous arguments regarding Google's overly

7  broad and unduly burdensome objection. As for the irrelevance objection, the Quova contract is

8  extremely relevant to Digital Envoy's claim that Google is using Digital Envoy's technology

9  beyond the scope of the licensing agreement.  Quova is the company from whom Google now

10  licenses its geo-targeting technology.  If, under the Google-Quova contract, Google is not allowed

11  to share the benefit of Quova's technology with third parties, then Digital Envoy's interpretation

12  of its contract with Google [i.e., that Google was not allowed to share the benefit of Digital

13  Envoy's technology with third parties] must be a reasonable interpretation, or else why would

14  Google have agreed to such terms with Quova.  In short, if Google has taken an opposite position

15  with Quova than it has with Digital Envoy, that fact is relevant as to what Digital Envoy and

16  Google intended when they entered into the Agreement.[6]

17  **C.    Digital Envoy's Response To Google's Refusal To Produce Allegedly Privileged**

18        **Documents.**

19        Digital Envoy further moves the Court to compel production of Google's allegedly

20  privileged documents for *in camera* inspection.  "[T]he party opposing the privilege need only

21  show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection

22  may reveal evidence that information in the materials is not privileged."  In re Grand Jury

23  Investigation, 974 F.23 1068, 1075 (9th Cir. 1992).

24        Digital Envoy's factual allegations supporting its reasonable, good-faith belief for

25  requesting *in camera* review of Google's allegedly privileged documents are:

---

[6]     As for Google's confidentiality concerns, there is a protective order in place to ensure that Google's confidentiality obligations are protected.

-13-

W02-SF:5BB\61454412.1

(a)    Attorney-client privilege does not attach to communications in which neither the author nor the recipient are attorneys.

(b)    Attorney-client privilege is waived for communications in which third-parties are copied.  Since Google has not identified whether the particular attorney was retained by third-parties that are copied on the communications, Digital Envoy submits that privilege was waived for those communications.

(c)    Insofar as certain communications predated any adversarial relationship between Google and Digital Envoy, it is Digital Envoy's position that the communications could not have been in anticipation of this litigation.

(d)    The full header information on email messages relate to the underlying facts of the communication, and not the communication itself.  Thus, the full header information is not privileged.

**1.    Documents That Are Alleged By Google To Be Attorney-Client Privilege.**

There are various communications listed in Google's privilege log in which neither the author nor the recipient are attorneys.  Additionally, there are communications listed in Google's privilege log in which non-attorneys are copied.  While some of these communications copied Google employees, the privilege log makes no mention of whether those employees retained the attorney, or whether Google as a corporate entity retained the attorney, or whether the employee and the corporation jointly retained the attorney for legal counsel.  In that regard, Digital Envoy in good faith believes, for documents exchanged between non-attorneys, that privilege never attached or that privilege has been waived.  This factual showing is sufficient to support Digital Envoy's position that *in camera* inspection of Google's documents is warranted.  Specifically, the following document numbers are communications between two non-attorneys and, thus, are not subject to attorney-client privilege: 11, 12, 15, 16, 22, 23, 24, 34, 37, 41, 42, 44, 46, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 73, 74, 75, 76, 78, 79, 80, 84, 86, 87, 96, 97, 98, 99, 100, 102, 103, 104, 105, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 126, 127, 130, 131, 132, 135, 136, 137, 138, 139, 140, 142, 143, 144, 145, 146, 147, 148, and 149.

-14-

2.        **Documents That Are Alleged By Google To Be Attorney Work Product.**

Various email messages in Google's privilege log were dispatched prior to Digital Envoy taking an adversarial posture with Google.  In response to Digital Envoy's request, Google responded that "your view and ours as to when Digital Envoy took an adversarial posture towards Google may differ" and that "all of the communications identified as having been withheld under the work product privilege were prepared in anticipation of litigation."  Google's letter of April 27, 2005.

There are only two possible positions that Google can take.  First, that Google took an adversarial posture against Digital Envoy <u>prior to</u> being notified by Digital Envoy of Google's violation of the agreement.  Second, that Google did not take an adversarial posture until <u>after</u> being notified.  These two positions are mutually exclusive of each other.

If Google took an adversarial posture against Digital Envoy prior to being notified by Digital Envoy, then the only logical conclusion is that Google was fully aware of their violation of the agreement prior to being notified by Digital Envoy.

If, however, there was no adversarial posture between Digital Envoy and Google prior to Google being notified by Digital Envoy of the violation, then the allegedly privileged documents could not have been prepared in anticipation of this litigation.  Hence, those documents cannot be attorney work product.

