1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   STEPHEN C. HOLMES, State Bar No. 200727 (sholmes@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7
                  UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
                         SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,            )   CASE NO.: C 04 01497 RS
12                                 )
           Plaintiff/Counterdefendant, )   **GOOGLE INC.'S NOTICE OF**
13                                 )   **MOTION AND MOTION TO**
        v.                         )   **PRECLUDE AND/OR TO COMPEL**
14                                 )
                                   )   Judge:     Hon. Richard Seeborg
15 GOOGLE INC.,                    )   Courtroom: 4, 5th Floor
                                   )   Date:      June 22, 2005
16         Defendant/Counterclaimant. )   Time:      9:30 a.m.
                                   )
17                                 )
                                   )
18                                 )
                                   )
19

20

21

22

23

24

25

26

27

28

GOOGLE'S MOTION TO PRECLUDE AND/OR TO COMPEL                C:\NrPortbl\PALIB1\DAG\2658777_1.DOC
C 04 01497 RS

Dockets.Justia.com

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 22, 2005 at 9:30 a.m., defendant/counterclaimant Google Inc. ("Google") will move and hereby does move, pursuant to Rule 37 of the Federal Rules of Civil Procedure for an Order precluding Plaintiff Digital Envoy, Inc. ("Digital Envoy") from offering evidence in support of certain contentions it has advanced in this case, in light of Digital Envoy's failure to explain the basis for its contentions in response to Google's interrogatories.  Google further seeks an Order compelling Digital Envoy to provide further responses to Google's requests for admission nos. 3 and 4, and an amended response to Google's related interrogatory no. 20.

Google's motion is supported by the following memorandum, the accompanying declaration of David H. Kramer, the exhibits attached thereto, the argument of counsel and any other matters properly before the Court.

# INTRODUCTION

After more than a year of discovery, Digital Envoy still cannot muster any support for many of the contentions at the heart of its case. That is the only conclusion that can be drawn from its efforts to evade the contention interrogatories Google served at the close of written discovery.

Google asked Digital Envoy to explain the factual and evidentiary basis for (1) Digital Envoy's claim of misappropriation; (2) its contention that Google's supposed misappropriation was "willful and malicious;" and (3) its contention that Google was unjustly enriched through the supposed misappropriation. In response to each request, Digital Envoy offered the same boiler plate answer pointing only to the "communications between [the parties]," "Google's activities," and the evidence "testified to, or otherwise disclosed" by Google. Digital Envoy did not actually identify any facts or specify any evidence in response to these interrogatories. As discovery is now closed, Google has no other means of obtaining the information, and has been prejudiced by Digital Envoy's refusal to answer. Accordingly, under Federal Rules of Civil Procedure 37, Digital Envoy should be barred from offering evidence in support of these positions at trial. Alternatively, Digital Envoy should be ordered to provide all of the information actually requested by Google and barred from offering any new information at trial.

Digital Envoy's gamesmanship was not limited to Google's contention interrogatories. In responding to Google's requests for admission, Digital Envoy intentionally misconstrued the word "business" in order to deny Google's requests. It has maintained that position even though Google clarified that the term business was intended to have its ordinary meaning. Digital Envoy should be ordered to provide legitimate answers to Google's requests for admission.

# THE DISCOVERY AT ISSUE

This motion challenges Digital Envoy's answers to four contention interrogatories that Google propounded in an effort to narrow the issues and evidence that may some day be presented at trial in this matter. Specifically, Google asked Digital Envoy:

- State the legal and factual bases for your contention that Google was under an obligation to limit its use of Digital Envoy's data and identify all evidence supporting that contention. (Interrogatory Number 19);

- If you contend that Google improperly disclosed Digital Envoy's data to third parties in violation of the Agreements, state all facts and identify all evidence that supports your contention. (Interrogatory Number 8);

- State all facts and identify all evidence in support of your contention in paragraph 50 of the Amended Complaint that "Google's actions have been willful and malicious." (Interrogatory Number 10)

- State all facts and identify all evidence that supports your contention in paragraph 8 of the Amended Complaint that "Google's misappropriation of Digital Envoy's trade secrets have also unjustly enriched Google." (Interrogatory Number 9)

Declaration of David H. Kramer ("Kramer Decl."), Ex. A (Response to Interrogatory Nos. 8-10, 19).

