1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   STEPHEN C. HOLMES, State Bar No. 200727 (sholmes@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7                          UNITED STATES DISTRICT COURT
8
                          NORTHERN DISTRICT OF CALIFORNIA
9
                                  SAN JOSE DIVISION
10

11 
   DIGITAL ENVOY, INC.,                    )   CASE NO.: C 04 01497 RS
12                                         )
           Plaintiff/Counterdefendant,     )   **DECLARATION OF DAVID H.**
13                                         )   **KRAMER IN SUPPORT OF**
       v.                                  )   **GOOGLE INC.'S MOTION TO**
14                                         )   **PRECLUDE AND/OR TO COMPEL**
                                           )
15 GOOGLE INC.,                            )   Judge:      Hon. Richard Seeborg
                                           )   Courtroom:  4, 5th Floor
16         Defendant/Counterclaimant.      )   Date:       June 22, 2005
                                           )   Time:       9:30 a.m.
17                                         )
                                           )
18                                         )
                                           )
19

20

21

22

23

24

25

26

27

28

I, David H. Kramer, declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California and before this Court. I am a member at Wilson Sonsini Goodrich & Rosati, counsel for defendant and counterclaimant Google Inc. ("Google"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of Digital Envoy, Inc.'s ("Digital Envoy") Responses to Google's Third Set of Interrogatories (Nos. 8-10 and 19-24), served on April 29, 2005. Interrogatory Nos. 8-10, 19 and 20, which are set forth in the responses, are at issue in this motion.

3. Upon receipt of Digital Envoy's responses to these interrogatories, I contacted counsel for Digital Envoy to meet and confer over them. I explained that Digital Envoy's answers to Google's contention interrogatories (Nos. 8-10, 19) contained no specifics whatsoever and thus were non-responsive. I further explained that if Digital Envoy refused to provide answers specifying the evidentiary basis for its contentions, Google would move to preclude Digital Envoy from offering evidence to support those contentions in the case. Digital Envoy refused, however, to amend its answers.

4. Attached hereto as Exhibit B is a true and correct copy of Digital Envoy's Responses to Google's First Set of Requests for Admission, served on April 29, 2005. Request Nos. 3 and 4, which are set forth in the responses, are at issue in this motion. Digital Envoy answered Requests for Admission Nos. 3, 4 by claiming that it could not respond because it was "unsure of what Google means by 'business'" and explained the basis for its non-answer in response to Google's Interrogatory No. 20 (see Ex. A, No. 20). In our meet and confer, Google explained to Digital Envoy that business was not defined in the requests, and was intended to be given its ordinary meaning. Despite that clarification, Digital Envoy refused to amend its responses to the requests for admission.

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 17, 2005, at Palo Alto, California.

                                        /s/ David H. Kramer
                                           David H. Kramer