Dockets.Justia.com

EXHIBIT A

Timothy H. Kratz
McGuireWoods LLP
1170 Peachtree Street, NE
Suite 2100
Atlanta, GA 30309
Telephone: (404) 443-5730
Facsimile: (404) 443-5784

Attorney for Plaintiff/Counterdefendant
Digital Envoy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DIGITAL ENVOY, INC., | ) | CASE NO.: C 0401497 RS |
| | ) | |
| Plaintiff/Counterdefendant, | ) | **DIGITAL ENVOY'S RESPONSES** |
| | ) | **TO GOOLE'S THIRD SET OF** |
| v. | ) | **INTERROGATORIES (NOS. 8-10** |
| | ) | **AND 19-24)** |
| | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| | ) | |
| | ) | |

Pursuant to Rule 33 of the Federal Rules of Plaintiff/Counterdefendant Digital Envoy, Inc.

("Digital Envoy") responds to the following Google's Third Set of Interrogatories (the

"Interrogatories") as follows.

**GENERAL OBJECTIONS**

1.    DIGITAL ENVOY objects to each interrogatory to the extent that it purports to impose

any requirement or discovery obligation on DIGITAL ENVOY other than those set forth in the

Federal Rules of Civil Procedure, and the applicable rules of this Court.

2.    DIGITAL ENVOY objects to each interrogatory to the extent that it purports to require DIGITAL ENVOY to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. DIGITAL ENVOY will not disclose such information without either the consent of the relevant third party or a court order compelling production.

3.    DIGITAL ENVOY makes these responses solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and to all other objections on any grounds that would require the exclusion of any statements if the interrogatory were asked of, or statements were made by, a witness testifying in court. Thus, DIGITAL ENVOY expressly reserves all applicable objections for trial.

4.    DIGITAL ENVOY intends no incidental or implied admissions by these responses. DIGITAL ENVOY's answers or objections to any interrogatory should not be taken as an admission that DIGITAL ENVOY accepts or admits any "facts" set forth or assumed by that interrogatory. DIGITAL ENVOY's answer to part or all of any interrogatory is not a waiver by DIGITAL ENVOY of any objection to that interrogatory.

5.    DIGITAL ENVOY objects to each interrogatory to the extent that it calls for information, documents, and things protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. To the extent that DIGITAL ENVOY produces documents in response to an interrogatory, DIGITAL ENVOY will not produce any document protected by such privileges or immunities, and any inadvertent production or disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

6.    DIGITAL ENVOY's response that it will produce documents in response to an interrogatory does not necessarily mean that responsive documents exist, but instead that DIGITAL ENVOY will produce documents if such documents are located.

2

7.    The subject matter of these interrogatories is under continuing investigation.  It is anticipated that further discovery, investigation, and research may supply additional facts or contentions, all of which may cause changes in or modification of the following responses.  The following responses are given without prejudice to DIGITAL ENVOY's right to produce evidence of any subsequently discovered or recollected fact, and DIGITAL ENVOY expressly reserves the right to change or modify any of the following responses as additional facts are ascertained, analyses are made, legal research is completed, or contentions are made.

DIGITAL ENVOY incorporates by reference each and every general objection set forth above into each and every specific response.  From time to time, a specific response may repeat a general objection for emphasis or for some other reason.  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

**INTERROGATORY NO. 8:**

If YOU contend that GOOGLE improperly disclosed DIGITAL ENVOY'S data to third parties in violation of the Agreement, state all facts and IDENTIFY all evidence that supports your contention.

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague.  Further answering, DIGITAL ENVOY does contend that GOOGLE improperly disclosed DIGITAL ENVOY's data to third parties in violation of the AGREEMENT.  DIGITAL ENVOY relies on the following facts to support DIGITAL ENVOY's contention:

- The AGREEMENT itself

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE

- GOOGLE's activities related to its AdSense (both for content and for search) program

- GOOGLE's activities related to its AdWords program

3

DIGITAL ENVOY believes that the evidence in support of this contention has been produced

by, testified to, or otherwise disclosed by GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its

AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does

not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 9:**

State all facts and IDENTIFY all evidence that supports YOUR contention in paragraph 8 of

the Amended Complaint that "Google's misappropriation of Digital Envoy's trade secrets have [sic]

also unjustly enriched Google."

