Dockets.Justia.com

EXHIBIT B

Timothy H. Kratz
McGuireWoods LLP
1170 Peachtree Street, NE
Suite 2100
Atlanta, GA 30309
Telephone: (404) 443-5730
Facsimile: (404) 443-5784

Attorney for Plaintiff/Counterdefendant
Digital Envoy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., ) | CASE NO.: C 04 01497 RS |
| ) | |
| Plaintiff/Counterdefendant, ) | **DIGITAL ENVOY'S RESPONSE** |
| ) | **TO GOOGLE'S FIRST SET OF** |
| ) | **REQUESTS FOR ADMISSION** |
| v. ) | |
| ) | |
| GOODLE INC., ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| ) | |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff/

Counterdefendant Digital Envoy Inc. ("Digital Envoy") responds to Google's First set of

Requests for Admission as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1.

GOOGLE has paid all monthly fees due to DIGITAL ENVOY under the AGREEMENT.

### RESPONSE

Admitted.

## REQUEST FOR ADMISSION NO. 2.

DIGITAL ENVOY'S first COMMUNICATION to GOOGLE about a relationship between the parties was Rob Friedman's email dated October 24, 2000 contained in the document bearing Bates No. GOOG00793 that was produced in this action.

## RESPONSE

Admitted.

Case 5:04-cv-01497-RS    Document 163-3    Filed 05/17/2005    Page 3 of 12

## REQUEST FOR ADMISSION NO. 3.

As of October 24, 2000, GOOGLE'S business included advertising.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 4.

As of October 24, 2000, DIGITAL ENVOY was aware that GOOGLE'S business included advertising.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 5.

As of October 24, 2000, GOOGLE produced and maintained its information search technology through revenues it earned from advertising.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 6.

As of October 24, 2000, DIGITAL ENVOY was aware that GOOGLE produced and maintained its information search technology through revenues it earned from advertising.

2

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 7.**

Before the AGREEMENT was signed, DIGITAL ENVOY was aware that GOOGLE intended to use DIGITAL ENVOY'S technology to support its advertising programs.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 8.**

Before the AGREEMENT was signed, GOOGLE told DIGITAL ENVOY it wanted the right to make "unlimited use" of DIGITAL ENVOY's technology under the Agreement.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 9.**

Before the AGREEMENT was signed, DIGITAL ENVOY told GOOGLE that it would have the right to make "unlimited use" of DIGITAL ENVOY's technology under the Agreement.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 10.**

Between the time the AGREEMENT was signed and February 3, 2004, no one from DIGITAL ENVOY had ever COMMUNICATED to GOOGLE that DIGITAL ENVOY considered GOOGLE'S use of DIGITAL ENVOY'S geolocation data to be outside the scope of the AGREEMENT.

3

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 11.**

Between the time the AGREEMENT was signed and February 3, 2004, no one from DIGITAL ENVOY had ever COMMUNICATED to GOOGLE that GOOGLE was not authorized to use DIGITAL ENVOY'S geolocation data to support GOOGLE'S AdSense for Content advertising program.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 12.**

DIGITAL ENVOY was aware that GOOGLE was using DIGITAL ENVOY'S data to geotarget advertisements in its AdSense for Content program by May 1, 2003.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 13.**

DIGITAL ENVOY was aware that GOOGLE was using DIGITAL ENVOY'S data to geotarget advertisements in its AdSense for Content program by October 1, 2003.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 14.**

DIGITAL ENVOY was aware that GOOGLE was using DIGITAL ENVOY'S data to geotarget advertisements in its AdSense for Content program by November 1, 2003.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 15.**

DIGITAL ENVOY has not taken any steps to mitigate its alleged damage arising from the acts it complains of in this action.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 16.**

GOOGLE instructed DIGITAL ENVOY not to disclose information about GOOGLE'S uses of DIGITAL ENVOY'S technology to third parties.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 17.**

DIGITAL ENVOY disclosed information about GOOGLE'S uses of DIGITAL ENVOY'S technology to third parties.

**RESPONSE**

Admitted.

**REQUEST FOR ADMISSION NO. 18.**

DIGITAL ENVOY disclosed information about GOOGLE'S uses of DIGITAL ENVOY'S technology to third parties.

**RESPONSE**

Admitted.

5

## REQUEST FOR ADMISSION NO. 19.

During the period in which it used DIGITAL ENVOY'S data to help geo-target advertisements, DIGITAL ENVOY'S data was only one of several factors GOOGLE used to estimate the geographic location of a user.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 20.

During the period in which it used DIGITAL ENVOY'S data to help geo-target advertisements, the perceived geographic location of a user was only one of numerous factors GOOGLE used to select the advertisement(s) to display to that user.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 21.

