1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
4  San Francisco, California 94111-4106
   Telephone:    415-434-9100
5  Facsimile:    415-434-3947

6

7  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
8  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
9  Atlanta, Georgia 30309
   Telephone: 404.443.5500
10 Facsimile:  404.443.5751

11 Attorneys for DIGITAL ENVOY, INC.

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

14                                 SAN JOSE DIVISION

15

| | |
|---|---|
| 16  DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| 17           Plaintiff/Counterdefendant, | |
| 18      v. | DIGITAL ENVOY'S RESPONSE TO GOOGLE INC.'S MOTION TO PRECLUDE AND/OR COMPEL |
| 19  GOOGLE, INC., | |
| 20           Defendant/Counterclaimant. | Judge:     Hon. Richard Seeborg<br>Courtroom: 4, 5th Floor<br>Date:      June 22, 2005<br>Time:      9:30 A.M. |

22      Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff/Counterdefendant

23 Digital Envoy, Inc. ("Digital Envoy") responds to the Motion to Preclude and/or Compel by

24 Google, Inc. ("Google").

-1-

W02-SF:5CC\61455924.1                                           DIGITAL ENVOY'S RESPONSE TO GOOGLE INC.'S
                                                                MOTION TO PRECLUDE AND/OR COMPEL

Dockets.Justia.com

# INTRODUCTION

Digital Envoy has provided all of the required information, if not more, in response to all of Google's requests. Conversely, Google has consistently refused to provide requested information. In that regard, Digital Envoy has been far more responsive to Google's requests than Google has been to Digital Envoy's requests.

Digital Envoy has produced nearly 60,000 pages of materials. These materials include Digital Envoy's financial information, communications between Digital Envoy and Google, communications between Digital Envoy and third parties, business presentations to potential clients, and various other information requested by Google. In short, responsive to Google's requests, Digital Envoy has provided Google with all of the non-privileged information.

Conversely, despite having 100 times more employees than Digital Envoy, Google has produced less than 13,000 pages of materials, which is less than a quarter of the documents that Digital Envoy has produced. Of these materials, there is almost no information related to AdSense for Search or AdSense for Content, which are relevant to all of Digital Envoy's claims.

Even more perplexing is that Google has withheld the requested information, wholly disregarding this Court's instructions to disclose all relevant materials. In other words, despite this Court's prohibition on bifurcating discovery, Google has nevertheless chosen to withhold documents and other information until after the hearing on Google's motion for summary judgment, thereby effectively bifurcating discovery.

Additionally, this Court has stayed Digital Envoy's third-party subpoenas, with the expectation that Google would produce those documents. However, Google has still failed to produce those documents. In that regard, Digital Envoy has no access to third-party contract information, since neither the third-parties nor Google have produced those documents.

Regardless of this imbalance, Google now accuses Digital Envoy of being unresponsive. For at least the reasons set forth below, this Court should deny Google's Motion to Preclude and/or Compel.

## GOOGLE'S GENERAL ACCUSATIONS

In moving to compel responses to various Interrogatories and Requests for Admissions, Google alleges that the requested information is "exclusively in Digital Envoy's possession." Google's Motion to Compel, p. 4, lines 7-8. However, as Digital Envoy has repeatedly noted, Google has refused to produce documents related to AdSense (both for Content and for Search). In that regard, contrary to Google's contention that the requested information is "exclusively in Digital Envoy's possession," much of the requested information is exclusively in Google's possession. It is axiomatic that Digital Envoy cannot identify what it does not have. Digital Envoy is entitled to evidence related to AdSense, which Google possesses exclusively. Google cannot withhold that evidence from Digital Envoy, and then accuse Digital Envoy of being unable to identify such evidence.

Google additionally contends that "if Digital Envoy cannot identify the factual and evidentiary basis for its contentions, the Court is justified in concluding that it has none." *Id*. at lines 25-26. To the extent that Digital Envoy has not received the requested evidentiary documents from Google, Digital Envoy admits that it does not have the evidence in Google's possession. However, Google should not be permitted to: (1) withhold the documents; (2) request Digital Envoy to identify those withheld documents; and then (3) move the Court to penalize Digital Envoy for not being able to do so.

Google also characterizes Digital Envoy's responses as an "unjustified failure to supply the required information." Google's Motion, p. 5, lines 1-2. As noted above, Digital Envoy's responses are far from being an "unjustified failure." Indeed, Digital Envoy's failure, if any, is

-3-

solely the result of Google's refusal to produce requested information. For example, to date, Digital Envoy has received little, if any, information related to AdSense. It would be impossible for Digital Envoy to "supply the required information" when that information is solely in Google's possession, and has been improperly withheld from Digital Envoy.

