**KRAMER DECLARATION EXHIBIT A**

Timothy H. Kratz
McGuireWoods LLP
1170 Peachtree Street, NE
Suite 2100
Atlanta, GA  30309
Telephone:  (404) 443-5730
Facsimile:  (404) 443-5784

Attorney for Plaintiff/Counterdefendant
Digital Envoy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | CASE NO.:  C 04 014997 RS |
| Plaintiff/Counterdefendant, | **RESPONSE TO GOOGLE INC.'S FOURTH SET OF INTERROGATORIES** |
| vs. | |
| GOOGLE INC., | |
| Defendant/Counterclaimant. | |

## DIGITAL ENVOY, INC.'S OBJECTIONS AND RESPONSES TO GOOGLE, INC.'S FOURTH SET OF INTERROGATORIES

**INTERROGATORY NO. 11**

IDENTIFY each advertiser that YOU contend would not have participated in GOOGLE's advertising programs but for GOOGLE's alleged misappropriation of YOUR trade secrets.

**RESPONSE:**

Digital Envoy objects to this interrogatory on the grounds that Digital Envoy's efforts to discover a meaningful response to this interrogatory have been thwarted due to Google's refusal

to provide discovery fundamental to Digital Envoy's ability to respond. Accordingly, Digital Envoy has no answer to this interrogatory at this time, and will supplement as appropriate. Digital Envoy further objects to this interrogatory on the grounds that it is vague and that it may seek information protected by the work product privilege. Digital Envoy further states that the interrogatory asks an improper hypothetical. Further answering, Digital Envoy states that various means by which Google would not have misappropriated Digital Envoy's trade secrets would involve Google obtaining an appropriate license for Digital Envoy's data or technology, or insisting upon the third party web site on which the geo-targeted ads would appear having obtained an appropriate license. Under those scenarios, Digital Envoy contends the answer to the interrogatory would be "none". Further answering, Digital Envoy states that Google's ability to offer geo-targeting of its advertising is promoted by Google to increase the number of advertisers participating in Google's advertising programs. To the extent Google is asking whether Digital Envoy contends that Google's income would have been lessened without geo-location capabilities, Digital Envoy states that it does so contend in part based on the statements set forth herein.

**INTERROGATORY NO. 12**

For each advertiser identified in YOUR response to Interrogatory No. 11, state with particularity all facts (including all relevant evidence) supporting YOUR contention that the advertiser would not have participated in GOOGLE's advertising programs but for Google's alleged misappropriation of YOUR trade secrets.

**RESPONSE:**

Digital Envoy herein incorporates its response to Interrogatory 11 and further states that, as Interrogatory 11 is presently answered, no information is responsive to Interrogatory 12.

## INTERROGATORY NO. 13

IDENTIFY each advertiser that YOU contend would have paid less to GOOGLE for the advertiser's participation in GOOGLE's advertising programs but for GOOGLE's alleged misappropriation of YOUR trade secrets.

## RESPONSE:

Digital Envoy objects to this interrogatory on the grounds that Digital Envoy's efforts to discover a meaningful response to this interrogatory have been thwarted due to Google's refusal to provide discovery fundamental to Digital Envoy's ability to respond. Accordingly, Digital Envoy has no answer to this interrogatory at this time, and will supplement as appropriate. Digital Envoy further objects to this interrogatory on the grounds that it is vague and that it may seek information protected by the work product privilege. Digital Envoy further states that the interrogatory asks an improper hypothetical. Further answering, Digital Envoy states that various means by which Google would not have misappropriated Digital Envoy's trade secrets would involve Google obtaining an appropriate license for Digital Envoy's data or technology, or insisting upon the third party web site on which the geo-targeted ads would appear having obtained an appropriate license. Under those scenarios, Digital Envoy contends the answer to the interrogatory would be "none". Further answering, Digital Envoy states that Google itself contends that geo-targeting results in higher click through rates, which would result in more money paid to Google, whether by the particular advertiser benefiting from the higher click through rate, or the substitute advertiser if the maximum expenditure per month is satisfied at an earlier time in the month. To the extent the question is asking whether Digital Envoy contends that Google's income would have been lessened without geo-location capabilities, Digital Envoy states that it does so contend in part based on the statements set forth herein.

**INTERROGATORY NO. 14**

For each advertiser identified in YOUR response to Interrogatory No. 13, state with particularity all facts (including all supporting evidence) supporting your contention that the advertiser would have paid less to GOOGLE for the advertiser's participation in GOOGLE's advertising programs but for GOOGLE's alleged misappropriation of YOUR trade secrets.

**RESPONSE:**

Digital Envoy herein incorporates its response to Interrogatory 13 and further states that, as Interrogatory 13 is presently answered, no information is responsive to Interrogatory 14.

**INTERROGATORY NO. 15**

State with particularity all facts, including all relevant evidence, supporting YOUR contention that GOOGLE misappropriated YOUR trade secrets.

