1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
                          SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,                )  CASE NO.: C 04 01497 RS
12                                     )
         Plaintiff/Counterdefendant,   )  **REPLY IN SUPPORT OF GOOGLE**
13                                     )  **INC.'S MOTION TO PRECLUDE**
      v.                               )  **AND/OR TO COMPEL**
14                                     )
                                       )  Judge:     Hon. Richard Seeborg
15 GOOGLE INC.,                        )  Courtroom: 4, 5th Floor
                                       )  Date:      June 22, 2005
16       Defendant/Counterclaimant.    )  Time:      9:30 a.m.
                                       )
17                                     )
                                       )
18                                     )
                                       )
19

20

21

22

23

24

25

26

27

28

REPLY ISO GOOGLE'S MOTION                              C:\NrPortbl\PALIB1\DAG\2667138_2.DOC
TO PRECLUDE AND/OR TO COMPEL
C 04 01497 RS

# INTRODUCTION

Digital Envoy, Inc.'s ("Digital Envoy") opposition to Google Inc.'s ("Google") motion to preclude and/or compel leaves little doubt that after a year of discovery, Digital Envoy does not have evidence to support its contentions. And for that deficiency, Digital Envoy has no one to blame but itself.

Digital Envoy's argument that Google's contention interrogatories were poorly drafted and didn't really call for detailed responses is breathtaking and specious. Google's interrogatories called for Digital Envoy to "state all facts and IDENTIFY all evidence" in support of its specific contentions. Moreover, Google specifically defined the term "IDENTIFY" in the interrogatories with a full page of instructions detailing the specific information required to adequately IDENTIFY documents, people, or evidentiary support. At this late stage of the case, Google asked for and was entitled to the specific evidentiary details underlying Digital Envoy's contentions. The responses it received were frivolous.

Further, conceding the inadequacy of its original responses, Digital Envoy served supplemental responses together with its opposition to Google's motion. But the supplemental responses fail to cure the original defects Google identified. Once again, Digital Envoy identifies only general categories of documents that allegedly support its contentions. Moreover, Digital Envoy uses catch-all categories such as "Other deposition testimony"; "Language from other sections of the Agreement"; or "Other email messages by Other Google employees referring to the Agreement" to virtually include every document produced in this litigation as potentially supporting its claims. As before, these responses remain so general as to be meaningless.

Finally, Digital Envoy blames its failure of proof on Google's purported refusal to produce relevant evidence. While Google disputes that it has improperly withheld any evidence, the extent of Google's production is irrelevant. It certainly does not excuse Digital Envoy's failure to identify the evidence it *does have* that allegedly supports its contentions. As Digital Envoy concedes, the parties have produced over 70,000 pages of documents and have taken numerous depositions. If Digital Envoy believes that any of this evidence supports its

contentions, it was required to identify that evidence. As it has no evidence, Digital Envoy should simply have made that clear, thereby fulfilling its obligation to respond to the interrogatories.

Digital Envoy has already had two chances to identify whatever evidentiary support it has for its contentions. It has twice failed to do so. It should now be quite clear that it cannot do so. Digital Envoy is not entitled to try a third time. Accordingly, the preclusion order Google has requested is appropriate.

## ARGUMENT

### I.  DIGITAL ENVOY'S INTERROGATORY RESPONSES ARE INADEQUATE

Digital Envoy's responses to Google's requests for detailed information are beyond inadequate -- they are obstructionist. Digital Envoy concedes that such general responses are insufficient where the contention interrogatories call for detailed responses. Yet it remarkably attempts to distinguish the controlling authority cited in Google's moving papers by claiming that the interrogatories at issue here "neither request particularity, nor do they request details, nor do they request specifics." Resp. at 4-5.[1] Digital Envoy's position is nonsense, especially in light of the fact that the term "IDENTIFY" used in each of Google's interrogatories was expressly defined and called for significant detail.

Each interrogatory asked Digital Envoy to "state all facts and IDENTIFY all evidence" that supports [the relevant] contention. Resp. at 5-8. The interrogatories defined "'IDENTIFY' when used with reference to evidence of any fact [to] mean IDENTIFY all PERSONS and summarize their expected testimony, knowledge and/or understanding regarding the fact to which the evidence relates, and IDENTIFY all DOCUMENTS that DIGITAL ENVOY contends have any tendency to make the existence of the fact more probable or less probable than it would be without the evidence." Supplemental Declaration of David H. Kramer ("Supp. Decl."), Ex. A

---

[1] Indeed, in its discussion of each interrogatory, Digital Envoy contends that the interrogatory "does not request that Digital Envoy 'state with particularity' or 'identify with specificity.' It merely requests Digital Envoy to state all facts and identify all evidence." *Id*. at 5-8 (emphasis in original).

(Google's Third Set of Interrogatories) at 3. The definitions further elaborated that "when used with reference to a PERSON, entity or advertiser [IDENTIFY] shall mean to state the PERSON, entity or advertiser's name, last known address, and telephone number." *Id*. at 2. Additionally, "when used with reference to a DOCUMENT [IDENTIFY] shall mean to state, to the extent known:

1. the type of DOCUMENT (for example, a letter or photograph);
2. the DOCUMENT's author or originator, including, but not limited to, the names of each and every PERSON who wrote, signed, initialed or otherwise participated in the creation of the document;
3. the DOCUMENT's addressee, recipient, and any other PERSON to whom it was directed;
4. any other PERSON who may have seen the DOCUMENT;
5. the date the DOCUMENT was created;
6. the DOCUMENT's language, text or substance (to the best that it can be recalled);
7. the DOCUMENT's present location and the identity of the PERSON having possession, custody, or control of the DOCUMENT;
8. the DOCUMENT's Bates number, if it has been produced on discovery by any party or third party in this action; and
9. if the DOCUMENT is no longer in existence or in YOUR control, the disposition that was made of it and the DOCUMENT's present location or the location of any copies known to the party."

