**KRAMER SUPPLEMENTAL DECLARATION
EXHIBIT A**

DAVID H. KRAMER, State Bar No. 168452
STEPHEN C. HOLMES, State Bar No. 200727
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant/Counterclaimant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC.,<br><br>        Plaintiff/Counterdefendant,<br><br>    v.<br><br>GOOGLE INC.,<br><br>        Defendant/Counterclaimant. | CASE NO.:  C 04 01497 RS<br><br>**GOOGLE INC.'S THIRD SET OF INTERROGATORIES (NOS. 8-10 AND 19-24)** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant/counterclaimant Google Inc. ("Google") hereby propounds to plaintiff/counterdefendant Digital Envoy, Inc. ("Digital Envoy") the following Third Set of Interrogatories (the "Interrogatories") to be answered fully and under oath within thirty (30) days of the date of service hereof, pursuant to Rule 33(b)(3) of the Federal Rules of Civil Procedure.

In answering these Interrogatories, the following definitions and instructions shall apply:

A.   The term "DIGITAL ENVOY" refers collectively to plaintiff/counterdefendant Digital Envoy, Inc., and any business unit, internal organization, subsidiary, parent or affiliated corporation, and any present or former officers, directors, agents, employees, successors, predecessors, investigators, attorneys, accountants or other PERSONS acting on its behalf.

B.   The term "GOOGLE" refers to defendant/counterclaimant Google Inc.

C. The term "AGREEMENT" refers collectively to the product and electronic database evaluation agreement made and entered into on November 30, 2000 by GOOGLE and DIGITAL ENVOY and all subsequent amendments thereto.

D. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

E. The term "IDENTIFY" when used with reference to a PERSON, entity or advertiser shall mean to state the PERSON, entity or advertiser's name, last known address, and telephone number.

F. The term "IDENTIFY" when used with reference to a DOCUMENT shall mean to state, to the extent known:

1. the type of DOCUMENT (for example, a letter or photograph);

2. the DOCUMENT's author or originator, including, but not limited to, the names of each and every PERSON who wrote, signed, initialed or otherwise participated in the creation of the document;

3. the DOCUMENT's addressee, recipient, and any other PERSON to whom it was directed;

4. any other PERSON who may have seen the DOCUMENT;

5. the date the DOCUMENT was created;

6. the DOCUMENT's language, text or substance (to the best that it can be recalled);

7. the DOCUMENT's present location and the identity of the PERSON having possession, custody, or control of the DOCUMENT;

8. the DOCUMENT's Bates number, if it has been produced on discovery by any party or third party in this action; and

9. if the DOCUMENT is no longer in existence or in YOUR control, the disposition that was made of it and the DOCUMENT's present location or the location of any copies known to the party.

G. The term "IDENTIFY" when used with reference to evidence of any fact shall mean IDENTIFY all PERSONS and summarize their expected testimony, knowledge and/or understanding regarding the fact to which the evidence relates, and IDENTIFY all DOCUMENTS that DIGITAL ENVOY contends have any tendency to make the existence of the fact more probable or less probable than it would be without the evidence.

H. The terms "YOU" and "YOUR" refer to DIGITAL ENVOY.

I. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

J. All references to the singular include the plural, and all references to the plural include the singular.

K. If you believe that any of the following interrogatories calls for information subject to a claim of privilege, you should answer so much of the interrogatory as does not request information for which you claim privilege. You should state the nature of the privilege which you claim, set forth the basis for the claim of the privilege and indicate in a manner sufficient to permit a ruling by the court the nature of the information for which such privilege is claimed.

L. To the extent that you consider any of the following interrogatories objectionable for reasons other than a claim of privilege, you should answer so much of the interrogatory as does not request information to which you object and, regarding the portions of each such interrogatory to which it does not, do not object. With respect to each remaining part, state the nature of your objection and set forth each and every ground for your objection.

## INTERROGATORIES

**INTERROGATORY NO. 8:**

If YOU contend that GOOGLE improperly disclosed DIGITAL ENVOY'S data to third parties in violation of the Agreement, state all facts and IDENTIFY all evidence that supports your contention.

**INTERROGATORY NO. 9:**

State all facts and IDENTIFY all evidence that supports YOUR contention in paragraph 48 of the Amended Complaint that "Google's misappropriation of Digital Envoy's trade secrets have [sic] also unjustly enriched Google."

**INTERROGATORY NO. 10:**

State all facts and IDENTIFY all evidence in support of YOUR contention in paragraph 50 of the Amended Complaint that "Google's actions have been willful and malicious."

**INTERROGATORY NO. 19:**

State the legal and factual bases for YOUR contention that GOOGLE was under an obligation to limit its use of DIGITAL ENVOY'S data and IDENTIFY all evidence supporting that contention.

**INTERROGATORY NO. 20:**

For each response to each request set forth in GOOGLE'S First Set of Requests for Admission served upon DIGITAL ENVOY that is anything other than an unequivocal admission, state DIGITAL ENVOY'S legal and factual bases for each such denial or non-admission.

**INTERROGATORY NO. 21:**

IDENTIFY all PERSONS knowledgeable about such legal and factual bases set forth in response to Interrogatory No. 20.

**INTERROGATORY NO. 22:**

For each affirmative defense in DIGITAL ENVOY'S Answer to Google's Amended Counterclaims, state all facts and IDENTIFY all evidence in support of DIGITAL ENVOY'S defense.

**INTERROGATORY NO. 23:**

If YOU contend that the trade secrets identified by GOOGLE in its 2019(d) disclosure are not trade secrets, state the legal and factual bases for YOUR contention and IDENTIFY all evidence that supports it.

1  **INTERROGATORY NO. 24:**

2      State the total amount paid by GOOGLE to DIGITAL ENVOY under the

3  AGREEMENT.

7  Dated: March 30, 2005              WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation

                                       By: _David Kramer/AND_____
                                           David H. Kramer

                                       Attorneys for Defendant/Counterclaimant
                                       Google Inc.

GOOGLE'S THIRD SET OF                           5
INTERROGATORIES
CASE NO: C 04 01497 RS                                              2625096_5.DOC

**PROOF OF SERVICE**

I, Martha Carrillo, declare:

I am employed in County of San Francisco. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, One Market Street, Spear Tower, Suite 3300, San Francisco, California 94105-1126.

On this date, I served:

1. **GOOGLE INC.'S THIRD SET OF INTERROGATORIES (NOS. 8-10 AND 19-24)**

☒ By placing the document(s) in a sealed envelope for collection and mailing with the United States Postal Service on this date to the following person(s):

☒ By consigning the document(s) to a facsimile operator for transmittal on this date to the following person(s):

Timothy H. Kratz
Luke Anderson
MacGuire Woods, L.L.P.
1170 Peachtree Street, N.E. Suite 2100
Atlanta Georgia 30309
Fax No.: (404) 443-5751
Tel No.: (404) 443-5500

☒ By consigning the document(s) to a messenger for guaranteed hand delivery on this date to the following person(s):

P. Graig Cardon
Brian R. Blackman
Kendall M. Burton
Sheppard, Mulin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Fax No.: (415) 434-3947
Fax No.: (415) 434-9100

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on March 30, 2005.

_____
Martha Carrillo