**KRAMER SUPPLEMENTAL DECLARATION
EXHIBIT B**

Dockets.Justia.com

Timothy H. Kratz
McGuireWoods LLP
1170 Peachtree Street, NE
Suite 2100
Atlanta, GA 30309
Telephone: (404) 443-5730
Facsimile: (404) 443-5784

Attorney for Plaintiff/Counterdefendant
Digital Envoy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | CASE NO.: C 0401497 RS |
| Plaintiff/Counterdefendant, | **DIGITAL ENVOY'S SUPPLEMENTAL AND AMENDED RESPONSES TO GOOLE'S THIRD SET OF INTERROGATORIES (NOS. 8-10 AND 19-24)** |
| v. | |
| GOOGLE INC., | |
| Defendant/Counterclaimant. | |

Pursuant to Rule 33 of the Federal Rules of Plaintiff/Counterdefendant Digital Envoy, Inc. ("Digital Envoy") responds to the following Google's Third Set of Interrogatories (the "Interrogatories") as follows.

**GENERAL OBJECTIONS**

1.      DIGITAL ENVOY objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation on DIGITAL ENVOY other than those set forth in the Federal Rules of Civil Procedure, and the applicable rules of this Court.

2.    DIGITAL ENVOY objects to each interrogatory to the extent that it purports to require DIGITAL ENVOY to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. DIGITAL ENVOY will not disclose such information without either the consent of the relevant third party or a court order compelling production.

3.    DIGITAL ENVOY makes these responses solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to all other objections on any grounds that would require the exclusion of any statements if the interrogatory were asked of, or statements were made by, a witness testifying in court. Thus, DIGITAL ENVOY expressly reserves all applicable objections for trial.

4.    DIGITAL ENVOY intends no incidental or implied admissions by these responses. DIGITAL ENVOY's answers or objections to any interrogatory should not be taken as an admission that DIGITAL ENVOY accepts or admits any "facts" set forth or assumed by that interrogatory. DIGITAL ENVOY's answer to part or all of any interrogatory is not a waiver by DIGITAL ENVOY of any objection to that interrogatory.

5.    DIGITAL ENVOY objects to each interrogatory to the extent that it calls for information, documents, and things protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. To the extent that DIGITAL ENVOY produces documents in response to an interrogatory, DIGITAL ENVOY will not produce any document protected by such privileges or immunities, and any inadvertent production or disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

6.    DIGITAL ENVOY's response that it will produce documents in response to an interrogatory does not necessarily mean that responsive documents exist, but instead that DIGITAL ENVOY will produce documents if such documents are located.

2

7.    The subject matter of these interrogatories is under continuing investigation  It is anticipated that further discovery, investigation, and research may supply additional facts or contentions, all of which may cause changes in or modification of the following responses  The following responses are given without prejudice to DIGITAL ENVOY's right to produce evidence of any subsequently discovered or recollected fact, and DIGITAL ENVOY expressly reserve : the right to change or modify any of the following responses as additional facts are ascertained, analyses are made, legal research is completed, or contentions are made.

DIGITAL ENVOY incorporates by reference each and every general objection set forth above into each and every specific response. From time to time, a specific response may repeat a general objection for emphasis or for some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

## INTERROGATORY NO. 8:

If YOU contend that GOOGLE improperly disclosed DIGITAL ENVOY'S data to third parties in violation of the Agreement, state all facts and IDENTIFY all evidence that supports your contention.

## RESPONSE:

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. Further answering, DIGITAL ENVOY does contend that GOOGLE improperly disclosed DIGITAL ENVOY's data to third parties in violation of the AGREEMENT. DIGITAL ENVOY relies on the following facts to support DIGITAL ENVOY's contention:

- Deposition testimony of Matt Cutts, including but not limited to:
    - Admissions made by Matt Cutts during his deposition
    - Statements made during Matt Cutts' deposition, regarding Matt Cutts' understanding of the AGREEMENT

3

- o   Statements made by Matt Cutts regarding his understanding of the
      implementation of AdSense (both for Search and for Content)

