1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7
                        UNITED STATES DISTRICT COURT
8
                      NORTHERN DISTRICT OF CALIFORNIA
9
                             SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,                    )   CASE NO.:  C 04 01497 RS
12                                         )
              Plaintiff/Counterdefendant,  )   **GOOGLE INC.'S OBJECTION TO**
13                                         )   **AND MOTION TO STRIKE PARTS**
        v.                                 )   **OF DIGITAL ENVOY'S REPLY**
14                                         )   **BRIEFS AND EVIDENCE**
   GOOGLE INC.,                            )   **SUBMITTED IN REPLY TO**
15                                         )   **GOOGLE'S OPPOSITIONS TO**
              Defendant/Counterclaimant.   )   **DIGITAL ENVOY'S MOTIONS TO**
16                                         )   **COMPEL**
                                           )
17                                         )   Date:       June 22, 2005
                                           )   Time:       9:30 a.m.
18                                         )   Courtroom:  4, 5th Floor
                                           )   Judge:      Hon. Richard Seeborg
19 _____)

20

21

22

23

24

25

26

27

28

GOOGLE'S OBJECTION TO REPLY BRIEFS AND                    C:\NrPortbl\PALIB1\PBM\2673185_1.DOC
EVIDENCE AND MTN TO STRIKE
CASE NO. 04-01497 RS

1   Google Inc. ("Google") objects to and moves to strike parts of Digital Envoy's Reply Brief
2   in Support of its Motions to Compel (Docket No. 189) on the grounds that the Reply Brief raises
3   new arguments and purports to rely upon new evidence that is inadmissible or was not included in
4   Digital Envoy's Opening Brief.  Google also objects to and moves to strike Paragraphs 3, 4, 5, 8, 9
5   and 11 and Exhibits B and C of the two identical Declarations of Robert Friedman in Support of
6   Digital Envoy, Inc.'s Motions to Compel (Docket Nos. 190 and 192) (the "Friedman Decl.") on
7   the same grounds, and for lack of personal knowledge and hearsay.

**I.    ARGUMENT**

    **A.    Digital Envoy's Arguments and Evidence Raised for the First Time in Its Reply Brief Should Not Be Considered Because Digital Envoy Has Deprived Google of An Adequate Opportunity To Respond**

Google explained in detail in its two opposition briefs why the vast amount of information Digital Envoy seeks is both irrelevant and enormously burdensome.  As Google noted, Digital Envoy repeatedly contended in its opening brief that the information was relevant to its damages theories, specifically its claim for damages under the Lanham Act.  With the Lanham Act claim now dismissed, Digital Envoy has changed tack in its reply brief and offered a mish-mash of new arguments, none of which are at all persuasive, but all of which should have been set out in its opening brief.

As this District has held, arguments made for the first time in a reply brief need not be considered:

> [T]he Court also does not consider the [arguments] that were introduced by Fujitsu for the first time in its Reply,[] *See United States v. Boyce, 148 F. Supp. 2d 1069, 1084 (S.D. Cal. 2001)* (citing to *United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)* (noting that courts generally decline to consider arguments raised for the first time in a reply brief); *United States v. Boggi, 74 F.3d 470, 478 (3d Cir. 1996)* (noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond); *Playboy Enters.,Inc. v. Dumas, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997)* ("Arguments made for the first time in a reply brief need not be considered by a court")).

*Competitive Technologies, Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863 (N.D. Cal. 2004).

Digital Envoy's Reply Brief is replete with new arguments not previously advanced by Digital Envoy.  By way of example only:

- Page 6 of the Reply Brief and ¶11 and Ex. C of the Friedman Decl. refer to a Google press release from April 2003 in order to suggest that contracts and communications between Google and third parties are somehow relevant and should be produced.

- On page 10 of the Reply Brief, Digital Envoy claims it needs the discovery sought because "throughout the litigation, Google has attempted to downplay the importance of the geo-targeting feature of its AdSense programs."

- Also on page 10, the Reply Brief introduces the topic of willfulness and punitive damages for the very first time, as a justification for its sweeping requests.

- In Section F, Digital Envoy for the first time claims to seek "Google's AdSense Code" offering reasons that are purely pretextual. The operation of Google's AdSense program is not now, and has never been, in dispute.

These and other arguments, as well as ¶11 and Ex. C of the Friedman Decl., could and should have been submitted with Digital Envoy's Opening Briefs, and Digital Envoy has offered no explanation as to why they were not.

The practice and purpose of opening, opposition and reply briefs in motion practice is well established and supported by the case law. Digital Envoy should not be allowed to raise new arguments and present new evidence in its Reply Briefs to which Google now has no opportunity to respond.

Separately, paragraphs 3, 4, 5, 9 and 11 of the Friedman Decl. should be stricken for lack of personal knowledge. Mr. Friedman is merely speculating about Google's and other parties' actions and intentions without personal knowledge of, nor any foundation for, the content of his statements. He has never worked for these third parties, nor does he claim or possess personal familiarity with their technology or businesses. These paragraphs and Ex. C to the Friedman Decl. should be excluded under Fed. R. Evid. 602 and Civ. L.R. 7-5(b). Paragraph 8 and Ex. B to the Friedman Decl. should also be struck as hearsay not within any relevant exception under Fed. R. Evid. 801-803. The sections of the Reply Brief relying upon these paragraphs should consequently also be stricken.

**II.    CONCLUSION**

For the foregoing reasons, Google Inc. objects to and respectfully requests the Court to strike the portions of the Reply Brief identified in Exhibit A to the Declaration in Support of Stephen Holmes and Paragraphs 3, 4, 5, 8, 9 and 11 and Exhibits B and C of the Friedman Decl.

Dated:  June 15, 2005                                    WILSON SONSINI GOODRICH & ROSATI

By:    /s/ Stephen Holmes
              Stephen Holmes

Attorneys for Defendant/Counterclaimant
Google Inc.