**\*E-FILED 6/16/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | NO. 5:04-cv-1497 RS |
| Plaintiff, | **SUPPLEMENTAL ORDER DENYING GOOGLE'S MOTION FOR SUMMARY JUDGMENT ON TRADE SECRET CLAIM** |
| v. | |
| GOOGLE, INC., | |
| Defendant. | |

On May 20, 2005, the Court issued an order denying the summary judgment motion filed by defendant Google, Inc. ("Google") on all six claims for relief advanced by plaintiff Digital Envoy, Inc. ("Digital"), but granting Google's motion for partial summary judgment on four of Digital's claims for unfair competition and unjust enrichment. Upon receipt of the Court's order, Google requested that a further ruling issue to address its argument that Digital failed to sustain its burden of establishing the requisite *mens rea* for its trade secret misappropriation claim. The Court instructed each party to submit an additional brief addressing that specific issue. Based on the supplemental briefs submitted, as well as on the papers and arguments previously presented, the Court finds that triable issues of fact remain in connection with Digital's trade secret claim which preclude the entry of summary judgment.

As Google acknowledges, the Ninth Circuit has not embraced the principle adopted by the D.C. Circuit in <u>International Engineering Co. v. Richardson</u>, 512 F.2d 573, 578 (U.S.App.D.C. 1975) and

Aktiebolaget Bofors v. United States, 194 F.2d 145, 147 (D.C. Cir. 1951), that the licensee of a trade secret who exceeds the scope of the license may be subject only to contract and not tort liability. See e.g., Tracer Research Corp. v. National Environmental Services Company, 42 F.3d 1292, 1295 (9th Cir. 1994) (misappropriation claim constitutes independent wrong from any breach of licensing and nondisclosure agreements). Instead, Google contends that the tort of misappropriation is unavailable in the specific context of a licensee who acts based upon a reasonable but mistaken interpretation of the license. See Google's Supplemental Brief at p. 3, fn. 3. While Google's contract interpretation may ultimately prevail at a trial on the merits, at this stage of the proceedings the Court has not made a factual finding that Google acted upon a reasonable but mistaken interpretation of the License. Rather, the Court concluded "that the License is reasonably susceptible to the meanings proffered by *both* Google and Digital." Id. at lines 8-9 (emphasis added). The question of the intent of the parties in entering into the License Agreement remains to be adjudicated, as the Court found the terms of the contract to be ambiguous. Included, therefore, in the issues that remain are what Google understood to be the parameters of the License. The Court's order noting that the language of the License is reasonably susceptible to the legal interpretation advanced by Google in this litigation does not supplant that factual question.

      Plaintiff establishes a misappropriation of trade secrets claim by showing that at the time of the unauthorized disclosure or use, the defendant knew or had reason to know that its use of the trade secret was prohibited or limited. Cal. Civ. Code § 3426.1(b)(2)(B)(ii). In this instance, as discussed in the Court's order denying Google's motion for summary judgment, the evidence submitted creates triable issues of fact concerning the scope of the License negotiated between the parties, as well as the precise restrictions, if any, on Google's use of Digital's proprietary technology. The evidence submitted to the Court indicated that, while Google acknowledged the versatility of Digital's product and noted that it would likely use the data solely to target advertising, Google also stated that it "liked to have flexibility." See, e.g., Kramer Decl., Exh. B. In response, Digital assured Google that it was providing an "'all you can eat' metro-targeting-you can use it for everything and there is no volume cap" license. Id. at p. 8759. Nonetheless, Digital pointed out that the License contained limits and prohibited Google from selling, licensing, distributing, sharing, or otherwise giving, in any form, its database libraries to any other party or using those

2

libraries outside of Google's site.  See License Agreement at Section 3, ¶ 1.  Digital also noted that, prior to the execution of the License, it clarified with Google the meaning of that clause, informing Google that it would not be permitted to provide third parties indirect access to Digital's technology by including it within Google's services.  See Kratz Decl. at Exh. E, p. 9359.

Based on that evidence, as well as on the language set forth in the License Agreement, the understandings of the parties relative to the permissible use of Digital's technology remains a disputed issue.  In the event that the trier of fact were to conclude that Google knew or should have known that it was precluded from utilizing Digital's intellectual property in its AdSense program, then the tort of misappropriation may be available, notwithstanding the Court's summary judgment order that the language of the License Agreement is reasonably susceptible to the meaning Google now ascribes to it.

Moreover, as the Ninth Circuit has noted, liability in a trade secrets case lies not only in the wrongful acquisition of a trade secret, but also in the unauthorized disclosure or use of the proprietary information.  See Clark v. Bunker, 453 F.2d 1006, 1008, fn. 2 (9th Cir. 1972).  Accordingly, if it is ultimately found that Google exceeded the scope of its License, then a trier of fact may also conclude that Google knew or should have known that its use of Digital's proprietary technology in its AdSense program constituted a misappropriation of Digital's trade secrets.  For these reasons, Google has failed to establish that it is entitled to judgment as a matter of law with respect to Digital's claim for misappropriation of trade secrets and its motion for summary judgment
on that claim is, therefore, denied.

IT IS SO ORDERED.

Dated:  6/16/05                                                                /s/ Richard Seeborg
                                                                                      RICHARD SEEBORG
                                                                                      United States Magistrate Judge

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman   bblackman@sheppardmullin.com

P. Craig Cardon   ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves   tgraves@wsgr.com

Stephen C. Holmes   sholmes@wsgr.com, pmarquez@wsgr.com

David H. Kramer   dkramer@wsgr.com, dgrubbs@wsgr.com

Michael S. Kwun   mkwun@google.com

David L. Lansky   dlansky@wsgr.com

Chan S. Park   cpark@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/16/05**                                            **Chambers of Judge Richard Seeborg**

                                                **By:   /s/ BAK**