1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:   415-434-9100
   Facsimile:   415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

| | |
|---|---|
| 14  DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| 15           Plaintiff/Counterdefendant, | **DIGITAL ENVOY'S RESPONSE BRIEF IN OPPOSITION TO GOOGLE'S** |
| 16      v. | **OBJECTIONS AND MOTION TO STRIKE PARTS OF DIGITAL ENVOY'S** |
| 17  GOOGLE, INC., | **REPLY BRIEF AND EVIDENCE** |
| 18           Defendant/Counterclaimant. | Date:        June 22, 2005<br>Time:        9:30 a.m.<br>Courtroom:   4, 5th Floor |
| 19 | |
| 20 | The Honorable Richard Seeborg |

-1-

## I.

## INTRODUCTION

In an increasingly aggressive effort to avoid producing any relevant documents or information responsive to Digital Envoy's discovery requests, Google has now moved to "strike" portions of Digital Envoy's Reply Brief in support of its motions to compel. Google asserts, unconvincingly, that Digital Envoy is making "new" arguments for the first time in its Reply Brief. *See* Motion to Strike at 1. Not true. What Google asserts are "new" arguments are nothing more than a proper and necessary rebuttal to Google's broad and unsupported assertions that Digital Envoy's discovery requests are "irrelevant." *See* Google Inc.'s Opposition to Digital Envoy's Motion to Compel Further Responses to Its First and Second Sets of Requests for Production of Comments to Google, Inc. at 1 ("Digital Envoy's failure[] . . . to make any sort of relevance showing reveals its requests as specious.").

For Google to first complain that Digital Envoy's showing of relevance is insufficient to warrant discovery, and then seek to deprive the Court of Digital Envoy's basis for its relevance claims, is audacious indeed (but, unfortunately, consistent with Google's efforts to avoid discovery in this case). More importantly, Google's motion to strike is a baseless attempt to deny Digital Envoy its right to reply to Google's arguments and assertions in Google's Opposition. The Court should deny Google's Motion and consider the parties' arguments on their merits.

Google's argument also misconstrues the allocation of burdens in the discovery process. Consistent with its obligations under Federal Rule 26, Digital Envoy has met its burden by propounding requests that seek discovery of documents and information relevant to its "claims and defenses" in this case. Google, as the party opposing discovery, bears the burden of establishing that discovery should not be had for a reason contemplated by Rule 26. Google has attempted to do so here by arguing that Digital Envoy's requests are irrelevant or overly burdensome. Digital Envoy has naturally responded with a detailed showing of the relevance of the discovery it seeks. Digital Envoy has mounted no new arguments but, instead, has properly countered Google's broad and general objections based on alleged irrelevance of the discovery requests. Google's insistence, that a specialized showing of relevance is needed before discovery can be had (which

the federal discovery rules do not require), is tantamount to insisting that Digital Envoy prove its entire case before Google is required to respond to discovery requests.  As Digital Envoy explained in its briefs in support of its motions to compel, this is not the law.  Google should not be allowed to further obstruct the discovery process by denying Digital Envoy its right to respond to Google's objections.

## II.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Digital Envoy's Reply Brief Properly Rebuts Google's Opposition To The Motions To Compel.**

Digital Envoy's reply brief responds specifically to Google's arguments that discovery should not be had in this case.  The thrust of Google's opposition is its assertion that Digital Envoy's discovery requests are i) irrelevant and ii) overly burdensome.  *See* Opposition to Motion to Compel at 3 ("Google should not be compelled to provide further responses because the requested information is irrelevant and would be immensely burdensome to collect and produce.").  In its reply, therefore, Digital Envoy set out in great detail the multitude of reasons why the discovery it seeks is relevant and, Google's burdensomeness argument notwithstanding, should be produced.[1]  How Digital Envoy's rebuttal to Google's arguments, raised by Google in its opposition briefs, constitute "new" arguments, Google does not (or cannot) explain.[2]

---

[1]  Indeed, without any justification at all (legal or otherwise), Google requests the Court to strike Digital Envoy's *legal argument* responding to Google's burdensomeness claim.  *See* Declaration of Stephen C. Holmes In Support of Google Inc.'s Objection to and Motion to Strike Parts of Digital Envoy's Reply Briefs and Evidence Submitted In Reply to Google's Oppositions to Digital Envoy's Motions to Compel ("Holmes Declaration"), Ex. A at 12-13.

