*E-FILED 6/23/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DIGITAL ENVOY, INC.,

    Plaintiff,

v.

GOOGLE, INC.,

    Defendant.

NO. 5:04-cv-1497 RS

**ORDER GRANTING GOOGLE'S MOTION TO COMPEL**

## I. INTRODUCTION

Defendant Google, Inc. ("Google") moves to preclude plaintiff Digital Envoy, Inc. ("Digital") from offering evidence in support of certain contentions it has advanced in this litigation due to its alleged failure to explain the basis for those contentions in response to Google's interrogatories.[1] In the alternative, Google requests that Digital provide adequate supplemental responses. The motion was fully briefed and heard by the Court on June 22, 2005. Based on all papers filed to date, as well as on the argument of counsel, the Court grants the request to compel further responses and denies the request to preclude evidence, for the reasons set forth below.

---

[1] Google also initially moved to compel Digital to provide further responses to two of Google's requests for admissions, as well as to a related interrogatory. However, in light of Digital's supplemental responses, Google has withdrawn that portion of its motion. See Google's Reply Brief at p. 5, lines 8-9.

## II.  BACKGROUND

This action stems from a dispute between the parties regarding the scope of a license which Google obtained from Digital regarding the use of geo-targeting technology. As the Court has issued several orders in this action, further factual background need not be restated for purposes of this motion.  Google seeks to preclude Digital from presenting evidence regarding certain contentions it has advanced in this litigation or, in the alternative, moves to compel Digital to provide further responses to four contention interrogatories. Google contends that Digital's responses are inadequate because they contain no specific information and, instead, refer Google only to general materials, such as deposition transcripts or communications between the parties.  Digital responds that it has adequately informed Google of the bases for its contentions, as well as provided all of the information it possesses in response to Google's inquiries.  To the extent that Google complains that its answers are nonresponsive, Digital notes that it cannot provide what it does not have and, since Google has refused to provide adequate responses to Digital regarding its discovery requests, Digital, in turn, cannot provide more detailed responses to Google.

## III.  STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. Rule 401.  Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the

discovery in an effort to secure the information or material without court action. Fed. R. Civ. P. 37(a)(2)(B).

## IV.  DISCUSSION

Google propounded four contention interrogatories, asking for the facts and evidence in support of Digital's contentions that: (1) Google improperly disclosed Digital's data to third parties in violation of the License (interrogatory number eight); (2) Google's misappropriation of Digital's trade secrets have unjustly enriched Google (interrogatory number nine); (3) Google's actions have been wilful and malicious (interrogatory number ten); and, (4) Google was under an obligation to limit its use of Digital's data (interrogatory number nineteen). Contention interrogatories are meant to narrow the issues in a lawsuit to either the most significant or the most viable so that the parties and the court may bring the action to a close, either through settlement or trial. See e.g., Lexington Ins. Co. v. Commonwealth Ins. Co., No. C-98-3477 CRB (JCS), 1999 WL 33292943, at *7 (N.D. Cal. Sept. 17, 1999) (purpose of contention interrogatories is to narrow issues for trial and determine proof required to rebut party's position).

Digital initially responded that it was relying on the License Agreement itself, as well as on communications between the parties, and Google's activities related to its AdSense and AdWords programs. See Kramer Decl., Exh. A. After meeting and conferring with Google, Digital provided supplemental responses identifying the "facts" in support of its contentions as: (1) deposition testimony of Matt Cutts, Steve Schimmell, Kulpreet Rana, Google's technical expert, Google's various 30(b)(6) witnesses, and other deposition testimony; (2) the License Agreement itself; (3) communications between the parties, including emails and representations made by various individuals; and (4) Google's activities related to AdSense and AdWords. See Supplemental Kramer Decl., Exh. B. In addition, Digital states that the evidence in support of its contentions "has been produced by, testified to, or otherwise disclosed to Google." Id. Based on these responses, Digital contends that it has provided the bases for its contentions.

Digital's responses to Google are inadequate because they fail to illuminate Digital's positions on any of the four contentions addressed in the interrogatories. As one judge in this district has stated, "[C]atch-all provisions are not sufficiently specific to be responsive, even when combined with more specific references to evidence. This response defeats the purpose of a contention interrogatory to narrow the issues for

3

settlement or trial and put a party on notice of its opponent's contentions and the evidence on which it relies." See Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, No. C-02-4799 SBA (JL), 2005 WL 318811, at *5, 8 (N.D. Cal. Jan. 5, 2005). As noted by Google, no specific references are provided with respect to any of the "facts" stated by Digital, such as deposition transcript pages, dated email correspondence, or Bates numbers. Id. Further, as the requests are phrased, they seek information on which Digital bases its contentions and therefore cannot be avoided through the argument that Google remains in sole possession of responsive material. Digital cannot, in other words, rely on information it does not possess to support its own contentions. As a result, Google's request to compel further responses to its contention interrogatories is granted. Although Google seeks to preclude Digital from presenting evidence at trial regarding these contentions, the Court finds that Digital has identified, at least in general terms, the evidence which supports its contentions. As a result, preclusive sanctions are not warranted.

## V.  CONCLUSION

For the reasons set forth above, Google's motion to compel further responses to interrogatories is granted and Digital shall provide further responses to Google's Interrogatory Nos. 8, 9, 10, and 19 within ten (10) days of the date of this order. Google's motion to preclude evidence is denied.

IT IS SO ORDERED.

Dated: June 23, 2005    /s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman     bblackman@sheppardmullin.com

P. Craig Cardon     ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves     tgraves@wsgr.com

Stephen C. Holmes     sholmes@wsgr.com, pmarquez@wsgr.com

David H. Kramer     dkramer@wsgr.com, dgrubbs@wsgr.com

Michael S. Kwun     mkwun@google.com

David L. Lansky     dlansky@wsgr.com

Chan S. Park     cpark@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/23/05**                                             **Chambers of Judge Richard Seeborg**

                                                              **By:     /s/ BAK**