1   P. CRAIG CARDON, Cal. Bar No. 168646
    BRIAN R. BLACKMAN, Cal. Bar No. 196996
2   KENDALL M. BURTON, Cal. Bar No. 228720
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4106
4   Telephone:     415-434-9100
    Facsimile:     415-434-3947
5

6   TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
    LUKE ANDERSON (Admitted *Pro Hac Vice*)
    MCGUIRE WOODS, L.L.P
7   1170 Peachtree Street, N.E., Suite 2100
    Atlanta, Georgia 30309
8   Telephone: 404.443.5500
    Facsimile: 404.443.5751
9
    Attorneys for DIGITAL ENVOY, INC.
10

11               UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

| | |
|---|---|
| 14   DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| 15         Plaintiff/Counterdefendant, | **DIGITAL ENVOY'S MOTION UNDER CIVIL L.R. 7-9(a) FOR LEAVE TO FILE ITS MOTION FOR RECONSIDERATION** |
| 16      v. | |
| 17   GOOGLE, INC., | Date:        No Hearing Set [L.R 7-9(d)] |
| 18         Defendant/Counterclaimant. | Courtroom:   4, 5th Floor |
| 19 | The Honorable Richard Seeborg |

20

21

22

23

24

25

26

27

28

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND BACKGROUND ................................................................ 1

II.   CITATION OF AUTHORITY ................................................................................. 1

      A.    CIVIL L.R. 7-9(a) ...................................................................................... 1

      B.    Emergence of New Material Fact ............................................................... 2

      C.    Manifest Failure to Consider Material Facts or Dispositive Legal
            Arguments .................................................................................................. 3

            1.    The Court Erred in Finding that Identical Facts Formed the Basis for
                  the Dismissed Claims. ...................................................................... 3

                  a.    Claim I: Misappropriation of Trade Secrets Under California
                        Civil Code § 3426 et seq. ....................................................... 4

                  b.    Claim III: Statutory Unfair Competition Under California
                        Business Code § 17200 et seq. ............................................... 4

                  c.    Claim V: Unjust Enrichment .................................................. 6

            2.    The Court Erred in Finding that Digital Envoy Did Not Argue that
                  the Dismissed Claims were Based on Different Facts ..................... 7

            3.    The Court erred in finding that Digital Envoy and Google are not
                  competitors for the purpose of the Lanham Act claim. ................. 8

III.  CONCLUSION ................................................................................................... 11

1

TABLE OF AUTHORITIES

2

3

Federal Cases

Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems,
    101 F. Supp. 2d 1257 (N.D. Cal. 1999) ................................................................. 2

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ............................................................................................... 3

Callaway Golf Co. v. Dunlop Slazenger Group America, Inc.,
    318 F. Supp. 2d 216 ........................................................................................... 6, 7

Coastal Abstract Service, Inc. v. First American Title Insurance Company
    173 F.3d 725 (9th Cir. 1999)............................................................................ 10, 11

Halicki v. United Artists Communications, Inc.
    812 F.2d 1213 (9th Cir. 1987) .............................................................................. 10

Kournikova v. General Media Communications, Inc.,
    278 F. Supp. 2d 1111 (C.D. Cal. 2003)................................................................ 10

Lamothe v. Atlantic Recording Corp.,
    847 F.2d 1403 (9th Cir. 1988) .............................................................................. 10

North Pacifica, LLC v. City of Pacifica,
    234 F. Supp. 2d 1053 (N.D. Cal. 2002) ................................................................. 2

Waits v. Frito-Lay, Inc.,
    978 F.2d 1093 (9th Cir. 1992)........................................................................... 9, 10

Docketed Cases

Desert Outdoor Advertising v. City of Oakland,
    No. C03-10788 ....................................................................................................... 2

