1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:     415-434-9100
   Facsimile:     415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14 DIGITAL ENVOY, INC.,                | Case No. C 04 01497 RS

15         Plaintiff/Counterdefendant, | **NOTICE OF MOTION AND MOTION FOR NEW PROTECTIVE ORDER;**
16     v.                              | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
17 GOOGLE, INC.,                       | **DIGITAL ENVOY'S MOTION FOR NEW PROTECTIVE ORDER**
18         Defendant/Counterclaimant.  |
                                       | Date:       August 10, 2005
19                                     | Time:       9:30 a.m.
                                       | Courtroom:  4, 5th Floor
20
                                       | The Honorable Richard Seeborg
21

-1-

1  PLEASE TAKE NOTICE that on August 10, 2005 at 9:30 a.m. , or as soon thereafter as it
2  may be heard, Plaintiff Digital Envoy, Inc. will move and hereby does move, pursuant to Fed. R.
3  Civ. P. 26(b)(2), (c), and 42(b), for entry of a new protective order regarding confidentiality in this
4  case.  This new protective order would prohibit the parties' in-house counsel from viewing
5  documents determined to contain "extremely confidential competitive information."

6  Digital Envoy's motion is supported by the following memorandum, the accompanying
7  declarations of John Lockett III and Robert Friedman, the argument of counsel and any other
8  matters properly before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Digital Envoy, Inc. ("Digital Envoy") moves the Court to withdraw its January 20, 2005 Order, which allowed the parties' in-house counsel to view documents containing "extremely confidential competitive information" on the grounds that Digital Envoy and Google were not competitors.  Although the parties are not in direct competition, they are competitors as that term is used for Lanham Act analysis.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Digital Envoy requests that the Court adopt a new protective order that prohibits the parties' in-house counsel from viewing documents containing such information.

### II.  BACKGROUND

At the January 5, 2005 case management conference, the Court addressed the issue of whether the parties' in-house counsel should have access to documents produced during discovery in this litigation and which contain extremely confidential competitive information (hereafter referred to as "Special Confidential" documents).  At that conference, Digital Envoy contended that it and Google were not "competitors" as that term is used in the protective order analysis under *Brown Bag Software v. Symantec Corp,* 960 F.2d 1465 (9th Cir. 1992), and, therefore, the parties' in-house counsel should be allowed access to such documents.  Nevertheless, Google insisted that it would suffer a competitive injury if Digital Envoy's in-house counsel were allowed

to see these documents, and requested the Court modify the protective order to include an "Special Confidential - Outside Counsel Eyes Only" designation.[1]  The Court rejected Google's argument and ruled that since the parties were not "competitors" within the meaning of *Brown Bag*, in-house counsel could view these documents because the threat of competitive injury to Google was "simply too attenuated."  *See* Order Denying Request to Modify Protective Order at 3.

Later, the Court relied on its protective order ruling as the basis for its dismissal of Digital Envoy's Lanham Act claim in its Order on Google's *Motion for Partial Summary Judgment* (the "Order") on the grounds that a plaintiff must be a "competitor" of a defendant in order to have standing to bring a Lanham Act claim.  *See Order Denying Google's Motion for Summary Judgment and Granting Google's Motion for Partial Summary Judgment* at 14 ("[E]ither the parties are not competitors, in which case Digital Envoy cannot maintain its claim under the Lanham Act, or, the parties are competitors, in which case it may be appropriate for the Court to revisit its prior ruling regarding Google's request for a protective order.").  Digital Envoy and Google are competitors for Lanham Act purposes.  *See Waits v. Frito-Lay, Inc.,* 978 F.2d 1093 (9th Cir. 1992).   Should the Court find that the parties are competitors for Lanham Act purposes, Digital Envoy is willing to submit to the more restrictive protective order proposed by Google earlier in the case.

Lastly, and very significantly, Google would in no way be prejudiced by the Court's adoption of a new protective order.  Digital Envoy's in-house counsel has not seen documents containing extremely confidential competitive information such as Google's financial metrics for

---

[1] Google defined "Special Confidential" documents as "extremely sensitive information of a Party the disclosure of which to employees or House Counsel of another Party would create a substantial risk of serious injury to the Designating Party that could not be avoided by less restrictive means."

its advertising programs, information on Google's future business plans and any contracts or agreements with any alternative suppliers of geotargeting capabilities.[2] *See* Declaration of Robert Friedman, ¶¶ 4-5; Declaration of John A. Lockett III, ¶¶ 3-4). Therefore, there is no compelling reason for Google to oppose this motion.

### III.   CONCLUSION

For the foregoing reasons Digital Envoy respectfully requests that this Motion be GRANTED and that the Court issue a new protective order which recognizes the parties to be competitors for purposes of the Lanham Act and prohibits in-house counsel from viewing Special Confidential Documents. *See* Proposed Order, attached hereto as Exhibit "A".[3]

DATED: July 6, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

---

[2] These are the only types of documents to which Google contended the "Special Confidential" designation would apply in its Letter Brief Regarding Amending Protective Order filed January 10, 2005.

[3] This Proposed Order is exactly the same as the Proposed Order submitted by Google in its Letter Brief Regarding Amending Protective Order filed January 10, 2005.