DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant/Counterclaimant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant/Counterclaimant. | CASE NO.: C 04 01497 RS <br><br> **GOOGLE INC.'S OPPOSITION TO DIGITAL ENVOY, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Judge: Hon. Richard Seeborg |

OPP. TO MTN. FOR LEAVE TO FILE MTN. FOR RECONSIDERATION
CASE NO.: C 04 01497 RS

2686734_1

Dockets.Justia.com

**INTRODUCTION**

The principal basis for Digital Envoy's request for leave to file a motion for reconsideration is supposedly "new" documentary evidence that Google actually produced four months before Google even filed its motions for summary judgment. What is more, *Digital Envoy actually offered the very same documents in opposition to Google's motions for summary judgment.* Indeed, the Court mentions one of the documents in its Order granting Google's motion, making plain that the Court considered them. To suggest that a stipulation regarding authenticity of these documents is a "new" fact justifying reconsideration when the authenticity of the documents was never challenged and the documents were submitted and considered, makes a mockery of Local Rule 7-9 and warrants the imposition of sanctions.

Digital Envoy's motion is also based on the Court's purported "failure to consider material facts and dispositive legal arguments" (Mot. at 3) yet it is evident that Digital Envoy is merely regurgitating arguments that this Court already considered and rejected. Neither the Court nor Google should be forced to deal with them again.[1]

**ARGUMENT**

**I.     Controlling Law**

Motions for reconsideration are disfavored and "should not be made frequently or granted freely. Such requests are not a substitute for appeal or a means of attacking some perceived error of the court." *California Trout v. Norton*, No. C 97-3779 SI, 2003 WL 23413688, at *7 (N.D. Cal. Feb. 26, 2003) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)). Indeed, in this Circuit, Civil Local Rule 7-9(b) provides the only three bases upon which a party may seek leave to file a motion for reconsideration: (1) a material difference of fact or law from that which was presented to the court; "(2) [t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts ... which were presented to the Court before such

---

[1] Google herein addresses the significant procedural shortcomings of Digital Envoy's motion. At the Court's request, Google would be happy to respond substantively to Digital Envoy's arguments.

interlocutory order." Civil L.R. 7-9(b).  The party seeking reconsideration has the burden of establishing these elements.  *See U.S. v. Simmons*, No. CV F 96-5948 AWI SMS, 2001 WL 1137285, at *1 (E.D. Cal. July 30, 2001) (to succeed on a motion for reconsideration, a "party must set forth facts or law of a *strongly convincing* nature to induce the court to reverse its prior decision.") (emphasis added).

In seeking leave to move for reconsideration, parties are expressly prohibited from rehashing the same arguments made in the first instance.  "Local Rule 7-9(c) prohibits parties moving for leave to file a motion for reconsideration from repeating any oral or written arguments made regarding the order the party seeks to have reconsidered. The Court may sanction any party who violates this restriction." *Axa Rosenberg Group v. Gulf Underwriters*, No. C-04-0415 JCS, 2004 U.S. Dist. LEXIS 16851, at *7-8 (N.D. Cal. Aug. 16, 2004) (citing Civ. L.R. 7-9(c)); *see also North Pacifica, LLC v. City of Pacifica*, 234 F. Supp. 2d 1053, 1056 (N.D. Cal. 2002), quoting Civ. L.R. 7-9(c) ("a motion for reconsideration may not 'repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.'")

## II.   The Grounds For Reconsideration Are Not Met

### A. There Is No "New Material Fact"

The two emails Digital Envoy claims are "new" are clearly anything but.  The documents in now ay "emerg[ed] ... after the time of" the May 20, 2005 Order on Google's Motions for summary judgment as required by Local Rule 7-9(b)(2).  They were produced to Digital Envoy on November 12, 2004, *over six months* before the Court's ruling and four months before Google even filed its motions for summary judgment.

