United States District Court
For the Northern District of California

*E-FILED 7/15/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant. | NO. 5:04-cv-1497 RS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DIGITAL'S MOTIONS TO COMPEL AND DENYING MOTION FOR SANCTIONS** |

## I. INTRODUCTION

Plaintiff Digital Envoy, Inc. ("Digital") moves to compel defendant Google, Inc. ("Google") to provide supplemental answers and documents in response to numerous discovery requests. Digital also moves for sanctions as a result of Google's allegedly wrongful failure to provide the requested discovery. The motions were fully briefed and heard by the Court on June 22, 2005. Based on all papers filed to date, including the supplemental briefs filed by the parties on July 5, 2005, as well as on the argument of counsel, the Court grants in part and denies in part Digital's motions to compel further responses and denies the request for sanctions, for the reasons set forth below.

## II. BACKGROUND

This action stems from a dispute between the parties regarding the scope of a license obtained from Digital by Google covering the use of technology to assist a user in approximating the geographic location of a visitor to its website. Although Google has discontinued its use of the technology, it contends that the terms of its license permitted it to afford its advertisers the opportunity to use Digital's technology through both its AdWords and AdSense programs. Digital argues that such use exceeded the scope of Google's license, which specifically prohibited Google from "distributing, disclosing or otherwise making available the Database Libraries, or any information contained therein to any other party whatsoever or at any other site other than the Site, without the express written consent of [Digital]." See License Agreement at ¶ 7.2.

By this motion, Digital seeks to compel Google to provide further responses to certain interrogatories and requests for production of documents. Digital also seeks sanctions against Google for wrongfully failing to provide complete responses to its discovery requests. Google counters that it has provided adequate responses to Digital's requests, to the extent that it is able in light of the vagueness and overbreadth of those requests, and that sanctions are, accordingly, unwarranted.[1] Google also argues that it may limit its responses and production of documents to information concerning its AdSense for Content program since Digital has never specifically alleged that Google's AdSense for Search program, launched in 2002, exceeds the scope of the parties' License Agreement. Digital replies that its claims for breach of contract and trade secret misappropriation as averred in its First Amended Complaint nowhere limit the field to Google's AdSense for Content program. As a result, Digital asks that Google be compelled to provide further responses and documents and that it be awarded its attorneys' fees in filing these motions.

### III. STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

---

[1] Google also objects to various paragraphs contained in Digital's reply brief on the basis that those portions of the briefs improperly rely on new evidence and arguments which were not addressed in Digital's opening brief. Google also contends that paragraphs 3, 4, 5, 9, and 11 of the Friedman Declaration must be stricken because they are not based on personal knowledge. Since the Court does not rely on any of the allegedly offending materials noted by Google, it need not address the motion to strike either the reply brief or portions of the Friedman Declaration.

2

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV. DISCUSSION

A.   Digital's Interrogatories

   1.   Interrogatory No. Five

With respect to interrogatory number five, the Court sustains Google's objection that the question is vague, to the extent that it is not limited to websites with which Google shared Digital's technology, but, rather, impermissibly asks Google to identify *all* web sites on which Google has placed advertisements. As a result, Google is compelled to answer the interrogatory by providing the requested information identifying the websites on which it placed ads using Digital's data during the license period. Google shall provide that information to Digital within thirty (30) days of the date of this order.

   2.   Interrogatory Nos. Six, Ten, and Eleven

With respect to interrogatory numbers six, ten, and eleven, after invoking various grounds for objection, Google states that all non-privileged documents related to its AdSense for Content program will be produced. Digital moves to compel a further response to these questions on the grounds that its claims

are not limited to Google's AdSense for Content program but, rather, include both the AdSense for Content and AdSense for Search programs. Google disputes that Digital has ever properly alleged that its AdSense for Search program violates the parties' License Agreement.

Digital filed an amended complaint in this action on September 23, 2004, alleging that Google exceeded the scope of the parties' License Agreement through its use of Digital's technology in its AdSense program. Contrary to Google's assertions, the amended complaint makes no distinction between AdSense for Content and AdSense for Search. Rather, the allegations charge only that Google's "AdSense programs" violate the License. See Amended Complaint, ¶¶ 31-43. While the complaint contains averments reflecting that Google launched its program in the May to June 2003 time frame, which corresponds to the time that AdSense for Content, as opposed to AdSense for Search began,[2] such factual averments do not operate to foreclose the broader reach of the complaint when read as a whole. Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim" and does not demand any technical form of pleading. Fed. R. Civ. Pro. 8(e)(1). As a result of the notice pleading permitted in federal court, certain issues in a case may be discoverable, even if they are not expressly alleged in a complaint. See e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) ("simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."); Edwards v. County of San Diego, No. 03-55832, 2005 WL 487185, at *8 (9th Cir. May 23, 2005) (citing Swierkiewicz for proposition that notice pleading relies on liberal discovery rules rather than fact intensive pleading to frame issues for trial).

In addition to the averments set forth in the amended complaint, however, Google points to discussions between the parties regarding a potential amendment to the complaint to clarify that both the AdSense for Content and AdSense for Search programs were at issue in the litigation. Google notes that, from the outset of this case, it took the position that Digital's allegations failed to address the AdSense for Search program. See Kramer Declaration at ¶ 2. To that end, Google followed up with multiple communications requesting that Digital identify the portions of the complaint which address the AdSense for

---

[2] Google states that its AdSense for Search program was launched in the first quarter of 2002. See Google's Opposition Brief at p. 11, lines 10-11.

