\*\*E-Filed\*\*
July 15, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant. | NO. 5:04-cv-1497 RS <br><br> **ORDER DENYING DIGITAL'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

Plaintiff Digital Envoy, Inc. ("Digital") requests leave to file a motion for reconsideration of the Court's order granting in part and denying in part the motions for summary judgment filed by defendant Google, Inc. ("Google"), issued on May 20, 2005. Specifically, Digital asks the Court to reconsider its decision granting summary judgment in favor of Google on Digital's claims for relief based on statutory unfair competition, common law unfair competition, unjust enrichment, and the Lanham Act. Based on all papers filed to date, as well as on the papers and arguments submitted in conjunction with the summary judgment motions, the Court denies Digital's request for leave to file a motion for reconsideration on the basis that Digital has failed to establish the elements set forth in Civil L.R. 7-9, as explained below.

## II. BACKGROUND

The Court has issued numerous orders in this case and, therefore, will not reiterate its factual background. With respect to the unfair competition and unjust enrichment claims, Digital contends that the Court erred in finding that the identical facts supporting those claims also form the basis of its trade secret claim and are, therefore, preempted by the California Uniform Trade Secrets Act ("CUTSA"). Contrary to the Court's findings, Digital argues that "the factual bases for [its] claims arise from different subsets of the general facts alleged in the Complaint." See Digital's Motion for Leave to File Reconsideration Motion at p. 3.

Digital also contends that the Court erroneously concluded that Digital and Google must be competitors in order for Digital to recover under the Lanham Act. Although it concedes that the two parties must be competitors in order to sustain a claim under section (a)(1)(B) of the Lanham Act, Digital argues that its claim is based on false designation of origin under section (a)(1)(A) of the Act, thereby obviating the "competitor" requirement. See e.g., Lamothe v. Atlantic Recording Corp., 847 F.2d 1403, 1406 (9th Cir. 1988). Alternatively, Digital states that the two companies are competitors, in direct contradiction to its position stated to the Court earlier in this case, and notes that it has filed a motion for entry of a new protective order which would subject Digital to certain restrictions regarding the production of various materials by Google based on the "fact" that the parties are competitors.[1]

Google opposes Digital's motion for leave to file a motion for reconsideration on the grounds that Digital has failed to fulfill the requirements set forth in Civil L.R. 7-9, which governs the filing of such requests. Specifically, Google contends that Digital has failed to establish the existence of: (1) a material difference of fact or law from that which was presented to the Court; or, (2) a manifest failure by the Court to consider material facts or dispositive legal arguments. In addition, Google notes that, in direct contravention of L.R. 7-9(c), Digital repeats the oral and written arguments previously submitted to the Court.

III. STANDARDS

Civil L.R. 7-9(b) states in relevant part that the party moving for reconsideration must specifically

---

[1] Digital's motion for entry of a new protective order is presently scheduled to be heard by the Court on August 31, 2005.

2

show:

  (2) The emergence of new material facts or a change of law occurring after the time of such order; or

  (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

This Rule conforms to the grounds set forth by the Ninth Circuit: that a motion for reconsideration may be based only on: (1) an intervening change in controlling law; (2) the availability of new evidence; or, (3) the need to correct clear error or prevent manifest injustice. <u>Painting Industry of Hawaii Market Recovery Fund v. United States Department of the Air Force</u>, 756 F. Supp. 452, 453 (D. Hawaii 1990).

## IV.  DISCUSSION

Digital bases its request for reconsideration on its assertion that new material facts have emerged since the issuance of the Court's order, namely, that two emails attached as exhibits to Digital's opposition to the motions for summary judgment have now been authenticated by Google. Not only is such authentication not a new "fact," but it is completely immaterial to any findings made by the Court in its summary judgment order.  The exhibits to which Digital refers were not objected to by Google during the summary judgment proceedings and, accordingly, were considered by the Court and included in its order. <u>See</u> Order filed on May 20, 2005 at pp. 5, 10.  Accordingly, Digital has failed to establish the emergence of new material facts or a change of law which occurred after the issuance of the Court's order in May, as required by Civil L.R. 7-9(b)(2).

Digital also contends that the Court should reconsider its prior order because it failed to consider material facts or dispositive legal arguments which were presented to the Court. Contrary to Digital's arguments, however, the order reflects that the Court considered and rejected Digital's contentions regarding the factual bases for its statutory and common law unfair competition and unjust enrichment claims.  Although Digital seeks to identify "subsets" of facts which would distinguish those claims from its trade secrets theory, it fails in that effort.  In addition, Digital argues that the Court did not consider its legal arguments concerning the Lanham Act's requirement that the parties be competitors. This contention is again belied by the Court's order. Moreover, Digital again, in direct contravention of L.R. 7-9(c), repeats

3

the prior written and oral arguments it made to the Court in opposing the summary judgment motions.[2]

## V.  CONCLUSION

For the reasons stated above, the Court denies Digital's motion for leave to file a motion for reconsideration.

IT IS SO ORDERED.

Dated: July 15, 2005                                                         /s/ Richard Seeborg
                                                                                        RICHARD SEEBORG
                                                                                        United States Magistrate Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER WERE ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman    bblackman@sheppardmullin.com

P. Craig Cardon    ccardon@sheppardmullin.com, msariano@sheppardmullin.com

---

[2] As the Ninth Circuit recently clarified, different subsections of 15 U.S.C. § 1125(a) have different standing requirements, such that a claim filed under (a)(1)(A) of the Act requires only that a plaintiff allege commercial injury based on the deceptive use of a trademark, while a claim filed under (a)(1)(B) requires that the parties be competitors. See Jack Russell v. American Kennel Club, 407 F.3d 1027, 1036 (9th Cir. 2005). Accordingly, had Digital alleged "reverse palming off" under § 43 of the Lanham Act, it need not have been a Google competitor. However, as Google correctly argued, the complaint cannot fairly be read to aver such a claim. Moreover, the claim simply restates the trade secrets claim, which does not give rise to a Lanham Act claim. See e.g., Wolf v. Louis Marx & Co., 203 U.S.P.Q. 856, 859 (S.D.N.Y. 1978) (trade secret allegations do not give rise to Lanham Act claim).

1 Charles Tait Graves    tgraves@wsgr.com

2 Stephen C. Holmes    sholmes@wsgr.com, pmarquez@wsgr.com

3 David H. Kramer    dkramer@wsgr.com, dgrubbs@wsgr.com

4 Michael S. Kwun    mkwun@google.com

5 David L. Lansky    dlansky@wsgr.com

6 Chan S. Park    cpark@wsgr.com

7 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/15/05**                                    **Richard W. Wieking, Clerk**

**By:_____DM_____**
    **Chambers**