1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  DIGITAL ENVOY, INC.,                )  CASE NO. C 04 01497 RS
                                        )
13            Plaintiff/Counterdefendant, )  **DECLARATION OF MARK ROSE**
                                        )  **IN SUPPORT OF GOOGLE INC.'S**
14       v.                             )  **MOTION FOR PARTIAL**
                                        )  **SUMMARY JUDGMENT**
15  GOOGLE INC.,                        )  **REGARDING DIGITAL ENVOY,**
                                        )  **INC.'S DAMAGES CLAIMS**
16            Defendant/Counterclaimant. )
                                        )  Judge:    Hon. Richard Seeborg
17                                      )  Courtroom: 4, 5th Floor
                                        )  Date:     September 21, 2005
18                                      )  Time:     9:30 a.m.
                                        )

19

20

21

22

23

24

25

26

27

28

ROSE DECL. ISO GOOGLE'S MOTION FOR PARTIAL                    C:\NrPortbl\PALIB1\DAG\2701475_1.DOC
SUMMARY JUDGMENT RE DIGITAL ENVOY'S
DAMAGES CLAIMS - C 04 01497 RS

I, Mark Rose, declare as follows:

1.  I am an employee of defendant and counterclaimant Google, Inc. ("Google"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.  Digital Envoy is one of several companies that generate data that can help users to make an educated guess about the approximate geographic location of a visitor to a website. Specifically, Digital Envoy's data attempts to match the unique IP addresses assigned to the computers of individual Internet users to particular countries, regions, cities or metropolitan areas. As an engineer working to support Google's advertising programs, I have worked with Digital Envoy's data as well as the data of one of its competitors.

3.  Google offers an advertising program to advertisers known as AdWords. To implement the AdWords program, Google analyzes the content of advertisers' messages and stores them in an indexed database. When called upon to display a message to an end-user, Google searches this database to find what it believes is the most relevant commercial information using a highly complex, weighted algorithm that takes dozens of factors into consideration.

4.  In some cases, a factor used in Google's search for a relevant advertisement is the perceived geographic location of the Internet user. Google uses this factor, among many others, to exclude certain advertisements in those instances in which an advertiser has asked that Google display its messages only to users in particular places (e.g., where the advertiser chooses to target its messages only to users in Nebraska). Until shortly after this lawsuit was filed, as one step in estimating a user's geographic location, Google often used information from Digital Envoy's IP Address/Location database.[1]

---

[1] There were a variety of circumstances in which Google could not or would not use Digital Envoy's data in an effort to determine an end-user's geographic location. For example, in many instances, Google would not receive or could not determine an end-user's IP address. In such cases, Digital Envoy's IP Address/Location database was of no use. In other instances, Google would receive a user's IP Address, but that address could not be located within Digital Envoy's database.

ROSE DECL. ISO GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE DIGITAL ENVOY'S DAMAGES CLAIMS - C 04 01497 RS        -1-        C:\NrPortbl\PALIB1\DAG\2701475_1.DOC

5.      In the simplest case, a user would visit Google's own site at www.google.com, and ask that Google provide listings of web pages from its web index for the keyword "basketball." The user's computer would communicate the search query "basketball" along with a variety of other information to Google's computers, including the user's IP address. Google would then initiate two separate processes – one to find the results from its web index that may be responsive to the user's query, and the other to locate advertising messages that may be relevant to the user.

6.      As one step in the process of identifying potentially relevant advertising messages, Google would typically look up the user's geographic location in the Digital Envoy IP Address/Location Database stored at Google. If certain advertisers had excluded that geographic location from their targeted audience, their messages would be dropped from the selection process. Google would continue its search for the appropriate advertising messages from the remaining candidates using its complex multi-factored algorithm. It would then send the selected advertisements, along with the requested results from its web index, back to the user's computer. This process (and the associated computations) occurs in a matter of milliseconds.

7.      Google also offers an advertising program known as AdSense to third party publishers. The program allows Google to display advertisements to those visiting a participating third party publisher's web site. The mechanical process by which Google selects the advertising messages to display to users visiting third party sites is identical, in all relevant respects, to the process used to locate advertising messages to display to users visiting Google's own site. The actual selection of advertisements is performed by the same computers, which use virtually all of the same factors and weights in the complex selection process. As before, an end-user's geographic location may be one of the variables used in the process of locating the right message to display. And for a time, Google often used Digital Envoy's IP Address/Location

1 data as one of several factors in making its determination about a user's geographic location for
2 purposes of AdSense.[2]

3     8. Google used Digital Envoy's data in AdSense in precisely the same way as it used
4 it in AdWords. In both programs, the Digital Envoy data remained on Google's computers, and
5 Google did not permit the third-party publishers to access Digital Envoy's data and Google did
6 not provide the data to them. Google alone accessed the data to aid in its search for relevant
7 advertising messages.

8     9. As noted, Google's assessment of a user's geographic location is used in the
9 advertisement selection process only to exclude advertisements from the group of ads eligible to
10 be selected for display. Thus, to the extent Google used Digital Envoy's data in the process of
11 determining a geographic location, such use dropped certain advertisements from the selection
12 process and prevented them from being shown to users. If Google did not use Digital Envoy's
13 data in AdSense (and therefore did not offer geotargeting in AdSense), such advertisements
14 would have remained in the selection process. But it is quite possible that in any given instance,
15 Google would have selected the same advertisements for display with or without geotargeting.
16 Further, to the extent Google might have selected a different ad absent geotargeting, there is
17 simply no way for Google to know whether a user would have clicked on that alternative ad.
18 Again, it is quite possible, that in a system without geotargeting, an alternative ad would have
19 yielded Google a higher Cost-Per-Click than the ones actually shown, so that Google would
20 actually have made more money had the alternative ad been clicked on.

21     I declare under penalty of perjury under the laws of the United States of America that the
22 foregoing is true and correct. Executed on August 12, 2005, in Mountain View, California.

23                                                              /s/ Mark Rose
24                                                               Mark Rose

---

[2] Some of the third party publishers participating in the AdSense program did not provide Google with the IP Address of the end-user visiting their site. Others provided Google with their own assessment of the user's geographic location or information suggesting a particular location. In such cases, Google made no use of the Digital Envoy data in determining the user's geographic location.

ROSE DECL. ISO GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE DIGITAL ENVOY'S DAMAGES CLAIMS - C 04 01497 RS     -3-    C:\NrPortbl\PALIB1\DAG\2701475_1.DOC

**CERTIFICATION**

I, David H. Kramer, am the ECF User whose identification and password are being used to file the Declaration of Mark Rose in Support of Google Inc.'s Motion for Summary Judgment. In compliance with General Order 45.X.B, I hereby attest that Mark Rose has concurred in this filing.

DATED:  August 17, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
     David H. Kramer

Attorneys for Defendant / Counterclaimant
GOOGLE INC.