Doc. 264 Att. 8

**KRAMER DECLARATION EXHIBIT H**

Dockets.Justia.com

P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5500
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| DIGITAL ENVOY, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant/Counterclaimant. | Case No. C 04 01497 RS <br><br> **DIGITAL ENVOY, INC.'S RULE 26(a)(1) DISCLOSURES** |

Plaintiff Digital Envoy, Inc. hereby makes the following disclosures:

A.    **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE:**

1.    Rob Friedman
Digital Envoy
c/o Plaintiff's counsel only

1   Mr. Friedman has knowledge of all aspects of the relationship between Digital Envoy and

2   Google, as well as Digital Envoy's relationship with its other customers, and Digital Envoy's

3   technology and its business affairs.

4   **2.**   Sanjay Parek
            Digital Envoy

5            c/o Plaintiff's counsel only

6   Mr. Parekh has knowledge of Digital Envoy's technology and its business affairs,

7   including the relationship with Google and its other customers.

8   **3.**   Steven Schimmel
            Google

9

10  Mr. Schimmel has knowledge of the formation of the contract between Digital Envoy and

11  Google, and other aspects of Google's business and technology.

12  **4.**   Sukhinder Singh
            Google

13

14  Mr. Singh has knowledge regarding Google's local search program, and other aspects of

15  Google's business and technology.

16  **5.**   Jeffrey Dean
            Google

17  Mr. Dean has knowledge of Google's technology.

18

19  **6.**   Georges Harik
            Google

20  Mr. Harik has knowledge of Google's technology.

21  **7.**   Paul Bucheit
            Google

22

23  Mr. Bucheit has knowledge of Google's technology.

24  **8.**   David Drummond
            Google

25

26  Mr. Drummond has knowledge of the contract between Google and Digital Envoy, and

27  other aspects of Google's business and technology.

28

**9.**    Salar Kamangar
         Google

Mr. Kamangar has knowledge of the AdWords program and pricing, and other aspects of Google's business and technology.

**10.**    Susan Wojcicki
          Google

Ms. Wojcicki has knowledge of the AdWords program and pricing, the AdSense program and other aspects of Google's business and technology.

**11.**    Joan Braddi
          Google

Ms. Braddi has knowledge of Google's third party search program, and other aspects of Google's business and technology.

**12.**    Tim Armstrong
          Google

Mr. Armstrong has knowledge of Google's advertising program, and other aspects of Google's business and technology.

**13.**    Jonathan Rosenberg
          Google

Mr. Rosenberg has knowledge of the development of Google's programs, and other aspects of Google's business and technology.

**14.**    Cindy McCaffrey
          Google

Ms. McCaffrey has knowledge of Google's corporate communications, and other aspects of Google's business and technology.

**15.**    Omid Kordestani
          Google

Mr. Kordestani has knowledge of the AdSense program, and other aspects of Google's business and technology.

-3-

DIGITAL ENVOY, INC.'S RULE 26(a)(1)
DISCLOSURES

**16.**    Matt Cutts
           Google

Mr. Cutts has knowledge of Google's corporate communications, geo-location technology, and other aspects of Google's business and technology.

**17.**    Sergey Brin
           Google

Mr. Brin has knowledge of Google's decisions regarding geo-location technology, AdSense, AdWords, and other aspects of Google's business and technology, its corporate communications and business policies and plans.

**18.**    Larry Page
           Google

Mr. Page has knowledge of Google's decisions regarding geo-location technology, AdSense, AdWords, and other aspects of Google's business and technology, its corporate communications and business policies and plans.

**19.**    Eric Schmidt
           Google

Mr. Schmidt has knowledge of Google's decisions regarding geo-location technology, AdSense, AdWords, and other aspects of Google's business and technology, its corporate communications and business policies and plans.

**20.**    Jeffery Donovan
           Google

Mr. Donovan has knowledge of Google's corporate development and information pertaining to use of Digital Envoy's technology.

**21.**    Leslie Yeh
           Google

Ms. Yeh has knowledge of Google's use of Digital Envoy's technology.

**22.**    Zhe (additional portioin of name unknown)
           Google

-4-

DIGITAL ENVOY, INC.'S RULE 26(a)(1)
DISCLOSURES

She has knowledge of Google's use of Digital Envoy's technology.

**23.**    Sridhar Ramasamy
Google

Mr. Ramasamy has knowledge of Google's use of Digital Envoy's technology.

**24.**    Jeremy Chau
Google

Mr. Chau has knowledge of Google's use of Digital Envoy's technology.

**25.**    Amit Patel
Google

Mr. Patel has knowledge of Google's use of Digital Envoy's technology.

**26.**    Dan Egnor
Google

Mr. Egnor has knowledge of Google's use of Digital Envoy's technology.

