1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 DIGITAL ENVOY, INC.,              )  CASE NO.: C 04 01497 RS
                                     )
13         Plaintiff/Counterdefendant, )
                                     )  **GOOGLE INC.'S OBJECTION TO**
14    v.                             )  **EVIDENCE SUBMITTED IN**
                                     )  **OPPOSITION TO MOTION FOR**
15                                   )  **PARTIAL SUMMARY JUDGMENT**
   GOOGLE INC.,                      )  **REGARDING DIGITAL ENVOY,**
16                                   )  **INC.'S DAMAGES CLAIMS**
           Defendant/Counterclaimant. )
17                                   )
                                     )  Judge:     Hon. Richard Seeborg
18                                   )  Courtroom: 4, 5th Floor
                                     )  Date:      September 21, 2005
19                                   )  Time:      9:30 a.m.
                                     )
20 _____ )

21

22         **PUBLIC VERSION OF OBJECTION TO EVIDENCE**

23

24

25

26

27

28
                                                          2720027_1.DOC

OBJECTION TO EVIDENCE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE DIGITAL ENVOY INC.'S DAMAGES CLAIMS
CASE NO.: 04 01497 RS

Dockets.Justia.com

Google Inc. ("Google") objects to and moves to strike Exhibits D, E, F, G, H, I, J and M to the Declaration of Robert J. Waddell, Jr. in Support of Digital Envoy, Inc.'s Opposition to Google's Motion for Partial Summary Judgment re: Damages Issues (the "Waddell Declaration").

## I. ARGUMENT

### A. Testimony Offered In Opposition To Summary Judgment Must Set Forth Facts That Would Be Admissible In Evidence

On a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *Conoco Inc. v. Dept. of Energy*, 99 F.3d 387, 394 (Fed. Cir. 1997) (vacating summary judgment based on inadmissible evidence). Hearsay not within any exception is not admissible. Fed. R. Evid. 802. Inadmissible evidence, in turn, may not be used to support summary judgment. Fed. R. Civ. P. 56(e). Finally, this Court's Local Rules confirm that non-complying declarations may be stricken:

> An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Civil L.R. 7-5(b).

### B. Several Exhibits To The Waddell Declaration Are Inadmissible

Digital Envoy has cavalierly disregarded the rules of evidence in submitting various exhibits to the Court in opposition to Google's motion for partial summary judgment. As described below, admission of these exhibits would be improper for several reasons.

### Exhibit D -F

Exhibits D through F have not been properly authenticated and are thus inadmissible. *See* Fed. R. Evid. 901(a). These website printouts have not been produced in discovery nor has there been any testimony regarding these exhibits. "Although the documents bear the URL address and date stamp, they are improperly authenticated by Plaintiffs' declaration. Printouts

OBJECTION TO EVIDENCE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE DIGITAL ENVOY INC.'S DAMAGES CLAIMS
CASE NO.: 04 01497 RS

-1-

2720027_1.DOC

from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed.R.Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required; for example, [the posting site's] web master or someone else with personal knowledge would be sufficient." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) (finding "exhibits [] not properly authenticated and [thus] inadmissible for purposes of summary judgment.")

Moreover, these exhibits are classic examples of hearsay and are inadmissible because they are hearsay not within any exception to the rule. Fed. R. Civ. P. 56(e); Fed. R. Evid. 802. Exhibits D through F are copies of internet articles discussing Google, and Exhibit D purports to quote Google. Digital Envoy improperly relies on these exhibits to establish the truth of the matters asserted within them. *See* Opp. at 5, 22. The exhibits are therefore hearsay. *See* Fed. R. Evid. 801 and 802. They do not fit within any hearsay exception. *See* Fed. R. Evid. Rule 803, 804, and 807. Accordingly, Exhibits D through F may not be considered on summary judgment.

**Exhibits G - J**

Exhibits G through J are likewise inadmissible because they have not been properly authenticated. *See* Fed. R. Evid. 901(a); *In re Homestore.com,* 347 F. Supp. 2d at 782-83. Like Exhibits D through F, these website printouts were not produced in the course of discovery and, consequently, there has been no testimony regarding these exhibits. Accordingly, they are not properly authenticated. *Id.* Additionally, the exhibits are dated in August and September 2005 – well after the events at issue here – and are accordingly irrelevant and therefore inadmissible pursuant to Federal Rule of Evidence 402.

Moreover, Exhibits G, I and J are inadmissible hearsay to the extent that Digital Envoy relies on quotes from AdSense customers as to why they were purportedly attracted to Google. *See* Fed. R. Evid. 801 and 802. Not falling within any exceptions tot he Hearsay rule, the exhibits cannot be considered on summary judgment. *See* Fed. R. Evid. Rule 801, 802, 803, 804, and 807.

OBJECTION TO EVIDENCE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE DIGITAL ENVOY INC.'S DAMAGES CLAIMS
CASE NO.: 04 01497 RS

-2-

2720027_1.DOC

1  Additionally, such customer quotes are irrelevant. Whether customers liked Google's
2  ability to locally target advertisements is simply not probative evidence that these customers
3  would not have signed up for AdSense (or that they would have paid less to Google) *but for*
4  Google's use of Digital Envoy's data. Consequently, the exhibits run afoul of Federal Rule of
5  Evidence 402.

6  Finally, Digital Envoy's reliance on references in Exhibits G through J regarding locally
7  targeted advertisements is misleading because such local targeting was not necessarily related to
8  Google's use Digital Envoy's technology. As noted in Google's Reply, Google employed
9  several different mechanisms to locally target advertising. *See* Declaration of Mark Rose at 3,
10  n.2. Due to their lack of relevance, the exhibits should be excluded under Federal Rule of
11  Evidence 402.

12  **Exhibit M**

13  Exhibit M is inadmissible because Digital Envoy has failed to lay any foundation, let
14  alone a proper foundation, for its admission. *See* Fed. R. Evid. 901. Further, there is no support
15  for Digital Envoy's erroneous conclusion that Exhibit M ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25  ───────────────
26  [1] Digital Envoy also intentionally fails to note ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
27  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28

2720027_1.DOC

Digital Envoy's "testimony" in its brief concerning the document is unfounded. Without the proper foundation the document is irrelevant. It should, therefore, be excluded under Fed. R. Evid. 402.

## II. CONCLUSION

For the foregoing reasons, Google Inc. objects to and respectfully requests the Court to strike Exhibits D, E, F, G, H, I, J and M to the Waddell Declaration.

Respectfully Submitted,

Dated: September 8, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ David L. Lansky
       David L. Lansky

Attorneys for Defendant/Counterclaimant
Google Inc.

2720027_1.DOC

OBJECTION TO EVIDENCE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE DIGITAL ENVOY INC.'S DAMAGES CLAIMS
CASE NO.: 04 01497 RS

-4-