1   P. CRAIG CARDON, Cal. Bar No. 168646
    BRIAN R. BLACKMAN, Cal. Bar No. 196996
2   KENDALL M. BURTON, Cal. Bar No. 228720
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4106
4   Telephone:    415-434-9100
    Facsimile:     415-434-3947

6   TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
    LUKE ANDERSON (Admitted *Pro Hac Vice*)
7   MCGUIRE WOODS, L.L.P
    1170 Peachtree Street, N.E., Suite 2100
8   Atlanta, Georgia 30309
    Telephone: 404.443.5500
9   Facsimile: 404.443.5751

10   Attorneys for DIGITAL ENVOY, INC.

11                 UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
|       Plaintiff/Counterdefendant, | **DIGITAL ENVOY'S RESPONSE TO GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DIGITAL ENVOY, INC.'S DAMAGES CLAIMS** |
|       v. | |
| GOOGLE, INC., | |
|       Defendant/Counterclaimant. | |
| | Date:          September 21, 2005<br>Time:         9:30 a.m.<br>Courtroom:   4, 5th Floor<br><br>**The Honorable Richard Seeborg** |

W02-SF:5BB\61469014.1              RESPONSE TO GOOGLE'S OBJECTIONS TO EVIDENCE

Digital Envoy, Inc. ("Digital Envoy") opposes Google, Inc.'s Objection to Evidence Submitted in Opposition to Motion for Partial Summary Judgment Regarding Digital Envoy, Inc.'s Damages Claims ("Motion to Strike") for the reasons set forth herein.

## I.     INTRODUCTION

Once again, in an attempt to avoid the substance of Digital Envoy's evidentiary arguments and evidence, Google makes specious objections to some of the exhibits offered in opposition to Google's Motion for Partial Summary Judgment. Google seeks to deny the Court consideration of statements by Google's own representatives that contradict Google's positions in this lawsuit, and, in particular, its Motion for Partial Summary Judgment. Google also seeks to exclude printed images from Google's *own web site* in which Google touts the importance and value of geotargeting. Finally, Google seeks to exclude from consideration a document from its own files, produced by Google in this litigation, on the grounds that Google disagrees with the plain meaning of that document. Quite tellingly, Google proffers no counter-evidence, in the form of affidavits or documents, that contradicts a single word of Google's own public statements, web site, or internal documents. Nor does Google offer any argument, which less evidence, that the challenged exhibits are inaccurately or inauthentic. Most importantly, however, Google's evidentiary objections are wrong as a matter of law.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Exhibits D-F

Exhibits D – F are Internet newspaper articles which contain direct quotes from Google representatives regarding the importance and value of geotargeting. Digital Envoy sufficiently authenticated each exhibit through the sworn declaration testimony of Robert J. Waddell, Jr., through which he declares that each exhibit "is a true and correct copy" of the contents of the websites reviewed and printed from a specific web site address, on a date certain. *See e.g.*, Declaration of Robert J. Waddell, Jr. In Support of Digital Envoy's Opposition to Google's Motion for Partial Summary Judgment, ("Waddell Declaration"), ¶¶5-7. Moreover, the documents themselves bear circumstantial indicia of authenticity, including the dates of the news articles, the web addresses at which the articles appeared, and the dates on which they were downloaded and

1  printed.  *See* Fed. R. Evid. 901(b)(4) (authenticity may be satisfied by the "[a]ppearance, contents,
2  substance, internal patterns, or other distinctive characteristics, taken in conjunction with
3  circumstances").  Such testimony is sufficient to authenticate the contents of an Internet web page.
4  *See United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (holding foundational requirement of
5  authentication is satisfied by evidence sufficient to support a finding that the matter in question is
6  what its proponent claims and is satisfied when "sufficient proof has been introduced so that a
7  juror could find in favor of authenticity," and admitting printouts of Internet chat room logs);
8  *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002) (holding
9  admissible Internet web pages supported by declarant who viewed and printed the web pages at
10 issue).

