1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
4  Telephone:     415-434-9100
   Facsimile:     415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile:  404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                           SAN JOSE DIVISION

14 DIGITAL ENVOY, INC.,                    Case No. C 04 01497 RS

15           Plaintiff/Counterdefendant,   **DIGITAL ENVOY'S MOTION
                                           PURSUANT TO FEDERAL RULE OF**
16    v.                                   **CIVIL PROCEDURE 56(f)**

17 GOOGLE, INC.,
                                           Date:       September 21, 2005
18           Defendant/Counterclaimant.    Time:       9:30 a.m.
                                           Courtroom:  4, 5th Floor

                                           **The Honorable Richard Seeborg**

W02-SF:5BB\61469024.1                DIGITAL ENVOY'S MOTION PURSUANT TO FEDERAL
                                                  RULE OF CIVIL PROCEDURE 56(f)

## I.    INTRODUCTION

Google's Motion for Partial Summary Judgment Regarding Digital Envoy, Inc.'s Damages Claims should be denied on the face of Google's own arguments because: (i) the undisputed evidence establishes that Google incorporated Digital Envoy's technology into its AdSense programs; and (ii) Google achieved significant revenues from its AdSense programs of which Digital Envoy's technology is a necessary component. In addition, Google's motion misrepresents the applicable burden of establishing any costs and setoffs, if any, to the AdSense revenue, which falls to Google, not Digital Envoy. *See, e.g., USM Corp. v. Marson Fastener Corp.*, 467 N.E. 2d 1271, 1276 (Mass. 1984) In essence, Google's Motion for Partial Summary Judgment addresses that value of its unjust enrichment, not the fact of its unjust enrichment. *Cf. Stott v. Johnson*, 36 Cal. 2d 864, 875 (1951) (certainty about existence, not the amount, of damages is controlling). For at least these reasons, Google's Motion should fail.

Notwithstanding the sufficiency of the record to establish Google's unjust enrichment due to its misappropriation of Digital Envoy's trade secrets, Google in its Reply in Support of Motion for Partial Summary Judgment ("Google's Reply") flaunts the alleged absence of evidence as justification of its entitlement to partial summary judgment. *See, e.g.*, Google's Reply at 11-12. However, the very evidence that Google contends is absent *resides in the hands of Google*, which Google has refused to produce. Subsequent to Digital Envoy's filing of its Opposition to Google's Motion for Partial Summary Judgment, Google definitively stated that it has "completed" its production in compliance with the Court's July 15, 2005 Order, and that it refuses to make available any corporate witnesses on key issues, including Google's use of Digital Envoy's technology in AdSense and revenues Google achieved from AdSense. Google's recent statement that it has satisfied its discovery obligations, including "compliance" with the Court's July 15, 2005 Order, is false. Digital Envoy will be forced once again to seek relief from the Court to obtain the discovery to which it is entitled.

Under the circumstances, it would be unjust indeed for Google to use its own refusal to provide meaningful discovery responses as the very basis justifying its entitlement to partial summary judgment. Therefore, to the extent the Court were to accept Google's contention that the

-1-

1  record does not establish its unjust enrichment, Digital Envoy respectfully requests that the Court

2  continue Google's motion for partial summary judgment until such time as Digital Envoy can

3  bring Google's non-compliance with its discovery obligations before the Court.

**II.     ARGUMENT AND CITATION OF AUTHORITY**

Federal Rule of Civil Procedure 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).[1]  Google contends that Digital Envoy cannot establish the requisite causation for Google's unjust enrichment, asserting that there is no evidence that Google benefited from its use of Digital Envoy's technology.  *See, e.g.,* Google's Reply at 12-13.

For the reasons that Digital Envoy stated in its Opposition, Google is wrong on both the facts and the law.  *See* Opposition at 16-22; *see also Carter Products v. Colgate-Palmolive Co.*, 214 F. Supp. 383, 397 (D. Md. 1963) (rejecting the defendant's argument that it could have produced its product with the trade secrets and achieved the same success on the grounds that the defendant nevertheless chose to market the product with the trade secret).  Nevertheless, Google possesses, but refuses to provide, additional evidence that would (i) demonstrate more precisely the revenue achieved from Google's placement of advertisements utilizing geotargeting; and (ii)

---

[1]  Digital Envoy respectfully contends that this Rule 56(f) is timely.  *See Mason v. United States*, No. 03-55560, 120 Fed. Appx. 40, 43, 2005 WL 32820, at *3 (9th Cir. Jan. 7, 2005) (holding that a Rule 56(f) must be filed prior to the hearing on the motion to be timely); *see also Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) (holding Rule 56(f) motion must be made prior to summary judgment hearing).  Moreover, based on Google's recent assertions that it intends to provide no further responses on key discovery issues, Google should not be allowed to rely on any alleged absence of evidence to justify its entitlement to partial summary judgment without allowing Digital Envoy to bring these issues before the Court.  *See* Digital Envoy's Motion for Leave to File Rule 56(f) Motion, filed contemporaneous herewith; *see also Mass. School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F. 3d 26, 44 (1st Cir. 1998) (noting that due to extenuating circumstances, a Rule 56(f) Motion may be filed after the date the response is due); *Patterson-Leitch Co., Inc. v. Mass. Municipal Wholesale Elec. Co.,* 840 F. 2d 985, 988 (1st Cir. 1988) (noting that Rule 56(f) Motion must be filed in timely manner – *i.e.,* served with the response or on "the earliest practicable date thereafter").

demonstrate the importance and value of geotargeted advertisements through point of sale information, including Google's communications with and marketing to, advertisers whose advertisements were displayed through the AdSense program.

