

Dockets.Justia.com

1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:   415-434-9100
   Facsimile:   415-434-3947
5

6  TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
   LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile: 404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14 GOOGLE, INC.,                      Case No. C 04 01497 RS

15              Plaintiff,
                                      **DIGITAL ENVOY, INC.'S FIRST**
16      v.                            **SET OF INTERROGATORIES AND**
                                      **REQUESTS FOR PRODUCTION**
17 DIGITAL ENVOY, INC.,

18              Defendant.

19 ────────────────────────
   DIGITAL ENVOY, INC.,
20
                Counterclaimant,
21
        v.
22
   GOOGLE, INC.,
23
                Counterdefendant.
24 ────────────────────────

25

26      Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff

27 Digital Envoy, Inc. hereby propounds the following interrogatories and requests for

28
                                -1-

1  production of documents upon Defendant Google, Inc. to be answered as required by rule

2  within thirty days of service hereof.

### Instructions

### DEFINITIONS AND INSTRUCTIONS

1.    These interrogatories call for all information on the particular subject in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, officers, directors, or representatives, or other persons acting under your authorization, employment, direction, or control.

2.    As used herein, the terms "person" and "persons", and the possessive forms of those terms, mean and include natural persons, corporations, partnerships, limited partnerships, associations, organizations, joint ventures, governmental units or entities, and any other kind of business or other entity, and the officers, agents, representatives, employees, directors, or attorneys of any such person.

3.    As used herein, the term "Google", and the possessive form of that term, means and refers to Google, Inc. , and includes all of its predecessors, successors, subsidiaries, divisions, departments, affiliates, sister entities, and parent entities, and all of its present and former officers, directors, agents, representatives, employees, and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission, or other basis.

4.    As used herein, the term "Digital Envoy", and the possessive form of that term, means and refers to Digital Envoy, Inc.

-2-

1    5.    As used herein, the term "document(s)" means and refers to all items

2  within the scope of F.R.C.P. 34(a) and all forms of writings as defined in Federal Rule of

3  Evidence 1001(1), and includes any reduction to tangible form, **including computer or**

4  **magnetic memory or storage**, of communication, information, or data, including any

5  written, recorded, or filmed graphic matter of any kind or nature, however, produced or

6  reproduced, including originals, drafts, or non-identical copies, wherever located.  This

7  term includes, but is not limited to, letters, books, contracts, agreements, correspondence,

8
9  **computer tapes, computer disks, computer printouts**, keypunch cards, memoranda,

10  diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and

11
12  other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes",

13  factual compilations, **electronic data compilations**, statistical compilations, plans,

14
15  diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks,

16  ledgers, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes,

17  photographs, microfilm, microfiche, films, personnel files, quotes, stenographic notes,

18
19  telephone records, schedules, bids, voice recordings, video recordings, and transcriptions.

20  This definition applies to all documents on the particular subject in your possession,

21  custody, or control, or that of your attorneys, agents, employees, officers, directors, or

22  representatives, irrespective of who generated, prepared, or signed the documents.

23    6.    As used herein, the term "things" means and refers to any tangible

24
25  item, including, but not limited to, mock-ups, specimens, models, prototypes, and samples

26  of any device, product, or apparatus or parts thereof.

27

28

-3-

DIGITAL ENVOY, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7.    These interrogatories shall be deemed continuing in accordance with F.R.C.P. 26(e).

8.    If you withhold information by claiming it is privileged or attorney work product, then you must fully comply with all of the requirements of F.R.C.P. 26(b)(5).

## Definitions

As used herein:

(a)    "Documents" shall mean documents and other tangible things, including writings and recordings produced or reproduced on any storage media, as defined in the broadest sense permitted by the Federal Rules of Civil Procedure, including without limitation files, correspondence, records, ledgers, memoranda, tapes, notes, statements, studies, communications, pictures, films, reports, minutes, compilations, computer printouts, data on all forms of computer storage or retrieval, and every copy of every such writing or record when such copy is not an identical copy of an original or when such copy contains any commentary or notation whatsoever that does not appear on the original.

(b)    "Person" shall mean any individual, proprietorship, partner, partnership, corporation or any other business association or group of individuals whether or not they are recognized as legal entities for any purpose.

(c)    "Identify" shall mean with respect to an individual, to state his or her full name, present or last known residence address and telephone number,

present or last known employment address and telephone number and, if employed by you, his or her position and a brief description thereof.

(d)   "Agreement", "communication", "Digital Envoy", "Google", "relating to" "relate to" shall have the same meaning as set forth in Google's First Set of Interrogatories and Requests for Documents.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons who knew of the existence of communication between Google and Digital Envoy relating to the Agreement prior to its execution.

### INTERROGATORY NO. 2

Identify all persons who participated in any decision made on behalf of Google relating to the Agreement.

### INTERROGATORY NO. 3

Identify all persons who participated in any decision made on behalf of Google relating to the placement of AdWords advertisements on third party web sites.

### INTERROGATORY NO. 4

Identify all persons who participated in any decision made on behalf of Google relating to offering options to advertisers which would incorporate the use of Digital Envoy's technology, including the decision to offer such options for advertisements which would be placed on third party web sites.

### INTERROGATORY NO. 5

W02-SF:5CC\61423194.1

1    Identify all web sites on which Google has placed advertisements, the first and last

2  date in which Google has placed an advertisement on each site, and for each site indicate

3  whether Google was capable of using and permitted by the web site owner/operator to use

4

5  Digital Envoy's technology in the placement of advertisements on the site.

6  **INTERROGATORY NO. 6**

7    Identify by month and web site, the total revenue received by Google for the

8  placement of advertisements on third party web sites where the placement of the

9

10  advertisement included the use of Digital Envoy's technology.

