| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com) |
| 2 | DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)<br>WILSON SONSINI GOODRICH & ROSATI |
| 3 | Professional Corporation<br>650 Page Mill Road |
| 4 | Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300 |
| 5 | Facsimile: (650) 565-5100 |
| 6 | Attorneys for Defendant/Counterclaimant<br>Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DIGITAL ENVOY, INC., | ) | CASE NO.: C 04 01497 RS |
| Plaintiff/Counterdefendant, | ) | **GOOGLE INC.'S OBJECTION AND MOTION TO STRIKE DIGITAL ENVOY'S RULE 56(F) SUBMISSIONS IN OPPOSITION TO GOOGLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | ) | |
| GOOGLE INC., | ) | |
| Defendant/Counterclaimant. | ) | Date: September 21, 2005<br>Time: 9:30 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Richard Seeborg |

**INTRODUCTION**

Digital Envoy's continuing disregard for the Rules of Civil Procedure defies understanding. When Google filed a motion for summary judgment on liability issues, Digital Envoy filed a frivolous 56(f) request the night before the scheduling hearing. The Court, following 9th Circuit precedent and the applicable rules of the Court, scolded Digital Envoy for its tactics and made clear that any such request was to have been filed with its opposition papers. Despite that experience and admonition (and without any explanation) Digital Envoy has incredibly employed the same tactic again – this time filing a substanceless "56(f) motion" two court days before the hearing on Google's motion regarding damages. The conduct almost seems designed to draw an award of sanctions. The submission should be rejected out of hand.

In any event, the submission is a farce. The information Digital Envoy proposes to submit would change nothing, even accepting its scurrilous explanation for failing to present it previously. As Digital Envoy itself concedes, the discovery it prays for is directed to "the value, rather than the existence, of Google's unjust enrichment[.]" Digital Envoy's Motion Pursuant to Federal Rule of Civil Procedure 56(f) ("56(f) Motion") at 5:3-4. Digital Envoy thus misses the point. In relevant part, Google's motion challenges Digital Envoy's ability to prove the *existence* of any supposed unjust enrichment given the lack of causal nexus between Google's use of Digital Envoy's data and the revenues earned from its AdSense program. *See, e.g.,* Reply at 14-15. The information that Digital Envoy now desperately claims to need has nothing to do with that inquiry.

**ARGUMENT**

**I.  DIGITAL ENVOY'S SUBMISSIONS ARE UNTIMELY**

While a party must file papers opposing a summary judgment motion prior to the hearing, that does not give a party the right to file those papers at any time it chooses, right up to the moment the hearing begins.[1] *See* Local Rule 7-3.

---

[1] As Wright and Miller explain, the deadline for filing papers in opposition to a summary judgment motion is set by local rule. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2719 (3d ed. 1998) ("If the opposing party
(continued...)

This Court specifically told Digital Envoy precisely that in rejecting its last Rule 56(f) submission, filed on the eve of oral argument, as "neither timely nor properly filed." May 20, 2005 Order at 2 n.1. Indeed, the Court left no ambiguity, stating at the hearing that "if 56(f) was going to be even an alternative basis to oppose the motion for summary judgment, **it should have been included in your opposition papers.**" Transcript of May 4, 2005 hearing (Document No. 168) ("May 4 Transcript") at 4:5-9 (emphasis added); *see also* FED. R. CIV. P. 56(c); *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) ("[T]he process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make a ruling has passed.")

Any Rule 56(f) request must be filed with a party's opposition papers. Pursuant to Local Rule 7-3, "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date. The opposition may *include* ... affidavits or declarations . . . ." Civil L.R. 7-3(a) (emphasis added). Per Wright and Miller:

> Since the purpose of an affidavit under subdivision (f) is to prevent summary judgment from being entered, at least temporarily, it should be considered as "opposing" the motion. Furthermore, there is an affirmative reason for requiring service of a Rule 56(f) affidavit prior to the hearing. The movant may want to contest the allegation that the opponent is unable to present counter-affidavits on the ground that it is made in bad faith or is a result of a lack of diligence and therefore insufficient to justify denying the entry of summary judgment. In this situation it would be important for the movant to know in advance that Rule 56(f) will be invoked to defend against the motion.

10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2719 (3d ed. 1998).

Obviously, a Rule 56(f) request cannot be filed two court days before the hearing if it must be *included* with the opposition 21 days before the hearing. More importantly, Local Rule 7-3

---

(...continued from previous page)
decides to file counter-affidavits, the second sentence of subdivision (c) provides that they must be served on the moving party prior to the day of the hearing. But local rules may vary this time period....The purpose of these local court rules is to provide a specific time within which the opposing party must respond to the motion and to make certain that the issues on the motion are properly framed.")

1 contains a section concerning "Supplementary Material." That section allows parties to alert the
2 court to recent judicial opinions published after the date the opposition or reply was served. Civil
3 L.R. 7-3(d). "Otherwise, once a reply is filed, *no additional memoranda, papers or letters may be*
4 *filed without prior Court approval.*" *Id*. (Emphasis added).

