1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12  DIGITAL ENVOY, INC.,                )   CASE NO.: C 04 01497 RS
                                        )
13          Plaintiff/Counterdefendant, )
                                        )   **GOOGLE INC.'S OPPOSITION**
14     v.                               )   **TO DIGITAL ENVOY, INC.'S**
                                        )   **MOTION FOR LEAVE**
15                                      )
    GOOGLE INC.,                        )
16                                      )
            Defendant/Counterclaimant.  )   Judge:     Hon. Richard Seeborg
17                                      )   Courtroom: 4, 5th Floor
                                        )   Date:      September 21, 2005
18                                      )   Time:      9:30 a.m.
                                        )
19                                      )
                                        )
20  _____ )

GOOGLE INC.'S OPPOSITION TO DIGITAL ENVOY'S                                 2729101_1.DOC
MOTION FOR LEAVE - - CASE NO.: 04 01497 RS

Digital Envoy, Inc. ("Digital Envoy") is out of control. In what can only been seen as desperation, Digital Envoy has abandoned even the pretense of complying with the Federal Rules of Civil Procedure and the applicable Rules of this Court. This motion is merely its latest folly.

After the close of business last night, one court day before the scheduled hearing on Google Inc.'s ("Google") Motion for Partial Summary Judgment, Digital Envoy has asked for leave to submit a new evidentiary declaration. It offers no explanation for why it failed to offer the supposed evidence in its opposition papers. In truth, there could be no justification, as it seeks to submit deposition testimony of its own witness obtained in November 2004. For this reason alone, its motion for leave should be denied. *See* Local Rule 7-3(a) (requiring submission of all papers opposing a motion 21 days before the scheduled date for a hearing).[1]

In any event, the evidence Digital Envoy purports to offer is inadmissible as a matter of law. Digital Envoy seeks leave to offer the deposition testimony of its current principal, Mr. Friedman, on his understanding of one of the limitation of liability provisions at issue in Google's motion. But Digital Envoy has offered no evidence that Mr. Friedman ever communicated his supposed understanding of that provision to anyone at Google. His subjective understanding of the provision, whether held at the time or developed for purposes of this litigation, is simply irrelevant to interpretation of the contract. *See Founding Members of the Newport Beach Country Club v. Newport Beach Country Club Inc.,* 109 Cal. App. 4th 944, 956, 960 (1999). As the *Newport Beach* court explained "California recognizes the objective theory of contracts [citation], under which it is the objective intent as evidenced by the words of the contract, rather than subjective intent of one of the parties that controls interpretation [citation]. *The parties' undisclosed intent or understanding is irrelevant to contract interpretation.*" *Id.* (emphasis

---

[1] The motion, not surprisingly, is also procedurally improper. Digital Envoy does not identify the Court rule authorizing the submission of its request for leave and it does not appear to meet the criteria for any of the motions authorized by Local Rule 7-1. *See* Civ. L.R. 7-1 ("Any written request to the Court for an order must be presented by one of the following means...."). The request is certainly not a duly noticed motion pursuant to Local Rule 7-2, nor is it a motion to shorten time under Local Rule 6-1 or an authorized ex parte under Local Rule 7-10. Presumably then, it is a Motion for Administrative Relief under Local Rule 7-11. But under that Rule, Digital Envoy was obligated to seek a stipulation from Google or explain in its papers why a stipulation could not be obtained. Digital Envoy did neither.

1  supplied); *see also In re Marriage of Simundza,* 121 Cal. App. 4th 1513, 1518 (2004) (same; party's self-serving declaration on meaning of contract irrelevant where party's understanding was "undisclosed").[2]

For the foregoing reasons Google Inc. respectfully requests that the Court deny Digital Envoy's request for leave. Should the Court grant such leave, however, it should reject the proffered evidence as irrelevant and thus inadmissible.

                                                          Respectfully Submitted,

Dated:  September 20, 2005                WILSON SONSINI GOODRICH & ROSATI
                                                        Professional Corporation

                                                        By:     /s/ David H. Kramer
                                                                     David H. Kramer

                                                        Attorneys for Defendant/Counterclaimant
                                                        Google Inc.

---

[2] Digital Envoy has also previously claimed in an interrogatory response that the provisions of the parties' License Agreement are unambiguous, making its submission of parol evidence here particularly dubious.