1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12 DIGITAL ENVOY, INC.,               )   CASE NO.: C 04 01497 RS
                                      )
13         Plaintiff/Counterdefendant,)   **GOOGLE INC.'S
                                      )   SUPPLEMENTAL BRIEF IN
14    v.                              )   SUPPORT OF ITS MOTION FOR
                                      )   PARTIAL SUMMARY JUDGMENT
15 GOOGLE INC.,                       )   REGARDING DIGITAL ENVOY,
                                      )   INC.'S DAMAGES CLAIMS**
16         Defendant/Counterclaimant. )
                                      )
17                                    )
                                      )   Judge: Honorable Richard Seeborg
18                                    )
                                      )

GOOGLE'S SUPPLEMENTAL BRIEF ISO ITS MOTION FOR                C:\NrPortbl\PALIB1\DAG\2735757_3.DOC
PARTIAL SUMMARY JUDGMENT RE DAMAGES CLAIMS
CASE NO. 04-01497 RS

As one ground for its pending motion for summary judgment, Google Inc. ("Google") demonstrated that a limitation of liability clause in its contract with Digital Envoy, Inc. (the "Agreement" or "License Agreement") precluded imposition of liability against Google absent a showing that Google had engaged in "willful misconduct." Google cited a host of controlling California authorities which make clear that:

> Willful . . . misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results.

*O'Shea v. Claude C. Wood Co.*, 97 Cal. App. 3d 903, 912 (1979); *see Judd v. United States*, 650 F. Supp. 1503, 1511-12 (S.D. Cal. 1987); *Atwood v. Villa*, 25 Cal. App. 3d 145, 147 (1972). Because Google has always believed that the Agreement authorized its use of Digital Envoy, Inc.'s ("Digital Envoy's") data, it sought summary judgment based on the absence of evidence of willful misconduct.

At the September 21, 2005 hearing on Google's motion, the Court requested supplemental briefing on the "wanton and reckless disregard" formulation of the "willful misconduct" standard. According to the California Supreme Court, "wanton and reckless disregard" in this context requires a showing that Google actually "put [its] mind" to harming Digital Envoy. *Hawaiian Pineapple Co. v. Industrial Acc. Comm'n*, 40 Cal. 2d 656, 663 (1953). In other words, Digital Envoy must show that Google actually recognized that its supposed contractual violation could harm Digital Envoy and proceeded without regard for the possibility of causing that harm.

Here, however, Digital Envoy cannot even make the threshold showing of "intentional wrongful conduct." As Digital Envoy conceded at the hearing, there is no evidence that Google believed it was violating the Agreement by using Digital Envoy's data in its AdSense program. *See* Transcript 9/21/05 Hearing ("Hearing Tr.") at 29-30.[1] In any event, Digital Envoy also could not possibly show that Google contemplated causing harm to Digital Envoy through what Google

---

[1] The September 21, 2005 hearing on Google's Motion for Summary Judgment was recorded but not transcribed. The transcript, attached hereto as Exhibit A, was prepared by Google's counsel from the recording.

GOOGLE'S SUPPLEMENTAL BRIEF ISO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT RE DAMAGES CLAIMS
CASE NO. 04-01497 RS
-1-
C:\NrPortbl\PALIB1\DAG\2735757_3.DOC

always believed was an authorized use of the data. No supplemental brief or hand-waving over the evidence can cure these fatal defects in Digital Envoy's case.

## ARGUMENT

**A. Digital Envoy Must Show that Google Engaged in Intentional Misconduct Knowing that Harm to Digital Envoy Would Probably Result or Recklessly Disregarding a Possibility of Harm to Digital Envoy that Google Consciously Foresaw.**

California law sets an extremely high threshold for plaintiffs seeking to demonstrate "willful misconduct" by an adversary. To prove willful misconduct, a plaintiff must demonstrate that a defendant (1) intentionally engaged in wrongful conduct and (2) did so either with actual knowledge that serious injury to another would result or with a wanton and reckless disregard of the possible consequences. *See Judd*, 650 F. Supp. at 1511-12; *O'Shea*, 97 Cal. App. 3d at 912; *Atwood*, 25 Cal. App. 3d at 147. Put simply, willful misconduct requires evidence of an "intentional, conscious act of misconduct." *Colich & Sons v. Pacific Bell*, 198 Cal. App. 3d 1225, 1242 (1988) (no claim for willful misconduct where contractor could not show "intentional, conscious act of misconduct"); *see also Dazo v. Globe Airport Sec. Servs.*, 295 F.3d 934, 941 (9th Cir. 2002) (willful misconduct requires more than even gross negligence and more than indifference toward consequences of actions).

As the Court recognized at the September 21, 2005 hearing, to establish willful misconduct, Digital Envoy must offer evidence that Google knew its use of Digital Envoy's data in AdSense violated the parties' contract. *See* Hearing Tr. at 28. Digital Envoy concurred that that was its burden. *Id.* In fact, Digital actually went on to acknowledge that there is no evidence that Google ever believed it was breaching the parties' agreement. Hearing Tr. at 29-30 ("THE COURT: Is there any evidence that there is a recognition in anyone within Google that, in fact, they did then violate [the Agreement]? MR. KRATZ: No, because . . . . THE COURT: Okay. All right. That's a start."). Digital Envoy thus has already conceded that it cannot prove Google engaged in "intentional wrongful conduct," as required by California law.

