Dockets.Justia.com

# LANSKY DECLARATION EXHIBIT A

MR. KRATZ: I understand that. Now, we're at the meat of where you're having the trouble.

THE COURT: No, we just covered the meat of the – I think the strongest argument is . . . Oh? You mean whether or not willful misconduct is the standard? Alright



MR. KRATZ: Exactly, exactly. So the second argument is on its face – there's two sentences here that we're dealing with, a big clause -- and so I wanted to address the first sentence which is, I think, a fifth of the paragraph, first. And this is the one that has the willful misconduct. It doesn't have the "brought under this agreement" language, and there's a big problem here that we're kind of mixing the applicability of the fifth sentence, the willful misconduct sentence, as if it's a given thing. There's trigger language that suggests that willful misconduct is an exception to -- what? And the exception it is, is that you don't get liability for certain things unless there's willful misconduct. Okay? So it says that neither party accept liability for x, y, z, and a unless it's willful misconduct. That the entirety of that sentence. That's the sentence that's being analyzed at this moment in time. Okay? So in order for that sentence to have the applicability in the first instance, one of the triggering language's words has to apply. So, we never get to the exception because the sentence doesn't apply because these triggers were not met. So, it says " neither party accepts liability for errors, omissions, delays, interruptions or losses" – a series of five things. It is our contention that this entirety of the sentence doesn't apply because none of those five things are what we're talking about here.

THE COURT: Losses?

MR. KRATZ: Well, for one, we're not talking about losses. We're talking about unjust enrichment. We're talking about theft of trade secrets.

THE COURT: Isn't that a loss to you? You're claiming it's a loss.

MR. KRATZ: We're out of court on that. This isn't a loss. This isn't an actual loss then. We're on unjust enrichment and reasonable loyalty.

THE COURT: Which translates as a loss to you.

MR. KRATZ: No, I don't think it's a loss. The plain language here – and that's why we looked at the entirety of the paragraph – the plain language is that this is the warranty that we're talking about related to mechanical errors, data loss, and the like. We're talking about if we crash their system, they crash our system, there's these things that might cause public interruptions, public delays, public losses – none of that applies because we don't want to have that unless we intentionally bug their system or they give us a virus and it's intentional that they did that, then that's what this all applies to. And if you look at the context of the sentence, its clear that that's what it applies to.

THE COURT: Why should I read this – chop this apart and read it in a vacuum? I don't understand why I don't read – start with 'neither' and read to the end of the... I don't understand why you say that the reference to an "action brought under this agreement" is totally divorced from the reference in the prior sentence to carving out willful misconduct, and I don't see why you're saying that.

MR. KRATZ: This sentence says, this sentence on the warranties and limitations of this contract, this sentence says "neither party accepts liability to the other for errors, omission, delays, interruptions and losses."

THE COURT: Right.

MR. KRATZ: We think that the better interpretation of what that means is that we're talking about the mechanical process by which this data is exchanged. We're talking about bugs and errors and crashes, and things like that, because that's the intent of the parties on this paragraph. In