1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

12  DIGITAL ENVOY, INC.,                )   CASE NO.:  C 04 01497 RS
                                        )
13         Plaintiff/Counterdefendant,  )   **GOOGLE INC.'S MOTION FOR**
                                        )   **LEAVE TO FILE FOR**
14   v.                                 )   **RECONSIDERATION AND FOR**
                                        )   **FURTHER RULING**
15  GOOGLE INC.,                        )
                                        )
16         Defendant/Counterclaimant.   )
                                        )
17                                      )
                                        )

GOOGLE'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION AND FOR FURTHER RULING
C 04 01497 RS

**INTRODUCTION**

Pursuant to Local Rule 7-9(b), defendant Google Inc. ("Google") hereby seeks leave to file a motion for reconsideration of the Court's November 8, 2005 Order (the "Order"), granting in part and denying in part Google's Motion for Partial Summary Judgment (the "Motion"). Separately, Google requests a further ruling from the Court on an issue fully briefed and argued by the parties, but expressly left unresolved by the Order.

**ARGUMENT**

**A.  The Court Should Grant Google Leave to File a Motion for Reconsideration with Respect to the Application of the First Limitation of Liability Provision in the Agreement.**

Google based its Motion, in relevant part, on two limitation of liability provisions in Google's License Agreement with plaintiff Digital Envoy Inc. (the "Agreement"). The first of the provisions Google relied upon states that neither party would have "any liability whatsoever to the other for errors, omissions, delays, interruptions, or losses unless caused by their willful misconduct." *See* Declaration of David Kramer In Support of Google Inc.'s Motion, Ex. B, Section 8. Citing the absence of any evidence that it engaged in "willful misconduct," Google sought summary judgment barring *any monetary recovery at all* by Digital Envoy. *See* Google's Motion at 8-10; Google's Reply at 2-5. At no time did Google suggest that the first limitation of liability provision should only be applied to Digital Envoy's claim for breach of contract.[1] By its terms, the provision contains no such restriction. Instead, it precludes the imposition of "any liability whatsoever." Moreover, the provision applies to "errors and omissions." These are the hallmarks of tort claims, not contract claims. And case law makes clear that contractual limitations of liability certainly can afford protection against tort claims. *Farnham v. Superior*

---

[1] In truth, Google did not even understand that such a reading of the provision was under consideration. It requested an order barring any recovery at all by Digital Envoy from Google in the case. And it devoted its argument about the first limitation of liability provision exclusively to why the "willful misconduct" standard was not met. Google thus did not address the possibility that the first provision applied only to contract claims and not tort claims.

GOOGLE'S MOTION FOR LEAVE TO FILE             1
MOTION FOR RECONSIDERATION AND FOR FURTHER RULING
C 04 01497 RS

*Court*, 60 Cal. App. 4th 69 (1997) (contractual limitation of liability provision bars liability for tort of defamation).

In its Order, the Court expressly held that there was no evidence of "willful misconduct" by Google. Order at 6.[2] This conclusion should have barred *any recovery at all* by Digital Envoy in this case. For reasons that are not explained, however, the Order concludes that the first limitation of liability provision applied only to Digital Envoy's claim for breach of contract.[3] Accordingly, while barring recovery on the contract claim, the Court permitted Digital Envoy to continue seeking a recovery from Google on its trade secret claim. That, Google respectfully submits, was error.

Given the Court's holding that Google did not engage in "willful misconduct," the first limitation of liability provision should compel entry of judgment in Google's favor and against Digital Envoy on *all of Digital Envoy's theories of recovery,* specifically including any recovery for unjust enrichment on its trade secret claim. Google thus requests leave pursuant to Local Rule 7-9(b)(3) to file a motion asking the Court to reconsider its ruling in light of a dispositive legal argument that was presented to the Court before the Order was entered – namely, that absent evidence of "willful misconduct," Google has "no liability whatsoever" to Digital Envoy.

---

[2] The Court also agreed with Google's interpretation of the first limitation of liability provision, rejecting Digital Envoy's arguments that it was not seeking to recover for a "loss" within the meaning of the provision. Order at n.3.

[3] One might assume that Digital Envoy's contract claim mirrored its trade secret claim – both charging Google with violating the Agreement in using Digital Envoy's data. In truth, however, Digital Envoy's breach of contract claim had nothing to do with Google's alleged misuse of Digital Envoy's data. Rather, the breach of contract claim, belatedly added through an amendment, charged only that Google failed to pay two months worth of royalties owed to Digital Envoy under the Agreement. *See* Amended Complaint at ¶¶ 71-75; *See also* Digital Envoy's Motion for Leave to File Amended Complaint and Relief from Case Management Schedule, filed August 27, 2004 at p. 4 (seeking leave to amend Complaint to add breach of contract claim for non-payment). Moreover, Digital Envoy's corporate designee long ago conceded in deposition that the company's breach of contract claim had subsequently been satisfied by a payment from Google. Deposition of Robert Friedman at 220-222 (noting claim for unpaid fees had been satisfied and there was no other basis for Digital Envoy's breach of contract claim). In short, by the time of Google's Motion, Digital Envoy no longer had a breach of contract claim. Google's Motion was instead directed to Digital Envoy's trade secret claim.

