**EXHIBIT A TO SUPPLEMENTAL DECLARATION OF**

**ROBERT J. WADDELL, JR. IN SUPPORT OF DIGITAL ENVOY'S**

**MOTION TO COMPEL**

1  DAVID H. KRAMER, State Bar No. 168452
   STEPHEN C. HOLMES, State Bar No. 200727
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN JOSE DIVISION
10

11
   DIGITAL ENVOY, INC.,                  )  CASE NO.: C 04 01497 RS
12                                       )
            Plaintiff/Counterdefendant,  )  GOOGLE INC.'S SUPPLEMENTAL
13                                       )  AND AMENDED RESPONSES TO
        v.                               )  DIGITAL ENVOY'S FIRST SET OF
14                                       )  DOCUMENT REQUESTS
   GOOGLE INC.,                          )
15                                       )
            Defendant/Counterclaimant.   )
16                                       )
                                         )
17  _____)

18
        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Civil Local
19
   Rules of the Northern District, Defendant/Counterclaimant Google Inc. ("Google") hereby
20
   supplements and amends its previous responses to the first set of requests for production of
21
   documents served upon it by Plaintiff/Counterdefendant Digital Envoy, Inc., which are hereby
22
   superseded.
23
                            **GENERAL OBJECTIONS**
24
        1.   Google objects to each request or interrogatory to the extent that it purports to
25
   impose any requirement or discovery obligation on Google other than those set forth in the
26
   Federal Rules of Civil Procedure and the applicable rules of this Court.
27

28
   GOOGLE INC.'S SUPPLEMENTAL RESPONSES TO      -1-                    C:\NrPortbl\PALIB1\STH\2561076_1.DOC
   DIGITAL ENVOY'S FIRST SET OF DOCUMENT
   REQUESTS

2. Google objects to each request or interrogatory to the extent that it purports to require Google to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Google will not disclose such information without either the consent of the relevant third party or a court order compelling production.

3. Google makes these responses solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to all other objections on any grounds that would require the exclusion of any statements if the request or interrogatory were asked of, or statements were made by, a witness testifying in court. Thus, Google expressly reserves all applicable objections for trial.

4. Google intends no incidental or implied admissions by these responses. Google's answers or objections to any request or interrogatory should not be taken as an admission that Google accepts or admit any "facts" set forth or assumed by that request or interrogatory. Google's answer to part or all of any request or interrogatory is not a waiver by Google of any objection to that request or interrogatory.

5. Google objects to all discovery relating to any claimed trade secret of Digital Envoy not identified with particularity to Google pursuant to C.C.P. 2019(d). Google has repeatedly requested such an identification, but Digital Envoy has still not yet provided a proper identification. Under Section 2019(d), which is applicable in California federal and state courts, Digital Envoy may not commence discovery relating to its claimed trade secrets until it provides Google with an adequate disclosure of its claimed trade secrets. Accordingly, any and all discovery relating to Digital Envoy's claimed trade secrets remains premature. Subject to and without waiving the foregoing, Google will respond to discovery relating to Digital Envoy's claimed trade secrets to the extent possible given Digital Envoy's lack of a proper 2019(d) identification, but does not accept Digital Envoy's trade secret identification as valid or sufficient.

6. Google objects to each and every request as unduly burdensome and not reasonably related to the discovery of admissible evidence to the extent that it calls for information, documents and things created after Digital Envoy commenced these proceedings.

7. Google objects to each and every request or interrogatory to the extent that it calls for information, documents, and things protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. To the extent that Google produces documents in response to a request or interrogatory, Google will not produce any document protected by such privileges or immunities, and any inadvertent production or disclosure shall not be deemed to constitute a waiver of any such privilege or immunity.

8. Google's response that it will produce documents in response to a request or interrogatory does not necessarily mean that responsive documents exist, but instead that Google will produce documents if such documents are located.

9. The subject matter of these requests and interrogatories is under continuing investigation. It is anticipated that further discovery, investigation and research may supply additional facts or contentions, all of which may cause changes in or modification of the following responses. The following responses are given without prejudice to Google's right to produce evidence of any subsequently discovered or recollected fact, and Google expressly reserves the right to change or modify any of the following responses as additional facts are ascertained, analyses are made, legal research is completed, or contentions are made.

