**\*E-FILED 11/22/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | NO. 5:04-cv-1497 RS |
| Plaintiff, | **ORDER GRANTING GOOGLE'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| GOOGLE, INC., | |
| Defendant. | |

Defendant Google, Inc. ("Google") seeks leave to file a motion for reconsideration of the Court's order granting in part and denying in part its motion for partial summary judgment, filed on November 8, 2005. Specifically, Google asks the Court to reconsider its ruling in light of a dispositive legal argument that it contends was previously presented in the motion, namely, whether absent evidence of willful misconduct on the part of Google, plaintiff Digital Envoy, Inc. ("Digital") can recover under any legal theory, including unjust enrichment, on Digital's trade secret claim.

In its initial moving papers, Google stated that it sought partial summary judgment that Digital's "damages claims" are barred. See Google's Moving Brief, filed on August 17, 2005, at p. 1. In its current motion, Google states that it "sought summary judgment barring any monetary recovery at all" by Digital. See Google's Motion for Leave to File a Motion for Reconsideration at p. 1. As a result of this

1  discrepancy and to clarify the issues remaining in this action, Google's request for leave to file a motion for
2  reconsideration is granted.  Google shall file a moving brief addressing its current argument regarding
3  whether the absence of willful misconduct on its part precludes Digital from any recovery in this case,
4  including recovery based on unjust enrichment or a reasonable royalty, on November 30, 2005.  Digital
5  shall file an opposition brief on or before December 7, 2005.  Google may file a reply brief on December 9,
6  2005.  The matter will be deemed submitted on the papers upon the filing of Google's reply brief, unless
7  otherwise ordered by the Court.
8       Separately, Google also requests a ruling from the Court concerning its argument that the parties'
9  Agreement contains a limitation of liability clause which prevents Digital from recovering more than
10 $308,600 on its trade secret claim. The parties' briefs shall not address Google's separate request for a
11 further ruling regarding the limitation of liability provision, however, as the Court agrees with Google that the
12 issue has been fully briefed and argued and will, therefore, address that provision if necessary.
13      As a result of this order, the pending motion to compel further discovery, currently scheduled for
14 hearing on December 5, 2005, is continued pending resolution of Google's motion for reconsideration.
15 Once that motion has been resolved, the Court will reschedule the hearing on the motion to compel.
16 IT IS SO ORDERED.
17 Dated: 11/22/05                                         /s/ Richard Seeborg
                                                          RICHARD SEEBORG
18                                                        United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman     bblackman@sheppardmullin.com

2

1. P. Craig Cardon     ccardon@sheppardmullin.com, msariano@sheppardmullin.com
2. Charles Tait Graves    tgraves@wsgr.com
3. Stephen C. Holmes     sholmes@wsgr.com, pmarquez@wsgr.com
4. David H. Kramer     dkramer@wsgr.com, dgrubbs@wsgr.com
5. Michael S. Kwun     mkwun@google.com
6. David L. Lansky     dlansky@wsgr.com
7. Chan S. Park     cpark@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/22/05**                              **Chambers of Judge Richard Seeborg**

**By:**     **/s/ BAK**