1  DAVID H. KRAMER, State Bar No. 168452 (dkramer@wsgr.com)
   DAVID L. LANSKY, State Bar No. 199952 (dlansky@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant/Counterclaimant
6  Google Inc.

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12 DIGITAL ENVOY, INC.,              )   CASE NO.: C 04 01497 RS
                                     )
13        Plaintiff/Counterdefendant,)   **GOOGLE INC.'S NOTICE OF**
                                     )   **MOTION AND MOTION FOR**
14    v.                             )   **RECONSIDERATION;**
                                     )   **MEMORANDUM OF POINTS AND**
15 GOOGLE INC.,                      )   **AUTHORITIES IN SUPPORT**
                                     )   **THEREOF**
16        Defendant/Counterclaimant. )
                                     )
17                                   )
                                     )

18

19

20

21

22

23

24

25

26

27

28

GOOGLE'S NOTICE OF MOTION, MOTION AND MEMO ISO           PALIB1_2771864_2.DOC
MOTION FOR RECONSIDERATION
C 04 01497 RS

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant/counterclaimant Google Inc. ("Google") shall move and hereby does move the Court for reconsideration of the Court's November 8, 2005 Order insofar as the Order permits Digital Envoy, Inc. ("Digital Envoy") to maintain any claims for monetary relief against Google in this action. This motion is made pursuant to Federal Rule of Civil Procedure 60(b) and the Court's November 22, 2005 Order granting Google leave to file for reconsideration. It is based upon these moving papers, the papers filed and arguments made in support of Google Inc.'s Motion for Partial Summary Judgment Regarding Digital Envoy, Inc.'s Damages Claims ("Google's Motion," heard September 21, 2005), the Court's prior Orders in this case, and the pleadings on file in this action.

Dated:  November 30, 2005                    WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation


                                             By:   /s/ David H. Kramer
                                                      David H. Kramer

                                             Attorneys for Defendant/Counterclaimant
                                             Google Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The relationship between the parties in this case was defined by their License Agreement (the "Agreement"). The Agreement expressly limited the relationship with a series of expansive limitation of liability provisions. At issue here is the provision explicitly stating that neither party would have "ANY LIABILITY WHATSOEVER TO THE OTHER FOR ERRORS, OMISSIONS, DELAYS, INTERRUPTIONS, OR LOSSES UNLESS CAUSED BY THEIR WILLFUL MISCONDUCT." *See* Declaration of David H. Kramer In Support of Google's Motion ("Kramer Decl."), Ex. B, § 8.

In its November 8, 2005 Order (the "Order"), the Court held that there is no evidence that Google engaged in any "willful misconduct" towards Digital Envoy. In light of that holding, and given the parties' agreed upon limitation of liability provision, Digital Envoy cannot impose "any liability whatsoever" upon Google in this action. In other words, no matter what legal theory it pursues and no matter what type of recovery it seeks, Digital Envoy's claims for relief against Google in this case fail as a matter of law. Google is therefore entitled to summary judgment on all such claims.

## BACKGROUND

On August 17, 2005 Google filed a motion seeking judgment on Digital Envoy's claims for damages against Google in this action. In relevant part, the motion was based on a limitation of liability provision in the parties' Agreement. The provision, drafted by Digital Envoy, states that neither party would have "ANY LIABILITY WHATSOEVER TO THE OTHER FOR ERRORS, OMISSIONS, DELAYS, INTERRUPTIONS, OR LOSSES UNLESS CAUSED BY THEIR WILLFUL MISCONDUCT." Order at 3 (quoting provision); Kramer Decl., Ex. B, § 8. Citing the absence of any evidence that it engaged in "willful misconduct" by using Digital Envoy's data in its AdSense advertising program, Google requested a judgment barring *any*

1  *monetary recovery at all* by Digital Envoy. *See* Google's Motion at 2-3, 8-10; Google's Reply
2  In Support of Its Motion at 2-5.[1]
3        In its November 8, 2005 Order, after supplemental briefs and supplemental reply briefs,
4  the Court held that there was no evidence that Google had engaged in any "willful misconduct."[2]
5  Order at 4-6. In Google's view, that finding should have terminated all of Digital Envoy's
6  claims against Google. Because Google had not engaged in "willful misconduct," it could not
7  have "any liability whatsoever" to Digital Envoy. Consistent with that limitation of liability
8  provision, the Court concluded that, in the absence of "willful misconduct," Digital Envoy could
9  not maintain a claim for damages against Google on a breach of contract theory. Order at 6. But
10 the Order did not address the impact of the Court's "no willful misconduct" finding on Digital
11 Envoy's attempt to hold Google liable for unjust enrichment or a reasonable royalty under a
12 trade secret misappropriation theory. Because that issue was left unaddressed, the Order
13 effectively permitted Digital Envoy to continue its efforts to impose liability on Google through
14 its trade secret cause of action.

