**\*E-FILED 12/5/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | NO. 5:04-cv-1497 RS |
|     Plaintiff, | **ORDER DENYING DIGITAL'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| GOOGLE, INC., | |
|     Defendant. | |

Plaintiff Digital Envoy, Inc. ("Digital") requests leave to file a motion for reconsideration of the Court's order granting in part and denying in part the motion for summary judgment filed by defendant Google, Inc. ("Google"), issued on November 8, 2005. Specifically, Digital asks the Court to reconsider its finding that the evidence fails to establish that Google engaged in willful misconduct. Based on all papers filed to date, as well as on the papers and arguments submitted in conjunction with the summary judgment motion, the Court denies Digital's request for leave to file a motion for reconsideration on the basis that Digital has failed to fulfill the requirements set forth in Civil L.R. 7-9.

Civil L.R. 7-9(b) states in relevant part that the party moving for reconsideration must specifically show:

1  (1) That at the time of the motion for leave, a material difference in fact or law exists from that
2  which was presented to the Court before entry of the interlocutory order for which reconsideration
3  is sought; or,
4  (2) The emergence of new material facts or a change of law occurring after the time of such order;
5  or,
6  (3) A manifest failure by the Court to consider material facts or dispositive legal arguments
7  which were presented to the Court before such interlocutory order.

This Rule conforms to the grounds set forth by the Ninth Circuit: that a motion for reconsideration may be based only on: (1) an intervening change in controlling law; (2) the availability of new evidence; or, (3) the need to correct clear error or prevent manifest injustice. <u>Painting Industry of Hawaii Market Recovery Fund v. United States Department of the Air Force</u>, 756 F. Supp. 452, 453 (D. Hawaii 1990).

Digital argues that the Court failed to consider material facts which were presented in its opposition papers: namely, email correspondence and deposition testimony, which according to Digital establishes that Google understood it could not ship Digital's proprietary databases to third party websites or use Digital's data on those sites. Contrary to Digital's contention, however, and as noted in the order, the Court reviewed all evidence presented, including each and every identified email and deposition before concluding that the evidence failed to establish Google engaged in willful misconduct in violation of the parties' License Agreement. <u>See</u> <u>e.g.</u>, Order at p. 6, lines 17-21. The Court does not disagree with Digital that the evidence establishes the parties negotiated, understood, and agreed that their License Agreement contained various limitations on Google's use of Digital's proprietary technology. As the order makes plain, however, the Court simply disagrees with Digital that such evidence can be interpreted to reflect Google's willful misconduct in light of the total absence of evidence that Google operated with an understanding that its conduct violated that license. As a result, this is not a situation where the Court failed to consider evidence presented but one where, instead, a party simply disagrees with the result reached by the Court.

For these reasons, reconsideration is not warranted and Digital's request for leave to file a motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: December 5, 2005

   /s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman    bblackman@sheppardmullin.com

P. Craig Cardon    ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves    tgraves@wsgr.com

Stephen C. Holmes    sholmes@wsgr.com, pmarquez@wsgr.com

David H. Kramer    dkramer@wsgr.com, dgrubbs@wsgr.com

Michael S. Kwun    mkwun@google.com

David L. Lansky    dlansky@wsgr.com

Chan S. Park    cpark@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/5/05**                                         **Chambers of Judge Richard Seeborg**

                                                **By:    /s/ BAK**