1 | P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
2 | KENDALL M. BURTON, Cal. Bar No. 228720
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3 | Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
4 | Telephone:     415-434-9100
Facsimile:     415-434-3947
5

6 | TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
7 | MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
8 | Atlanta, Georgia 30309
Telephone: 404.443.5500
9 | Facsimile: 404.443.5751

10 | Attorneys for DIGITAL ENVOY, INC.

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

14 | DIGITAL ENVOY, INC.,                    Case No. C 04 01497 RS

15 |           Plaintiff/Counterdefendant,    **DIGITAL ENVOY'S REQUEST FOR
                                              ORAL ARGUMENT ON GOOGLE INC.'S
16 |      v.                                   MOTION FOR RECONSIDERATION**

17 | GOOGLE, INC.,

18 |           Defendant/Counterclaimant.
                                             The Honorable Richard Seeborg
19

20

21

22

23

24

25

26

27

28

---

1    Pursuant to Civil Local Rule 7-11, Digital Envoy, Inc.'s moves for an order allowing oral

2  argument on Google Inc.'s Motion for Reconsideration.

3    On November 22, 2005, the Court granted Google's Motion for Leave to File a Motion to

4  Reconsider the Court's November 8, 2005 Order, which granted in part and denied in part

5  Google's Motion for Partial Summary Judgment Regarding Digital Envoy, Inc.'s Damages

6  Claims.  In its November 22, 2005 Order, the Court noted, in particular, that there was a

7  discrepancy between the relief sought by Google in its original motion for partial summary

8  judgment filed on August 17, 2005 (seeking "partial summary judgment that Digital's 'damages'

9  claims' are barred") and that sought in its Motion for Leave (seeking "'summary judgment barring

10  any monetary recovery at all' by Digital").  *See* November 22 Order at 1.  The Court further noted

11  that it was granting Google's Motion due to this "discrepancy and to clarify the issues remaining

12  in this action."  *See id.* at 1-2.

13    Digital Envoy believes that Google is necessarily attempting to bring an entirely new

14  matter and argument before the Court in that the issue addressed in Google's Motion for

15  Reconsideration was not adequately raised in Google's original Motion for Partial Summary

16  Judgment.  The Court's quotation of Google's own statements reveals the "discrepancy" was

17  created after the fact by Google.[1]  It is well-established law in California that "damages" – the

18  term Google used in its Motion for Partial Summary Judgment – does not include unjust

19  enrichment or other equitable remedies.  *See Bank of the West v. Superior Court (Industrial*

20  *Indemnity Co.)*, 2 Cal. 4th 1254, 1266-68 (1992) (distinguishing between "damages" and

21  "monetary recovery" pursuant to equitable remedies).  Google's Motion for Reconsideration is a

22  semiotic exercise, claiming that Google didn't really mean "damages" when it said "damages,"

23  despite the California Supreme Court's longstanding and well-known interpretation of this term.

24

---

[1]  If there is no "discrepancy" other than one created by Google after the fact, it would seem that
25  reconsideration is not appropriate.  *See* Civil L.R. 7-9(b)(3) (limiting motions for
reconsideration to "[a] manifest failure by the Court to consider . . . dispositive legal
26  arguments *which were presented to the Court before such interlocutory order*.") (emphasis
added).
27

28

REQUEST FOR ORAL ARGUMENT ON  MOTION
FOR RECONSIDERATION

1    Therefore, to the extent that Google is attempting to clarify its original position (which appears not

2    have been entirely plain either to the Court or to Digital Envoy, or even to Google), Digital Envoy

3    respectfully requests oral argument to respond to Google's new position – especially taking into

4    account that Google asserts that its new position should dispose of the entire case.  Moreover, the

5    discrepancy noted by the Court is between what Google actually moved for in its papers and what

6    it now states it meant to move for.[2]  It would be patently inequitable to allow Google to raise this

7    alleged case dispositive issue in the manner it has without giving Digital Envoy the opportunity to

8    be heard on the subject in the same manner it would have been had Google properly articulated its

9    claim in the first place.[3]

10            For the foregoing reasons, Digital Envoy respectfully requests that the Court set Google's

11    Motion for Reconsideration for hearing.

---

22    [2]    Indeed, in its Motion for Reconsideration, Google concedes (or claims) that its Motion

23    incorrectly described and named the relief it sought.  *See* Google Inc.'s Notice of Motion and
      Motion for Reconsideration; Memorandum of Points and Authorities Thereof at 3, n. 1
      (stating that Google "unfortunately us[ed] the term 'damages' loosely" and "apologiz[ing] for

24    such confusion").

25

26    [3]    In fact, this is the second time that Google, unhappy with the Court's order, has sought

27    another bite at the apple by seeking unorthodox post-Order relief.  *See* June 16, 2005
      Supplemental Order Denying Google's Motion for Summary Judgment on Trade Secret
      Claim at 1 (noting that "[u]pon receipt of the Court's order, Google requested a further ruling

28    . . . .").

-2-

REQUEST FOR ORAL ARGUMENT ON  MOTION
FOR RECONSIDERATION

1 | DATED:  December 6, 2005

2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3 |

4 | By _____
   | /s/ Brian Blackman

5 | P. CRAIG CARDON
   | BRIAN R. BLACKMAN

6 |

7 | TIMOTHY H. KRATZ (*Pro Hac Vice* To Be Applied For)
   | LUKE ANDERSON (*Pro Hac Vice* To Be Applied For)
   | MCGUIRE WOODS, L.L.P

8 | 1170 Peachtree Street, N.E., Suite 2100
   | Atlanta, Georgia 30309

9 | Telephone: 404.443.5706
   | Facsimile:  404.443.5751

10 | Attorneys for DIGITAL ENVOY, INC.

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-3-