**\*E-FILED 1/24/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br>    Plaintiff, <br><br> v. <br><br> GOOGLE, INC., <br><br>    Defendant. | NO. 5:04-cv-1497 RS <br><br> **ORDER CLARIFYING AND EXPANDING SCOPE OF ORDER GRANTING GOOGLE'S MOTION FOR SUMMARY JUDGMENT REGARDING DAMAGES** |

## I. INTRODUCTION

Defendant Google, Inc. ("Google") seeks clarification and expansion of the order issued on November 8, 2005, in which the Court granted Google's motion for partial summary judgment. There, the Court found that the License Agreement between the parties precluded the recovery of contract damages absent a showing of willful misconduct, which plaintiff Digital Envoy, Inc. ("Digital") failed to present. That order did not reach the issue of whether that same License Agreement provision applied to Digital's claim for unjust enrichment under California law arising out of Google's alleged misappropriation of Digital's trade secrets. Owing to ambiguity in the precise relief Google requested by its initial motion, the Court granted Google's request for reconsideration, permitted supplemental briefing, conducted a hearing on that isolated issue on January 12, 2006, and

now concludes that Google's motion must be granted; in particular, that Digital is not entitled to equitable relief on its claim for misappropriation of trade secrets, absent a showing of Google's willful misconduct. In light of this Court's prior finding that evidence of willful misconduct on Google's part had not been presented, Google is now entitled to summary judgment in its favor precluding Digital, as a matter of law, from recovering any damages, based either upon unjust enrichment or other theory, flowing from Google's alleged misappropriation of Digital's proprietary technology.[1]

## II. THE PARTIES' CONTENTIONS

As noted in the November 8, 2005 order, Google focuses on Section 8 of the License Agreement at issue, entitled "Warranties; Limitations; Disclaimer," providing in relevant part that "NEITHER PARTY UNDERTAKES OR ACCEPTS ANY LIABILITY WHATSOEVER TO THE OTHER FOR ERRORS, OMISSIONS, DELAYS, INTERRUPTIONS, OR LOSSES UNLESS CAUSED BY THEIR WILLFUL MISCONDUCT." See Declaration of David Kramer, submitted in support of motion for partial summary judgment, Exh. B, Section 8. Since Digital claims a "loss" in this case, measured by any unjust enrichment gained by Google when it allegedly utilized Digital's geo-location technology in an unauthorized manner, Google argues that Digital may only recover if it establishes that such loss occurred as a result of willful misconduct committed by Google. It notes, further, that in the prior order, the Court found no evidence that Google had engaged in willful misconduct, defined as a positive intent actually to harm another or to do an act with a positive, active, and absolute disregard of its consequences, Dazo v. Globe Airport Security Services, 295 F.3d 934, 941 (9th Cir. 2002), and that therefore Digital is precluded from any recovery, however characterized, on its trade secrets claim.

Digital responds that Section 8 does not apply to its claim for misappropriation of trade secrets since the parties intended, according to Digital, that such Section would only limit a claim for breach of contract. Digital also argues that Google's interpretation of Section 8 renders it invalid

---

[1] The factual background of the parties' dispute has been set forth in some detail in prior orders in this case and will not, therefore, be reiterated here.

2

as a matter of law or, alternatively, that the Section is invalid under Cal. Civ. Code § 1668, providing that any contract exempting anyone from responsibility for his own fraud or a violation of the law is against public policy.

## III.  DISCUSSION

### A.  Application of Section 8 to the Trade Secret Misappropriation Claim

#### 1.  Meaning of the term "Loss"

Interpretation of a contract is an issue of law if: (1) the contract is not ambiguous, or (2) the contract is ambiguous but no parol evidence is admitted or the parol evidence is not in conflict. Walter E. Heller Western, Inc. v. Tecrim Corp., 196 Cal.App.3d 149, 158 (1987). In this instance, as the Court noted in its prior order, neither Section 8 of the parties' Agreement nor the term "loss" is ambiguous. Moreover, contrary to Digital's proffered interpretation, courts have noted that the words "loss" and "damage" have been considered virtually synonymous, both referring to that which is necessary to make the plaintiff whole. See e.g., Nordahl v. Franzalia, 48 Cal.App.3d 657, 664 (1975); Wilbur v. United States, 30 F.2d 871, 872 (1929). Similarly, the Ninth Circuit has indicated that the proper measure of damages due to the misappropriation of trade secrets is no longer limited to either plaintiff's loss or defendant's benefit, but includes a combination of both in order to make the plaintiff whole. Clark v. Bunker, 453 F.2d 1006, 1011 (9th Cir. 1972).  As a result, even assuming Digital had submitted parol evidence which suggested that the word "loss" is ambiguous, which it did not, it appears that the legal distinction between the terms "loss" and "damage" is blurred, at least in the context of recovery based on the misappropriation of trade secrets.