Given this, Digital Envoy moves the Court to either: (1) compel production of the documents in Google's production log, which are labeled as attorney work-product and generated prior to Google being notified of its violation by Digital Envoy; or, alternatively, (2) find as a factual matter that Google was fully aware of its violation of the agreement prior to being notified by Digital Envoy.

3.        **Portions Of Documents That Are Not Privileged.**

Digital Envoy has requested various portions of Google's email messages that are neither attorney-client privileged nor attorney work product.  Specifically, Digital Envoy requested full header information for each of Google's email messages in the privilege log.  Google has responded that this is a "novel approach to the preparation of Google's privilege log."

-15-

1    Unfortunately, Google misunderstands Digital Envoy's position.  Digital Envoy does not

2  object to Google's privilege log itself.  Digital Envoy objects to Google withholding discoverable,

3  non-privileged information that is contained within the documents that are listed in Google's

4  privilege log.  In other words, Digital Envoy is not contending that Google's privilege log is

5  inadequate.  Digital Envoy is, however, contending that it is entitled to all or part of the contents

6  of the documents that are listed in Google's privilege log.

7    It is well-established that facts underlying a communication are not privileged.  For

8  example, the name of the sender, the name of the recipient, the circumstances of the

9  communication, etc. are not privileged information.

10    Rule 34(b) of the Federal Rules of Civil Procedure explicitly recites that a "party who

11  produces documents . . . shall produce them as they are kept in the usual course of business . . . ."

12  Unless Google deviates from universally-accepted email protocol, email messages are stored with

13  their full headers intact.  In that regard, Digital Envoy's request for full header information is

14  simply a request that the email messages be produced "as they are kept in the usual course of

15  business."

16    While Google contends that providing such header information may lead to the disclosure

17  of the contents of the underlying communication, Digital Envoy disagrees with Google on this

18  point.

19    It is well-known that email headers are independent from actual contents of the email

20  message.  In fact, the resident experts at Google note that email header information is independent

21  of the contents of an email message.  This is evident from various postings at

22  http://answers.google.com (i.e., various postings authored by the technical experts at Google).  For

23  example, in postings related to questions regarding email messages, the Google experts

24  consistently reference RFC 822, RFC 2821, and a host of other RFCs, which define the

25  requirements for email communications.  For example, see:

26  http://answers.google.com/answers/threadview?id=443166.

27    As noted by the RFCs, and as is commonly known, the header information and the body of

28  the communication are independent of each other.  In that regard, the header information does not

-16-

1  relate to any privileged communication but, rather, relates to the facts underlying the

2  communication.  For this reason, Digital Envoy's request for the full header information for each

3  email message on the privilege log is proper.

4          Digital Envoy has provided sufficient facts support a reasonable, good faith belief that the

5  header information for email messages is not privileged.  Thus, Digital Envoy has met its burden

6  for compelling the requested header information.

7          **4.      Digital Envoy's Position With Reference To Google's Allegedly Privileged**

8                  **Documents.**

9          In sum, Digital Envoy's factual allegations supporting its reasonable, good-faith belief for

10  requesting *in camera* review of Google's allegedly privileged documents are:

11          (a)      Attorney-client privilege does not attach to communications in which neither the

12  author nor the recipient are attorneys.

13          (b)      Attorney-client privilege is waived for communications in which third-parties are

14  copied.  Since Google has not identified whether the particular attorney was retained by those

15  third-parties, it is Digital Envoy's position that privilege was waived for those communications.

16          (c)      Insofar as communications predated any adversarial relationship between Google

17  and Digital Envoy, it is Digital Envoy's position that the communications could not have been in

18  anticipation of this litigation.

19          (d)      The full header information relates to the underlying facts of the communication,

20  and not the communication itself.  Thus, the full header information is not privileged.

21          For at least these reasons, Digital Envoy moves this Court to compel Google's production

22  of the allegedly privileged documents that are listed in Google's privilege log.

23

24

25

26

27

28

W02-SF:5BB\61454412.1

NOT. OF MTN. AND MTN. TO COMPEL
FURTHER RESPONSES TO RFP

1

## IV.     CONCLUSION

2

For all of the foregoing reasons, Digital Envoy's Motion should be GRANTED.

3

DATED:  May 17, 2005

4

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6

By _____
                    /s/ Brian Blackman

7

P. CRAIG CARDON
BRIAN R. BLACKMAN

8

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

9

10

11

12

Attorneys for DIGITAL ENVOY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-