Digital Envoy began its response to each of these interrogatories with inapposite boilerplate objections: *"In addition to its general objections, Digital Envoy also objects to this interrogatory as being overbroad, unduly burdensome, and vague." Id.* (emphasis added). Thus, Digital Envoy claimed that requests seeking the basis for its contentions were "overbroad, unduly burdensome, and vague." Digital Envoy then concluded each response with the same mindless verbiage:

*"Digital Envoy relies on the following facts to support Digital Envoy's contention:*

- *The Agreement itself*

- *The communications between Digital Envoy and Google*

- *Google's activities relating to its AdSense (both for content and for search) program*

- *Google's activities related to its AdWords program*

- *Google's communications related to the initiation and implementation of its AdSense program*

- *Google's communications related to the initiation and implementation of its AdWords program*

*Digital Envoy believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed by Google.*

Kramer Decl., Ex. A (Response to Interrogatory Nos. 8-10, 19) (emphasis added).

1    Google explained during the parties' meet and confer that Digital Envoy's answers
2 to these interrogatories contained no specifics whatsoever and thus were non-responsive.
3 Kramer Decl., ¶ 3.  Digital Envoy refused, however, to amend its answers.  *Id.*
4    Digital Envoy was similarly evasive with respect to requests for admission that
5 Google served.  In its third request for admission, Google asked Digital Envoy to admit
6 that "as of October 24, 2000 Google's business included advertising."  Its fourth request
7 asked Digital Envoy to admit that "[a]s of October 24, 2000, Digital Envoy was aware that
8 Google's business included advertising."  Kramer Decl., Ex. B (Response to Requests for
9 Admission Nos. 3, 4).  Google did not provide a special meaning for the term "business" in
10 its requests.
11    Digital Envoy answered both requests by claiming that it could not respond
12 because it was "unsure of what Google means by 'business.'"  Kramer Decl., Ex. A,
13 (Response to Interrogatory No. 20 (describing basis for answer to RFA Nos. 3, 4).  Google
14 promptly explained that business was not defined in the requests, and was intended to be
15 given its ordinary meaning.  *Id.*, ¶ 4.  Despite that clarification, Digital Envoy refused to
16 amend its responses.  *Id.*

17 **ARGUMENT**

18 **I.    HAVING FAILED TO PROVIDE A MEANINGFUL RESPONSE TO GOOGLE'S CONTENTION INTERROGATORIES, DIGITAL ENVOY**
19 **SHOULD BE BARRED FROM OFFERING EVIDENCE IN SUPPORT OF ITS CONTENTIONS.**
20

21    "Contention interrogatories are meant to narrow the issues in a lawsuit. Narrowing the
22 issues to either the most significant or the most viable enables the parties and the court to bring
23 the lawsuit to a close, either through settlement or trial." *Pacific Lumber Co. v. National Union*
24 *Fire Ins. Co. of Pittsburgh*, No. C02-4799 SBA(JL), 2005 WL 318811, at *1 (N.D. Cal. Jan. 5,
25 2005) ("In these interrogatories, General Star is very reasonably asking National Union to lay its
26 cards on the table--it should by now know what evidence supports its claim;" ordering defendant
27 to respond to eighteen contention interrogatories) *Id.*, at *3; *Lexington Ins. Co. v. Commonwealth*
28 *Ins. Co.*, No. C98-3477 CRB(JCS), 1999 WL 33292943, at *7 (N.D. Cal. Sept. 17, 1999) ("The

purpose of contention interrogatories such as the ones in this case is not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position.")

The contention interrogatories at issue here are standard litigation fare. They are not at all overbroad, unduly burdensome, or vague as Digital Envoy claims. They simply call upon Digital Envoy to lay out the case it intends to present if this matter proceeds to trial. The information sought could not be more relevant. Further, it is exclusively in Digital Envoy's possession, as only Digital Envoy knows the facts and evidence upon which it hopes to rely.

Beyond its objections, Digital Envoy has supplied meaningless blather. Its responses that its case is based on the parties' communications and Google's activities do nothing to illuminate Digital Envoy's positions. Similarly obtuse and improper is its assertion that the evidence it intends to rely upon is the evidence that has been produced in the case. *See Pacific Lumber*, 2005 WL 318811, at * 5 ("[plaintiff's] response is meaningless. Catch-all provisions are not sufficiently specific to be responsive, even when combined with more specific references to evidence.") Instead of supplying the information requested, Digital Envoy acted to "hide the ball" and obstruct Google's legitimate discovery. *Id.*, at * 8 ("This response defeats the purpose of a contention interrogatory to narrow the issues for settlement or trial and put a party on notice of its opponent's contentions and the evidence on which it relies.").

Where a party fails to disclose evidence in response to discovery requests without substantial justification it may be barred from using such evidence at trial. Fed. R. Civ. P. 37(c) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . , is not, unless such failure is harmless, permitted to use at a trial, at a hearing, or on a motion any witness or information not so disclosed.").