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as

being overbroad, unduly burdensome, and vague. DIGITAL ENVOY relies on the following facts to

support DIGITAL ENVOY's contention:

- The AGREEMENT itself

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE

- GOOGLE's activities related to its AdSense (both for content and for search) program

- GOOGLE's activities related to its AdWords program

- GOOGLE's revenues generated from its AdSense program

- GOOGLE's revenues generated from its AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced

by, testified to, or otherwise disclosed by GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its

AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does

not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 10:**

State all facts and IDENTIFY all evidence in support of YOUR contention in paragraph 50 of the Amended Complaint that "Google's actions have been willful and malicious."

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. DIGITAL ENVOY relies on the following facts to support DIGITAL ENVOY's contention:

- The AGREEMENT itself

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE

- GOOGLE's activities related to its AdSense (both for content and for search) program

- GOOGLE's activities related to its AdWords program

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its AdSense program

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed by GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 19:**

State the legal and factual bases for YOUR contention that GOOGLE was under an obligation to limit its use of DIGITAL ENVOY'S data and IDENTIFY all evidence supporting that contention.

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. DIGITAL ENVOY relies on the following legal and factual bases to support its contention:

- The AGREEMENT itself

- The legal interpretation of the AGREEMENT

- Briefs filed in this action

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its AdSense program

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed by GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 20:**

For each response to each request set forth in GOOGLE' S First Set of Requests for Admission served upon DIGITAL ENVOY that is anything other than an unequivocal admission, state DIGITAL ENVOY'S legal and factual bases for each such denial or non-admission.

**RESPONSE**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. Additionally, DIGITAL ENVOY objects to this

interrogatory as being compound, and consisting of several independent interrogatories. Namely, one for each denial provided in DIGITAL ENVOY's response to GOOGLE's Request for Admission. As such, DIGITAL ENVOY, in further answer to these interrogatories, provides the following legal and factual bases to support its denial or non-admission:

**RESPONSE 20 (i.e., Sub-Part 1 of Interrogatory Number 20)**

REQUEST TO ADMIT NUMBER 3

As of October 24, 2000, GOOGLE'S business included advertising.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY is unsure of what GOOGLE means by "business." Specifically, DIGITAL ENVOY is unsure of whether GOOGLE is referring to "business" as general corporate activity, or whether GOOGLE is referring to "business" as explicitly defined in the AGREEMENT, which is much narrower than general corporate activity.

To the extent that GOOGLE refers to "business" as defined in the AGREEMENT, DIGITAL ENVOY denies this Request for Admission because advertising itself does not fall within that definition.

As such, this request for admission stands DENIED.

**RESPONSE 21 (i.e., Sub-Part 2 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 4.

As of October 24, 2000, DIGITAL ENVOY was aware that GOOGLE'S business included advertising.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY is unsure of what GOOGLE means by "business." Specifically, DIGITAL

ENVOY is unsure of whether GOOGLE is referring to "business" as general corporate activity, or whether GOOGLE is referring to "business" as explicitly defined in the AGREEMENT, which is much narrower than general corporate activity.

To the extent that GOOGLE refers to "business" as defined in the AGREEMENT, DIGITAL ENVOY denies this Request for Admission because advertising itself does not fall within that definition.

As such, this request for admission stands DENIED.

**RESPONSE 22 (i.e., Sub-Part 3 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 5.

As of October 24, 2000, GOOGLE produced and maintained its information search technology through revenues it earned from advertising.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY has insufficient knowledge of how GOOGLE used its revenue. Specifically, DIGITAL ENVOY has insufficient knowledge of how GOOGLE used its revenue because GOOGLE has refused DIGITAL ENVOY'S discovery requests that relate to this information.

To the extent this request is referring to "producing and maintaining information search technology" as used in the AGREEMENT, those words do not refer to the manner in which GOOGLE funds its operations, which is irrelevant to the operative terms of the AGREEMENT.

As such, this request for admission stands DENIED.

**RESPONSE 23 (i.e., Sub-Part 4 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 6.

As of October 24, 2000, DIGITAL ENVOY was aware that GOOGLE produced and maintained its information search technology through revenues it earned from advertising.

RESPONSE

As of October 24, 2000, DIGITAL ENVOY was not aware that GOOGLE produced and maintained its information search technology through revenues it earned from advertising.

For at least that reason, this request for admission stands DENIED.

Additionally, GOOGLE's Request to Admit Number 5 stands DENIED because, to the extent this request is referring to "producing and maintaining information search technology" as used in the AGREEMENT, those words do not refer to the manner in which GOOGLE funds its operations, which is irrelevant to the operative terms of the AGREEMENT.

**RESPONSE 24 (i.e., Sub-Part 5 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 7.

Before the AGREEMENT was signed, DIGITAL ENVOY was aware that GOOGLE intended to use DIGITAL ENVOY'S technology to support its advertising programs.