GOOGLE could not use DIGITAL ENVOY'S data to estimate the geographic location of a user where GOOGLE did not somehow receive the IP address of that user.

## RESPONSE

Admitted.

## REQUEST FOR ADMISSION NO. 22.

GOOGLE did not use DIGITAL ENVOY'S data to estimate the geographic location of a user where GOOGLE did not somehow receive the IP address of that user.

## RESPONSE

Admitted.

## REQUEST FOR ADMISSION NO. 23.

During the period in which it used DIGITAL ENVOY'S data to help geo-target advertisements, GOOGLE did not allow third parties to access the information in DIGITAL ENVOY'S database.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 24.

During the period in which it used DIGITAL ENVOY'S data to help geo-target advertisements, GOOGLE did not give the contents of DIGITAL ENVOY'S database to a third party.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 25.

GOOGLE began using DIGITAL ENVOY'S data to support its AdSense program in August 2002.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 26.

GOOGLE began using DIGITAL ENVOY'S data in its AdSense for Content program in March 2003.

## RESPONSE

Denied.

## REQUEST FOR ADMISSION NO. 27.

DIGITAL ENVOY has authorized various parties to utilize DIGITAL ENVOY'S data to geotarget advertisements across a network of third party sites.

**RESPONSE**

Admitted.

## REQUEST FOR ADMISSION NO. 28.

Advertising.com has not breached its license agreement with DIGITAL ENVOY.

**RESPONSE**

Denied.

## REQUEST FOR ADMISSION NO. 29.

Advertising.com uses DIGITAL ENVOY'S technology to geotarget advertisements to visitors of third party web sites participating in its advertising network.

**RESPONSE**

Denied.

## REQUEST FOR ADMISSION NO. 30.

DIGITAL ENVOY does not believe that Advertising.com has "distribute[d], disclose[d] or otherwise ma[d]e available" DIGITAL ENVOY'S Database Libraries or any information contained therein to any third party, within the meaning of its license agreement with Advertising.com.

**RESPONSE**

Denied.

## REQUEST FOR ADMISSION NO. 31.

Double Click has not breached its license agreement with DIGITAL ENVOY.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 32.**

Double Click uses DIGITAL ENVOY'S technology to geotarget advertisements to visitors of third party web sites participating in its advertising network.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 33.**

DIGITAL ENVOY does not believe that Double Click has "distribute[d], disclose[d] or otherwise ma[d]e available" DIGITAL ENVOY'S Database Libraries or any information contained therein to any third party, within the meaning of its license agreement with Double Click.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 34.**

Avenue A has not breached its license agreement with DIGITAL ENVOY.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 35.**

Avenue A uses DIGITAL ENVOY'S technology to geotarget advertisements to visitors of third party web sites participating in its advertising network.

**RESPONSE**

Denied.

## REQUEST FOR ADMISSION NO. 36.

DIGITAL ENVOY does not believe that Avenue A has "distribute[d], disclose[d] or otherwise ma[d]e available" DIGITAL ENVOY'S Database Libraries or any information contained therein to any third party, within the meaning of its license agreement with Avenue A.

## RESPONSE

Denied.

Dated this _____ day of April, 2005

/s/ Tim Kratz BY SAM HAN
Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett III
Georgia Bar No. 455549

**McGuireWoods LLP**
1170 Peachtree Street, NE
Suite 2100, The Proscenium
Atlanta, Georgia 30309-1234
Telephone:    (404) 443-5730
Facsimile:    (404) 443-5784

Attorneys for Plaintiff/Counterdefendant
Digital Envoy, Inc.

\\COM\505690.2

10

# CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, Timothy H. Kratz, declare:

I am employed in Fulton County, Georgia. I am over the age of 18 years and not a party to the within action. My business address is McGuireWoods LLP, 1170 Peachtree Street, NE, Suite 2100, Atlanta, GA 30309.

I am readily familiar with McGuireWoods LLP's practice for collection and processing of documents for facsimile transmittal and correspondence for mailing with the United States Postal Service. In the ordinary course of business, documents would be transmitted via facsimile, and correspondence would be deposited with the United States Postal Service on this date.

On this date, I served

1) **RESPONSES TO GOOGLE INC.'S FIRST SET OF ADMISSION**

on each person listed below, by consigning the document(s) to a facsimile operator for transmittal and by placing the document(s) described above in an envelope addressed as indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary business practices at McGuireWoods LLP.

| | |
|---|---|
| P. Craig Cardon<br>Sheppard Mullin, Richter<br>   & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Fax No.: (415) 434-3947 | Purita B. Marquez<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Fax No.: (650) 565-5100 |

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct. Executed at Atlanta, Georgia on April 29, 2005.

*/s/ Tim Kratz By Sam Han*
Timothy H. Kratz

\\COM\505690.2