In addition to these general allegations, Google specifically accuses Digital Envoy of being unresponsive to Interrogatories 8, 9, 10, and 19. Google further accuses Digital Envoy of being unresponsive to Requests for Admission 3 and 4. Each of the specific accusations is examined below.

## GOOGLE'S SPECIFIC ACCUSATIONS

**Google's Interrogatories**

Google notes that "contention interrogatories are meant to narrow the issues in a lawsuit." *Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh*, No. C02-4799 SBA(JL) (N.D. Cal. Jan. 5, 2005). Digital Envoy agrees. Additionally, Digital Envoy agrees with the holding in *Pacific Lumber*, that "an answer to an interrogatory must be responsive to the question." *Pacific Lumber* at 4, citing *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637 (N.D. Ind. 1991).

In that regard, Digital Envoy submits that all of Digital Envoy's answers to Google's interrogatories have been responsive to the question. Specifically, Google has propounded general questions, and Digital Envoy has provided general answers. Interrogatories Nos. 8, 9, 10, and 19 request neither details nor particulars. Digital Envoy cannot be responsible for Google's careless crafting of questions, nor can Digital Envoy be responsible for Google's inadequate interrogatories that result from such carelessness. Digital Envoy can only respond to the questions propounded.

Unlike Google, the interrogatories in *Pacific Lumber* expressly requested that the respondent "describe in detail," "describe with particularity," or "explain in detail" various facts,

-4-

evidence, and documents. Thus, general responses were not "responsive to the question," since the questions required that the responses be specific. In other words, in *Pacific Lumber*, the court held that <u>general</u> responses to <u>particular</u> inquiries were not responsive to the question. For that reason, the court in *Pacific Lumber* ordered that responses be provided with particularly.

Here, Google's interrogatories neither request particularity, nor do they request details, nor do they request specifics. Google's interrogatories propound general and broad questions. It is elementary that broad answers are responsive to broad questions. Likewise, it is elementary that detailed answers are responsive to detailed questions.

Google cannot propound general questions and then require detailed answers. Google is responsible for its own crafting of interrogatories.

Despite Google's inadequate interrogatories (for the purposes Google now asserts they were intended to meet), Digital Envoy has filed a supplemental response, which provides more specific answers to Google's ill-drafted interrogatories. As such, Digital Envoy has met the requirements of Rule 33(b)(1). Google's Interrogatory Nos. 8, 9, 10, and 19 are examined in greater detail below.

<u>Interrogatory Number 8</u>

Interrogatory 8 recites: "If YOU contend that GOOGLE improperly disclosed DIGITAL ENVOY'S data to third parties in violation of the Agreement, state all facts and IDENTIFY all evidence that supports your contention."

Unlike the interrogatories in *Pacific Lumber*, this interrogatory does <u>not</u> request that Digital Envoy "state with particularity" or "identify with specificity." It merely requests Digital Envoy to state all facts and identify all evidence.

Responsive to Google's general request, Digital Envoy has provided a general answer. Additionally, as noted above, Digital Envoy cannot identify facts or evidence that it does not

-5-

possess. In other words, Google cannot reasonably expect specific answers from Digital Envoy when those specific answers relate to facts and evidence that Google has withheld from Digital Envoy, and are thus not in Digital Envoy's possession.

Insofar as Digital Envoy cannot particularly identify what it does not possess, Digital Envoy has generally identified the bases for Digital Envoy's claim that Google improperly disclosed Digital Envoy's data in violation of the Agreement. Namely, in support of its contention, Digital Envoy has identified: the Agreement; the communications between Google and Digital Envoy; and Google's activities related to AdSense for Content and AdSense for Search (of which very little, if any, information has been produced by Google). Additionally, going above and beyond what is required by Rule 33, Digital Envoy has supplemented its answer to more particularly answer Google's interrogatory.

Digital Envoy submits that this answer to Interrogatory Number 8 is responsive to the question. Also, the supplemental answer by Digital Envoy renders moot Google's motion with reference to Interrogatory Number 8.

Interrogatory Number 9

Interrogatory 9 recites: "State all facts and IDENTIFY all evidence that supports YOUR contention in paragraph 9 of the Amended Complaint that "Google's misappropriation of Digital Envoy's trade secrets has also unjustly enriched Google.""

Again, this interrogatory does not request that Digital Envoy "state with particularity" or "identify with specificity." It merely requests Digital Envoy to state all facts and identify all evidence.