**RESPONSE:**

Digital Envoy objects to this interrogatory on the grounds that Digital Envoy's efforts to discover a meaningful response to this interrogatory have been thwarted due to Google's refusal to provide discovery fundamental to Digital Envoy's ability to respond. Accordingly, Digital Envoy has only a general answer to this interrogatory at this time, and will supplement as appropriate. Digital Envoy further objects to this interrogatory on the grounds that it is vague and that it may seek information protected by the work product privilege. Digital Envoy contends Google's use of Digital Envoy's technology or data in its AdSense or syndicated advertising programs is a misappropriation of Digital Envoy's trade secrets, because such use is not authorized by the license agreement. The facts and evidence supporting such contention includes the details of the use of Digital Envoy's technology or data which is within the sole possession of Google. Accordingly, Digital Envoy's source of facts and evidence is from Google or from third party sources, including Internet material or third party witnesses. Presently,

Digital Envoy suggests that its evidence in support of its contention include all of the depositions in this case, with exhibits, the declarations submitted in this case, and Google's web site information pertaining to its advertising programs

**INTERROGATORY NO. 16**

State with particularity all facts, including all relevant evidence, supporting YOUR contention in paragraph 47 of YOUR Amended Complaint that, "Google's misappropriation of Digital Envoy's trade secrets have [damaged Digital Envoy through lost income, licensing and other business opportunities."

**RESPONSE:**

Digital Envoy objects to this interrogatory on the grounds that Digital Envoy's efforts to discover a meaningful response to this interrogatory have been thwarted due to Google's refusal to provide discovery fundamental to Digital Envoy's ability to respond. Accordingly, Digital Envoy has only a general answer to this interrogatory at this time, and will supplement as appropriate. Digital Envoy further objects to this interrogatory on the grounds that it is vague and that it may seek information protected by the work product privilege. Further answering, Digital Envoy states that it contends that Google's misappropriation of Digital Envoy's trade secrets have damaged Digital Envoy in several ways. First, Google would be required to license its non-permitted uses from Digital Envoy, and its failure to do so caused Digital Envoy to lose income, licensing and other business opportunities. Second, Google's misappropriation provided the benefit of Digital Envoy's technology and data to web site owners who thereby had less of a need to license the technology from Digital Envoy. In fact, Digital Envoy has since learned that Google actively encouraged this result. Accordingly, Digital Envoy lost substantial opportunities from licensing income or other business opportunities.

## INTERROGATORY NO. 17

IDENTIFY each entity that you contend would have licensed IF Technology and Database Libraries from Digital Envoy but for GOOGLE's alleged misappropriation of YOUR trade secrets.

## RESPONSE:

Digital Envoy objects to this interrogatory on the grounds that Digital Envoy's efforts to discover a meaningful response to this interrogatory have been thwarted due to Google's refusal to provide discovery fundamental to Digital Envoy's ability to respond. Accordingly, Digital Envoy has no specific answer to this interrogatory at this time, and will supplement as appropriate. Digital Envoy further objects to this interrogatory on the grounds that it is vague and that it may seek information protected by the work product privilege. Digital Envoy further states that the interrogatory asks an improper hypothetical.

## INTERROGATORY NO. 18

For each entity identified in YOUR response to Interrogatory No. 17, state with particularity all facts (including all relevant evidence) supporting your contention that the entity would have licensed TIP Technology and Database Libraries from Digital Envoy but for GOOGLE's alleged misappropriation of YOUR trade secrets

## RESPONSE:

Digital Envoy herein incorporates its response to Interrogatory 17 and further states that, as Interrogatory 17 is presently answered, no information is responsive to Interrogatory 18.

Dated this 7 day of March, 2005

_____
Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett III
Georgia Bar No. 455549

**McGuireWoods LLP**
1170 Peachtree Street, NE
Suite 2100, The Proscenium
Atlanta, Georgia 30309-1234
Telephone:    (404) 443-5730        Attorneys for Plaintiff/Counterdefendant
Facsimile:     (404) 443-5784        Digital Envoy, Inc.

## VERIFICATION

I, Robert Friedman, certify that I am the authorized agent of Digital Envoy, Inc. for purposes of answering the Interrogatories addressed to Digital Envoy, Inc. in this action. I am authorized to sign this certification. I have read the foregoing answers to interrogatories and I certify that the matters stated in the answers are, in part, within my personal knowledge and, in part, based upon the representations of those authorized employees of Digital Envoy, Inc. with whom I work and upon whom I rely, and that the facts set forth in these responses are true and correct to the best of my knowledge and understanding. I declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct.

DATED: Norcross, Georgia, 7th day of March, 2005.

Robert Friedman

## CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, Timothy H. Kratz, declare:

I am employed in Fulton County, Georgia. I am over the age of 18 years and not a party to the within action. My business address is McGuireWoods LLP, 1170 Peachtree Street, NE, Suite 2100, Atlanta, GA 30309.

I am readily familiar with McGuireWoods LLP's practice for collection and processing of documents for facsimile transmittal and correspondence for mailing with the United States Postal Service. In the ordinary course of business, documents would be transmitted. via facsimile, and correspondence would be deposited with the United States Postal Service on this date.

On this date, I served

1)  **RESPONSE TO GOOGLE INC.'S FOURTH SET OF INTERROGATORIES**

on each person listed below, by consigning the document(s) to a facsimile operator for transmittal and by placing the document(s) described above in an envelope addressed as indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary business practices at McGuireWoods LLP.

| | |
|---|---|
| P. Craig Canton<br>Sheppard Mullin, Richter<br>   & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Fax No.: (415) 434-3947 | Purita B. Marquez<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Fax No.: (650) 565-5100 |

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct. Executed at Atlanta, Georgia on March 2, 2005.

_____
Timothy H. Kratz

\\COM\483915.1