*Id.* Accordingly, Digital Envoy's position that its did not have to provide specific, detailed responses to Google's interrogatories because Google "merely requests Digital Envoy to state all facts and identify all evidence" is preposterous. It is unclear how Digital Envoy can even make such an argument with a straight face.

As detailed in Google's opening papers, Digital Envoy's boilerplate responses (such as that support for its contentions could be found in "the Agreement itself" or "the communications between Digital Envoy and Google") were so general as to be non-responsive. Digital Envoy's supplemental responses, served on the same day as its opposition to Google's motion, do not remedy these defects. For example, the supplemental responses are replete with vague references to depositions, indicating that facts supporting particular contentions can be found in

1  "Admissions made by Matt Cutts during his deposition; Statements made during Matt Cutts'
2  deposition, regarding Matt Cutts' understanding of the Agreement" and so forth.  *See* Supp.
3  Decl. Ex. B (Digital Envoy's Supplemental and Amended Responses to Google's Third Set of
4  Interrogatories) at 3-17.  Not *once* does Digital Envoy provide a page and line reference to the
5  portions of the deposition transcripts that supposedly support its contentions.  Digital Envoy also
6  claims to find support for its positions in "[l]anguage from [identified pages or sections] of the
7  AGREEMENT."  *Id*. at 4, 7, 11, 14.  Yet Digital Envoy does not identify *any* of the language.
8  Digital Envoy's reference to Google's purported activities and communications fare no better.
9  *Id.* at 3-17.  Nowhere does Digital Envoy provide *any* specificity or detail – just generic
10  categories.

11  To make matters worse, Digital Envoy's generic categories are coupled with even
12  broader catch-all categories (*e.g.* "Other deposition testimony"; "Language from other sections
13  of the AGREEMENT"; or "Other email messages by other GOOGLE employees referring to the
14  AGREEMENT").  Ex. B at 3-17.  These responses are *per se* improper.  They are tantamount to
15  a claim that its contentions are supported by nearly every document and piece of testimony in the
16  case.  At least two courts of appeals have affirmed dismissal sanctions in the face of such
17  interrogatory answers.  *Profile Gear Corp. v. Foundry Allied Indus.*, *Inc.,* 937 F.2d 351, 352 (7th
18  Cir. 1991) (affirming sanction of default judgment where, *inter alia*, plaintiff answered
19  interrogatories by responding "See Complaint" and "See Documents Produced"); *Truck Treads,*
20  *Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 429 (5th Cir. 1987) (affirming dismissal sanction
21  for failure to comply with discovery where in response to contention interrogatory plaintiff made
22  "a general assertion that they would rely on all documents agreed to be produced by
23  defendants.").[2]  *See* Fed. R. Civ. Proc. 37 (detailing appropriate sanctions).  The lesser sanction
24  of evidentiary preclusion is certainly appropriate under the same circumstances.

25

26  ---

27  [2] *See also Derson Group, Ltd. v. Right Management Consultants, Inc.*, 119 F.R.D. 396, 396
(N.D. Ill. 1988) (response to interrogatory "simply by general reference to the 33,000 documents
28  previously produced" was insufficient).

REPLY ISO GOOGLE'S MOTION                           4                    C:\NrPortbl\PALIB1\DAG\2667138_2.DOC
TO PRECLUDE AND/OR TO COMPEL
C 04 01497 RS

Digital Envoy's claim that it cannot do any better because Google has purportedly withheld documents is badly misguided. Google is not withholding relevant documents, but the charge is beside the point. Google is not asking Digital Envoy to identify evidence it does not have. Digital Envoy is, however, obligated to identify the evidence it *does have*, if any. It has completely failed to meet that obligation.[3]

## II.  DIGITAL ENVOY'S RESPONSES TO GOOGLE'S REQUESTS FOR ADMISSION

In light of Digital Envoy's supplemental responses to Google's Requests for Admission, Google withdraws its motion as it relates to those requests.

## CONCLUSION

Contention interrogatories are an important tool by which a defendant can learn the grounds upon which a plaintiff is basing its claims. Digital Envoy has twice scorned its obligation to respond to these interrogatories by relying on generic categorizations and identifying no specific facts. In short, it is refusing to disclose its case, if any exists.

Courts have repeatedly rejected the tactic Digital Envoy has adopted here, litigation by ambush. This is the antithesis of discovery, the purpose of which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) (granting motion to compel responses to contention interrogatories). As the Fifth Circuit noted in affirming a dismissal for failure to respond to contention interrogatories, "[t]he district court correctly observed that appellants' evasive response left the defendants in complete ignorance of the substance of [plaintiff's] contentions almost one year after the case was filed." *Truck Treads*, 818 F.2d at 429-30.

---

[3] As noted above, Digital Envoy claims that its contentions are supported by deposition testimony yet fails to identify the pages and line numbers of the testimony. Digital Envoy has the transcripts. If the alleged support is there, Digital Envoy was required to specifically identify it. Likewise, Digital Envoy claims that, between its production and Google's, over 70,000 pages of materials have been produced and somewhere within those documents one might find evidence to support its claims. Resp. at 2. If Digital Envoy believes that any of these documents support its claims, it was required to provide the details requested by the Interrogatories.

1  For the foregoing reasons, Google respectfully requests that the Court grant its motion and ban Digital Envoy from offering any evidence not specifically set forth in the interrogatory responses at issue.

Dated: June 8, 2005

Respectfully submitted,

<u>    /s/ David H. Kramer    </u>
David H. Kramer

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Attorneys for Defendant/Counterclaimant
Google Inc.