- Deposition testimony of Steve Schimmell
  - o   Admissions made by Steve Schimmell during his deposition
  - o   Statements made during Steve Schimmell' deposition, regarding Steve
        Schimmell' understanding of the AGREEMENT
  - o   Statements made by Steve Schimmell regarding his understanding of the
        implementation of AdSense (both for Search and for Content)

- Deposition testimony of Kulpreet Rana
  - o   Admissions made by Kulpreet Rana during his deposition
  - o   Statements made during Kulpreet Rana' deposition, regarding Kulpreet Rana'
        understanding of the AGREEMENT
  - o   Statements made by Kulpreet Rana regarding his understanding of the
        implementation of AdSense (both for Search and for Content)

- The AGREEMENT itself, including but not limited to:
  - o   Language from page 1 of the AGREEMENT
  - o   Language from Section 3.1 of the AGREEMENT
  - o   Language from Section 3.2 of the AGREEMENT
  - o   Language from Section 7.1 of the AGREEMENT
  - o   Language from Section 7.2 of the AGREEMENT
  - o   Language from Section 13 of the AGREEMENT
  - o   Language from other sections of the AGREEMENT

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE, including but
  not limited to:

4

- o  Email messages from Matt Cutts regarding the AGREEMENT

- o  Admissions made by Matt Cutts in his email messages regarding the
     AGREEMENT

- o  Representations made by Matt Cutts in his email messages regarding the
     AGREEMENT

- o  Email messages from Kulpreet Rana regarding the AGREEMENT

- o  Admissions made by Kulpreet Rana in his email messages regarding the
     AGREEMENT

- o  Representations made by Kulpreet Rana in his email messages regarding the
     AGREEMENT

- o  Email messages from Steve Schimmell regarding the AGREEMENT

- o  Admissions made by Steve Schimmell in his email messages regarding the
     AGREEMENT

- o  Representations made by Steve Schimmell in his email messages regarding the
     AGREEMENT

- o  Other email messages by other GOOGLE employees referring to the
     AGREEMENT

- GOOGLE's activities related to its AdSense (both for content and for search) program,
  including but not limited to:

  - o  Contracts between GOOGLE and third-parties, which have been improperly
       withheld and have yet to be produced by GOOGLE to DIGITAL ENVOY

  - o  Communications between GOOGLE and third-parties with reference to those
       contracts, which have been improperly withheld by GOOGLE and have yet to
       be produced by GOOGLE to DIGITAL ENVOY

5

- o  Technical operating details on AdSense (both for Search and for Content), which have been improperly withheld by GOOGLE and have yet to be produced by GOOGLE to DIGITAL ENVOY

- Deposition testimony of GOOGLE's technical expert on the operation of AdSense (both for Search and for Content)

- Deposition testimony of GOOGLE's various 30(b)(6) representatives

- Other deposition testimony

- GOOGLE's activities related to its AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed to GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 9:**

State all facts and IDENTIFY all evidence that supports YOUR contention in paragraph 8 of the Amended Complaint that "Google's misappropriation of Digital Envoy's trade secrets have [sic] also unjustly enriched Google."

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. DIGITAL ENVOY relies on the following facts to support DIGITAL ENVOY's contention:

- Deposition testimony of Matt Cutts, including but not limited to:

  - o  Admissions made by Matt Cutts during his deposition

6

- o   Statements made during Matt Cutts' deposition, regarding Matt Cutt '

    understanding of the AGREEMENT

- o   Statements made by Matt Cutts regarding his understanding of the

    implementation of AdSense (both for Search and for Content)

- Deposition testimony of Steve Schimmell

  - o   Admissions made by Steve Schimmell during his deposition

  - o   Statements made during Steve Schimmell' deposition, regarding Steve

      Schimmell' understanding of the AGREEMENT

  - o   Statements made by Steve Schimmell regarding his understanding of the

      implementation of AdSense (both for Search and for Content)