[2]  The cases cited by Google are inapplicable to the circumstances here.  *First*, none of the cases arise from the context of a discovery dispute.  *See U.S. v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (noting, in this criminal case, that courts of appeals "[a]s a general matter," will not consider arguments raised on appeal for the first time in a reply brief"); *U.S. v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (considering new appellate argument while noting that the court "ordinarily decline[s]" to consider new arguments raised for the first time in an appellate reply brief); *Competitive Technologies, Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 860 (N.D. Cal. 2004) (addressing the appropriateness of presenting new evidence in a summary judgment reply brief); *U.S. v. Boyce*, 148 F. Supp. 2d 1069, 1071 (S.D. Cal. 2001) (addressing the appropriateness of presenting new argument in a summary judgment reply brief); *Playboy*

By way of example, Google now argues that Digital Envoy's explanation that the discovery it seeks is relevant to rebut Google's anticipated (under)valuation of Digital Envoy's technology is a "new" argument. *See* Opposition to Motion Compel at 2. Likewise, Google argues that Digital Envoy's explanation that the discovery it seeks is relevant to its claim for punitive damages is a "new" argument. *See id.* One has to wonder whether Google bothered to read the Amended Complaint before Google asserted that the discovery requests were *irrelevant*. Digital Envoy's Amended Complaint made explicit claims for misappropriation, for which the valuation of the misappropriated trade secret is relevant, and punitive damages. *See* Amended Complaint, ¶¶ 44-50 and Prayer for Relief. Therefore, these arguments in Digital Envoy's Reply Brief are nothing more than direct responses to Google's claims of irrelevance in the face of the plain language of the Amended Complaint and proper damages analysis for a misappropriation claim. The very same logic applies to all of Digital Envoy's rebuttal arguments – i.e., these are not new arguments, but necessary and proper responses to Google's charges that discovery should not be had.

Digital Envoy has been and continues to be astounded by Google's assertions of irrelevance. Therefore, in an effort to respond directly to Google's assertions, Digital Envoy spelled out the quite obvious reasons why the discovery it seeks is relevant to its claims. Google's mischaracterization of the facts and Digital Envoy's claims in its Opposition opened the door for Digital Envoy to provide to the Court the basis for its discovery requests. Google should not be allowed to avoid responding to the merits of Digital Envoy's arguments on the grounds of a manufactured technicality. Google's Motion should be denied.

**B.    The Declaration Of Robert Friedman Is Proper.**

A witness may testify about those facts to which he has personal knowledge. *See* Fed. R. Evid. 602. A witness's personal knowledge may be established *through his own testimony*. *See*

---

*Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 (S.D.N.Y. 1997) (addressing the appropriateness of presenting new arguments for the first time in an appellate reply brief). Second, because Google has failed to establish that any of Digital Envoy's challenged responses are "new" arguments, these cases do not apply.

*id.* In support of its motions to compel, Digital Envoy submitted the Declaration of Robert Friedman, Digital Envoy's Executive Vice President and General Counsel who testified that he has "personal knowledge of all facts set forth" in the declaration. *See* Declaration of Robert Friedman In Support of Digital Envoy's Motions to Compel, ¶ 1-2. Nevertheless, Google is attempting to keep this evidence from the light of day by asserting that Mr. Friedman has no personal knowledge of the facts about which he testifies. *See* Motion to Strike at 2. In particular, Google claims that Mr. Friedman is "merely speculating about Google's and other parties' actions and intentions." *See id.* Google provides no specifics in support of its broad (mis)characterization of Mr. Friedman's testimony.

By way of example, Google asks the Court to strike Mr. Friedman's testimony about Digital Envoy's own business practices and facts related to its provision of services to Digital Envoy's own customers. *See* Friedman Declaration, ¶ 9 and Motion to Strike at 2. Certainly Mr. Friedman, as a senior officer of Digital Envoy, has personal knowledge about Digital Envoy's business and customers. In addition, Google moves to strike Mr. Friedman's testimony authenticating Google's own press release (publicly available on Google's own web site). *See* Friedman Declaration, ¶ 11 and Motion to Strike at 2. Mr. Friedman, who has access to the Internet and the ability to access Google's web site, is capable of testifying to the existence of documents located there. Google's Motion to Strike portions of the Friedman Declaration is unfounded and should be denied.

/ / /

/ / /

/ / /

### III.   CONCLUSION

For the reasons set forth above, Google's Motion to Strike Should be denied, and the Court should consider the parties' arguments related Digital Envoy's motions to compel on their merits.

DATED:  June 21, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.