Federal Statutes

15 U.S.C. §1125(a)(1)(A) ........................................................................................... 9

State Statutes

Cal. Bus. & Prof. Code
    § 17200 *et seq*......................................................................................................... 2, 4
    § 17203 ..................................................................................................................... 4

Cal. Civ. Code
    § 3426 ....................................................................................................................... 2
    § 3426 *et seq*............................................................................................................. 4
    § 3426.7(b) .......................................................................................................... 5, 7
    § 3426(b)(2)(B)(ii) .................................................................................................. 4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

DIGITAL ENVOY'S MOTION FOR LEAVE TO FILE<br>MOTION FOR RECONSIDERATION

Civil Local Rule
    7-9(a) .................................................................................................................... 1
    7-9(b) ................................................................................................................. 2, 12

Miscellaneous

The Lanham Act
    Section 43(a) ..................................................................................................... 9, 10
    Section 43(a)(1)(B) ........................................................................................ 10, 11

1    Pursuant to Local Rule 7-9(a) for the Northern District of California,

2    Plaintiff/Counterdefendant Digital Envoy, Inc. ("Digital Envoy") files this Motion for Leave to

3    File its Motion for Reconsideration.

4    ## I.    INTRODUCTION AND BACKGROUND

5    On February 7, 2005, Google filed a Motion for Partial Summary Judgment.  *See* Google

6    Inc.'s Notice of Motion and Motion for Partial Summary Judgment on Counts II, III, IV and V of

7    the Amended Complaint ("Google's Motion").  After extensive briefing and a hearing, the Court

8    issued an Order on May 20, 2005, granting Google partial summary judgment on counts II

9    (Lanham Act), III (statutory unfair competition), IV (common law unfair competition), and V

10   (unjust enrichment).  *See* Order Denying Google's Motion for Summary Judgment and Granting

11   Google's Motion for Partial Summary Judgment ("Order").  The Court noted that the bases for

12   granting summary judgment were that: (1) Digital Envoy's claims III, IV, and V were based on

13   identical facts as those that formed the basis for Digital Envoy's claim 1 (misappropriation of trade

14   secrets); and (2) Digital Envoy and Google were not competitors, thereby barring Digital Envoy

15   from bringing an action against Google under the Lanham Act.  *See* Order.

16   Digital Envoy now files this Motion for Leave to File Its Motion for Reconsideration,

17   under Civil. L.R. 7-9(a).

18   ## II.    CITATION OF AUTHORITY

19   **A.    CIVIL L.R. 7-9(a)**

20   Reconsideration of a court order is proper where:

21   (1)    a material difference in fact or law exists from that which was presented to the
22          Court before entry of the order for which reconsideration is sought, and the moving
         party has diligently filed this motion; or

23   (2)    a new material fact emerged or a change of law occurred since the issuance of the
24          order; or

25   (3)    there was a manifest failure by the Court to consider material facts or dispositive
            legal arguments that were presented to the Court.

26
27   See Civil L.R. 7-9(b); Desert Outdoor Advertising v. City of Oakland, No. C03-10788 MJJ (N.D.

28   Cal. 2005); North Pacifica, LLC v. City of Pacifica, 234 F. Supp. 2d 1053 (N.D. Cal. 2002);

-1-

1    Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, 101 F. Supp. 2d 1257 (N.D. Cal.

2    1999). Here, Digital Envoy submits that:

3         •    new material facts have emerged since the issuance of the order; and

4         •    there was a manifest failure to consider material facts or dispositive legal

5              arguments.