Digital Envoy cannot possibly claim that it did not know about the documents.  It *attached the documents* as exhibits in support of its *oppositions to Google's summary judgment motions*.[2]  Having already submitted these same documents without objection from Google,

---

[2] The email Bates-numbered GOOG 009876-77 was attached as Exhibit K to the Kratz Declaration in opposition to Google's motion for partial summary judgment on Counts 2-5 and as Exhibit R to the Kratz Declaration in opposition to Google's motion for summary judgment.
(continued...)

1  Digital Envoy cannot possibly expect the Court to now treat them as "new" simply because they
2  have been authenticated by stipulation.[3]  Indeed, the Court's Order makes clear that the Court
3  actually considered the very same documents.  May 20, 2005 Order at 5:24; 10:9-10.
4       The Court may recall that Digital Envoy has previously employed several patently
5  improper tactics in the hopes of forestalling summary judgment. It filed a substance-free 56(f)
6  request the night before the hearing, and then declarations with new exhibits *after* the hearing.
7  This latest contrivance is even more absurd, and warrants the imposition of sanctions under
8  Local Rule 7-9(c).

### B. The Court Did Not Fail To Consider Material Facts or Dispositive Legal Arguments

11  While Digital Envoy now claims that the Court did not consider certain facts or
12  arguments, it is clear from Digital Envoy's papers that the Court *considered and rejected* those
13  arguments.  The Court's Order correctly recognizes that, per the Complaint, Digital Envoy's
14  third through fifth claims were based on the identical facts alleged in its misappropriation of
15  trade secrets claim.   Digital Envoy did not dispute, and indeed could not dispute the point in its
16  opposition brief because the Complaint could not be clearer.  Digital Envoy's arguments, then
17  and now, are not based on the *allegations of the Complaint*, but rather on Digital Envoy's post-
18  Complaint spin on how particular facts relate to each claim.  Tellingly, Digital Envoy even now

---

(...continued from previous page)
The email Bates-numbered GOOG 009696-98 was attached as Exhibit R to the Kratz Declaration in opposition to Google's motion for partial summary judgment on Counts 2-5 and as Exhibit V to the Kratz Declaration in opposition to Google's motion for summary judgment.

[3] As noted, Digital Envoy has the burden of identifying new material facts of such a "*strongly convincing nature* to induce the court to reverse its prior decision." *Simmons*, 2001 WL 1137285, at *1 (emphasis added). *See also* N.D. Cal. Civil L.R. 7-9(b)(1)-(2) (requiring that party "specifically show" either "a *material* difference in fact" or "[t]he emergence of new *material* facts") (emphasis added).  "When a party moves for reconsideration on the basis of newly discovered evidence, a motion should *not* be granted unless the evidence is material and would be likely to affect the outcome of the case." *Meeker v. Meeker*, No. C 02-00741 JSW, 2004 U.S. Dist. LEXIS 22976, at *3 (N.D. Cal. Nov. 8, 2004) (emphasis added). Here, not only did Digital Envoy submit the documents with its opposition, it made the same flawed arguments it is making now. *See* Digital Envoy's Opp'n to Google's Motion for Partial Summary Judgment on Counts 2-5 of Amended Complaint at 9:15-21; Digital Envoy's Opp'n to Google's Motion for Summary Judgment at 11:6-14.

concedes in its Motion that "each of the counts in the Amended Complaint did re-allege all of the underlying facts[.]" Mot. at 11. Digital Envoy simply disagrees with the Court's ruling. "[D]isagreement [with the court's decision] does not provide a basis for reconsideration ...." *Simmons*, 2001 WL 1137285, at *1.

## CONCLUSION

For the foregoing reasons, Digital Envoy should not be granted leave to file a motion for reconsideration and should instead be sanctioned for violating the requirements of Local Rule 7-9(c).

Respectfully Submitted**,**

Dated:  July 8, 2005                                              WILSON SONSINI GOODRICH & ROSATI

By:  /s/  David L. Lansky
         David L. Lansky

Attorneys for Defendant / Counterclaimant
GOOGLE INC.