4

Search program. Id. at ¶ 3. Although Digital did not respond to Google's requests, it apparently forwarded a partial proposed amendment to Google on February 6, 2005. Id. at ¶ 5. Digital ultimately elected not to amend its complaint along those lines and no further discussions concerning the issue ensued between the parties. Instead, discovery began and Digital requested information concerning both the AdSense for Content and AdSense for Search programs. Despite those requests, Google contends that it litigated this case based on the belief that only AdSense for Content is at issue and that, had it known AdSense for Search was included in Digital's allegations, it would have focused its motions for summary judgment on that program as well. Google now contends that, since discovery is closed, it will suffer severe prejudice if Digital is permitted to "materially alter and expand the focus of its allegations to include this new topic." See Google's Opposition at p. 13, lines 8-9.

A fair reading of Digital's amended complaint in this action, as well as the discovery propounded by Digital to date, leads to the conclusion that, contrary to Google's belief, the allegations in the case cover both AdSense for Content and AdSense for Search. There is simply no basis in the record, other than Google's objections to Digital's discovery, to support a finding that Digital limited its claims to the AdSense for Content program. Instead, the amended complaint, as well as the prior complaints, allege that Google's AdSense programs violate the parties' License Agreement.

Accordingly, to the extent that Google limited its discovery responses to its AdSense for Content program and did not include responsive materials concerning its AdSense for Search program, its answers to interrogatory numbers six, ten, and eleven are incomplete. Digital's motion to compel further responses to those interrogatories is, therefore, granted to the extent that Google shall provide responses which include both its AdSense for Content and AdSense for Search programs to Digital within thirty (30) days of the date of this order.

B. <u>Digital's Requests for Production of Documents</u>

    1. <u>Requests Fourteen, Eighteen, and Nineteen</u>

Digital also seeks to compel Google's further response to requests for production of documents numbers fourteen, eighteen, and nineteen. Although Google asserts various objections to those requests, it agrees to produce non-privileged documents concerning its use of Digital's data, including communications

5

which refer to that data, as well as all revenue information and other responsive documents regarding its AdSense for Content program. Based on the discussion set forth above, however, Google must now produce all responsive documents regarding its AdSense for Search program. Furthermore, to the extent that Google complains that such production is burdensome because it implicates thousands of advertisers, the Court limits production to the top 100 advertisers in the AdSense programs during the relevant license period. Accordingly, Digital's motion to compel further responses to requests for production numbers fourteen, eighteen, and nineteen is granted to the extent that Google must provide all responsive documents concerning its AdSense for Search and AdSense for Content programs for its top 100 advertisers during the license period and must produce those materials to Digital within thirty (30) days of the date of this order.

2.  Requests Three, Twenty-Two through Twenty-Six

With respect to requests for production numbers three, twenty-two, twenty-three, twenty-four, twenty-five, and twenty-six, the Court sustains Google's objections on the bases that these inquiries are overly broad, burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and seek information regarding Google's relationships with countless third parties which appear unrelated to this dispute.[3] Again, Digital has failed to establish any link between its claims that Google exceeded the scope of its License and discovery regarding Google's agreements, revenue, negotiations, and communications with Google Network members. Simply because Digital believes that, but for Google's alleged wrongful conduct, every network member would have licensed its technology does not enable Digital to demand that Google produce hundreds of thousands, if not millions, of documents regarding its relationships with its members. Rather, Digital must establish a causal relationship between such members and itself, such as an allegation that a Google Network member told Digital that, but for Google's inclusion of geo-targeting technology in its package, that member would have licensed the technology from Digital, in order to obtain discovery regarding Google's agreements with that member.

Moreover, Digital's argument, with respect to its motion to compel a response to request number

---

[3] To the extent that Digital argues additional documents are relevant with respect to its Lanham Act claim, summary adjudication has been entered in favor of Google on that claim, thereby mooting Digital's argument.

6

twenty-six, that it is entitled to a copy of the agreements and other materials exchanged between Google and Quova, the company from whom Google now licenses its geo-targeting technology, to prove that Digital's interpretation of its contract with Google is reasonable is nonsensical. Even assuming that the Google-Quova contract contains the identical terms as did the Google-Digital agreement, such information is irrelevant, immaterial, and inadmissible to prove the intent of the Google and/or Digital parties in entering into the License Agreement at issue herein. For all of these reasons, Digital's motion to compel responses to requests for production numbers three, twenty-two, twenty-three, twenty-four, twenty-five, and twenty-six is denied.

C.   Digital's Motion for Sanctions

Digital seeks sanctions, in the form of its attorneys' fees and costs, incident to its filing of motions to compel further discovery responses, pursuant to Fed. R. Civ. Pro. 37(a)(4). As noted above, while Digital obtained some relief by these motions, Google raised reasonable objections to most of Digital's discovery requests, making an award of expenses unjust in this instance. Therefore, the request for attorneys' fees is denied.

## V.  CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Digital's motion to compel further discovery responses. The motion is granted with respect Interrogatory Nos. 5, 6, 10, and 11 and as to Request For Production of Document Nos. 14, 18, and 19, to the extent discussed above. Google shall provide its supplemental information to Digital within thirty (30) days of the date of this order. In all other respects, the motions to compel further responses are denied. Digital's motion for sanctions is also denied.

IT IS SO ORDERED.

7

Dated: July 15, 2005

   /s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman     bblackman@sheppardmullin.com

P. Craig Cardon     ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves     tgraves@wsgr.com

Stephen C. Holmes     sholmes@wsgr.com, pmarquez@wsgr.com

David H. Kramer     dkramer@wsgr.com, dgrubbs@wsgr.com

Michael S. Kwun     mkwun@google.com

David L. Lansky     dlansky@wsgr.com

Chan S. Park     cpark@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: July 15, 2005**                                                              **Chambers of Judge Richard Seeborg**

                                                                                             **By:     /s/ BAK**