**27.**    Scott Benson
Google

Mr. Benson has knowledge of Google's use of Digital Envoy's technology.

**28.**    Steve Berkowitz
Ask Jeeves

Mr. Berkowitz has knowledge of Google's business relationship with Ask Jeeves.

**29.**    Jim Lanzone
Ask Jeeves

Mr. Lanzone has knowledge of Google's business relationship with Ask Jeeves.

**30.**    Persons identified in documents produced or in depositions

Pursuant to Fed.R.Civ.P. 26(e)(1), Digital Envoy notifies Google that it will supplement this disclosure as appropriate, but specifically notes that such supplementation is only required where the person "has not otherwise been made known to the other parties during the discovery process or in writing." Digital Envoy has made a good faith effort to identify all of the persons with discoverable information in support of Digital Envoy's claims. Digital Envoy anticipates that

additional persons have discoverable information in support of Digital Envoy's claims and that

some of them will be disclosed in documents produced or at depositions in this case. Digital

Envoy will follow the guidance of Rule 26(e)(1) when determining whether further

supplementation is necessary.

**B.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

**RESPONSE:**

**1.**     The Agreement, as defined in the Complaint, with amendments.

**2.**     Documents reflecting communications between the parties leading up to execution of the Agreement.

**3.**     Other agreements between the parties, including communications pertaining thereto.

**4.**     Documents reflecting communications between the parties regarding performance under the Agreement.

**5.**     Documents reflecting performance under the Agreement.

**6.**     Collected information on Google's business activities from public sources.

**7.**     Digital Envoy web site information.

**8.**     Google web site information.

**9.**     Documents reflecting Digital Envoy's licensing of third parties for targeted advertising on their content web sites.

**10.**    Documents reflecting Digital Envoy's licensing of advertising networks for targeted advertising on a partial revenue share basis.

All categories of documents in Digital Envoy's possession, custody or control are located

either at Digital Envoy's office in Norcross, Georgia or at Digital Envoy's counsel's office in

Atlanta, Georgia.

**C.** **A compilation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

**RESPONSE:**

**1.** **Actual damages — recoverable under Counts I, II and IV.**

Google's wrongful actions have caused Digital Envoy to suffer actual damages, including lost income, licensing and business opportunities. The extent of Digital Envoy's damages is unknown and this disclosure will be supplemented as appropriate after further discovery and investigation.

Digital Envoy further notes that the damages included in this category are on going and, in fact, Google has increased its activities bringing harm to Digital Envoy.

Much of the information required to determine Digital Envoy's actual damages is in the possession, custody or control of Google. Specifically, Google possesses, and Digital Envoy will obtain through discovery, the identity of third parties with whom Google has shared Digital Envoy's technology, or otherwise provided data contained therein. Google also possesses the nature and extent of use made by each of these third parties.

With this information, Digital Envoy intends to determine the amount of lost income through lost business opportunities, and otherwise determine the fair value of Google's wrongful use of Digital Envoy's technology. To the extent sufficient specificity of this category of damages cannot be achieved, Digital Envoy will claim recovery under the digorgement theories of recovery.

Many of the documents supporting this category are in Google's possession, custody or control and will be obtained through discovery. Additionally, Digital Envoy has identified documents in its possession which will support this category. Specifically, the documents

-7-

identified in items 1, 5, 6, 8, 9 and 10 of Attachment C hereto as containing documents which support this category of damages.

### 2. Disgorgement of Google's profits — recoverable under Counts I, II and IV

Digital Envoy contends that, under the causes of action identified, it is entitled to a judgment in the amount of Google's profits obtained through the wrongful use of Digital Envoy's technology. This damage category includes Google's total profit on any revenue producing act which includes Digital Envoy as a portion of the service provided by Google, as apportionment of a lesser amount attributed to Digital Envoy's technology is inappropriate.

The extent of Google's profits gained through the wrongful use of Digital Envoy's technology is currently unknown and will be supplemented as appropriate after further discovery and investigation. Google has the information in its possession, custody or control necessary to calculate the exact amount claimed in this category, and Digital Envoy anticipates collecting this information from Google

Digital Envoy further notes that the amounts included in this category are accumulating and, in fact, Google has increased its activities which result in an acceleration of recoverable amounts in this category.

In 2003, Google received $144,411,000 in net revenues from placing advertisements on Google Network web sites. In the first quarter 2004, Google already received $82,246,000 for the same thing. These revenues are net of money paid to the Google Network members as a share in the revenue generated by the advertisement. A large percentage of this revenue was from advertisements for which geographic targeting was enabled.

Google's profit on this revenue is substantial. In 2003, the cost of revenue was only 12.7% of the net revenue. In the first quarter of 2004, the cost of revenue was 13.7%.

W02-SF:5CC\61423939.1

1  From 2002 through first quarter 2004, Google's net revenue less the cost of revenue for

2  advertising placed on Google Network web sites was $207,915,000.