11      Google's hearsay objection is likewise unpersuasive.  Digital Envoy has proffered these
12 exhibits as evidence of Google's own statements regarding the value and importance of
13 geographically- relevant information.[1]  Statements by Google's own employees are admissible
14 admissions by a party-opponent.  *See* Fed. R. Evid. 801(d)(2).  Tellingly, Google does not dispute
15 the accuracy of its representatives' statements.

16 **B.    Exhibits G-J**

17      Like Exhibits D-F discussed above, Digital Envoy has sufficiently authenticated these
18 exhibits.  *See e.g., Perfect 10*, 213 F. Supp. 2d at 1154.  In addition, these exhibits are printouts
19 from *Google's own web sites.*[2]  *See Polska v. Echostar Satellite Corp.*, No. 02-C-3293, 2004 WL
20 2367740 (N.D. Ill. Oct. 15, 2004) (admitting web site party's website printouts supported by

---

[1] For example, in Exhibit F, Google General Manager of Google Local and Third Party Sales, Soukhinden Singh, is quoted as stating: "Google is excited to add a new way to reach prospective advertisers, while continuing to provide users with relevant local information and advertisements."  Waddell Declaration Ex. F.

[2] It is amazing indeed that Google challenges the admissibility of these exhibits on the grounds that "these website printouts were not produced in the course of discovery."  *See* Motion to Strike at 2.  Google neglects to note that Digital Envoy has pending requests for production for these very documents, which Google has refused to produce.  *See* Google, Inc.'s Supplemental and Amended Responses to Digital Envoy's First Set of Document Requests dated November 10, 2004, Request to No. 17 (requesting "all documents relating to the web site information provided by Google relating to AdWords, Adsense and any other program relating to the placement of advertisements on any web site, specifically including all historical changes made to the information provided.").

1  testimony of person who viewed the web site and provided testimony that printouts accurately
2  reflected content of the web sites on the dates in question).  Furthermore, Google's own web sites
3  are not hearsay because they are admissions of a party opponent.  *See* Fed. R. Evid. 801(2)(d);
4  *Polska*, 2004 WL 2367740, at *5; *Van Westrienen v. Americontentional Collection Corp.*, 94 F.
5  Supp. 2d 1087, 1109 (D. Oregon 2000).
6        Google also asserts that the statements of its own customers, which Google itself selected
7  and used in its own web site, are inadmissible hearsay not true.  Digital Envoy is not offering these
8  statements for the truth of what they assert – namely that Google advertisers valued geotargeting
9  of their advertisements, but rather for the basic point that Google promoted the value of
10 geortargeting on its own web site Cf. Fed. R. Evid. 801(c).  The truth or falsity of the statements
11 is, thus, immaterial.  (However, it strains credibility that Google is challenging the veracity of the
12 statements of its own customers – especially considering Google's promotion of those statements).
13       Finally, Google asserts that these statements are irrelevant because there is no showing that
14 the quoted advertisers are referring to geotargeting made available by Digital Envoy's technology
15 or that the advertiser would have not have signed up for AdSense but Digital Envoy's technology.
16 *See* Motion to Strike at 3.  Google's arguments are specious; Digital Envoy offers these exhibits
17 for the basic point that, contrary to its repeated assertions in this litigation, Google advertises
18 praise and value geotargeted advertisements.  The "relevance" issues Google raises have no
19 bearing on this discrete, but very important, point.
20 **C.    Exhibit M**
21       Google next attacks the plain meaning of its own internal documents produced in the
22 course of this litigation.  Google's real challenge to the document is not its relevance, nor its
23 authenticity, but, rather to its plain meaning.  Google does not offer testimony on evidence to
24 contradict the clear showing that, in a Google case study geo-targeted advertising campaigns
25 resulted in 117% increase in click - thrus then non-geotargeted campaigns.  *See* Waddell
26 Declaration, Ex. M.  Again, whether in this particular instance Digital Envoy's technology was
27 utilized is irrelevant to the basic point that Google's own internal documents demonstrate that
28

-3-

geotargeting has discernable and proven value – contrary to Google's repeated assertions in this litigation.  Google's Motion to Strike goes to the weight, not the admissibility, of this evidence.

### III.    CONCLUSION

For the above reasons, Google's Motion to Strike should be denied.

DATED:  September 16, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.