Specifically:

1. Digital Envoy, Inc.'s First Interrogatories, Interrogatory Number 6 requested Google to "identify by month and web site, the total revenue received by Google for the placement of advertisements on third party web sites WHERE THE PLACEMENT OF THE ADVERTISEMENT INCLUDED THE USE OF DIGITAL ENVOY'S DATA." *See* Declaration of Robert J. Waddell, Jr. in Support of Rule 56(f) Motion ("Waddell Declaration"), ¶3, Exhibit A. (emphasis added). Granting Digital Envoy's Motion to Compel, the Court ordered Google to provide this information. *See* July 15, 2005 Order Granting in Part and Denying in Part Digital's Motion to Compel and Denying Motion for Sanctions ("July 15, 2005 Order"). However, Google has provided only general and unsupported gross revenue information and unsubstantiated deductions from the gross revenue figure and on September 2, 2005 stated that it intends to provide no additional information in response to this interrogatory. *See* Exhibit 8, Waddell Declaration ¶3. The requested information would establish the precise revenue Google derived from the placement of advertisements where that placement included the use of Digital Envoy's technology. *See id.,* ¶3.

2. Digital Envoy, Inc.'s First Interrogatories, Interrogatory Numbers 10 and 11 requested Google to provide detailed revenue information for Google's AdSense programs and state whether such revenue was derived from advertisements that were geotargeted and those advertisements that were not geotargeted. *See* Waddell Declaration, ¶¶ 4-5, Exhibit C. Granting Digital Envoy's Motion to Compel, the Court ordered Google to provide this information. *See* July 15, 2005 Order. However, Google has provided only general and unsupported gross revenue information and unsubstantiated deductions from the gross revenue figure and on

-3-

September 2, 2005 stated that it intends to provide no additional information in response to this interrogatory. *See id.*, ¶¶3, 5, Exhibit B. Such information would establish the precise revenue Google derived from the placement of advertisements where that placement included the use of Digital Envoy's technology. *See id.*, ¶5.

3. Digital Envoy's Requests for Production 14, 18 and 19 requested that Google provide detailed information related to communications with and revenue from advertisers. *See* Waddell Declaration, ¶¶ 6-7, Exhibit D. The Court ordered Google to produce a subset of this requested information:

> Although Google asserts various objections to those requests, it agrees to produce non-privileged documents concerning its use of Digital's data, including communications which refer to that data, as well as ALL revenue information and other responsive documents regarding its AdSense for Content program. Based on the discussion set forth above, however, Google MUST now produce ALL responsive documents regarding its AdSense for Search program.

4. *See* July 15, 2005 Order. However, Google has only produced a small number of documents which appear to be less than all of the "communications" and "revenue information required by the Court's July 15, 2005 Order. *See* Waddell Declaration ¶7. This point-of-sale information would be direct evidence of the importance and value of geotargeted advertising to the advertising customers as well provide a more precise basis for the revenue derived from geotargeted advertisements. *See id.*

5. Digital Envoy has noticed the Rule 30(b)(6) deposition of a Google witness to testify regarding Google's use of Digital Envoy's technology and revenue information requested in Interrogatories 6, 10 and 11. *See* Waddell Declaration, ¶8, Exhibits E and F. Despite Digital Envoy's effort to meet and confer on this issue, Google recently refused to make such a witness available. *See id.*, ¶3, 8, Exhibit B.

6. Finally pursuant to the July 23, 2005 Stipulated Amended Scheduling Order, the date on which Digital Envoy must designate expert witnesses is not until October 21, 2005. Digital Envoy anticipates designating an expert witness to address the

valuation issues raised in Google's Motion for Partial Summary Judgment. *See* Waddell Declaration, ¶9.

7. Although all of the information identified above, in fact, goes to the issue of the value, rather than the existence, of Google's unjust enrichment,[2] to the extent that Google now attempts to rely on a dearth of information, which is of its own making, Digital Envoy should be permitted to seek relief from the Court for Google's refusal to respond to Digital Envoy's discovery – including, especially, that discovery which the Court previously ordered Google to provide.

### III.    CONCLUSION

For the foregoing reasons, Digital Envoy respectfully requests that, should the Court accept Google's assertion that the record is insufficient to establish Google's unjust enrichment, the Court grant Digital Envoy's Rule 56(f) Motion.

DATED:  September 16, 2005

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Brian Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.

---

[2]    A point on which Google, not Digital Envoy, bears the burden of proof. *See, e.g.*, *USM Corp.*, 467 N.E.2d at 1276.