11  **INTERROGATORY NO. 7**

12    Identify each person who participate in the drafting or negotiation of the

13  Agreement.

14

15  **INTERROGATORY NO. 8**

16    Describe each communication you had regarding the Agreement.

17  **INTERROGATORY NO. 9**

18    For each change to any draft of the Agreement, describe your understanding of the

19  purpose of that change.

20

21

22  **REQUESTS FOR PRODUCTION OF DOCUMENTS**

23  **DOCUMENT REQUEST NO. 1**

24    All documents relating to the Agreement, including all documents relating to the

25

26  drafting or negotiation of the Agreement.

27  **DOCUMENT REQUEST NO. 21**

28

-6-

W02-SF:5CC\61423194.1

All documents relating to communications relating to Google's and Digital Envoy's performance under the agreement.

**DOCUMENT REQUEST NO. 3**

All documents relating to Google's uses of Digital Envoy's technology, specifically including but not limited to documents relating to communication regarding the technology and technical documents and design drawings relating to Google's implementation or use of the technology for any purpose (including but not limited to AdWords and AdSense).

**DOCUMENT REQUEST NO. 4**

All documents relating to communications relating to any alleged breach of the Agreement by either Google or Digital Envoy.

**DOCUMENT REQUEST NO. 5**

All documents relating to Digital Envoy, including documents relating to communication relating to Digital Envoy.

**DOCUMENT REQUEST NO. 6**

All documents relating to communication with Digital Envoy.

**DOCUMENT REQUEST NO. 7**

All documents relating to communication leading to Google's decision to place advertisements on its own web site(s).

**DOCUMENT REQUEST NO. 8**

All documents relating to communication leading to Google's decision to use Digital Envoy's technology in placing advertisements on Google's own web site(s).

-7-

**DOCUMENT REQUEST NO. 9**

All documents relating to communication leading to Google's decision to offer advertisers options incorporating the use of Digital Envoy's technology for advertisements placed on Google's own web site(s).

**DOCUMENT REQUEST NO. 10**

All documents relating to communication leading to Google's decision to place advertisements on third party web sites.

**DOCUMENT REQUEST NO. 11**

All documents relating to communication leading to Google's decision to use Digital Envoy's technology in placing advertisements on third party web sites.

**DOCUMENT REQUEST NO. 12**

All documents relating to communication leading to Google's decision to offer advertisers options incorporating the use of Digital Envoy's technology for advertisements placed on third party web sites.

**DOCUMENT REQUEST NO. 13**

Documents sufficient to determine the identity of all advertisers who have paid Google for advertisements to be placed on Google's own web site(s), and the date and amount of payments.

**DOCUMENT REQUEST NO. 14**

Documents sufficient to determine the identity of advertisers who have paid Google for advertisements to be placed on third party web sites, and the date and amount of payments.

-8-

**DOCUMENT REQUEST NO. 15**

Documents sufficient to determine the identity of all advertisers who had advertisements placed by Google and selected an option which incorporated the use of Digital Envoy's technology in the placement of one or more of those advertisements.

**DOCUMENT REQUEST NO. 16**

Documents sufficient to determine the identity of all advertisers who had advertisements placed by Google and were given but did not select an option which incorporated the use of Digital Envoy's technology in the placement of one or more of those advertisements.

**DOCUMENT REQUEST NO. 17**

All documents relating to web site information provided by Google relating to AdWords, AdSense, and any other program or offering relating to the placement of advertisements on any web site, specifically including all historical changes made to the information provided.

**DOCUMENT REQUEST NO. 18**

All documents relating to information other than web site information provided by Google to then existing or prospective AdWords or AdSense customers relating to AdWords, AdSense, and any other program or offering relating to the placement of advertisements on any web site.

**DOCUMENT REQUEST NO. 19**

All documents containing any projection or expectation relating to revenue or profit or other economic factor relating to AdWords, AdSense, or any other program or offering

-9-

relating to the placement of advertisements on any web site, specifically including any projection relating to the use Digital Envoy's technology in placing advertisements on third party web sites.

**DOCUMENT REQUEST NO. 20**

All documents containing press releases pertaining to AdWords, AdSense, or any other program or offering relating to the placement of advertisements on any web site, or the use of Digital Envoy's technology in placing advertisements on third party web sites.

**DOCUMENT REQUEST NO. 21**

All documents relating to communication with any other company who provides or purports to provide information regarding the geographic location of a user relating to the provision of such information to Google.

DATED:  July 29, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

P. CRAIG CARDON
Attorneys for DIGITAL ENVOY, INC.

W02-SF:5CC\61423194.1

DIGITAL ENVOY, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3    I am employed in the County of San Francisco; I am over the age of
eighteen years and not a party to the within entitled action; my business address is
4 210 Fell Street, 17th Street, San Francisco, California 94102.

5    On **July 29, 2004**, I served the following document(s) described as **DIGITAL
ENVOY, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS
6 FOR PRODUCTION** on the interested party(ies) in this action by placing true
copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

7

David H. Kramer
8 David L. Lansky
Wilson Sonsini Goodrich & Rosati
9 650 Page Mill Road
Palo Alto, CA 94303-9300

10

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
11  processing correspondence for mailing. Under that practice it would be
deposited with the U.S. postal service on that same day with postage thereon
12  fully prepaid at San Francisco, California in the ordinary course of business. I
am aware that on motion of the party served, service is presumed invalid if
13  postal cancellation date or postage meter date is more than one day after date
of deposit for mailing in affidavit.

14

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be
15  delivered on the same day to an authorized courier or driver authorized by the
overnight service carrier to receive documents, in an envelope or package
16  designated by the overnight service carrier.

17 ☒ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand
  to the office of the addressee(s).

18

☒ **STATE:** I declare under penalty of perjury under the laws of the State of
19  California that the foregoing is true and correct.