5 Despite its prior experience, Digital Envoy did not file its 56(f) submission with its
6 opposition papers 21 days prior to the hearing date. It waited until two court days before the
7 hearing.[2] Incredibly, Digital Envoy claims its submission is timely by virtue of the *very*
8 *authority the Court considered and rejected the last time around. See* May 4 Transcript at 86:19
9 – 87:7 (rejecting argument that *Ashton-Tate* and *Kitsap Physician Services* (cited by *Mason*)
10 authorize Rule 56(f) submissions the day before a hearing; "Neither of those cases stand for that
11 proposition.").[3]

12 Digital Envoy's invocation of Local Rule 7-2 changes nothing. It mandates that motions
13 be filed 35 days before a hearing "[e]xcept as otherwise ordered or permitted[.]" Civil L.R. 7-
14 2(a). There is no reason to permit Digital Envoy's last-minute submission given that it could
15 easily have been timely filed. Indeed, in Digital Envoy's Opposition ("Opp."), it actually argued
16 that Google's motion was premature in light of alleged discovery disputes. Opp. at 1:8-17. For
17 whatever reason, Digital Envoy elected not to make a timely 56(f) request. Accordingly, Digital
18 Envoy's submissions are untimely and should be rejected without any further consideration. *See*
19 May 4 Transcript at 88:9-14 (casting doubt on Court's willingness to hold subsequent hearing "if
20 there's a case you could have brought that before and you just didn't do it in your opposition and
21 now you want another hearing depending upon how I'm inclined to rule..." ).[4]

22

---

23 [2] Digital Envoy e-filed its "motion" after the close of business on Friday. It did not in any way apprise Google that it would be making such a filing. Notably, the filing came fifteen days
24 after it filed its opposition to Google's motion, and eight days after Google filed its reply.

25 [3] *See* Digital Envoy's May 13, 2005 submission (Document No. 155) at 2:4-9 (citing *Mason v. United States*, 120 Fed. Appx. 40, 43 (9th Cir. 2005)) and 56(f) Motion at 2 n.1 (citing *Ashton-*
26 *Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) and *Mason* at 43).

27 [4] The timing of Digital Envoy's submission is only the most glaring of its procedural defects. There is no such thing as a "56(f) motion." Rather, the rule calls upon a party to file a detailed affidavit from counsel that describes the party's diligent efforts to obtain necessary information,
28 explains why that information had not been obtained, discusses how the information will be
(continued...)

## II.  DIGITAL ENVOY'S RULE 56(F) SUBMISSION IS SUBSTANTIVELY WITHOUT MERIT

Digital Envoy's untimely submission is made all the more mystifying by its complete lack of merit.  According to Digital Envoy, "all of the information identified [in its Rule 56(f) motion] goes to the issue of the *value*, rather than the *existence*, of Google's unjust enrichment[.]"  Rule 56(f) Motion at 5:3-4 (emphasis added).  But as Google explained in its moving papers, calculation of the *amount* of damages is not at issue in Google's motion.  Instead, the question is whether Digital Envoy has established the *existence* of any unjust enrichment given its inability to show any causal link between Google's use of Digital Envoy's data in its AdSense program and the profits Google earned from that program.  Reply at 14-15.  If the discovery Digital Envoy claims to need goes only to the amount of damages, it simply has no bearing here.  *See* Cal. Civ. Code § 3426.3(a) (plaintiff may recover for "unjust enrichment *caused* by misappropriation") (emphasis added).  It certainly would not create a triable issue of fact on the antecedent question of causation.  Accordingly, should the Court be inclined to consider Digital Envoy's Rule 56(f) motion, the motion should be denied. [5]  *See State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998); *Reiffin v. Microsoft Corp.*, 270 F. Supp. 2d 1132, 1146 (N.D. Cal. 2003) (Rule 56(f) requires a moving party to show:  (1) the specific facts that it hopes to elicit from further discovery; (2) that those facts exist; and (3) that *those facts are essential to resist summary judgment*) (emphasis added).

---

(...continued from previous page)
obtained, and demonstrates how that information could create a triable issue of fact on a pending motion.  FED. R. CIV. P. 56(f).  The declaration that Digital Envoy submitted in connection with its "motion" falls far short of what is required.

[5] Digital Envoy's habit of blaming Google for its own shortcomings remains specious and has become galling.  The charge that Google has failed to comply with the Court's prior discovery Order is nonsense – the problem lies in Digital Envoy's attempt to rewrite that Order to grant itself discovery that the Court plainly denied.  Further, Google spent weeks searching for that documents that the Court actually directed it to produce, and timely provided all such documents.

GOOGLE'S OBJECTION AND MOTION TO STRIKE          -4-
CASE NO. 04-0197 RS

**CONCLUSION**

Digital Envoy's battery of untimely and otherwise improper submissions has already placed a substantial burden on both Google and the Court.   In light of the Court's prior guidance this latest gambit is its most flagrant abuse yet.  For the foregoing reasons, Digital Envoy's Rule 56(f) should be stricken and/or denied.

Dated:  September 19, 2005                WILSON SONSINI GOODRICH & ROSATI

By:    /s/ David L. Lansky
              David L. Lansky

Attorneys for Defendant/Counterclaimant Google Inc.