But even if Digital Envoy could overcome this dispositive infirmity by showing an intentional violation of the Agreement, it would still have to demonstrate that Google acted with

either (a) actual knowledge that serious injury to Digital Envoy would result, or with (b) a wanton and reckless disregard of the possible harm. *See O'Shea*, 97 Cal. App. 3d at 912. To satisfy the second of these alternatives, the "wanton and reckless disregard" standard, Digital Envoy must demonstrate that Google "put [its] mind" to the possibility of causing harm to Digital Envoy. *See Hawaiian Pineapple Co.,* 40 Cal. 2d at 663; *Cole v. State of California*, 11 Cal. App. 3d 671, 677 (1970) (affirming defendant's motion for nonsuit because plaintiff could not show that defendant actually "put his mind" to danger of injury and "nevertheless deliberately failed to take precautions to avert it"). That is, Digital Envoy would be required to show that Google actually recognized that its conduct could harm Digital Envoy but nevertheless proceeded with an "affirmative and knowing disregard of the consequences." *See Hawaiian Pineapple Co.,* 40 Cal. 2d at 663.

To be clear, it is not enough for Digital Envoy to show that Google "should have known" that its conduct would cause harm to Digital Envoy if only Google "*had* put [its] mind to it." *See id.* (emphasis added). Rather, Digital Envoy must show that Google actually foresaw that harm to Digital Envoy would result but proceeded in complete disregard of that possibility. *See id.; see also Perez v. Southern Pac. Transp. Co.,* 218 Cal. App. 3d 462, 470 (1990) (noting that even if injury "might be anticipated" by an outside observer, absent actual knowledge, the law will *not* impute knowledge unless a defendant acted with a positive, active, and absolute disregard of the consequences); *Dazo v. Globe Airport Sec. Servs.,* 295 F.3d 934, 941 (9th Cir. 2002) (requiring "positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences"). It is likewise not enough for Digital Envoy merely to show that Google engaged in supposedly reckless conduct. *See Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 12 Cal. App. 4th 715, 740-43 (1993) (willful misconduct does not include reckless conduct, except where defendant subjectively expects to cause harm through conduct); *Hawaiian Pineapple Co.,* 40 Cal. 2d at 663 ("'reckless disregard' . . . is not sufficient in itself unless the evidence shows that the disregard was more culpable than a careless or even a grossly careless omission or act. It must be an affirmative and knowing disregard of the consequences."); *Johns-Manville Sales Corp. Private Carriage v. Workers' Comp. Appeals Bd.*, 96 Cal. App. 3d 923, 933 (1979) (declining to

find willful misconduct based upon alleged reckless disregard absent evidence that defendants "kn[e]w of the dangerous condition, kn[e]w that the probable consequences of its continuance [would] involve serious injury . . . , and deliberately fail[ed] to take corrective action").[2]

### B. There Is No Evidence of Willful Misconduct by Google

Digital Envoy cannot create a triable issue of fact on the question of whether Google engaged in willful misconduct. Again, Digital Envoy has conceded that there is no evidence that Google actually knew that it was breaching the License Agreement by using Digital Envoy's data in its AdSense program.[3] The analysis should end there for want of "intentional wrongful conduct."

Regardless, Google certainly did not, by making what it undisputedly believed was authorized use of the data, intend to cause Digital Envoy harm or act in disregard of potential harm that it expected. Indeed, there is no evidence that anyone at Google ever contemplated that its use of the data would harm Digital Envoy in any way.

In sum, even assuming a jury could find that Google's understanding of the Agreement was incorrect or even unreasonable, it could never find that Google engaged in willful misconduct. *See Johns-Manville,* 96 Cal. App. 3d at 931 ("No amount of descriptive adjectives or epithets may turn a negligence action into an action for intentional or willful misconduct.") (quotation omitted). Accordingly, Digital Envoy cannot recover against Google under the parties' Agreement.

### CONCLUSION

To survive Google's motion for summary judgment, Digital Envoy was required to offer evidence sufficient to raise a triable issue of fact on, among other things, whether Google engaged

---

[2] These cases and many others make clear that there is a difference between reckless conduct and a reckless disregard for the possibility of harm that a party has actually contemplated. Only the latter has relevance in the discussion of willful misconduct.

[3] The undisputed evidence of record is that Google believed the Agreement authorized it to use the data as it saw fit, subject only to the limitation that it not distribute or resell the data to third parties. *See, e.g.,* Kramer Decl., Ex. C (Cutts Dep.) at 54:3-7, 64:6-16; Kramer Decl., Ex. D (Schimmel Dep.) at 103:8-11, 105:18-106:5; Kramer Decl., Ex. E (Rana Dep.) at 8:15-10:16, 20:2-14. There is absolutely nothing to suggest that anyone at Google believed that Google's use of the data internally in AdSense would violate any of those prohibitions.

in willful misconduct by using Digital Envoy's data in its AdSense program. There is no evidence to suggest that Google knew its use was wrongful, nor is there any evidence that Google acted with knowledge that Digital Envoy would suffer harm or in "wanton and reckless disregard" of potential harm that it actually foresaw. Accordingly, there is no evidence that Google engaged in "willful misconduct" as defined by controlling California law. Without such evidence, Digital Envoy cannot avoid the limitation of liability in the parties' agreement. Google is therefore entitled to summary judgment on Digital Envoy's damage claims.

Dated: October 6, 2005                              WILSON SONSINI GOODRICH & ROSATI

                                                    By:   /s/ David H. Kramer
                                                              David H. Kramer

                                                    Attorneys for Defendant/Counterclaimant
                                                    Google Inc.