**B.     The Court Should Issue a Further Ruling with Respect to the Application of the Second Limitation of Liability Clause in the Agreement.**

Google's motion also asked the Court to construe and apply a second limitation of liability provision in the parties' Agreement.   That provision reads:

> Except for indemnification under Section 7.5, in no event shall either party's damages in any lawsuit or other action brought under this Agreement exceed the amounts paid by [Google] hereunder.

*See* Declaration of David Kramer Filed in Support of Google's Motion, Ex. B, Section 8. Google contended that, regardless of how the Court ruled on the first provision, this second provision operated to cap its liability to Digital Envoy *on Digital Envoy's trade secret claim* to $308,600, the amount paid by Google under the Agreement.

The parties' arguments with respect to the second provision were addressed to the question of whether Digital Envoy's trade secret claim was one "brought under the Agreement." *See* Google's Motion at 10-13 (explaining, *inter alia,* that the trade secret claim depended entirely upon the License Agreement and thus was subject to the limitation of liability provision capping recovery at $308,600); Google's Reply Brf. at 8-10 (explaining why Digital Envoy's trade secret claim was "brought under" the Agreement); Digital Envoy's Opp. Brf. at 9:4.  And on this question, at least at the hearing, the Court said the following:

> THE COURT:  I do see this dispute arising out of this license agreement.  *I just don't see how you can argue that the trade secret claim is divorced from the license agreement*.  Indeed, any trade secret claim, as we have seen, will be met, not surprisingly, by the argument by Google that we have a license.  And then the dispute becomes:  what's the scope of the license?  So I just don't see how it isn't a claim arising out of that agreement...."  *See* Hearing TR, Sept. 21, 2005 (attached as Exhibit A to Google's Supplemental Brief in Support of its Motion) at p 2 (emphasis added).
>
> THE COURT:  [to Mr. Kratz] Let me ask you this question.  Is the intellectual property that you claim they stole, intellectual property covered by the license agreement?  The answer is yes. . . .And that tells you . . . . You may disagree with me, but that answers to my mind the question as to –  If they had licensed intellectual property of a very different sort, and then you accused them of stealing different intellectual property from you, that would be a circumstance where you may have a license relationship but it doesn't matter to your claim.  But this is plainly about the scope of your license.  You acknowledge that.  You say 'they exceeded what we let them use our intellectual property for' *so the idea that it is not a claim arising out of that agreement just doesn't make any sense to me*.  Hearing TR at p. 44-45 (emphasis added); *See also* Hearing TR (attached as Exhibit A to Google's Supplemental Brief in Support of its Motion) at 7-9 (argument by Mr. Kramer).

If this were the Court's conclusion, it should have applied the second limitation of liability provision in the Agreement and capped any recovery by Digital Envoy *on its trade secret claim,* to $308,600.   But in its Order, the Court expressly stated that it did "not reach Google's additional argument that the Agreement limits any recovery by Digital to the amount paid under the License." Order, at n. 4.

Having allowed Digital Envoy to continue to pursue an unjust enrichment recovery on its trade secret claim notwithstanding the first limitation of liability provision, the Order should have addressed what impact the second limitation of liability provision had on that remaining claim. Inasmuch as the Court appeared to recognize that Digital Envoy's trade secret claim was one "brought under the Agreement," under the second limitation of liability provision, *any recovery by Digital Envoy on that claim should be capped at $308,600.*  Because the Court expressly did not reach this question, Google asks that the Court issue a further ruling capping any recovery by Digital Envoy on its trade secret claim to $308,600.[4]

## CONCLUSION

For the foregoing reasons, Google respectfully requests leave to file a motion for reconsideration of the Court's November 8, 2005 Order, and requests a further ruling on an argument that the Court explicitly stated it did not reach in that Order.

Dated:  November 17, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     /s/ David H. Kramer
            David H. Kramer

Attorneys for Defendant/Counterclaimant
Google Inc.

---

[4] Google believes that this issue was fully briefed and argued by the parties, but would be happy to participate in further briefing or argument on the matter if the Court desires.

GOOGLE'S MOTION FOR LEAVE TO FILE          4
MOTION FOR RECONSIDERATION AND FOR FURTHER RULING
C 04 01497 RS