10. Google objects to each and every request as overbroad and unduly burdensome to the extent that it calls for the production of "all" responsive documents. Google's responses are based upon a reasonable and good faith search, given the time allocated to Google to respond to the requests, of Google's facilities and files that could reasonably be expected to contain responsive information. Google will produce only those documents in its possession, custody, or control that it is able to locate pursuant to a search and inquiry using reasonable diligence and judgment concerning the whereabouts of responsive documents.

11. Google objects to the requests on the grounds that the time and place specified for production is unreasonable. To the extent that Google produces documents in response to the requests, Google will do so at a time and place mutually agreed upon by the parties, and only a reasonable time after Digital Envoy produces its documents.

GOOGLE INC.'S SUPPLEMENTAL RESPONSES TO
DIGITAL ENVOY'S FIRST SET OF DOCUMENT
REQUESTS

-3-

Google incorporates by reference each and every general objection set forth above into each and every specific response. From time to time a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

All documents relating to the Agreement, including all documents relating to the drafting or negotiation of the Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to its general objections, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that directly refer to or directly discuss the drafting or negotiation of the Agreement.

**DOCUMENT REQUEST NO. 2:**

All documents relating to communications relating to Google's and Digital Envoy's performance under the agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to its general objections, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure,

generally produce non-privileged documents that relate to communications relating to Google's and Digital Envoy's performance under the Agreement.

**DOCUMENT REQUEST NO. 3:**

All documents relating to Google's uses of Digital Envoy's technology, specifically including but not limited to documents relating to communication regarding the technology and technical documents and design drawings relating to Google's implementation or use of the technology for any purpose (including but not limited to AdWords and AdSense).

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request to the extent it calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that Google has and will generally produce non-privileged documents that directly refer to or directly relate to Google's use of Digital Envoy's data and documents constituting communications that refer to Digital Envoy's data.

**DOCUMENT REQUEST NO. 4:**

All documents relating to communications relating to any alleged breach of the Agreement by either Google or Digital Envoy.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to its general objections, Google objects to this request as vague insofar as Digital Envoy has not specifically identified the conduct by Google that it contends is a breach of

the Agreement. Google further objects to this request to the extent it calls for information relating to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds as follows.

With respect to documents relating to Digital Envoy's breach of the Agreement, the responsive documents largely consist of pleadings and correspondence filed in the parties' now-transferred litigation in the Northern District of Georgia. Google objects to and will not reproduce those documents which are already readily available to Digital Envoy. Google will, however, produce documents sufficient to show amounts expended by Google in defense of that litigation, and is willing to meet and confer with Digital Envoy concerning other non-privileged documents Digital Envoy believes it is entitled to receive regarding Google's breach of contract claim.

**DOCUMENT REQUEST NO. 5:**

All documents relating to Digital Envoy, including documents relating to communication relating to Digital Envoy.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to its general objections, Google objects to this request to the extent it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that directly refer to or directly discuss Digital Envoy, and documents constituting communications with Digital Envoy.

**DOCUMENT REQUEST NO. 6:**

All documents relating to communication with Digital Envoy.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to its general objections, Google objects to this request to the extent it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that directly refer to or directly discuss Digital Envoy, and documents constituting communications with Digital Envoy.

**DOCUMENT REQUEST NO. 7:**

All documents relating to communication leading to Google's decision to place advertisements on its own web site(s).

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrase "place advertisements on its own web site(s)." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that it has

and will generally produce non-privileged documents that directly refer to or directly discuss Google's decision to introduce its AdWords program.

**DOCUMENT REQUEST NO. 8:**

All documents relating to communication leading to Google's decision to use Digital Envoy's technology in placing advertisements on Google's own web site(s).

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "Digital Envoy's technology" and "placing advertisements on Google's own web site(s)." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that Google has and will generally produce non-privileged documents that directly refer to or directly relate to Google's use of Digital Envoy's data and documents constituting communications that refer to Digital Envoy's data.

**DOCUMENT REQUEST NO. 9:**

All documents relating to communication leading to Google's decision to offer advertisers options incorporating the use of Digital Envoy's technology for advertisements placed on Google's own web site(s).

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "Digital Envoy's technology" and "advertisements placed on Google's own web site(s)." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that Google has and will generally produce non-privileged documents that directly refer to or directly discuss Google's decision to offer advertisers the potential to geo-target advertisements purchased through Google.