---

[1] Google addressed its motion concerning the limitation of liability clause to Digital Envoy's "damages" claims, unfortunately using the term "damages" loosely as a synonym for "monetary relief." Google was thus requesting judgment on all of Digital Envoy's claims for monetary relief, including the monetary relief that Digital Envoy sought through its cause of action for trade secret misappropriation. *See, e.g.,* [Proposed] Order Granting Google's Motion (seeking a holding that "Digital Envoy is not entitled to any recovery from Google in this case, as Digital Envoy cannot show Google engaged in willful misconduct."); Google's Motion at 1:26-2:5 (including Digital Envoy's request for an unjust enrichment recovery as a "damages claim" barred by the limitation of liability clause in the Agreement); *Id.* at 3 ("As applied, the ['willful misconduct'] provision bars any recovery to Digital Envoy absent a showing that Google knew it was engaged in misconduct . . . "); September 21, 2005 Hr'g Tr. (Ex. A to Google's Supp. Br. In Support of Its Motion) at 7 ("Mr. Kramer: . . . At the end of the day – if you resolve the first clause as we believe you should, there's no liability for Google to Digital Envoy."). Having reviewed its motion papers, however, Google recognizes that it may have inadvertently created confusion through its colloquial use of the term "damages," and apologizes for such confusion.

[2] The Court also confirmed that Digital Envoy was seeking to impose liability against Google for "losses" within the meaning of the limitation of liability provision. Order at 6 n.3. Digital Envoy's claims could just as easily be read as seeking a recovery from Google based on Google's alleged "error" in interpreting the parties' Agreement to permit use of the data in AdSense. Claims based upon such "errors" are likewise within the ambit of the provision. Order at 3 (quoting provision).

GOOGLE'S NOTICE OF MOTION, MOTION AND MEMO ISO     3     PALIB1_2771864_2.DOC
MOTION FOR RECONSIDERATION
C 04 01497 RS

Believing the limitation of liability provision bars the imposition of" any liability whatsoever" against it, including any liability for unjust enrichment or a reasonable royalty, Google sought leave to file a motion for reconsideration of the Order pursuant to Federal Civil Local Rules 7-9(b).  The Court granted Google's request on November 22, 2005 stating: "Google shall file a moving brief addressing its current argument regarding whether the absence of willful misconduct on its part precludes Digital from any recovery in this case, including recovery based on unjust enrichment or a reasonable royalty."  November 22, 2005 Order.

## ARGUMENT

**The Limitation of Liability Provision Barring "Any Liability Whatsoever" Absent "Willful Misconduct" Precludes Any Recovery By Digital Envoy Under Any of Its Claims.**

This motion begins and should end with the plain language of the limitation of liability provision in the Agreement that bars the imposition of "any liability whatsoever" upon Google absent a showing that Google engaged in "willful misconduct."[3]  "The word [liability] is a broad legal term . . . [that] has been defined to mean:  all character of debts and obligations, . . . duty to pay money or perform some other service, . . . that which one is under obligation to pay, or for which one is liable...."  BLACK'S LAW DICTIONARY 914 (6th ed. 1990).  *See also* WordNet Search, http://wordnet.princeton.edu/perl/webwn?s=liability (last visited Nov. 29, 2005) (defining "liability" as "an obligation to pay money to another party"); MERRIAM-WEBSTER'S DICTIONARY OF LAW 290 (1996) ("a financial obligation").  Thus, the limitation of liability provision in the parties' Agreement ensures that one party would not have any obligation – most notably any obligation to pay money – to the other arising from any litigation between them unless that party was shown to have engaged in willful misconduct.

In barring the imposition of "*any*" liability "*whatsoever*," the provision is expressly and deliberately all-encompassing.  It does not allow for exceptions based upon the type of legal

---

[3] *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995) ("The rules governing [contract] interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it. *(Civ. Code, § 1638; Reserve Insurance Co. v. Pisciotta (1982) 30 Cal. 3d 800, 807 . . . )*").

theory a party might artfully plead.  And it does not discriminate among the various types of monetary recoveries that one party might seek from the other.[4]  Thus, it does not matter if Digital Envoy dresses up a claim for breach of contract as one for trade secret misappropriation.  And it does not matter whether Digital Envoy seeks a monetary recovery from Google under an actual damages theory or under theories of unjust enrichment or reasonable royalty.  Per the parties' Agreement, Digital Envoy cannot impose "any liability whatsoever" on Google absent proof that Google engaged in willful misconduct.  *See Benedek v. PLC Santa Monica, LLC*, 104 Cal. App. 4th 1351, 1357 (2002) ("In the absence of extrinsic evidence the scope of a release is determined by the express language of the release....When a release expressly releases a defendant from any liability, it is not necessary that the plaintiff have had a specific knowledge of the specific risk that ultimately caused the injury.")