Further, from a practical perspective, it would undercut the purpose of Section 8 if it were to be interpreted as limiting liability only for those losses resulting from breach of the contract, for at least two reasons.  First, an injured party could always refrain from filing a breach of contract claim and simply re-label the action as one for misappropriation of trade secrets, thereby avoiding application of the limitations set forth in Section 8 entirely. Second, the inclusion of the term "willful misconduct" would have been unnecessary if only contract claims were at issue since

3

"wilfulness" is not an essential element of such a claim.[2] That term applies principally in the context of tort claims. See e.g., Drum v. Bleau, Fox & Associates, 107 Cal.App.4th 1009, 1011 (2003) (tort of abuse of process requires a willful act in use of process); Foley v. Interactive Data Corp., 47 Cal.3d 654, 712, fn. 9 (1988) (tort law is rife with subjective elements such as willful misconduct).

2.  Plain Language of the Agreement is Unambiguous

The plain language of Section 8 similarly supports the interpretation discussed above. As the Court noted in its prior order, Section 8 contains no limiting language suggesting that the parties intended it to apply solely to breach of contract claims. A review of the entire Section illustrates this point.[3]

The term "loss" first appears in the second sentence of Section 8, which reads, "It is mutually acknowledged that data entry, communication and storage are subject to a possibility of human and machine errors, omissions, delays, and losses, including inadvertent loss of data or damage to media, which may give rise to loss or damage." Based on this sentence, the term "loss" clearly refers to the deletion of "data entry, communication and storage," including the "loss of data," and does not include any other type of loss, such as general economic damages or unjust enrichment.

Section 8 continues and states that, "Neither party hereto undertakes any liability to the other for any such errors, omissions, delays, or losses." What the term "loss" refers to in this sentence is, again, the loss of "data entry, communication, and storage," including the "loss of data", explaining why the word "such" precedes the word "loss" in that sentence. Having defined the types of losses that commonly occur, the parties agreed that those losses would not create liability on the part of either of them.

---

[2] In order to establish a claim for breach of contract, an injured party must show: (1) the existence of an agreement between the parties; (2) performance by the party seeking relief under the agreement; (3) breach of such agreement by the opposing party; and, (4) damage caused by such breach. McDonald v. John P. Scripps Newspaper, 210 Cal.App.3d 100, 104 (1989).

[3] Moreover, as stated in the Court's November 8, 2005 order, Digital's claim for misappropriation of trade secrets does not arise independently of the License Agreement since it is undisputed that Google lawfully obtained Digital's proprietary technology as a result of the License and, more importantly, that the License defines the permissible scope of Google's use of that technology.

4

The next-to-the-last line of Section 8 then concludes, in capital letters, "NEITHER PARTY UNDERTAKES OR ACCEPTS ANY LIABILITY WHATSOEVER TO THE OTHER FOR ERRORS, OMISSIONS, DELAYS, INTERRUPTIONS, OR LOSSES UNLESS CAUSED BY THEIR WILLFUL MISCONDUCT." The use of the term "loss" in this sentence, according to Digital, must carry a meaning similar to the first two uses of that term and naturally relates, it explains, to the same data losses as described in the preceding two sentences. As the Court stated in its prior order, however, this interpretation defies common sense since, if it were to be adopted, the sentence would be unnecessary for it would simply duplicate the third sentence in Section 8.

As related to the term "loss," the only difference between the third sentence and the fifth sentence in Section 8, other than the addition of the "willful" phrase, is the use of the word "such" in the third sentence, a word which is conspicuously omitted in the fifth sentence. The fact that Digital, who drafted this paragraph, did not repeat the term "such losses" in the fifth sentence certainly suggests a different loss than those previously discussed. Otherwise, the term "unless caused by their willful misconduct" could simply have been added to the third sentence and there would be no need to include it in the fifth sentence. Moreover, no parol evidence has been presented to explain the use of "such loss" in the third sentence as opposed to "loss" in the fifth sentence.