It is not as if discovery in the case is just beginning. To the contrary, it has now closed after roughly a year. At this point, if Digital Envoy cannot identify the factual and evidentiary basis for its contentions, the Court is justified in concluding that it has none. More importantly, Google has no other means of obtaining the information it sought through the interrogatories. Absent relief, it will be forced to proceed with the depositions of Digital Envoy witnesses

1  without any idea of the specific basis for the claims against it.  Digital Envoy's unjustified failure
2  to supply the required information is not harmless, and works obvious prejudice to Google.
3  Under these circumstances, exclusion of evidence that Digital Envoy may later seek to offer is
4  appropriate under Rule 37(c).  *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1027-28
5  (9th Cir. 2003) (affirming exclusion of document that party failed to produce until after
6  discovery cut-off), *cert. denied*, 541 U.S. 902 (2004); *Colombini v. Members of Bd. of Directors*
7  *of Empire College School of Law*, No. C9704500CRB, 2001 WL 1006785, at *8 (N.D. Cal. Aug.
8  17, 2001) (barring plaintiff from offering evidence of damages where plaintiff failed to provide
9  any information about damages computation; failure to provide information was harmful to
10 defendants as they have no way to defend against damages claims), *cert. denied*, 540 U.S. 1000
11 (2003); *Wong v. Regents of University of California*, 379 F.3d 1097, 1105 (9th Cir. 2004)
12 (affirming exclusion of witness that party failed to disclose in accordance with case management
13 schedule; if party is permitted to ignore schedule without consequence it disrupts schedule of
14 court an other parties).

15  If the Court instead believes that Digital Envoy should be given a final chance to support
16 its contentions, it should be ordered to provide complete, substantive responses to the
17 interrogatories at issue and barred from offering at trial any additional further facts or evidence
18 not set forth in the amended responses.

19 **II.   DIGITAL ENVOY SHOULD BE ORDERED TO PROVIDE FURTHER RESPONSES TO GOOGLE'S REQUESTS FOR ADMISSION AND**
20 **RELATED INTERROGATORY.**

21  In its requests for admission, Google asked Digital Envoy to admit two straightforward
22 propositions -- first, that Google's business included advertising at the time the parties began
23 discussing a relationship, and second, that Digital Envoy knew it.  These requests bear upon the
24 parties' knowledge and intent at the time they agreed that Google could use Digital Envoy's data
25 in Google's business.  If admitted, as they should have been, they suggest that Digital Envoy
26 fully expected Google to use the data in its advertising programs, which in turn furthers Google's
27 license defense in the case.
28

1   Instead of answering the requests as propounded, using the ordinary meaning of the term
2   "business" to refer to Google's corporate activities generally, Digital Envoy has applied what it
3   contends is the "far more restrictive interpretation" of the term "business" set forth in the License
4   Agreement. Digital Envoy may some day be entitled to make arguments about what it believes
5   the term "business" means in the License Agreement. But it is not entitled to obstruct Google's
6   legitimate discovery by injecting its legal theories into Google's requests. *See* Fed. R. Civ. P.
7   36(a) ("A denial shall fairly meet the substance of the requested admission...."). Google has
8   explained to Digital Envoy that these requests utilize the ordinary meaning of the term
9   "business." Digital Envoy should be ordered to respond to the requests as clarified.

10  Google expected (and expects) Digital Envoy to admit these requests. Digital Envoy's
11  introductory communication to Google shows that it knew full well that Google's business
12  included advertising. Indeed, Digital Envoy specifically suggested use of its data in Google's
13  advertising programs. But if, for some reason, Digital Envoy again chooses to deny the
14  requests, Google should not be made to guess as to why. Accordingly, in addition to providing
15  amended responses to Google's requests for admission, Digital Envoy should be ordered to
16  provide an amended response to Google's Interrogatory No. 20, seeking an explanation of
17  Digital Envoy's response. *See* Kramer Decl., Ex. A (Response to Interrogatory No. 20 (basis for
18  denying requests for admission nos. 3 and 4)).

19  **CONCLUSION**

20  For the foregoing reasons, Google respectfully requests that the Court grant its motion in
21  its entirety.

22  Dated: May 17, 2005                             Respectfully submitted,

23

24                                          /s/ David H. Kramer
                                            David H. Kramer
25
                                    WILSON SONSINI GOODRICH & ROSATI
26                                  Professional Corporation

27                                  Attorneys for Defendant/Counterclaimant
                                    Google Inc.
28