RESPONSE

GOOGLE did not have, nor did it contemplate having, advertising programs in the sense of activities beyond advertising on its own web site, which is all that was intended in the AGREEMENT.

**RESPONSE 25 (i.e., Sub-Part 6 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 8.

Before the AGREEMENT was signed, GOOGLE told DIGITAL ENVOY it wanted the right to make "unlimited use" of DIGITAL ENVOY's technology under the Agreement.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY is unsure of what GOOGLE now means by "unlimited use." Specifically, DIGITAL ENVOY is unsure of whether GOOGLE is referring to "unlimited use" as unrestricted

9

volume of use <u>only</u> on GOOGLE's web sites, or whether GOOGLE is referring to "unlimited use" as global unrestricted use on any web site for any purpose.

The COMMUNICATION using the phrase "unlimited use," in context, referred only to use by GOOGLE for its own corporate use, not for sale, license, distribution, sharing, or otherwise giving to (in any form) any other party or used outside of GOOGLE. As such, "unlimited use" did not refer to global unrestricted use on any web site for any purpose. In fact, unlimited volume for GOOGLE's own corporate use was the only right that was discussed and contemplated between the parties to the AGREEMENT.

Specifically, the AGREEMENT recites that GOOGLE's "rights shall be <u>strictly limited to</u> the right to . . . use the Database Libraries <u>to develop</u> indices . . . ." Among other things, the AGREEMENT does <u>not</u> grant GOOGLE right to "develop and use." Nor does the AGREEMENT grant GOOGLE the right to "develop and distribute." Nor does the AGREEMENT grant GOOGLE the right to "develop and share." To the contrary, the AGREEMENT <u>strictly limits</u> GOOGLE's right <u>to develop</u>, and nothing more.

As such, this request for admission stands DENIED.

<u>REQUEST FOR ADMISSION NUMBERS 9-16, 19-20, 23-26, AND 28-36</u>

<u>RESPONSE</u>

In addition to its general objections, DIGITAL ENVOY objects to Request for Admission Numbers 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, and 36 as being twenty-three (23) separate and distinct interrogatories. In that regard, GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

10

## INTERROGATORY NO. 21:

IDENTIFY all PERSONS knowledgeable about such legal and factual bases set forth in response to Interrogatory No. 20.

## RESPONSE:

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a)

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

## INTERROGATORY NO. 22:

For each affirmative defense in DIGITAL ENVOY'S Answer to Google's Amended Counterclaims, state all facts and IDENTIFY all evidence in support of DIGITAL ENVOY'S defense.

## RESPONSE:

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

## INTERROGATORY NO. 23:

If YOU contend that the trade secrets identified by GOOGLE in its 2019(d) disclosure are not trade secrets, state the legal and factual bases for YOUR contention and IDENTIFY all evidence that supports it.

## RESPONSE:

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

**INTERROGATORY NO. 24:**

State the total amount paid by GOOGLE to DIGITAL ENVOY under the AGREEMENT.

**RESPONSE:**

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

Dated this _____ day of April, 2005

_____
Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett III
Georgia Bar No. 455549

**McGuireWoods LLP**
1170 Peachtree Street, NE
Suite 2100, The Proscenium
Atlanta, Georgia 30309-1234
Telephone:    (404) 443-5730
Facsimile:    (404) 443-5784

Attorneys for Plaintiff/Counterdefendant
Digital Envoy, Inc.

12

# CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, Timothy H. Kratz, declare:

I am employed in Fulton County, Georgia. I am over the age of 18 years and not a party to the within action. My business address is McGuireWoods LLP, 1170 Peachtree Street, NE, Suite 2100, Atlanta, GA 30309.

I am readily familiar with McGuireWoods LLP's practice for collection and processing of documents for facsimile transmittal and correspondence for mailing with the United States Postal Service. In the ordinary course of business, documents would be transmitted via facsimile, and correspondence would be deposited with the United States Postal Service on this date.

On this date, I served

**1) DIGITAL ENVOY'S RESPONSES TO GOOLE'S THIRD SET OF INTERROGATORIES (NOS. 8-10) AND 19-24)**

on each person listed below, by consigning the document(s) to a facsimile operator for transmittal and by placing the document(s) described above in an envelope addressed as indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary business practices at McGuireWoods LLP.

P. Craig Cardon
Sheppard Mullin, Richter
   & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Fax No.: (415) 434-3947

Purita B. Marquez
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
Fax No.: (650) 565-5100

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct. Executed at Atlanta, Georgia on April 29, 2005.

Timothy H. Kratz

\\COM\505446.1

13