Here, as with reference to Interrogatory Number 8, Google cannot reasonably expect specific answers when those specific answers relate to facts and evidence that Google has withheld from Digital Envoy, and are thus not available to Digital Envoy. Thus, insofar as Google requests

-6-

facts related to information that Google has withheld from Digital Envoy, Interrogatory Number 9 cannot be answered with particularity, since Digital Envoy cannot identify with specificity what it does not possess.

Digital Envoy has identified the bases for Digital Envoy's claim for misappropriation. Namely, Digital Envoy has identified: the Agreement; the communications between Google and Digital Envoy; Google's activities related to AdSense for Content and AdSense for Search (none of which have been produced by Google); and Google's revenues generated from its AdSense program (of which very little, if any, information has been produced by Google).

Additionally, going beyond what is required by the rules, Digital Envoy has supplemented its answer to more particularly answer Google's interrogatory.

Digital Envoy submits that this answer to Interrogatory Number 9 is responsive to the question. Also, the supplemental answer by Digital Envoy renders moot Google's motion with reference to Interrogatory Number 9.

<u>Interrogatory Number 10</u>

Interrogatory 10 recites: "State all facts and IDENTIFY all evidence in support of YOUR contention in paragraph 50 of the Amended Complaint that "Google's actions have been willful and malicious.""

Similar to Interrogatories 8 and 9, this interrogatory does <u>not</u> request that Digital Envoy "state with particularity" or "identify with specificity." It merely requests Digital Envoy to state all facts and identify all evidence.

Insofar as Google requests information related to evidence that Google has withheld from Digital Envoy, Interrogatory Number 10 cannot be answered with particularity. In other words, Digital Envoy cannot identify with specificity what it does not possess.

Digital Envoy has, however, identified the bases for Digital Envoy's claim that Google's actions have been willful and malicious. Namely, Digital Envoy has identified: the Agreement; the communications between Google and Digital Envoy; Google's activities related to AdSense for Content and AdSense for Search (none of which have been produced by Google); and Google's communications related to the initiation and implementation of its AdSense program.

Moreover, going beyond what is required by the rules, Digital Envoy has supplemented its answer to more particularly answer Google's interrogatory.

Digital Envoy submits that this answer to Interrogatory Number 10 is responsive to the question. Also, the supplemental answer by Digital Envoy renders moot Google's motion with reference to Interrogatory Number 10.

Interrogatory Number 19

Interrogatory 19 recites: "State the legal and factual bases for YOUR contention that GOOGLE was under an obligation to limit its use of DIGITAL ENVOY'S data and IDENTIFY all evidence supporting that contention." This interrogatory does not request that Digital Envoy "state with particularity" or "identify with specificity."

Again, Google cannot reasonably request specific answers when those specific answers relate to facts and evidence that Google has withheld from Digital Envoy, and are thus not available to Digital Envoy. Thus, Interrogatory Number 19 cannot be answered with particularity, since Digital Envoy cannot identify with specificity what it does not possess.

Moreover, going beyond what is required by the rules, Digital Envoy has supplemented its answer to more particularly answer Google's interrogatory.

Digital Envoy submits that this answer to Interrogatory Number 19 is responsive to the question. Also, the supplemental answer by Digital Envoy renders moot Google's motion with reference to Interrogatory Number 19.

-8-

**Google's Requests for Admissions**

Rule 36(a) recites: "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."

Google accuses Digital Envoy of "intentionally misconstru[ing] the word "business" in order to deny Google's requests." Google's Motion, p. 1, lines 19-20. Unfortunately, Google's own response shows a legitimate ambiguity. Specifically, in response to Digital Envoy's Requests for Admission, Google objected by noting that the phrase "not yet a part of Google's business" was undefined, vague, and ambiguous. *See*, Google's Response to Digital Envoy's Request for Admission No. 2.

Google cannot have it both ways. The term "business" cannot be well-defined and understandable when propounded by Google, yet be vague and ambiguous when propounded by Digital Envoy.

In any event, Digital Envoy has filed a supplemental response, in which Digital Envoy qualified so much of the request as being true, and denied the remainder. As such, Digital Envoy has met the requirements of Rule 36(a).

Thus, Google's Motion to Preclude and/or Compel, at least with reference to the Request for Admission, is rendered moot by Digital Envoy's supplemental response.

## **CONCLUSIONS**

Despite Google's complete disregard for the procedures set forth by this Court, and Google's de facto bifurcation of discovery, Digital Envoy has properly responded to each and every one of Google's requests.

1  Digital Envoy again submits that the supplemental responses, as noted above, renders moot
2  Google's motion to compel.

4  Dated this 1st day of June, 2005

5        SHEPPARD MULLIN RICHTER & HAMPTON LLP

7      By _____
        P. CRAIG CARDON

    Attorneys for DIGITAL ENVOY, INC.

-10-