- Deposition testimony of Kulpreet Rana

  - o   Admissions made by Kulpreet Rana during his deposition

  - o   Statements made during Kulpreet Rana' deposition, regarding Kulpreet Rana'

      understanding of the AGREEMENT

  - o   Statements made by Kulpreet Rana regarding his understanding of he

      implementation of AdSense (both for Search and for Content)

- The AGREEMENT itself, including but not limited to:

  - o   Language from page 1 of the AGREEMENT

  - o   Language from Section 3.1 of the AGREEMENT

  - o   Language from Section 3.2 of the AGREEMENT

  - o   Language from Section 7.1 of the AGREEMENT

  - o   Language from Section 7.2 of the AGREEMENT

  - o   Language from Section 13 of the AGREEMENT

  - o   Language from other sections of the AGREEMENT

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE, including but not limited to:

  o Email messages from Matt Cutts regarding the AGREEMENT

  o Admissions made by Matt Cutts in his email messages regarding the AGREEMENT

  o Representations made by Matt Cutts in his email messages regarding the AGREEMENT

  o Email messages from Kulpreet Rana regarding the AGREEMENT

  o Admissions made by Kulpreet Rana in his email messages regarding the AGREEMENT

  o Representations made by Kulpreet Rana in his email messages regarding the AGREEMENT

  o Email messages from Steve Schimmell regarding the AGREEMENT

  o Admissions made by Steve Schimmell in his email messages regarding the AGREEMENT

  o Representations made by Steve Schimmell in his email messages regarding the AGREEMENT

  o Other email messages by other GOOGLE employees referring to the AGREEMENT

- GOOGLE's activities related to its AdSense (both for content and for search program, including but not limited to:

  o Contracts between GOOGLE and third-parties, which have been improperly withheld and have yet to be produced by GOOGLE to DIGITAL ENVOY

8

- o Communications between GOOGLE and third-parties with reference to those contracts, which have been improperly withheld by GOOGLE and have yet to be produced by GOOGLE to DIGITAL ENVOY

- o Technical operating details on AdSense (both for Search and for Content), which have been improperly withheld by GOOGLE and have yet to be produced by GOOGLE to DIGITAL ENVOY

- GOOGLE's activities related to its AdWords program

- Deposition testimony of GOOGLE's various 30(b)(6) representatives

- GOOGLE's revenues generated from its AdSense program, including but not limited to:

  - o Financial documents of GOOGLE, which relate to AdSense (both for Search and for Content), which have been improperly withheld by GOOGLE and have yet to be produced by GOOGLE to DIGITAL ENVOY

  - o Financial documents of third-parties who used AdSense (either for Search or for Content)

- Deposition testimony of GOOGLE's technical expert on the operation of AdSense (both for Search and for Content)

- Other deposition testimony

- GOOGLE's revenues generated from its AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed to GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 10:**

9

State all facts and IDENTIFY all evidence in support of YOUR contention in paragraph 50 of the Amended Complaint that "Google's actions have been willful and malicious."

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. DIGITAL ENVOY relies on the following facts to support DIGITAL ENVOY's contention:

- Deposition testimony of Matt Cutts, including but not limited to:
    - Admissions made by Matt Cutts during his deposition
    - Statements made during Matt Cutts' deposition, regarding Matt Cutts' understanding of the AGREEMENT
    - Statements made by Matt Cutts regarding his understanding of the implementation of AdSense (both for Search and for Content)

- Deposition testimony of Steve Schimmell
    - Admissions made by Steve Schimmell during his deposition
    - Statements made during Steve Schimmell' deposition, regarding Steve Schimmell' understanding of the AGREEMENT
    - Statements made by Steve Schimmell regarding his understanding of the implementation of AdSense (both for Search and for Content)

- Deposition testimony of Kulpreet Rana
    - Admissions made by Kulpreet Rana during his deposition
    - Statements made during Kulpreet Rana' deposition, regarding Kulpreet Rana' understanding of the AGREEMENT
    - Statements made by Kulpreet Rana regarding his understanding of the implementation of AdSense (both for Search and for Content)

10

- Deposition testimony of GOOGLE's technical expert on the operation of AdSense (both for Search and for Content)