6    These circumstances thus justify reconsideration of the Court's Order.

7    **B.    Emergence of New Material Fact**

8         Since the Order, Google has now stipulated to the authenticity of certain key documents

9    (hereafter the "Ray Sydney e-mails"). *See* Joint Stipulation (Exh. A to Declaration of John

10   Lockett); GOOG 09696 - GOOG 09698 (Exh. B to Declaration of John Lockett). The stipulation

11   now places the email messages in proper condition for use as evidence to support Digital Envoy's

12   dismissed claims, namely, for statutory unfair competition (Count III), Cal. Bus. & Prof. Code, §

13   17200 *et seq.*, common law unfair competition (Count IV), and unjust enrichment (Count V). The

14   Ray Sidney emails show how Google actively attempted to discourage others from obtaining geo-

15   targeting from Digital Envoy, specifically by encouraging third parties only to obtain geo-

16   targeting from Google. The email messages expressly note that third parties should "forget about

17   having to try any geotargeting on their own side," further asking "why would they want to do their

18   own geotargeting if they don't have to?" *See* GOOG 009876 and GOOG 009696. This type of

19   behavior by Google obstructed Digital Envoy's business by diverting third-parties away from

20   Digital Envoy to Google, despite the fact that Google was using Digital Envoy's technology to

21   perform geotargeting. Such obstructive behavior forms the basis of the dismissed claims.

22        Insofar as Ray Sidney's email message is unrelated to Digital Envoy's misappropriation

23   claim pursuant to Cal. Civ. Code, § 3426, the dismissed claims are no longer based on identical

24   facts as those that form the basis for the misappropriation.

25

26

27

28

W02-SF:5BB\61460349.1              DIGITAL ENVOY'S MOTION FOR LEAVE TO FILE
                                                       MOTION FOR RECONSIDERATION

1    **C.    Manifest Failure to Consider Material Facts or Dispositive Legal Arguments**

2         Digital Envoy also submits that there was a manifest failure to consider material facts and

3    dispositive legal arguments.  For purposes of summary judgment, all facts must be viewed in the

4    light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

5    (1986).  Therefore, all facts should have been viewed in the light most favorable to Digital Envoy

6    as the non-moving party.  As discussed in greater detail below, the Court failed to consider all

7    facts in the light most favorable to Digital Envoy.

8         **1.    The Court Erred in Finding that Identical Facts Formed the Basis for the**

9              **Dismissed Claims.**

10        The Court found that Digital Envoy's statutory unfair competition, common law unfair

11   competition, and unjust enrichment claims were preempted by Digital Envoy's claim for

12   misappropriation under the California Uniform Trade Secrets Act (CUTSA) on the grounds that

13   Digital Envoy's "common law claims [are] based on the <u>identical</u> nucleus of operative facts as

14   those alleged in the misappropriation claims."  *See* Order at 12 (emphasis added).  In fact,

15   however, the factual bases for Digital Envoy's claims arise from different subsets of the general

16   facts alleged in the Complaint.

17        In its Complaint, Digital Envoy set forth all of the facts relevant to each of its claims at the

18   beginning.  The Order correctly observed that all of the factual allegations in the complaint were

19   re-alleged for the statutory unfair competition claim (III), common-law unfair competition claim

20   (IV), and the unjust enrichment claim (V).  *See* Amended Complaint.  However, the factual bases

21   for these claims were not <u>identical</u> to the factual basis for the misappropriation claim.  *See* Digital

22   Envoy's Opposition Motion, p.9.  Although all of the allegations for claim I were incorporated by

23   reference into claims III, IV, and V, <u>different subsets</u> of those allegations - *i.e.*, different operative

24   facts - formed the basis for each of the various claims.

25        The Order failed to recognize that several of Digital Envoy's claims arose apart from the

26   trade secret analysis, which is only one component of the misappropriation claim.  In particular,

27   the Order failed to acknowledge that the dismissed claims arose separately from Google's acts that

28

-3-

1    were wholly independent from Google's misappropriation of Digital Envoy's trade secret - the

2    basis for the allegations in claim I.

3              **a.      Claim I: Misappropriation of Trade Secrets Under California Civil**

4                        **Code § 3426 et seq.**

5              "Misappropriation means . . . use of a trade secret of another without express or implied

6    consent by a person who: At the time of . . . use, knew or had reason to know that his or her

7    knowledge of the trade secret was: Acquired under circumstances giving rise to a duty to . . . limit

8    its use." Cal. Civ. Code, § 3426(b)(2)(B)(ii).