3  Digital Envoy's damages can be calculated by applying a percentage of revenues generated

4  by advertisements in which geotargeting was enabled.  Since Google promotes geographic

5  targeting on its AdWords website and makes enablement obvious and easy when enrolling for the

6  AdWords program, Digital Envoy expects this percentage to be significant.

7

8  The documents supporting this category are in Google's possession, custody or control.

9  To the extent Digital Envoy has any uniquely-sourced documents, they will have been identified

10  and produced in previous responses.

11  **3.     Treble damages — recoverable under Count II**

12  Digital Envoy contends it is entitled to treble damages under Count II.  This will be a

13  mathematical calculation using the damage amounts determined in items 1 and 2 herein.  There are

14  no documents other than previously identified supporting the determination of the amount of this

15  category.

16

17  **4.     Return of money earned — recoverable under Count V**

18  Digital Envoy contends that, under the Count V, it is entitled to a judgment in the amount

19  of Google's earnings obtained through the wrongful use of Digital Envoy's technology.  This

20  damage category includes Google's total revenues from any act which includes Digital Envoy as a

21  portion of the service provided by Google, as apportionment of a lesser amount attributed to

22  Digital Envoy's technology is inappropriate.

23

24  The extent of Google's earnings gained through the wrongful use of Digital Envoy's

25  technology is currently unknown and will be supplemented as appropriate after further discovery

26  and investigation.  Google has the information in its possession, custody or control necessary to

27

28

DIGITAL ENVOY, INC.'S RULE 26(a)(1)
DISCLOSURES

calculate the exact amount claimed in this category, and Digital Envoy anticipates collecting this information from Google

Digital Envoy further notes that the amounts included in this category are accumulating and, in fact, Google has increased its activities which result in recoverable amounts in this category.

The documents supporting this category are in Google's possession, custody or control. To the extent Digital Envoy has any uniquely-sourced documents, they will have been identified and produced in previous responses.

### 5.    Attorney's fees — recoverable under Counts II, III and IV

Digital Envoy contends it is entitled to recover its attorney's fees under the counts identified. The amount recoverable in this category will be on-going up to trial of this matter, and will be the proper subject of further discovery and disclosure as appropriate.

The documents supporting this category will be the fee bills and evidence of payment. Digital Envoy will make such documents available as appropriate in this litigation.

### 6.    Punitive damages — recoverable under Counts I and IV

Digital Envoy contends it is entitled to punitive damages under the counts identified. The amount recoverable in this category is to be determined by the enlightened conscience of the jury.

The documents supporting this category are in Google's possession, custody or control. To the extent Digital Envoy has any uniquely-sourced documents, they will have been identified and produced in previous responses.

W02-SF:5CC\61423939.1

DIGITAL ENVOY, INC.'S RULE 26(a)(1) DISCLOSURES

D.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

None.

DATED:  August 4, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                                P. CRAIG CARDON
                        Attorneys for DIGITAL ENVOY, INC.

-11-

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, California 94111.

On **August 4, 2004**, I served the following document(s) described as **DIGITAL ENVOY, INC.'S RULE 26(a)(1) DISCLOSURES** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

David H. Kramer
David L. Lansky
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94303-9300

☒    **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒    **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 4, 2004**, at San Francisco, California.

Jill Whiteman

```
* * * COMMUNICATION RESULT REPORT ( AUG. 4 2   5:46PM ) * * *

                                          TTI  SF SHEPPARD MULLIN15 4154343947

FILE MODE        OPTION              ADDRESS (GROUP)           RESULT    PAGE
----------------------------------------------------------------------------
483  MEMORY TX                     ##111623#916504936811        OK      P. 13/13
```

---

```
REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL              E-2) BUSY
     E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```



**SHEPPARD MULLIN**

A T T O R N E Y S   A T   L A W

17th Floor | Four Embarcadero Center | San Francisco, CA 94111-4106
415-434-9100 office | 415-434-3947 fax | www.sheppardmullin.com

# F A C S I M I L E   C O V E R   S H E E T

### ** THIS FACSIMILE TRANSMISSION ALSO WILL BE MAILED **

Date:  August 4, 2004                   File Number: 05VA-111623

Total number of pages:         13       If all pages are not received, please call
(including 1-page cover sheet)          Sheppard Mullin at 415-434-9100, Ext. 3261

**TO:**                        **Facsimile No.**        **Telephone No.**

David H. Kramer/David L. Lansky
Wilson Sonsini Goodrich & Rosati        650-493-6811        650-493-9300

From:  P. Craig Cardon

Re:    **Google, Inc. v. Digital Envoy, Inc.**
       United States District Court
       Northern District of California
       San Jose Division
       Case No. C 04 01497 RS