20 ☐ **FEDERAL:** I declare that I am employed in the office of a member of the
  bar of this Court at whose direction the service was made. I declare under
21  penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

22

    Executed on **July 29, 2004**, at San Francisco, California.

23

24

25            _____

       Print Name  _RAMON GAVIOLA_
26

27

28

W02-SF:5CC\61423194.1

**EXHIBIT** $\mathcal{B}$

-----Original Message-----
From: Kramer, David <DKramer@wsgr.com>
To: Kratz, Timothy H. <tkratz@mcguirewoods.com>
CC: Lansky, David <DLansky@wsgr.com>
Sent: Fri Sep 02 20:47:41 2005
Subject: Your Discovery Letter

Tim,

As you know, the time for discovery requests and moving to compel has long since past. To be clear, we object to any further discovery or motion practice except that specifically agreed upon. Nevertheless, we respond to your "good faith punch list" below.

DHK

-----Original Message-----
From:  Kratz, Timothy H. [mailto:tkratz@mcguirewoods.com]
Sent:  Sun Aug 28 20:51:32 2005
To:    Kramer, David
Cc:    Waddell, Robert J. Jr.
Subject:    Good faith punch list

Here are the items we contend are outstanding discovery items. We are requesting that you commit to fulfilling each of these items in a timely fashion or engage in further discussion leading toward compromise of these potential discovery disputes:

1.  30(b)(6) Topic 1. Although you provided Mr. Rose on this topic, he was unprepared to testify regarding certain critical technical issues, indicating he would need to undertake further investigation to properly answer. Further, no witness was provided regarding AdSense for Search. We request a supplemental deposition on this topic.

Response: Mr. Rose was amply prepared for his deposition and need not be omniscient to fulfill his obligations as Google's 30(b)(6) designee. Further, you have not identified any relevant questions Mr. Rose was unable to answer and you closed his deposition without any reservation of rights. We will not be offering additional testimony on this topic.

2.  30(b)(6) Topics 2 and 3. We are entitled to a corporate representative to discuss Google's policies regarding license compliance and what steps, if any, were taken to ensure that the Digital Envoy license was complied with. Providing testimony of fact witnesses in the course of the deposition is not a substitute for the corporate representative deposition to which we are entitled.

Response: Per our objections, these requests are overbroad and seek irrelevant information. Moreover, you have already elicited the percipient witness testimony on this subject and any further testimony would be redundant and unnecessary. As a compromise, we are willing to adopt the testimony of Mark Rose, page 79:8-20, Steve Schimmel, pages 52:23 - 53:25, Kulpreet Rana, pages 11:10 - 12:15, 15:20 - 16:6 and Matt Cutts, pages 61:9 - 62:13 as Google's testimony on that topic. But we will not present a corporate designee simply to reiterate what the percipient witnesses have already said.

3.  30(b)(6) Topics 5 and 6. We are entitled to further financial breakdown as set forth in these topics and testimony regarding the capabilities of Google's record keeping on such matter to the extent you maintain Google is not capable of such breakdown.

Response: The Court has already ruled that Digital Envoy is not entitled to documents on this subject based inter alia on relevance grounds. Testimony about documents that Digital Envoy was not entitled to obtain is plainly unwarranted.

4. 30(b)(6) Topic 7. We are entitled to discovery regarding your search for documents, particularly in light of Ms. Wojcicki's testimony demonstrating lack of diligence in searching for discoverable documents.

Response: This misconstrues Ms. Wojcicki's testimony. Google was diligent in its search for documents and in responding to Digital Envoy's discovery requests. Moreover, you have already questioned witnesses on this topic and had the opportunity to ask each and every percipient witness what they did to locate responsive documents. We are not going to provide discovery concerning discovery, particularly where, as here, there is no reason to believe there were any discovery shortcomings.

5. 30(b)(6) Topics 8 and 11. You agreed to produce Mr. Cutts on these topics during the resumption of his deposition, although we disagree with your self-help limitations on these topics. Please provide dates of his availability.

Response: We did produce Mr. Cutts as noticed. You cancelled the deposition at the last minute. We will provide you with a range of potential dates as soon as we determine them. My guess is that we will not find a date until late October.

6. 30(b)(6) Topics 9, 10, and 12. Your objection that this is a contention interrogatory is non-sensical. We are entitled to a witness on these topics regardless of your characterization of our discovery. We are entitled to take discovery in the manner of our choosing.

Response: We stand by our objections to these topics.

7. 30(b)(6) Topic 14. You indicated you were investigating whether such analysis exists. Please provide an update.

Response: We have not found any such analysis.

8. Interrogatory 6, 10. You have failed to respond to these interrogatories in full. As to each site identified in Interrogatory 5, please provide a monthly revenue breakdown, providing gross revenue, cost of revenue, and the portion of revenue generated from ads targeted to something other than "all countries" as you were required to do by Court Order.

Response: You are badly misreading the Order which did not obligate Google to respond to the interrogatories "in full". The Court found Google's answers incomplete only to the extent they did not contain data on AdSense for Search. July 15, 2005 Order at 5:17-19. Accordingly, the Order granted Digital Envoy's motion to compel further responses to these interrogatories only "to the extent that Google shall provide responses which include both its AdSense for Content and AdSense for Search programs..." Id. 5:19-21. Google has complied with the Court's Order by updating its original response that was limited to AdSense for Content to also include information on AdSense for Search. Google absolutely was not required to provide the minutiae you mention above. Indeed, the Court goes on at length about why Digital Envoy was not entitled to any information regarding publishers, let alone detailed information on hundreds of thousands of them that you demand. Id. at 6:12-24.

9. Request for Production 14. You have failed to supplement your production on this topic as required by Court Order.

Response: As we agreed, the time for this production was extended to August 31. The chart responsive to this request as modified by the Court's order was produced.