**DOCUMENT REQUEST NO. 10:**

All documents relating to communication leading to Google's decision to place advertisements on third party web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google also objects to the request as vague with respect to what is meant by "place advertisements." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade

GOOGLE INC.'S SUPPLEMENTAL RESPONSES TO
DIGITAL ENVOY'S FIRST SET OF DOCUMENT
REQUESTS

-9-

secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that it has and will generally produce non-privileged documents that directly refer to or directly discuss Google's decision to introduce its AdSense for Content program, and that it does not "place advertisements on third party web sites." In Google's AdSense for Content program, which is all that Google believes is at issue in this action based upon Digital Envoy's allegations, it is more precise to say that Google displays advertisements on users' computers in connection with content on a third party site.

**DOCUMENT REQUEST NO. 11:**

All documents relating to communication leading to Google's decision to use Digital Envoy's technology in placing advertisements on third party web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google also objects to the request as vague with respect to the phrases "Digital Envoy's technology" and "placing advertisements on third party web sites." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google responds that it has and will, subject to and without waiving its general and specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents

that directly refer to or directly discuss Google's decision to offer advertisers the potential to geo-target advertisements purchased through Google and that directly refer to or directly discuss Google's decision to introduce its AdSense for Content program. Google further responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that it does not "place advertisements on third party web sites." In Google's AdSense for Content program, which is all that Google believes is at issue in this action based upon Digital Envoy's allegations, it is more precise to say that Google displays advertisements on users' computers in connection with content on a third party site.

**DOCUMENT REQUEST NO. 12:**

All documents relating to communication leading to Google's decision to offer advertisers options incorporating the use of Digital Envoy's technology for advertisements placed on third party web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "Digital Envoy's technology" and "advertisements placed on third party web sites." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google responds that it has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that directly refer to or directly discuss Google's decision to offer advertisers the potential to geo-target advertisements purchased through Google and that directly refer to or directly discuss

Google's decision to introduce its AdSense for Content program. Google further responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that it does not "place advertisements on third party web sites." In Google's AdSense for Content program, which is all that Google believes is at issue in this action based upon Digital Envoy's allegations, it is more precise to say that Google displays advertisements on users' computers in connection with content on a third party site.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to determine the identity of all advertisers who have paid Google for advertisements to be placed on Google's own web site(s), and the date and amount of payments.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrase "advertisements to be placed on Google's own web site(s)." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to determine the identity of advertisers who have paid Google for advertisements to be placed on third party web sites, and the date and amount of payments.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrase "advertisements to be placed on third party web sites." Google further objects to this

request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, Google responds that, upon the entry of heightened attorneys eyes only confidentiality protection, it will produce non-privileged documents sufficient to show the total revenue derived from the AdSense for Content program through the date upon which Google ceased to use Digital Envoy's data, which Google expects to be by month.

**DOCUMENT REQUEST NO. 15:**

Documents sufficient to determine the identity of all advertisers who had advertisements placed by Google and selected an option which incorporated the use of Digital Envoy's technology in the placement of one or more of those advertisements.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "advertisements placed by Google," "Digital Envoy's technology" and "placement of one or more of those advertisements." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to

serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google responds that it has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that directly refer to or directly discuss Google's decision to offer advertisers the potential to geo-target advertisements purchased through Google and that directly refer to or directly discuss Google's decision to introduce its AdSense for Content program. Google further responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that it does not "place advertisements on third party web sites." In Google's AdSense for Content program, which is all that Google believes is at issue in this action based upon Digital Envoy's allegations, it is more precise to say that Google displays advertisements on users' computers in connection with content on a third party site.

**DOCUMENT REQUEST NO. 16:**

Documents sufficient to determine the identity of all advertisers who had advertisements placed by Google and were given but did not select an option which incorporated the use of Digital Envoy's technology in the placement of one or more of those advertisements.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "advertisements placed by Google," "Digital Envoy's technology" and "placement of one or more of those advertisements." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google responds that it has and will, subject to and without waiving its general or specific objections or its right to

make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that directly refer to or directly discuss Google's decision to offer advertisers the potential to geo-target advertisements purchased through Google and that directly refer to or directly discuss Google's decision to introduce its AdSense for Content program. Google further responds that it did not use Digital Envoy's technology, only Digital Envoy's data, and that it does not "place advertisements on third party web sites." In Google's AdSense for Content program, which is all that Google believes is at issue in this action based upon Digital Envoy's allegations, it is more precise to say that Google displays advertisements on users' computers in connection with content on a third party site.