While the protections of this agreed-upon limitation of liability provision are broad, they are hardly unprecedented.  Indeed, provisions like the one at issue here have been held to preclude liability for unjust enrichment and trade secret misappropriation.  For example, in *Taylor v. DaimlerChrysler AG*, 237 F. Supp. 2d 789, 791-93 (E.D. Mich. 2002), the plaintiff inventor sued an auto manufacturer on claims including unjust enrichment and misappropriation.  The plaintiff, however, had signed a "Suggestion Agreement" containing a provision releasing the defendant "from any liability" except for patent, trademark or copyright claims.  *Id*. at 791-92.  Concluding the provision was clear on its face, the court granted defendant's motion for partial summary judgment, holding that the provision barred plaintiff's unjust enrichment and misappropriation claims.  *Id*. at 793; *see also Abel v. City of St. Louis,* 129 S.W.3d 877, 879, 881-82 (Mo. Ct. App. 2004) (barring claim seeking equitable remedy of constructive trust where limitation of liability clause prohibited claims for "any loss" other than fraud or wrongful

---

[4] It would make no sense for the provision to cover "*any* liability *whatsoever*" if the parties intended it only to protect against liability imposed through particular legal theories (i.e., breach of contract but not trade secret misappropriation), or only to protect against claims seeking specific types of monetary recovery (i.e., actual damages but not unjust enrichment or reasonably royalty).  Had the parties intended a more limited scope of protection, they could easily have substituted less sweeping language.

taking); *City Investing Co. Liquidating Trust v. Continental Cas. Co.*, Civ. A. No. 12146, 1992 WL 65411, at \*\*9-10 (Del. Ch. Mar. 30, 1992) (interpreting phrase "any . . . liability" in indemnity provision as a "clear and unambiguous" "catch-all" of all liabilities; rejecting plaintiff's argument that "any . . . liability" meant only liabilities asserted within specific time period).  Further, courts routinely enforce contractual provisions limiting liability for tort claims. *See, e.g., Farnham v. Superior Court*, 60 Cal. App. 4th 69 (1997) (contractual limitation of liability provision bars liability for intentional tort of defamation); *Benedek v. PLC Santa Monica, LLC*, 104 Cal. App. 4th 1351, 1357 (2002) ("A written release may exculpate a tortfeasor from future negligence or misconduct."); *McCarn v. Pacific Bell Directory*, 3 Cal. App. 4th 173, 176 (1992) (enforcing contractual limitation of liability provision against tort claim for negligence); *see also YMCA of Metro. Los Angeles v. Superior Court*, 55 Cal. App. 4th 22, 27 (1997) (same; "[N]o public policy opposes private, voluntary transactions in which one party, for a consideration, agrees to shoulder a risk which the law would otherwise have placed upon the other party . . . "); *Hormel Foods Corp. v. Chr. Hansen, Inc.*, No. CIV. 99-547DSDJMM, 2001 WL 1636490, at \*6 (D. Minn. July 6, 2001) (precluding claim for negligence in light of broadly-worded exculpatory clause covering "any liability whatsoever nature or kind")

Put simply, the phrase "any liability whatsoever" in the limitation of liability provision at issue means what it says.  CAL. CIV. CODE § 1639 (parties' intent to be inferred, if possible, solely from the written provisions of a contract).  Given the Court's holding that there is no evidence of "willful misconduct" by Google, the provision warrants entry of judgment in Google's favor and against Digital Envoy on *all of Digital Envoy's theories of recovery,* specifically including any monetary recovery on its trade secret claim such as a recovery of a reasonable royalty or recovery of any alleged unjust enrichment.

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, and based on the entire record in this case, Google respectfully requests that the Court reconsider its November 8, 2005 Order and grant summary judgment in Google's favor precluding any recovery by Digital Envoy in light of the limitation of liability provision contained in the parties' Agreement.

Dated: November 30, 2005                         WILSON SONSINI GOODRICH & ROSATI
                                                 Professional Corporation

                                                 By:    /s/ David H. Kramer
                                                           David H. Kramer

                                                 Attorneys for Defendant/Counterclaimant
                                                 Google Inc.