For all of these reasons, the Court concludes that Section 8 of the parties' Agreement is unambiguous and is simply not reasonably susceptible to the meaning ascribed to it by Digital in this action. Barris Industries, Inc. v. Worldvision Enterprises, Inc., 875 F.2d 1446, 1450 (9th Cir. 1989) (extrinsic evidence admissible if relevant to prove a meaning to which the language of the contract is reasonably susceptible).

B.   Validity of Section 8 as a Matter of Law

Similarly, Section 8 is not invalid as a matter of law. Digital contends that, since Section 8 does not expressly waive rights "under tort law" or "for any statutory claims," the attempted release clause is invalid under California law. Lund v. Bally's Aerobic Plus, Inc., 78 Cal.App.4th 733, 738 (2000) (in order to be valid and enforceable, a written release clause which exculpates a tortfeasor from liability for future misconduct must be clear, unambiguous, and explicit in expressing the

5

intent of the parties); <u>Baker Pacific Corp. v. Suttles</u>, 220 Cal.App.3d 1148, 1153 (1990) (same). This argument ignores the actual language of the Agreement, which unambiguously states that neither party accepts "any liability whatsoever" for "losses" unless those losses are caused by the willful misconduct of one of the parties. [4]

### C. Cal. Civ. Code § 1668 Does Not Apply to the Parties' Agreement

Digital's argument that Cal. Civ. Code § 1668 invalidates Section 8 of the parties' Agreement similarly fails since California courts have held that Section 1668 applies only to contracts that involve the "public interest" and not to private contracts. <u>See</u> <u>e.g.</u>, <u>Tunkl v. Regents of University of California</u>, 60 Cal.2d 92, 101 (1963) (holding that public policy does not oppose private, voluntary transactions); <u>Allan v. Snow Summit, Inc.</u>, 51 Cal.App.4th 1358, 1373 (1996) (release and waiver found valid where ski school contract did not affect public interest); <u>YMCA of Metro. Los Angeles v. Superior Court</u>, 55 Cal.App.4th 22, 27 (1997) (finding release enforceable as not contrary to public policy). Digital's contention that these cases involved only general negligence claims and, therefore, do not apply to the tort of trade secret misappropriation, is unpersuasive in the absence of any indication that the California state courts intended to limit their holdings to simple negligence claims.

## IV. CONCLUSION

For the reasons stated above, and based on the entire record submitted, as well as on the prior orders issued in this action, Google's motion for partial summary judgment regarding damages is granted. Digital is precluded from recovering for any unjust enrichment earned by Google as a result of its alleged trade secret misappropriation based on the limitation of liability provision set forth in Section 8 of the parties' License Agreement, which permits recovery for "losses" only in instances of willful misconduct. Digital, therefore, cannot satisfy the damages element essential for

---

[4] Moreover, California statutory law provides that in cases of uncertainty, the language of the contract should be interpreted most strongly against the party who caused the uncertainty to exist. Cal. Civ. Code § 1654. In this instance, the evidence submitted shows that Section 8 was drafted by Digital and was changed by Google only to the extent that the last sentence in that Section, regarding the cap on liability, was made reciprocal. <u>See</u> <u>e.g.</u>, Supplemental Declaration of David Kramer, Exhs. P, R; Declaration of David Kramer, Exh. C; Declaration of Robert Waddell, Exh. A.

its remaining trade secret claim.  See e.g., Sargent Fletcher, Inc. v. Able Corp., 110 Cal.App.4th 1658, 1666 (2003) (listing elements of California trade secret claim, including damages, and noting that plaintiff bears burden of proof on each element).  As a result, judgment will be entered in favor of Google and against Digital in this action.[5]

IT IS SO ORDERED.

Dated: 1/24/06

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[5] Based on this conclusion, the Court does not address Google's alternative argument regarding a cap on damages, and Digital's pending discovery motion is denied as moot.

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Brian R. Blackman     bblackman@sheppardmullin.com

P. Craig Cardon     ccardon@sheppardmullin.com, msariano@sheppardmullin.com

Charles Tait Graves     tgraves@wsgr.com

Stephen C. Holmes     sholmes@wsgr.com, pmarquez@wsgr.com

David H. Kramer     dkramer@wsgr.com, dgrubbs@wsgr.com

Michael S. Kwun     mkwun@google.com

David L. Lansky     dlansky@wsgr.com

Chan S. Park     cpark@wsgr.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/24/06**                                   **Chambers of Judge Richard Seeborg**

                                                **By:      /s/ BAK**