- The AGREEMENT itself, including but not limited to:

    o Language from page 1 of the AGREEMENT

    o Language from Section 3.1 of the AGREEMENT

    o Language from Section 3.2 of the AGREEMENT

    o Language from Section 7.1 of the AGREEMENT

    o Language from Section 7.2 of the AGREEMENT

    o Language from Section 13 of the AGREEMENT

    o Language from other sections of the AGREEMENT

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE, including but not limited to:

    o Email messages from Matt Cutts regarding the AGREEMENT

    o Admissions made by Matt Cutts in his email messages regarding the AGREEMENT

    o Representations made by Matt Cutts in his email messages regarding the AGREEMENT

    o Email messages from Kulpreet Rana regarding the AGREEMENT

    o Admissions made by Kulpreet Rana in his email messages regarding the AGREEMENT

    o Representations made by Kulpreet Rana in his email messages regarding the AGREEMENT

    o Email messages from Steve Schimmell regarding the AGREEMENT

- o Admissions made by Steve Schimmell in his email messages regarding the
  AGREEMENT

- o Representations made by Steve Schimmell in his email messages regarding the
  AGREEMENT

- o Other email messages by other GOOGLE employees referring to the
  AGREEMENT

- GOOGLE's activities related to its AdSense (both for content and for search program,
  including but not limited to:

  - o Contracts between GOOGLE and third-parties, which have been improperly
    withheld and have yet to be produced by GOOGLE to DIGITAL ENVOY

  - o Communications between GOOGLE and third-parties with reference to those
    contracts, which have been improperly withheld by GOOGLE and have yet to
    be produced by GOOGLE to DIGITAL ENVOY

  - o Technical operating details on AdSense (both for Search and for Content),
    which have been improperly withheld by GOOGLE and have yet to be
    produced by GOOGLE to DIGITAL ENVOY

- GOOGLE's activities related to its AdWords program

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its
  AdSense program

  - o Internal GOOGLE email messages and other communications related to
    AdSense (both for Search and for Content), including those communications
    that have been withheld by GOOGLE and have yet to be produced to DIGITAL
    ENVOY

12

- o Email messages and other communications with third-parties related to AdSense (both for Search and for Content), including those communications that have been withheld by GOOGLE and have yet to be produced to DIGITAL ENVOY

- Deposition testimony of GOOGLE's various 30(b)(6) representatives

- Other deposition testimony

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed to GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

**INTERROGATORY NO. 19:**

State the legal and factual bases for YOUR contention that GOOGLE was under an obligation to limit its use of DIGITAL ENVOY'S data and IDENTIFY all evidence supporting that contention.

**RESPONSE:**

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. DIGITAL ENVOY relies on the following legal and factual bases to support its contention:

- Deposition testimony of Matt Cutts, including but not limited to:

  - o Admissions made by Matt Cutts during his deposition

  - o Statements made during Matt Cutts' deposition, regarding Matt Cutts' understanding of the AGREEMENT

13

- o Statements made by Matt Cutts regarding his understanding of the implementation of AdSense (both for Search and for Content)

- Deposition testimony of Steve Schimmell
  - o Admissions made by Steve Schimmell during his deposition
  - o Statements made during Steve Schimmell' deposition, regarding Steve Schimmell' understanding of the AGREEMENT
  - o Statements made by Steve Schimmell regarding his understanding of the implementation of AdSense (both for Search and for Content)

- Deposition testimony of Kulpreet Rana
  - o Admissions made by Kulpreet Rana during his deposition
  - o Statements made during Kulpreet Rana' deposition, regarding Kulpreet Rana' understanding of the AGREEMENT
  - o Statements made by Kulpreet Rana regarding his understanding of the implementation of AdSense (both for Search and for Content)

- Deposition testimony of GOOGLE's technical expert on the operation of AdSense (both for Search and for Content)