9              Digital Envoy's claim I for misappropriation is supported by the following facts:

| CUTSA | FACTS |
|---|---|
| 1) use of | 1) geo-targeting advertisements and searches using |
| 2) a trade secret | 2) the proprietary Database Libraries |
| 3) of another | 3) of Digital Envoy |
| 4) without express or implied consent | 4) beyond the scope of the license |
| 5) by a person who | 5) by Google who |
| 6) at the time of use | 6) during the effective period of the license |
| 7) knew or had reason to know that his or her knowledge of the trade secret was acquired under circumstances giving rise to a duty to limit its use | 7) knew or should have known that the agreement strictly limited the use of Digital Envoy's Database Library |

              **b.      Claim III: Statutory Unfair Competition Under California Business**

                        **Code § 17200 et seq.**

              "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business

act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. and Prof.

Code § 17203.

              Unlike claim I for misappropriation, claim III for statutory unfair competition is supported

by the following facts:

| CAL. BUS. AND PROF. CODE § 17203 | FACTS |
|---|---|
| 1) business act | 1) generating revenue through Google's advertising programs |
| 2) unfair | 2) by deliberately stealing Digital Envoy's potential market in violation of the license |

-4-

1    As shown here, the only element in common between claim III and claim I is the fact that

2    Google violated the licensing contract.  In addition, Google engaged in a campaign to discourage

3    prospective Digital Envoy customers from obtaining a license from Digital Envoy.  This was in

4    violation of the license and contrary to the assurances made by Google representatives during

5    negotiations prior to execution of the license.  Additionally, this was in violation of the assurances

6    made by Google representatives during the effective period of the license.  These acts, which are

7    independent of the misappropriation claim, form the bases for Digital Envoy's statutory unfair

8    competition claim.  In other words, Google's <u>improper use</u>, which underlies Digital Envoy's

9    misappropriation claim, is distinct from Google's <u>active discouragement</u> of Digital Envoy's

10   potential customers, which underlies Digital Envoy's statutory unfair competition claim.

11   Among other things, the "trade secret" component is wholly absent from the unfair

12   competition claim.  It is axiomatic that statutory unfair competition is not a claim that is based

13   upon misappropriation of a trade secret when the statutory unfair competition claim is wholly

14   devoid of the "trade secret" element.

15   Given the absence of the "trade secret" element, the statutory unfair competition claim and

16   the misappropriation claim cannot be based on the <u>identical</u> nucleus of operative facts, as recited

17   in the Order.  It was therefore erroneous to find that the basis for statutory unfair competition is

18   <u>identical</u> to the basis for misappropriation, because one or more elements of misappropriation are

19   wholly absent from the elements of statutory unfair competition.

20   Given that Digital Envoy's statutory unfair competition claim is independent of the "trade

21   secret" element, the CUTSA cannot supersede Digital Envoy's statutory unfair competition claim.

22   *See* Cal. Civ. Code § 3426.7(b) ("This title does not affect . . . other civil remedies that are not

23   based upon misappropriation of a trade secret").  In addition, as shown here, even if the Court

24   were to find that the Database Libraries are not trade secrets, Digital Envoy could still recover

25

26

27

28

-5-

1  under statutory unfair competition, as that claim is based on Google's deliberate stealing of Digital

2  Envoy's potential market in violation of the license.[1]

3      Therefore, the facts underlying claim III for violation statutory unfair competition are not

4  coterminous with the facts underlying claim I for misappropriation of trade secrets.  In that regard,

5  Digital Envoy requests that the Court reconsider its finding that the misappropriation claim

6  preempted the statutory unfair competition claim.