10. Requests for Production 18 and 19. Please provide any additional responsive documents.

As we agreed, the time for this production was extended to August 31.  Per Dave Lansky's letter, a thorough search for documents did not reveal any responsive documents beyond those produced on August 15.

11.   Ms. Wojcicki testified regarding a draft document which would be clearly responsive as a communication with customers regarding geo-targeting.  Please provide that document, the actual communication and all documents which discuss the document as they all should have been produced.  We may also want to depose the author of the document.

Response:  This misstates Ms. Wojcicki's testimony, the requests and our responses to them.  In any event, as the Court made clear in its recent order, documents regarding Google's interactions with publishers are not relevant as Digital Envoy failed to show that any publisher would have taken a license from Digital Envoy but for Google's operation of the AdSense program.

12.   We want to depose Mr. Kordestani as we have previously requested.

Response:  We have consistently denied this request (see, e.g. May 11, 2005, 8:10 pm email), and the time for moving to compel this deposition has long since past.  We will not be producing Mr. Kordestani for deposition.

13.   In light of your new contention that Google did not benefit from Digital Envoy's technology, we want to depose Larry Page who is on record to the contrary.

Response:  We will not be producing Mr. Page for deposition.  Again, the time for noticing depositions (or moving to compel them) has long since past.

**EXHIBIT C**

1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:    415-434-9100
   Facsimile:    415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile: 404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14 DIGITAL ENVOY, INC.,                    Case No. C 04 01497 RS

15           Plaintiff/Counterdefendant,

16     v.                                  **DIGITAL ENVOY, INC.'S SECOND SET OF INTERROGATORIES**

17 GOOGLE, INC.,

18           Defendant/Counterclaimant.

19

20      Pursuant to Rules 33 of the Federal Rules of Civil Procedure, Plaintiff Digital Envoy, Inc.

21 propounds the following interrogatories upon Defendant Google, Inc. to be answered as required

22 by rule within thirty days of service.

23              **DEFINITIONS AND INSTRUCTIONS**

24      1.     These interrogatories call for all information on the particular subject in your

25 possession, custody, or control, or in the possession, custody, or control of your attorneys, agents,

26 employees, officers, directors, or representatives, or other persons acting under your authorization,

27 employment, direction, or control.

28

-1-

2.    As used herein, the term "Google", and the possessive form of that term, means and refers to Google, Inc. , and includes all of its predecessors, successors, subsidiaries, divisions, departments, affiliates, sister entities, and parent entities, and all of its present and former officers, directors, agents, representatives, employees, and attorneys, whether employed or retained on a full-time, part-time, independent contract, commission, or other basis.

3.    These interrogatories shall be deemed continuing in accordance with F.R.C.P. 26(e).

4    If you withhold information by claiming it is privileged or attorney work product, then you must fully comply with all of the requirements of F.R.C.P. 26(b)(5).

## **INTERROGATORIES**

## **INTERROGATORY NO. 10:**

On page 54 of the Prospectus for Google, Inc. dated August 18, 2004 (the "Prospectus"), you set forth revenue from the subcategory of revenue source labeled Google Network web sites ("Google Network revenue").  For the total Google Network revenue, provide an itemized breakdown which (1) divides the revenue into AdSense for search and AdSense for content (as those terms are used on page 51 of the Prospectus); (2) divides the subdivision in part (1) of this interrogatory into revenue associated with each Google Network member's web site (as described on page 51 of the Prospectus); and (3) for each revenue listing for each web site listed in part (2) of this interrogatory, provide the cost of revenue recognized as a result of the portion of the advertiser fee paid to a Google Network member, identifying the member (all as described on page 51 of the Prospectus).

////

////

////

-2-

DIGITAL ENVOY, INC.'S SECOND SET OF
INTERROGATORIES

1    **INTERROGATORY NO. 11:**

2        For the revenue listing in part (2) of the previous interrogatory, divide each revenue listing

3    into two categories reflecting revenue generated from advertiser fees (as described on page 51 of

4    the Prospectus) where the advertiser whose ad resulted in the fee either (a) selected "all countries"

5    when the ad was enabled or (b) selected something other than "all countries" when enabled.

6    DATED:  December 3, 2004

7                                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                            By

                                            P. CRAIG CARDON
10                                           BRIAN R. BLACKMAN
11                                           Attorneys for DIGITAL ENVOY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is 210 Fell Street, 17th Street, San Francisco, California 94102.

On **December 3, 2004,** I served the following document(s) described as **DIGITAL ENVOY, INC.'S SECOND SET OF INTERROGATORIES** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

David H. Kramer
David L. Lansky
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94303-9300

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **December 3, 2004,** at San Francisco, California.

SUSAN V. RADER

-4-

DIGITAL ENVOY, INC.'S SECOND SET OF INTERROGATORIES

EXHIBIT D

1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:    415-434-9100
   Facsimile:    415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
8  Atlanta, Georgia 30309
   Telephone: 404.443.5500
9  Facsimile: 404.443.5751

10 Attorneys for DIGITAL ENVOY, INC.

11 UNITED STATES DISTRICT COURT

12 NORTHERN DISTRICT OF CALIFORNIA

13 SAN JOSE DIVISION

14 DIGITAL ENVOY, INC.,     Case No. C 04 01497 RS

15          Plaintiff/Counterdefendant,

16     v.                **DIGITAL ENVOY, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

17 GOOGLE, INC.,

18          Defendant/Counterclaimant.

19

20      Pursuant to Rules 34 of the Federal Rules of Civil Procedure, Plaintiff Digital Envoy, Inc.

21 propounds the following requests for production of documents upon Defendant Google, Inc. to be

22 answered as required by rule within thirty days of service.

23            **DEFINITIONS AND INSTRUCTIONS**

24      1.      These requests for production of documents call for all records responsive to the

25 particular subject in your possession, custody, or control, or in the possession, custody, or control

26 of your attorneys, agents, employees, officers, directors, or representatives, or other persons acting

27 under your authorization, employment, direction, or control.