**DOCUMENT REQUEST NO. 17:**

All documents relating to web site information provided by Google relating to AdWords, AdSense, and any other program or offering relating to the placement of advertisements on any web site, specifically including all historical changes made to the information provided.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrase "placement of advertisements on any web site." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that constitute materials provided to prospective and existing advertisers generally regarding Google's AdSense for Content advertising program.

**DOCUMENT REQUEST NO. 18:**

All documents relating to information other than web site information provided by Google to then existing or prospective AdWords or AdSense customers relating to AdWords, AdSense, and any other program or offering relating to the placement of advertisements on any web site.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrase "placement of advertisements on any web site." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google has and will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce non-privileged documents that constitute materials provided to prospective and existing advertisers generally regarding Google's AdSense for Content advertising program.

**DOCUMENT REQUEST NO. 19:**

All documents containing any projection or expectation relating to revenue or profit or other economic factor relating to AdWords, AdSense, or any other program or offering relating to the placement of advertisements on any web site, specifically including any projection relating to the use Digital Envoy's technology in placing advertisements on third party web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to

1. the phrases "projection or expectation relating to revenue or profit or other economic factor,"
2. "placement of advertisements on any web site" and "Digital Envoy's technology." Google
3. further objects to this request as calling for information that is irrelevant and not reasonably
4. calculated to lead to the discovery of admissible evidence. Specifically, the request seeks
5. information concerning uses by Google of Digital Envoy's technology that Digital Envoy
6. concedes are licensed and are thus not at issue in this action. Finally, Google objects to this
7. request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet
8. identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of
9. Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital
10. Envoy's inadequate 2019(d) disclosure, Google will, upon the entry of heightened attorneys eyes
11. only confidentiality protection and subject to and without waiving its general or specific
12. objections or its right to make further specific objections upon service of an amended 2019(d)
13. disclosure, generally produce non-privileged documents that constitute projections or
14. calculations of profits generated by Google's AdSense for Content advertising program through
15. the date upon which Google ceased to use Digital Envoy's data.

**DOCUMENT REQUEST NO. 20:**

All documents containing press releases pertaining to AdWords, AdSense, or any other program or offering relating to the placement of advertisements on any web site, or the use of Digital Envoy's technology in placing advertisements on third party web sites.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request as vague with respect to the phrases "placement of advertisements on any web site" and "Digital Envoy's technology." Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the request seeks information concerning uses by Google of Digital Envoy's technology that Digital Envoy concedes are licensed and are thus not at issue in this action. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet

identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google will, subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, generally produce Google press releases that refer or relate to Digital Envoy or geo-targeting of advertisements.

**DOCUMENT REQUEST NO. 21:**

All documents relating to communication with any other company who provides or purports to provide information regarding the geographic location of a user relating to the provision of such information to Google.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to its general objections, Google objects to this request because it is overly broad and unduly burdensome. Google further objects to this request to the extent it calls for information subject to third party confidentiality obligations. Google further objects to this request as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Google objects to this request as it relates to Digital Envoy's claimed trade secrets which Digital Envoy has not yet identified with particularity. Accordingly, pursuant to Section 2019(d) of the California Code of Civil Procedure, Digital Envoy is not yet permitted to serve such discovery. Despite Digital Envoy's inadequate 2019(d) disclosure, Google will, upon the entry of heightened attorneys eyes only confidentiality protection and subject to and without waiving its general or specific objections or its right to make further specific objections upon service of an amended 2019(d) disclosure, and subject to obtaining any and all necessary consent from any third party, generally produce licensing proposals made to Google from any other company that provides information regarding the geographic location of a visitor to a web site.

Dated: November 10, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Stephen C. Holmes
Stephen C. Holmes

Attorneys for Defendant/Counterclaimant
Google, Inc.

GOOGLE INC.'S SUPPLEMENTAL RESPONSES TO
DIGITAL ENVOY'S FIRST SET OF DOCUMENT
REQUESTS

-19-