- The AGREEMENT itself, including but not limited to:
  - o Language from page 1 of the AGREEMENT
  - o Language from Section 3.1 of the AGREEMENT
  - o Language from Section 3.2 of the AGREEMENT
  - o Language from Section 7.1 of the AGREEMENT
  - o Language from Section 7.2 of the AGREEMENT
  - o Language from Section 13 of the AGREEMENT
  - o Language from other sections of the AGREEMENT

- The legal interpretation of the AGREEMENT, which is to be determined at trial

- The laws referenced in the complaint, including but not limited to:

  o  California's Uniform Trade Secrets Act (CUTSA), and its various provisions

  o  Cases that interpret the CUTSA

  o  California's statutory guidelines for contract interpretation (California Civil Code, sections 1635-1663)

  o  Cases that interpret §§ 1635-1663

- Briefs filed in this action, including but not limited to:

  o  GOOGLE's brief in support of its motion for summary judgment, including any characterizations and admissions contained in that brief

  o  DIGITAL ENVOY's reply brief of GOOGLE's motion for summary judgment, including the factual and legal bases set forth in that brief

  o  Other admissions and characterizations set forth by GOOGLE, which are contained in GOOGLE's various pleadings

- The COMMUNICATIONS between DIGITAL ENVOY and GOOGLE, including but not limited to:

  o  Email messages from Matt Cutts regarding the AGREEMENT

  o  Admissions made by Matt Cutts in his email messages regarding the AGREEMENT

  o  Representations made by Matt Cutts in his email messages regarding the AGREEMENT

  o  Email messages from Kulpreet Rana regarding the AGREEMENT

  o  Admissions made by Kulpreet Rana in his email messages regarding the AGREEMENT

- o Representations made by Kulpreet Rana in his email messages regarding the
  AGREEMENT

- o Email messages from Steve Schimmell regarding the AGREEMENT

- o Admissions made by Steve Schimmell in his email messages regarding the
  AGREEMENT

- o Representations made by Steve Schimmell in his email messages regarding the
  AGREEMENT

- o Other email messages by other GOOGLE employees referring to the
  AGREEMENT

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its
  AdSense program

  - o Internal GOOGLE email messages and other communications related to
    AdSense (both for Search and for Content), including those communications
    that have been withheld by GOOGLE and have yet to be produced to DIGITAL
    ENVOY

  - o Email messages and other communications with third-parties related to
    AdSense (both for Search and for Content), including those communications
    that have been withheld by GOOGLE and have yet to be produced to DIGITAL
    ENVOY

- Deposition testimony of GOOGLE's various 30(b)(6) representatives

- Other deposition testimony

- GOOGLE's COMMUNICATIONS related to the initiation and implementation of its
  AdWords program

DIGITAL ENVOY believes that the evidence in support of this contention has been produced by, testified to, or otherwise disclosed by GOOGLE.

Insofar as GOOGLE has refused to provide DIGITAL ENVOY with information related to its AdSense and AdWords programs, it is axiomatic that DIGITAL ENVOY cannot identify what it does not have (i.e., what has been refused to DIGITAL ENVOY by GOOGLE).

## INTERROGATORY NO. 20:

For each response to each request set forth in GOOGLE'S First Set of Requests for Admission served upon DIGITAL ENVOY that is anything other than an unequivocal admission, state DIGITAL ENVOY'S legal and factual bases for each such denial or non-admission.

## RESPONSE

In addition to its general objections, DIGITAL ENVOY also objects to this interrogatory as being overbroad, unduly burdensome, and vague. Additionally, DIGITAL ENVOY objects to this interrogatory as being compound, and consisting of several independent interrogatories. Namely, one for each denial provided in DIGITAL ENVOY's response to GOOGLE's Request for Admission. As such, DIGITAL ENVOY, in further answer to these interrogatories, provides the following legal and factual bases to support its denial or non-admission:

## RESPONSE 20 (i.e., Sub-Part 1 of Interrogatory Number 20)

REQUEST TO ADMIT NUMBER 3

As of October 24, 2000, GOOGLE'S business included advertising.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY is unsure of what GOOGLE means by "business." Specifically, DIGITAL ENVOY is unsure of whether GOOGLE is referring to "business" as general corporate activity, or

17

whether GOOGLE is referring to "business" as explicitly defined in the AGREEMENT, which is much narrower than general corporate activity.