7          **c.      Claim V: Unjust Enrichment**

8      "Unjust enrichment is a term used to characterize the result or effect of a failure to make

9  restitution of or for property or benefits received under circumstances that give rise to a legal or

10  equitable obligation to account for them."  *Callaway Golf*, 318 F. Supp. 2d at 221.

11      Claim V (unjust enrichment) is supported by the following facts:

12
| UNJUST ENRICHMENT | FACTS |
|---|---|
| 1)  a failure to make restitution | 1)  Google's failure to pay Digital Envoy |
| 2)  for benefits received | 2)  for revenue derived |
| 3)  under circumstances that give rise to a legal or equitable obligation to account for them | 3)  under an obligation that required Google to execute a separate license for third-party advertising |

16

17      Again, the "trade secret" component is wholly missing from the unjust enrichment claim.

18  Additionally, all of the other elements of the misappropriation claim are absent from the unjust

19  enrichment claim.  It is obvious that unjust enrichment is not a claim that is based upon

20  misappropriation of a trade secret, when the factual basis for unjust enrichment is not coextensive

21  with the factual basis for misappropriation.

22      In that regard, the misappropriation claim and the unjust enrichment claim are not based on

23  the _identical_ nucleus of operative facts, as recited in the Order.  It was erroneous to find that the

24  basis for the unjust enrichment claim was _identical_ to the basis for misappropriation claim, since

25  [1]   In *Callaway Golf Co. v. Dunlop Slazenger Group Am., Inc.*, 318 F. Supp. 2d 216, 220-221,
26  the court held that the factual basis for a misappropriation claim was identical to the factual
   basis for a negligence claim because "if Dunlop loses its misappropriation claim with
27  respect to the Felipe binder, it could not recover in its negligence claim."  However, unlike
   *Callaway Golf*, Digital Envoy's claims do not rise and fall together, thereby evincing that
   they are not based on the same underlying facts.

28

1   one or more elements of the misappropriation claim were wholly absent from the elements of the

2   unjust enrichment claim.

3        Given that the unjust enrichment claim is independent of the "trade secret" element, the

4   California Uniform Trade Secrets Act (CUTSA) cannot supersede the claim for unjust enrichment.

5   *See* Cal. Civ. Code § 3426.7(b).  Additionally, as shown here, even if Digital Envoy's

6   misappropriation claim fails because the Court finds that the Database Libraries are not trade

7   secrets, Digital Envoy could still recover for unjust enrichment because the unjust enrichment

8   claim is immaterial to whether or not the Database Libraries are trade secrets.  In that regard, the

9   unjust enrichment claim is <u>independent</u> of whether or not the Database Libraries are trade secrets.

10       This case is therefore distinguishable from *Callaway Golf*, in which the court found the

11  opposite - namely, that the trade secret was <u>necessary</u> to sustain the preempted claims.  *See*

12  *Callaway Golf*, 318 F. Supp. 2d at 219-220.  Specifically, the Court noted that the preempted

13  claims were wholly <u>dependent</u> on the trade secret.  *Id.* at 218 ("if the information at issue

14  constitutes trade secrets, Dunlop's common law claims are preempted by CUTSA, and if the

15  information at issue does not constitute trade secrets, because the information was in the public

16  domain or developed by Callaway, then Dunlop has no ownership right in the information.").

17       Here, Digital Envoy's claim for unjust enrichment is entirely <u>independent</u> of the status of

18  the Database Libraries.  In other words, Digital Envoy is entitled to recover for Google's use of the

19  Database Libraries, in violation of the Agreement, regardless of whether the Database Libraries

20  are in fact trade secrets.

21       Thus, the unjust enrichment claim is not based on the same facts as the misappropriation

22  claim.  In that regard, Digital Envoy requests that the Court reconsider its finding that the

23  misappropriation claim preempted the unjust enrichment claim.