28

-1-

1    2.    As used herein, the terms "you," and "Google", and the possessive form of that

2  term, means and refers to Google, Inc. , and includes all of its predecessors, successors,

3  subsidiaries, divisions, departments, affiliates, sister entities, and parent entities, and all of its

4  present and former officers, directors, agents, representatives, employees, and attorneys, whether

5  employed or retained on a full-time, part-time, independent contract, commission, or other basis.

6    3.    These requests for production are deemed continuing in accordance with

7  F.R.C.P. 26(e).

8    4.    If you withhold information or records by claiming it is privileged or attorney work

9  product, then you must fully comply with all of the requirements of F.R.C.P. 26(b)(5).

10    **Definitions**

11    As used herein:

12    1.    "Documents" shall mean documents and other tangible things, including writings

13  and recordings produced or reproduced on any storage media, as defined in the broadest sense

14  permitted by the Federal Rules of Civil Procedure, including without limitation files,

15  correspondence, records, ledgers, memoranda, tapes, notes, statements, studies, communications,

16  pictures, films, reports, minutes, compilations, computer printouts, data on all forms of computer

17  storage or retrieval, and every copy of every such writing or record when such copy is not an

18  identical copy of an original or when such copy contains any commentary or notation whatsoever

19  that does not appear on the original.

20    2.    "Person" shall mean any individual, proprietorship, partner, partnership,

21  corporation or any other business association or group of individuals whether or not they are

22  recognized as legal entities for any purpose.

23    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

24    **REQUEST FOR PRODUCTION NO. 22:**

25    On page 51 of the Prospectus for Google, Inc. dated August 18, 2004 (the "Prospectus"),

26  you describe agreements between yourselves and Google Network members.  Produce all such

27  agreements, whether "standard agreements" or "negotiated agreements" as used in the Prospectus.

28

-2-

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents referring to or reflecting negotiations between you and the Google Network members.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents referring to or reflecting communication within Google regarding such negotiations or agreements.

**REQUEST FOR PRODUCTION NO. 25:**

Produce documents sufficient to show the name and last known address of each Google Network member.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents referring to or reflecting communications with or about Quova, Inc., or any of its representatives, including internal or external communication, negotiations regarding any agreements with Quova, and drafts and final versions of any such agreements.

**REQUEST FOR PRODUCTION NO. 27:**

For every license that Google has entered into as licensor or licensee, other than off-the-shelf licenses in packaged software, produce the license, all drafts of the license and all documents referring to or reflecting communications regarding the negotiation of the license.

DATED:  December 3, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
P. CRAIG CARDON
BRIAN R. BLACKMAN
Attorneys for DIGITAL ENVOY, INC.

-3-

W02-SF:5BB\61436744.1

DIGITAL ENVOY, INC.'S SECOND SET OF
REQUESTS FOR PRODUCTION

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3        I am employed in the County of San Francisco; I am over the age of
eighteen years and not a party to the within entitled action; my business address is
4  210 Fell Street, 17th Street, San Francisco, California 94102.

5        On **December 3, 2004**, I served the following document(s) described as
**DIGITAL ENVOY, INC.'S SECOND SET OF REQUESTS FOR
6  PRODUCTION OF DOCUMENTS** on the interested party(ies) in this action by
placing true copies thereof enclosed in sealed envelopes and/or packages addressed
7  as follows:

8  David H. Kramer
David L. Lansky
9  Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
10  Palo Alto, CA  94303-9300

11  ☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be
12        deposited with the U.S. postal service on that same day with postage thereon
fully prepaid at San Francisco, California in the ordinary course of business. I
13        am aware that on motion of the party served, service is presumed invalid if
postal cancellation date or postage meter date is more than one day after date
14        of deposit for mailing in affidavit.

15  ☐    **BY OVERNIGHT DELIVERY:** I served such envelope or package to be
delivered on the same day to an authorized courier or driver authorized by the
16        overnight service carrier to receive documents, in an envelope or package
designated by the overnight service carrier.

17

☒    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand
18        to the office of the addressee(s).

19  ☐    **STATE:** I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

20

☒    **FEDERAL:** I declare that I am employed in the office of a member of the
21        bar of this Court at whose direction the service was made. I declare under
penalty of perjury under the laws of the United States of America that the
22        foregoing is true and correct.

23        Executed on **December 3, 2004**, at San Francisco, California.

24

25                                        _____

26                                        SUSAN Y. RADER

27

28

-4-

DIGITAL ENVOY, INC.'S SECOND SET OF
REQUESTS FOR PRODUCTION

EXHIBIT E

Timothy H. Kratz
McGuireWoods LLP
1170 Peachtree Street, NE
Suite 2100
Atlanta, GA  30309
Telephone:  (404) 443-5730
Facsimile:  (404) 443-5784

Attorney for Plaintiff/Counterdefendant
Digital Envoy, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | CASE NO.:  C 04 014997 RS |
| Plaintiff/Counterdefendant, | **PLAINTIFF'S RULE 30(B)(6) DEPOSITION NOTICE OF DEFENDANT GOOGLE, INC.** |
| vs. | |
| GOOGLE INC., | |
| Defendant/Counterclaimant. | |

TO DEFENDANT/COUNTERCLAIMANT, GOOGLE, INC. AND ITS

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(B)(6) of the Federal Rules of

Civil Procedure, Plaintiff Digital Envoy, Inc. will take the deposition upon oral examination,

before a person authorized to administer oaths, by stenographic means and videography, of

defendant, Google, Inc., on May 24, 2005, commencing at 1:00 p.m. at the offices of Wilson

Sonsini Goodrich & Rosati, P.C., 650 Page Mill Road, Palo Alto, California 94304, and

continuing from day to day until complete, excluding weekends and holidays. The

deposition topics are set forth in Attachment A hereto. Pursuant to Federal Rule of Civil

Procedure 30(B)(6), Google, Inc. shall designate one or more officers, directors, managing

agents, or other person or persons who consent to testify on its behalf, who are most

knowledgeable about and will testify to the topics set forth in Attachment A.