To the extent that GOOGLE refers to "business" as defined in the AGREEMENT, DIGITAL ENVOY denies this Request for Admission because advertising itself does not fall within that definition.

As such, this request for admission stands DENIED.

**RESPONSE 21 (i.e., Sub-Part 2 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 4.

As of October 24, 2000, DIGITAL ENVOY was aware that GOOGLE'S business included advertising.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY is unsure of what GOOGLE means by "business." Specifically, DIGITAL ENVOY is unsure of whether GOOGLE is referring to "business" as general corporate activity, or whether GOOGLE is referring to "business" as explicitly defined in the AGREEMENT, which is much narrower than general corporate activity.

To the extent that GOOGLE refers to "business" as defined in the AGREEMENT, DIGITAL ENVOY denies this Request for Admission because advertising itself does not fall within that definition.

As such, this request for admission stands DENIED.

**RESPONSE 22 (i.e., Sub-Part 3 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 5.

As of October 24, 2000, GOOGLE produced and maintained its information search technology through revenues it earned from advertising.

18

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because

DIGITAL ENVOY has insufficient knowledge of how GOOGLE used its revenue. Specifically,

DIGITAL ENVOY has insufficient knowledge of how GOOGLE used its revenue because GOOGLE

has refused DIGITAL ENVOY'S discovery requests that relate to this information.

To the extent this request is referring to "producing and maintaining information such

technology" as used in the AGREEMENT, those words do not refer to the manner in which GOOGLE

funds its operations, which is irrelevant to the operative terms of the AGREEMENT.

As such, this request for admission stands DENIED.

**RESPONSE 23 (i.e., Sub-Part 4 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 6.

As of October 24, 2000, DIGITAL ENVOY was aware that GOOGLE produced and

maintained its information search technology through revenues it earned from advertising.

RESPONSE

As of October 24, 2000, DIGITAL ENVOY was not aware that GOOGLE produced and

maintained its information search technology through revenues it earned from advertising.

For at least that reason, this request for admission stands DENIED.

Additionally, GOOGLE's Request to Admit Number 5 stands DENIED because, to the extent

this request is referring to "producing and maintaining information search technology" as used in the

AGREEMENT, those words do not refer to the manner in which GOOGLE funds its operations,

which is irrelevant to the operative terms of the AGREEMENT.

**RESPONSE 24 (i.e., Sub-Part 5 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 7.

19

Before the AGREEMENT was signed, DIGITAL ENVOY was aware that GOOGLE intended to use DIGITAL ENVOY'S technology to support its advertising programs.

RESPONSE

GOOGLE did not have, nor did it contemplate having, advertising programs in the sense of activities beyond advertising on its own web site, which is all that was intended in the AGREEMENT.

**RESPONSE 25 (i.e., Sub-Part 6 of Interrogatory Number 20)**

REQUEST FOR ADMISSION NO. 8.

Before the AGREEMENT was signed, GOOGLE told DIGITAL ENVOY it wanted the right to make "unlimited use" of DIGITAL ENVOY's technology under the Agreement.

RESPONSE

DIGITAL ENVOY cannot truthfully admit or deny this request for admission because DIGITAL ENVOY is unsure of what GOOGLE now means by "unlimited use." Specifically, DIGITAL ENVOY is unsure of whether GOOGLE is referring to "unlimited use" as unrestricted volume of use <u>only</u> on GOOGLE's web sites, or whether GOOGLE is referring to "unlimited use" as global unrestricted use on any web site for any purpose.

The COMMUNICATION using the phrase "unlimited use," in context, referred only to use by GOOGLE for its own corporate use, not for sale, license, distribution, sharing, or otherwise giving to (in any form) any other party or used outside of GOOGLE. As such, "unlimited use" did not refer to global unrestricted use on any web site for any purpose. In fact, unlimited volume for GOOGLE's own corporate use was the only right that was discussed and contemplated between the parties to the AGREEMENT.