24       **2.      The Court Erred in Finding that Digital Envoy Did Not Argue that the**

25       **Dismissed Claims were Based on Different Facts**

26       The Order further notes that a "review of Digital's amended complaint reveals that its third,

27  fourth, and fifth claims for relief are based on the identical facts alleged in its claim for

28

-7-

1  misappropriation of trade secrets.  Indeed, Digital does not argue otherwise in its opposition."

2  Order at 13.

3         In fact, Digital Envoy explicitly argued that the underlying facts for claims III (statutory

4  unfair competition), IV (common law unfair competition), and V (unjust enrichment) were distinct

5  from the underlying facts for claim I (misappropriation).  Specifically, Digital Envoy presented the

6  following arguments:

7         1.     Digital Envoy specifically argued that the dismissed claims were "not . . .
              predicated on the technology or data actually being a trade secret."  Digital Envoy's
8              Opposition Brief at 9.

9         2.     Digital Envoy specifically argued that each claim turned on specific factual
              nuances pertinent to the claim (*i.e.*, each claim had different factual bases).  *Id.*
10

11        3.     Digital Envoy specifically argued that the statutory unfair competition claim was
              based on Google's active discouragement of third-parties from licensing the
12             technology from Digital Envoy, which is not a factual basis for Digital Envoy's
              misappropriation claim.  *Id.*
13

14        4.     Digital Envoy specifically argued that the common law unfair competition claim
              was based on Google improperly obtaining the benefit of Digital Envoy's good will,
15             which is not a factual basis for Digital Envoy's misappropriation claim.  *Id.*

16        5.     Digital Envoy specifically argued that the unjust enrichment claim was based on
              Google's failure to pay Digital Envoy for its ill-gotten revenue, which is not a
17             factual basis for Digital Envoy's misappropriation claim.  *Id.*

18  In short, Digital Envoy expressly argued that the dismissed claims did not share the same factual

19  bases as the misappropriation claim.  In that regard, Digital Envoy requests that the Court

20  reconsider its ruling on the preemption issues.

21         **3.     The Court erred in finding that Digital Envoy and Google are not competitors**

22              **for the purpose of the Lanham Act claim.**

23         In the Order, the Court dismissed Digital Envoy's Lanham Act claim on the grounds that

24  Digital Envoy did not have standing to sue since it was not a "competitor" of Google.  *See* Order

25  at 14.  The Court reached this conclusion based on representations made by Digital Envoy in the

26  context of this Court's analysis of a proposed protective order that it was not a "competitor" of

27  Google.  *See* Order Denying Request to Modify Protective Order.  Digital Envoy respectfully

28  submits that the definition of "competitor" for purposes of Lanham Act analysis is not the same as

1    the definition of "competitor" used in *Brown Bag* protective order analysis.  One can be in

2    competition with another party for purposes of the Lanham Act while not being a competitor as

3    that term is used in *Brown Bag*.[2]

4           The Ninth Circuit has long recognized that a party need not be in competition with another

5    party in order to bring suit under the Lanham Act – a party need only have suffered competitive

6    injury in order to have standing to sue.  The Ninth Circuit addressed this precise issue in *Waits v.*

7    *Frito-Lay, Inc.* 978 F.2d 1093 (9th Cir. 1992).  In *Waits*, a singer whose unique voice was

8    imitated in an advertisement without his consent brought suit under 15 U.S.C. §1125(a)(1)(A).

9    The defendant argued that because the plaintiff [a singer] was not a competitor of the defendant [a

10    potato chip company], the plaintiff "is not in competition with the defendants [and] cannot sue

11    under the Lanham Act."  *Waits*, 978 F.2d at 1107.  The *Waits* court rejected this argument out of

12    hand, holding that "[t]o have standing under the Lanham Act . . . the plaintiff need not be in actual

13    competition with the alleged wrongdoer.  The dispositive question in determining standing is

14    whether the plaintiff has a reasonable interest to be protected against false advertising."  *Id.* at

15    1108.  Thus, the court held that a singer could suffer <u>competitive harm</u> from a potato chip

16    company, despite the fact that a singer and a potato chip company are not <u>competitors</u>.