Dated:  May 13, 2005

                          McGuireWoods LLP

                          *Timothy H. Kratz/msc*

                          Timothy H. Kratz
                          Georgia Bar No. 429207
                          Luke Anderson
                          Georgia Bar No. 018330
                          John A. Lockett III
                          Georgia Bar No. 455549

**McGuireWoods LLP**
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309
Telephone    404.443.5500        **Attorneys for Plaintiff**
Facsimile     404.443.5599        Digital Envoy, Inc.

# ATTACHMENT A

## DESIGNATION OF TOPICS PURSUANT TO FRCP 30(b)(6)

1.    All uses made by Google of Digital Envoy's data or technology, including but not limited to the technical flow that results in an advertisement being displayed in connection with the AdSense programs.

2.    Google's procedures for confirming adherence to and compliance with Google's licensing agreements with third party licensors.

3.    Google's actions in confirming adherence to and compliance with the terms of Google's License Agreement with Digital Envoy.

4.    All communication between Google and its AdSense customers regarding geo-targeting.

5.    Revenue generated under the AdSense programs during the time in which Digital Envoy's data was used, broken down by month, broken down further by AdSense customer, and broken down further by whether the advertisement generating the revenue was geo-targeting enabled.

6.    Google's system for recording the data described in topic 5, including the capabilities for search and retrieval of specific data within the system.

7.    Google's responses to discovery requests, including but not limited to its search for and retrieval of documents.

8.    All disclosures made by Google regarding its use of Digital Envoy's data at any time.

9.    All damages claimed by Google in its counterclaims, including the causation of such damages.

10.    All affirmative defenses raised by Google.

11.    The factual basis for the claim that each of the alleged trade secrets (treating each subpart separately) in your 2019(d) disclosure satisfy each of the elements of a trade secret under California law.

12.    The factual basis for your claim that Digital Envoy disclosed each of the alleged trade secrets (treating each subpart separately) in your 2019(d) disclosure.

13.     Google's acquisition of Applied Semantics, including its business purpose in making the acquisition.

14.     All analysis undertaken at any time regarding any measure of improvement in performançe (clicks, conversions, revenue or otherwise) associated with geo-targeted vs. non-geo-targeted advertisements, including the connection between the improvement and the financial benefit to Google.

## CERTIFICATE OF SERVICE BY FACSIMILE, EMAIL AND REGULAR MAIL

I, Milo S. Cogan, declare:

I am employed in Fulton County, Georgia. I am over the age of 18 years and not a party to the within action.  My business address is McGuireWoods LLP, 1170 Peachtree Street, NE, Suite 2100, Atlanta, GA 30309.

I am readily familiar with McGuireWoods LLP's practice for collection and processing of documents for facsimile transmittal and transmittal by email, and correspondence for mailing with the United States Postal Service.  In the ordinary course of business, documents would be transmitted via facsimile, and correspondence would be deposited with the United States Postal Service on this date.

On this date, I served PLAINTIFF'S RULE 30(B)(6) DEPOSITION NOTICE OF DEFENDANT GOOGLE, INC. on each person listed below, by consigning the document(s) to a facsimile operator for transmittal, by emailing the document(s), and by placing the document(s) described above in an envelope addressed as indicated below, which I sealed.  I placed the envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary business practices at McGuireWoods LLP. ·

David H. Kramer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
Fax No.: (650) 565-5100

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

Executed at Atlanta, Georgia on May 13, 2005.

Milo S. Cogan

\\COM\404232.2

EXHIBIT E

1  DAVID H. KRAMER, State Bar No. 168452
   DAVID L. LANSKY, State Bar No. 199952
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7                  UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10
   DIGITAL ENVOY, INC.,                )   CASE NO.: C 04 01497 RS
11                                      )
              Plaintiff/Counterdefendant, )  OBJECTION TO PLAINTIFF'S
12                                      )   RULE 30(b)(6) DEPOSITION
        v.                              )   NOTICE OF DEFENDANT GOOGLE
13                                      )   INC.
   GOOGLE INC.,                         )
14                                      )
              Defendant/Counterclaimant. )
15                                      )
                                        )
16

17        Pursuant to Rule 32(d) of the Federal Rules of Civil Procedure, Defendant/

18 Counterclaimant Google Inc. ("Google"), by and through its counsel of record, hereby objects to

19 Plaintiff's Rule 30(b)(6) Deposition Notice of Defendant Google, Inc. ("Notice") as follows:

20                          **GENERAL OBJECTIONS**

21        Google makes the following General Objections to the Notice and each of the matters on

22 which examination is requested, whether or not fully set forth in the specific objections to each

23 individual specification.

24        1.      Google objects to the Notice as unduly burdensome and oppressive to the extent

25 that a person, in his/her individual and/or 30(b)(6) capacity, is deposed for more than seven

26 hours without a court order in violation of Fed. R. Civ. P. 30(d)(2). *See, e.g.*, Schwartzer,

27 Federal Civil Procedure Before Trial § 11.1517.

28

OBJECTION TO 30(b)(6) DEPOSITION NOTICE OF GOOGLE, INC.

1    2.    Google objects to the Notice to the extent it seeks information protected by the

2    attorney-client privilege, the work product doctrine, or any other applicable privilege or

3    immunity, including but not limited to the California Constitution's right of privacy, the

4    mediation privilege, or otherwise seeks information regarding settlement discussions.

5    3.    By agreeing to produce a witness to testify as to any of the matters set forth

6    below, Google does not admit that any such information exists. Google will designate witnesses

7    to testify only to the extent that information is known or reasonably available to Google.