Specifically, the AGREEMENT recites that GOOGLE's "rights shall be <u>strictly limited to the</u> right to . . . use the Database Libraries <u>to develop</u> indices . . . ." Among other things, the AGREEMENT does <u>not</u> grant GOOGLE right to "develop and use." Nor does the AGREEMENT

20

grant GOOGLE the right to "develop and distribute." Nor does the AGREEMENT grant GOOGLE the right to "develop and share." To the contrary, the AGREEMENT strictly limits GOOGLE's right to develop, and nothing more.

As such, this request for admission stands DENIED.

REQUEST FOR ADMISSION NUMBERS 9-16, 19-20, 23-26, AND 28-36

RESPONSE

In addition to its general objections, DIGITAL ENVOY objects to Request for Admission Numbers 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, and 36 as being twenty-three (23) separate and distinct interrogatories. In that regard, GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

**INTERROGATORY NO. 21:**

IDENTIFY all PERSONS knowledgeable about such legal and factual bases set forth in response to Interrogatory No. 20.

**RESPONSE:**

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

**INTERROGATORY NO. 22:**

For each affirmative defense in DIGITAL ENVOY'S Answer to Google's Amended Counterclaims, state all facts and IDENTIFY all evidence in support of DIGITAL ENVOY'S defense.

21

**RESPONSE:**

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

**INTERROGATORY NO. 23:**

If YOU contend that the trade secrets identified by GOOGLE in its 2019(d) disclosure are not trade secrets, state the legal and factual bases for YOUR contention and IDENTIFY all evidence that supports it.

**RESPONSE:**

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

**INTERROGATORY NO. 24:**

State the total amount paid by GOOGLE to DIGITAL ENVOY under the AGREEMENT.

**RESPONSE:**

GOOGLE has exceeded its permissible number of Interrogatories, in violation of Federal Rules of Civil Procedure 33(a) and Civil L.R. 33-2 and Civil L.R. 33-3.

Insofar as GOOGLE's request exceeds the permissible number of Interrogatories, DIGITAL ENVOY objects to this interrogatory, and otherwise reserves further objections to this Interrogatory.

Dated this 1st day of June, 2005

_____
Timothy H. Kratz
Georgia Bar No. 429297
Luke Anderson
Georgia Bar No. 018330
John A. Lockett III
Georgia Bar No. 455549

**McGuireWoods LLP**
1170 Peachtree Street, NE
Suite 2100, The Proscenium
Atlanta, Georgia 30309-1234
Telephone:     (404) 443-5730          Attorneys for Plaintiff/Counterdefendant
Facsimile:     (404) 443-5784          Digital Envoy, Inc.

23

## CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, Timothy H. Kratz, declare:

I am employed in Fulton County, Georgia. I am over the age of 18 years and not a party to the within action. My business address is McGuireWoods LLP, 1170 Peachtree Street, NE, Suite 2100, Atlanta, GA 30309.

I am readily familiar with McGuireWoods LLP's practice for collection and processing of documents for facsimile transmittal and correspondence for mailing with the United States Postal Service. In the ordinary course of business, documents would be transmitted via facsimile, and correspondence would be deposited with the United States Postal Service on this date.

On this date, I served

1)    **DIGITAL ENVOY'S SUPPLEMENTAL AND AMENDED RESPONSES TO GOOLE'S THIRD SET OF INTERROGATORIES (NOS. 8-10 AND 14-24)**

on each person listed below, by consigning the document(s) to a facsimile operator for transmittal and by placing the document(s) described above in an envelope addressed as indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary business practices at McGuireWoods LLP.

P. Craig Cardon                          Purita B. Marquez
Sheppard Mullin, Richter                 Wilson Sonsini Goodrich & Rosat
  & Hampton LLP                          650 Page Mill Road
Four Embarcadero Center, 17th Floor      Palo Alto, CA 94304-1050
San Francisco, CA 94111-4106             Fax No.: (650) 565-5100
Fax No.: (415) 434-3947

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct. Executed at Atlanta, Georgia on June 1, 2005.

Timothy H. Kratz