17           Furthermore, the *Waits* court made clear that its holding was not limited to "false

18    advertisement" cases such as that one.   The court cited a reverse palming-off case for the

19    proposition that a party who is not in direct competition with another party but who suffers

20    competitive harm as a result of another's unfair business practices *does have* standing to sue under

21    the Lanham Act. *Id.* at 1107 ("Moreover, the plaintiff under section 43(a) need not be in actual

22

23

---

24    [2]     Contemporaneously with the filing of this motion, Digital Envoy has filed a Motion for
        Protective Order in which in requests that the Court withdraw the current protective order
25        in effect and adopt the Proposed Protective Order submitted by Google in January 10,
        2005, in its *Letter Brief Regarding Amending Protective Order*.  Digital Envoy's makes
26        this motion on the grounds that the parties are competitors, at least for Lanham Act
        purposes, and Digital Envoy is willing to submit to the more restrictive protective
27        proposed by Google in January if this concession will persuade the Court to grant Digital
        Envoy's *Motion for Reconsideration*.

28

DIGITAL ENVOY'S MOTION FOR LEAVE TO FILE
                                                                  MOTION FOR RECONSIDERATION

1    competition with the alleged wrongdoer") (citing *Smith v. Montoro*, 648 F.2d 602, 607 (9th Cir.

2    1981)).

3         The Order states that "the case [Digital Envoy] relies upon in support of the adequacy of its

4    false advertising claim confirms that the parties must be competitors in the relevant market in

5    cases involving false designation of origin under the Lanham Act." Order at 14.  That case is

6    *Lamothe v. Atlantic Recording Corp.*, 847 F.2d 1403, 1406 (9th Cir. 1988).  *Lamothe*, in turn, cites

7    as authority *Halicki v. United Artists Communications, Inc.*, for its holding that a Lanham Act

8    plaintiff must show a competitive injury in order to have standing.  812 F.2d 1213, 1214 (9th Cir.

9    1987).

10        The *Waits* opinion, which came five years after the Ninth Circuit's ruling in *Halicki*,

11   expanded the definition of "competitive injury".  The *Waits* court, in reconciling the broad

12   definition of "competition" in *Smith* with the narrower definition in *Halicki*, held:

13             To interpret *Halicki* as suggested by the defendants, for the broad proposition that
             only competitors have standing under section 43(a) regardless of the type of claim
14            asserted, would create an impermissible conflict with *Smith*, where we held that
             actual competition is unnecessary. . . .We find that *Smith* and *Halicki* may be
15            reconciled, and we begin with the basic principal that both embody: that standing
             under section 43(a) exists where the interest asserted by the plaintiff is a
16            commercial interest protected by the Lanham Act.

17   *Waits,* 978 F.2d at 1108.  *See also Kournikova v. General Media Communications, Inc.,* 278 F.

18   Supp. 2d 1111, 1117 (C.D. Cal. 2003) (holding that "the Court must determine whether or not the

19   two parties vie for the same dollars from the same consumer group, and whether the conduct of the

20   defendant, if true, could be said to create a 'competitive injury'").

21        The Court cites *Coastal Abstract Service, Inc. v. First American Title Insurance Company*

22   for the proposition that "the Ninth Circuit has held that in order to constitute a false advertising

23   claim for purposes of the Lanham Act, the statement must be made 'by a defendant who is in

24   commercial competition with the plaintiff.'" 173 F.3d 725, 735 (9th Cir. 1999).  *Coastal Abstract*

25   holds that in order to have standing to bring a false advertising under Section 43(a)(1)(B) of the

26   Lanham Act, the plaintiff must be "in commercial competition with [the] plaintiff." *Id.*  Here,

27   however, Digital Envoy's claim is not a false advertising claim under section (a)(1)(B) – but is a