8    4.    Google objects to the Notice to the extent it requests information already provided

9    by Google in the form of interrogatory responses or documents. Any testimony on such topics

10   shall be in conjunction with interrogatory responses or documents on the same topic; Google will

11   not ask a witness to memorize information that has already been provided in other forms and that

12   defendants may use in conjunction with their deposition questions.

13   Subject to the foregoing General Objections, Google responds to each of the individual

14   matters on which examination is requested, as follows:

15   ## OBJECTIONS AND RESPONSES

16   **Topic No. 1:**

17   All uses made by Google of Digital Envoy's data or technology, including but not limited

18   to the technical flow that results in an advertisement being displayed in connection with the

19   AdSense Program.

20   **Objection to Topic No. 1:**

21   Google objects to this topic to the extent it is overbroad, unduly burdensome, oppressive

22   and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the

23   extent this topic purports to cover uses made by Google of Digital Envoy's data or technology in

24   Google's AdSense for Search program, or any other uses other than in Google's AdSense for

25   Content program. Such other uses are not subjects of the instant litigation, nor is information

26   regarding such uses reasonably calculated to lead to the discovery of admissible evidence.

27   Subject to and not withstanding the foregoing objections, Google will produce a witness

28   to testify about uses made by Google of Digital Envoy's data or technology in connection with

1  Google AdSense for Content program.

2      **Topic No. 2:**

3      Google's procedures for confirming adherence to and compliance with Google's

4  licensing agreements with third party licensors.

5      **Objection to Topic No. 2:**

6      Google objects to this topic to the extent it is overbroad, unduly burdensome, oppressive

7  and not reasonably calculated to lead to the discovery of admissible evidence.  Google further

8  objects to this subject to the extent it seeks information protected by the attorney-client privilege,

9  the work product doctrine, or any other applicable privilege or immunity.

10      **Topic No. 3:**

11      Google's actions in confirming adherence to and compliance with the terms of Google's

12  License Agreement with Digital Envoy.

13      **Objection to Topic No. 3:**

14      Google objects to this topic to the extent it is vague, overbroad, as well as unduly

15  burdensome and oppressive to the extent it seeks testimony on terms of the License Agreement

16  not at issue in this litigation.  Google further objects to this topic as duplicative and cumulative

17  as Digital Envoy has already deposed at least three individuals with knowledge on this subject

18  and such individuals have provided testimony on this topic.

19      Subject to and not withstanding the foregoing objections, Google will produce a witness

20  to testify concerning payments made by Google to Digital Envoy and regarding Google's non-

21  disclosure of Digital Envoy's data to third parties.

22      **Topic No. 4:**

23      All communication between Google and its AdSense customers regarding geo-targeting.

24      **Objection to Topic No. 4:**

25      Google objects to this topic to the extent it is vexatious, harassing, overbroad, unduly

26  burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible

27  evidence.

28

1    Notwithstanding the foregoing objections, Google will produce a witness to testify

2  concerning general communications to participants in its AdSense for Content program

3  regarding geo-targeting.

4    **Topic No. 5:**

5    Revenue generated under the AdSense programs during the time in which Digital

6  Envoy's data was used, broken down by month, broken down further by AdSense customer, and

7  broken down further by whether the advertisement generating the revenue was geo-targeting

8  enabled.

9    **Objection to Topic No. 5:**

10    Google objects to this topic to the extent it is vexatious, harassing, overbroad, unduly

11  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

12  evidence.  Specifically, this topic is a document request or interrogatory, not a deposition topic.

13  Moreover, this subject is currently the topic of a pending motion to compel.  Additionally, the

14  topic is overbroad to the extent it purports to include AdSense for Search which is not part of the

15  instant litigation.

16    **Topic No. 6:**

17    Google's system for recording the data described in topic 5, including the capabilities for

18  search and retrieval of specific data within the system.

19    **Objection to Topic No. 6:**

20    Google objects to this topic to the extent it is vexatious, harassing, overbroad, unduly

21  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

22  evidence.  Moreover, the information requested in Topic No. 5 is currently the subject of a

23  motion to compel.  Additionally, the topic is overbroad to the extent it purports to include

24  AdSense for Search which is not part of the instant litigation.

25    **Topic No. 7:**

26    Google's responses to discovery requests, including but not limited to its search for and

27  retrieval of documents.

28

1   **Objection to Topic No. 7:**

2   Google objects to this topic to the extent it is vexatious, harassing, overbroad, unduly

3   burdensome and oppressive.  Google further objects to this subject to the extent it seeks

4   information protected by the attorney-client privilege, the work product doctrine, or any other

5   applicable privilege or immunity.

6   Subject to and notwithstanding the foregoing objections, Google will produce a witness

7   to testify generally concerning Google's search for and retrieval of documents to the extent

8   Digital Envoy can specifically identify the information it seeks.

9   **Topic No. 8:**

10  All disclosures made by Google regarding its use of Digital Envoy's data at any time.

11  **Objection to Topic No. 8:**

12  Google objects to this topic as vague and ambiguous, specifically with respect to the

13  undefined phrase "all disclosures." As Google understands the phrase, it renders the topic

14  vexatious, harassing, overbroad, unduly burdensome and oppressive.  Google will consider

15  presenting a witness to testify on a more narrowly crafted, unambiguous and relevant topic.

16  **Topic No. 9:**

17  All damages claimed by Google in its counterclaims, including the causation of such

18  damages.

19  **Objection to Topic No. 9:**

20  Google objects to this topic as overbroad and unduly burdensome as it impermissibly

21  calls for Google to present a witness to testify concerning its contentions.  It is simply not

22  possible for Google to prepare and present a witness to recite all of its legal positions on this

23  topic and it is unfair to expect Google to do so.  This topic is more properly asserted as a

24  contention interrogatory and is not a valid deposition topic.