28

-10-

DIGITAL ENVOY'S MOTION FOR LEAVE TO FILE
                                                   MOTION FOR RECONSIDERATION

1   false designation of origin claim brought under section (a)(1)(A).  *See Lamothe*, 847 F. 2d 1403,

2   1406 (9th Cir. 1988).  (holding that the Lanham Act claims cover two distinct types of conduct: (a)

3   palming off; and (2) false advertising).  Digital Envoy has never contended that it is advancing a

4   false advertising claim brought pursuant to Section 43(a)(1)(B).  Rather, Digital Envoy has always

5   contended that this is palming-off case.  *See* Digital Envoy's Opposition Brief at 15 ("In sum,

6   throughout the Amended Complaint, Digital Envoy alleges that Google, without any legal or

7   contractual right to do so, is selling Digital Envoy's technology as its own.  Such behavior

8   amounts to express and/or implied reverse palming off of Digital Envoy's technology.").

9       *Coastal Abstract* clearly does not overturn the holdings in *Smith* and *Waits*. To the extent it

10  distinguishes them, it does so only with regard to (a)(1)(B) false advertising claims and not with

11  regard to (a)(1)(A) palming off claims.  Accordingly, Digital Envoy has alleged a competitive

12  injury at the hands of unfair competition on the part of Google. As such, it has standing to bring a

13  claim under the Lanham Act.

14      In light of this case law, Digital Envoy respectfully requests this Court withdraw the Order

15  dismissing Digital Envoy's Lanham Act claim, and, in turn, Digital Envoy is willing to be bound

16  by Google's original proposed protective order limiting dissemination of extremely confidential

17  competitive information.

## III.    CONCLUSION

18

19      In ruling on Google's Motion for Partial Summary Judgment, the Court looked to the

20  structure of the Amended Complaint.  *See* Order at 13 ("A review of Digital's amended complaint

21  reveals that its third, fourth, and fifth claims for relief are based on the identical facts alleged in its

22  claim for misappropriation of trade secrets.").  While each of the counts in the Amended

23  Complaint did re-allege all of the underlying facts there is no requirement that a complaint

24  specifically dissect each count into its respective elements, since all this is required for notice

25  pleadings are allegations that are sufficient to place the defendant on notice.

26      Digital Envoy submits that, in reviewing Google's Motion, the facts should have been

27  viewed in a light most favorable to Digital Envoy.  In other words, rather than merely looking to

28  the structure of the allegations in the Amended Complaint, each of the underlying facts should

-11-

1    have been examined to determine whether statutory unfair competition, common law unfair

2    competition, and unjust enrichment were based on facts that were coterminous with the facts that

3    formed the basis for misappropriation.

4            Digital Envoy specifically argued that claims III (statutory unfair competition), IV

5    (common law unfair competition), and V (unjust enrichment) were based on different facts than

6    those that formed the basis of claim I (misappropriation).  Digital Envoy's Opposition Brief at p.9.

7    The Order erroneously notes the following.  *First*, that the underlying facts for all of these claims

8    was <u>identical</u>.  *See* Order at 12-13.  *Second*, that Digital Envoy never argued otherwise.  *See* Order

9    at 13.

10           In view of the specific showings above, as required by Rule 7-9(b), Digital Envoy

11   respectfully moves this Court for leave to file its motion for reconsideration

12    DATED:  July 6, 2005

13                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15                        By      _____/s/ Brian Blackman_____

16                                       P. CRAIG CARDON
                                        BRIAN R. BLACKMAN

17                                TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
18                                MCGUIRE WOODS, L.L.P
                                  1170 Peachtree Street, N.E., Suite 2100
19                                Atlanta, Georgia 30309
                                  Telephone: 404.443.5706
20                                Facsimile:  404.443.5751

21                                Attorneys for DIGITAL ENVOY, INC.

22

23

24

25

26

27

28

-12-