25  **Topic No. 10:**

26  All affirmative defenses raised by Google.

27

28

**Objection to Topic No. 10:**

Google objects to this topic as overbroad and unduly burdensome as it impermissibly calls for Google to present a witness to testify concerning its contentions. It is simply not possible for Google to prepare and present a witness to recite its legal positions on this topic and it is unfair to expect Google to do so. This topic is more properly asserted as a contention interrogatory and is not a valid deposition topic.

**Topic No. 11:**

The factual basis for the claim that each of the alleged trade secrets (treating each subpart separately) in your 2019(d) disclosure satisfy each of the elements of a trade secret under California law.

**Objection to Topic No. 11:**

Google objects to this topic as overbroad and unduly burdensome as it impermissibly calls for Google to present a witness to testify concerning its contentions. It is simply not possible for Google to prepare and present a witness to recite its legal positions on this topic and it would be unfair to expect Google to do so. This topic is more properly asserted as a contention interrogatory and is not a valid deposition topic.

Subject to and notwithstanding the foregoing objections, Google will produce a witness to testify concerning the measures generally taken by Google to preserve its trade secrets in confidence, and its instructions to Digital Envoy to preserve its trade secrets in confidence.

**Topic No. 12:**

The factual basis for your claim that Digital Envoy disclosed each of the alleged trade secrets (treating each subpart separately) in your 2019(d) disclosure.

**Objection to Topic No. 12:**

Google objects to this topic as overbroad and unduly burdensome as it impermissibly calls for Google to present a witness to testify concerning its contentions. Further, the topic calls for Google to present a witness to testify as to Digital Envoy's activities about which Google has only learned through discovery during this litigation. It is simply no possible for Google to

2659827_1.DOC

1  prepare and present a witness to recite its legal positions on this topic.  This topic is more

2  properly asserted as a contention interrogatory and is not a valid deposition topic.

3      **Topic No. 13:**

4      Google's acquisition of Applied Semantics, including its business purpose in making the

5  acquisition.

6      **Objection to Topic No. 13:**

7      Google objects to this topic to the extent it is vexatious, harassing, overbroad, unduly

8  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

9  evidence.

10      **Topic No. 14:**

11      All analysis undertaken at any time regarding any measure of improvement in

12  performance (clicks, conversions, revenue or otherwise) associated with geo-targeted vs. non-

13  get-targeted advertisements, including the connection between the improvement and the financial

14  benefit to Google.

15      **Objection to Topic No. 14:**

16      Google objects to this topic to the extent it is vexatious, harassing, overbroad, unduly

17  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

18  evidence.  The topic is overbroad *inter alia* as to time, to the extent it focuses on use of data

19  other than Digital Envoy's and to the extent it purports to include AdSense for Search which is

20  not part of the instant litigation.

21      Subject to and without waiving the foregoing objections, at this time Google is not aware

22  of any such analysis, but has begun an investigation into the matter.  If Google learns it has

23  conducted such an analysis during the relevant time period, concerning Digital Envoy's data, it

24  will present a witness to testify concerning such an analysis.

25  Dated:  May 19, 2005

               WILSON SONSINI GOODRICH & ROSATI
               Professional Corporation

26

27

28                 By: _____
                    David L. Lansky
                 Attorneys for Defendant/Counterclaimant
                 Google Inc.

OBJECTION TO 30(b)(6) DEPOSITION NOTICE OF GOOGLE, INC.

1  DAVID H. KRAMER, State Bar No. 168452
   STEPHEN C. HOLMES, State Bar No. 200727
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
6  Attorneys for Defendant/Counterclaimant
   Google Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12

13  DIGITAL ENVOY, INC.,                )   CASE NO.: C 04 01497 RS
                                        )
14        Plaintiff/Counterdefendant,   )   **CERTIFICATE OF SERVICE**
                                        )
15        v.                            )
                                        )
16  GOOGLE INC.,                        )
                                        )
17        Defendant/Counterclaimant.    )
                                        )
18

19

20

21

22

23

24

25

26

27

28

05/19/05  11:02   WILSON SONSINI → M G  à WAAÜø LLP                    NO.070  P010/010

1    I, Norma Carvalho, declare:

2        I am employed in Santa Clara County.  I am over the age of 18 years and not a party to

3    the within action.  My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill

4    Road, Palo Alto, California 94304-1050.

5        I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and

6    processing of documents for facsimile transmittal and correspondence for mailing with the

7    United States Postal Service.  In the ordinary course of business, documents would be

8    transmitted via facsimile, and correspondence would be deposited with the United States Postal

9    Service on this date.

10       On this date, I served **OBJECTION TO PLAINTIFF'S RULE 30(b)(6)**

11   **DEPOSITION NOTICE OF DEFENDANT GOOGLE INC.** on each person listed below, by

12   consigning the document(s) to a facsimile operator for transmittal and by placing the

13   document(s) described above in an envelope addressed as indicated below, which I sealed.  I

14   placed the envelope(s) for collection and mailing with the United States Postal Service on this

15   day, following ordinary business practices at Wilson Sonsini Goodrich & Rosati.

16   P. Craig Cardon                          Timothy H. Kratz
     Sheppard, Mullin, Richter               McGuireWoods LLP
17       & Hampton LLP                        1170 Peachtree Street, N.E. Suite 2100
     Four Embarcadero Center, 17th Floor      Atlanta, GA 30309
18   San Francisco, CA 94111-4106            Fax No.: (404) 443-5784
     Fax No.: (415) 434-3947
19

20       I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct.  Executed at Palo Alto, California on May 19, 2005.

22

23                                           _____

24                                                 Norma Carvalho

25

26

27

28

CERTIFICATE OF SERVICE VIA FACSIMILE

-1-