1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  KENDALL M. BURTON, Cal. Bar No. 228720
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
4  Telephone:     415-434-9100
   Facsimile:     415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  ROBERT J. WADDELL, JR. (Admitted *Pro Hac Vice*)
   JOHN A. LOCKETT III (Admitted *Pro Hac Vice*)
8  MCGUIREWOODS LLP
   1170 Peachtree Street, N.E., Suite 2100
9  Atlanta, Georgia 30309
   Telephone:     404.443.5500
10 Facsimile:     404.443.5751

11 PATRICK J. FLINN, Cal. Bar No. 104423
   ALSTON & BIRD LLP
12 One Atlantic Center
   1201 West Peachtree Street
13 Atlanta, Georgia 30309
   Telephone: 404-881-7000
14 Facsimile: 404-881-7777

15 Attorneys for DIGITAL ENVOY, INC.

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                           SAN JOSE DIVISION

19 DIGITAL ENVOY, INC.,                    | Case No. C 04 01497 RS

20         Plaintiff/Counterdefendant,     | **NOTICE OF MOTION AND MOTION TO DISMISS GOOGLE'S DECLARATORY JUDGMENT COUNTERCLAIM AND MOTION FOR ENTRY OF JUDGMENT**

21     v.

22 GOOGLE, INC.,                           | Date:       March 22, 2006
                                            | Time:       9:30 a.m.
23         Defendant/Counterclaimant.       | Courtroom:  4, 5th Floor

24                                          | The Honorable Richard Seeborg

25

26

27

28

-1-

W02-SF:5BB\61485202.1                NTC. OF MTN. AND MTN. TO DISMISS COUNTERCLAIM
                                     AND MTN. FOR ENTRY OF FINAL JUDGMENT

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on March 22, 2006 at 9:30 a.m. in Courtroom 4, Fifth Floor

3  of the United States District Court for the Northern District of California, United States

4  Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant Digital Envoy,

5  Inc. ("Digital Envoy") shall move the court pursuant to Fed. R. Civ. P.12(b)(1) for an order

6  dismissing defendant/counterclaimant Google, Inc.'s ("Google") counterclaim for declaratory

7  judgment and for entry of final judgment on Digital Envoy's claims pursuant to Fed. R. Civ. P.

8  54(b). Digital Envoy's motion to dismiss is made on the grounds that Google's counterclaim for

9  declaratory judgment is moot.

10  This motion is based upon these moving papers, the pleadings on file herein, matters of

11  which the court may take judicial notice, and upon such other and further oral and documentary

12  argument and evidence as the Court may permit at the hearing of this motion.

13

14  DATED: February 15, 2006

15                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

16

17                              By          /s/ Brian Blackman
                                              P. CRAIG CARDON
18                                            BRIAN R. BLACKMAN

19
                                    TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
20                                  LUKE ANDERSON (Admitted *Pro Hac Vice*)
                                    MCGUIRE WOODS, L.L.P
21                                  1170 Peachtree Street, N.E., Suite 2100
                                    Atlanta, Georgia 30309
22                                  Telephone: 404.443.5706
                                    Facsimile:  404.443.5751
23
                                         Attorneys for DIGITAL ENVOY, INC.
24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Digital Envoy, Inc. ("Digital Envoy"), pursuant to Fed. R. Civ. P. 12(b)(1) and 54(b), moves to dismiss Google Inc.'s ("Google") counterclaim for declaratory judgment and to enter final judgment on Digital Envoy's now adjudicated claims. Google seeks declaratory judgment on the issue of whether it violated the parties' Product and Electronic Database Evaluation and License Agreement (the "License Agreement") and misappropriated Digital Envoy's trade secrets. Based on the Court's recent rulings, Google's declaratory judgment counterclaim no longer presents an actual case or controversy and is moot. Accordingly, Google's declaratory judgment counterclaim should be dismissed for lack of subject matter jurisdiction.

Because all of Digital Envoy's claims against Google have now been adjudicated, Digital Envoy moves for final judgment on these claims so that it may seek immediate appellate review. Digital Envoy does not seek a stay of Google's breach of contract and trade secret misappropriation counterclaims, which are factually unrelated to Digital Envoy's claims. Therefore, entry of final judgment will not delay further proceedings in those counterclaims, and Google will not be prejudiced by entry of final judgment on Digital Envoy's claims. Because these claims are factually distinct and independent from Google's breach of contract and trade secret misappropriation counterclaims, there is no just cause for delay in entering final judgment on Digital Envoy's claims.

Entering final judgment now on Digital Envoy's adjudicated claims will speed the ultimate termination of this dispute and is the most efficient and equitable resolution. For these reasons and for the reasons set forth below, the Court should dismiss Google's declaratory judgment counterclaim as moot and enter final judgment on Digital Envoy's claims.

### II.    BACKGROUND

On September 23, 2004, Digital Envoy filed the Amended Complaint of Digital Envoy, Inc. ("Amended Complaint") stating claims for statutory misappropriation of trade secrets, common law misappropriation of trade secrets, federal unfair competition, state unfair competition, common law unfair competition, common law unjust enrichment, and breach of

contract. *See* Amended Complaint. On January 25, 2004, Google filed its Answer to Amended Complaint of Digital Envoy and Amended Counterclaims for Breach of Contract, Declaratory Judgment and Trade Secret Misappropriation ("Amended Answer and Counterclaim").

Google's declaratory judgment counterclaim was a "mirror-image" counterclaim and was pled in response to Digital Envoy's claims against Google. By Orders issued May 20, 2005, November 8, 2005, and January 24, 2006, the Court granted summary judgment in Google's favor on all of Digital Envoy's claims. See Order Denying Google's Motion For Summary Judgment and Granting Google's Motion for Partial Summary Judgment (the "May 20 Order"); Order Granting In Part and Denying In Part Google's Motion for Partial Summary Judgment (the "November 8 Order"); and Order Clarifying And Expanding the Scope of Order Granting Google's Motion for Summary Judgment Regarding Damages (the "January 24 Order").

### III.    ARGUMENT

**A.    Google's Declaratory Judgment Counterclaim Is Moot and Must Be Dismissed.**

A motion to dismiss as moot is an attack on the court's subject matter jurisdiction and is properly made pursuant to Rule 12(b)(1). See Gemtel Corp. v. Community Redevelopment Agency, 23 F.3d 1542, 1544 n. 1 (9th Cir. 1994). "When considering a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

"It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies." Gator.com Corp. v. L.L. Bean, 398 F.3d 1125, 1128 (9th Cir. 2005). This constitutional limitation is not relaxed in the declaratory judgment context. Id. In fact, "the case-or-controversy requirement is incorporated into the language of the very statute that authorizes federal courts to issue declaratory relief." Id. The "central question" in testing for mootness is "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." Id. (citing West v. Sec'y of the Dept. of Transp., 206 F.3d 920, 925 n.4 (9th Cir. 2000)). In short, in

-2-

order for a case *not* to be moot, a live case or controversy must exist throughout the litigation – and not just in the beginning. See Skysign Int'l, Inc. v. City and County of Honolulu, 276 F.3d 1109, 1114 (9th Cir. 2002) (explaining that mootness is the doctrine of standing over time).

Google asserted a declaratory judgment counterclaim in response to Digital Envoy's claims arising from the allegations that Google misused Digital Envoy's proprietary technology and misappropriated Digital Envoy's trade secrets. Google asserts that "[t]here is an actual and justiciable controversy between the parties concerning the scope of Google's license under the Agreement to use Digital Envoy's technology. Digital Envoy has demanded money from Google for actions allegedly outside the scope of the license. Google denies any unlicensed activity, and denies that any further money is owed to Digital Envoy." Amended Answer and Counterclaim, ¶ 33. Google seeks a declaration from the Court that "it has not exceeded the scope of its license with Digital Envoy, that it has not otherwise breached the Agreement with Digital Envoy and that it has not misused any supposed intellectual property licensed to Google by Digital Envoy under the Agreement." Id., ¶ 34. Because the Court has ruled that Digital Envoy cannot recover any money from Google, Google's declaratory judgment counterclaim is now moot. See January 24 Order; Gladwell Gov't Serv., Inc. v. County of Marin, Case No. 04-3332, 2005 WL 2656964, at *2 (N.D. Cal. Oct. 17, 2005) (holding that a declaratory judgment counterclaim that seeks resolution of issues that have already been successfully defended by the counterclaimant is moot for want of case or controversy requirement) (citing Ashcroft v. Mathis, 431 U.S. 171, 173 (1977) (holding that after defendant successfully defended a claim through use of an affirmative defense, plaintiff's declaratory judgment claim as to whether defendant would be liable absent such affirmative defense was rendered moot)); see also Aldens, Inc. v. Packel, 524 F.2d 38, 52 (3d Cir. 1975) (counterclaim alleging that defendant's acts were permissible became moot upon disposition of plaintiff's complaint); Cover v. Schwartz, 133 F.2d 541, 545 (2d Cir. 1942) (when court finds against plaintiff on issue of infringement, counterclaim on issue of patent validity becomes moot).

In the context of a declaratory relief action, mootness is determined by examining whether the facts alleged, under all circumstances, show that a substantial controversy remains between the

-3-

1  parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a
2  declaratory judgment.  <u>See</u> <u>Super Tire Eng'g Co. v. McCorkle</u>, 416 U.S. 115, 121-22 (1974).
3  Google may contend that a substantial controversy remains between the parties because Digital
4  Envoy may succeed in reviving its claims on appeal.  While this may some day occur, this
5  possibility does not create a controversy of "sufficient immediacy and reality" to prevent Google's
6  declaratory judgment claim from being moot.  <u>See</u> <u>City of Rome, New York v. Verizon
7  Communications, Inc.</u>, 362 F.3d 168, 182 n. 12 (2d Cir. 2004) (holding declaratory judgment
8  action based upon future contingent events that may not occur is not ripe for adjudication); <u>see
9  also</u> <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (holding that a claim is not ripe for
10 adjudication if it rests on contingent events that may not occur as anticipated, or may not occur at
11 all).

12          Moreover, Google is asking the Court to litigate an issue which is not necessary to decide
13 at this time.  Only if Digital Envoy prevails on appeal would a determination of the legal effect of
14 Google's conduct become necessary.  Otherwise, Google's counterclaim presents merely a
15 hypothetical question which cannot invoke the Court's jurisdiction.  <u>See</u> <u>Meltzer v. Bd. of Pub.
16 Instruction of Orange County, Florida</u>, 548 F.2d 559, 570 (5th Cir. 1977) (there can be no case in
17 controversy where the parties seek adjudication of only an academic or hypothetical question).
18 For this reason alone, the Court should exercise its inherent discretion and abstain from hearing
19 Google's declaratory judgment claim.  <u>See</u> <u>Torch, Inc. v. LeBlanc</u>, 947 F.2d 193, 194 (5th Cir.
20 1991) (district courts have broad discretion in granting or refusing declaratory judgment actions).

21          The Court has ruled on Digital Envoy's claims concerning Google's alleged breach of the
22 License Agreement and misappropriation of Digital Envoy's trade secrets.  Google's declaratory
23 judgment counterclaim seeks resolution of facts that relate only to claims the Court has ruled to be
24 unavailable to Digital Envoy.  Therefore, Google's declaratory judgment counterclaim should be
25 dismissed as moot because Google now lacks standing to assert this claim.

26
27
28

### B. The Court Should Enter Judgment on Digital Envoy's Claims Pursuant to Federal Rule of Civil Procedure 54(b).

Federal Rule of Civil Procedure 54(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay and upon express direction for entry of judgment.

Fed. R. Civ. P. 54(b). A motion made under Rule 54(b) must show: (1) at least one claim or the rights of one party have been fully resolved; (2) that there is no just cause for delay of an appeal; and (3) that final judgment has been entered. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980). "It is left to the sound discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." Id.

In determining that there is no just cause for delay, the trial court must take into account judicial administrative interests as well as the equities involved. Id. In making this determination, it is therefore proper for the district court to consider facts such as: (1) whether the claims under review are separable from the others remaining to be adjudicated; and (2) whether the nature of the claims already determined is such that no appellate court would have to decide the same issue more than once, even if there is a subsequent appeal. Id. As set forth below, this case possesses the requisite elements for entry of judgment under Rule 54(b) as specified by the Supreme Court in Curtiss-Wright. Accordingly, this Court should enter judgment pursuant to Rule 54(b) on Digital Envoy's claims.

#### 1. All of Digital Envoy's Claims Have Been Fully Resolved.

Entry of final judgment under Rule 54(b) is proper when one or more claims or the rights of one or more parties have been fully adjudicated. Fed. R. Civ. P. 54(b); see also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1524 (9th Cir. 1987) (Rule 54 requires a certifiable judgment finally to resolve at least one claim in a multiple-claim action or to finally adjudicate the position of at least one party to a multiple-party action). Summary judgment

-5-

has now been entered against Digital Envoy on all of its claims. See May 20 Order; November 8 Order; and January 24 Order. Because these claims have been fully adjudicated, they are ripe for certification under Rule 54(b). See <u>In re</u> Solutia, Inc. Case No. 03-03554, 2005 WL 701435, at *1 (N.D. Cal. March 24, 2005) ("final judgment for purposes of Rule 54(b) certification is an ultimate disposition of an individual claim entered in the course of multiple claims actions.").

### 2. There Is No Just Cause For Delay In Entering Final Judgment.

To determine whether there is just cause to delay entry of final judgment, a district court must take into consideration judicial administrative interests as well as the equities involved. See 466 U.S. at 7-8; see also Khan v. Park Capital Sec., LLC, Case No. 03-00574, 2004 WL 1753385, at *7 (N.D. Cal. Aug. 5, 2004) (Seeborg, J.) (in determining if there is just reason for delay, a district court must consider judicial administrative interests as well as the equities involved). The district court may also consider whether the claims considered are separable from the remaining claims and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. Id.

When the issues involved in the unadjudicated claims are independent from the issues surrounding the claims to be appealed, certification is proper. See Morrison-Knudsen Co. v. J.D. Archer, 655 F. 2d 962, 965 (9th Cir. 1981); see also Adidas America, Inc. v. Payless Shoesource, Inc., Case No. CV-01-01655, 2006 WL 26210 (9th Cir. January 5, 2006) (affirming district court's certification of Rule 54(b) appeal because the claims appealed involved issues distinct from the claims left with the district court). Even in cases in which the facts or legal issues involved in the adjudicated and unadjudicated claims do overlap, Rule 54(b) certification is still proper when it will result in an expeditious resolution of the case. See Angoss II Partnership v. Trifox, Inc., Case No. 98-1459, 2000 WL 288435, at *1 (N.D. Cal. March 13, 2000) (citing Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987)); see also Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993) (holding that Rule 54(b) certification is proper if it will lead to a expeditious decision of the case).

The interests of equity and judicial economy weigh in favor of the Court entering final judgment on Digital Envoy's claims. If Digital Envoy is compelled to wait until the final

1  disposition of Google's counterclaims before it can commence its appeal, the result will be to
2  delay for months the final determination of this action.  See Curtiss-Wright, 466 U.S. at 11 (Rule
3  54(b) certification is proper when it will avoid months of delay).  Moreover, because Digital
4  Envoy is not asking the Court to stay adjudication of Google's counterclaims in the interim,
5  Google would not be prejudiced by the entry of final judgment on Digital Envoy's claims.
6  Therefore, final judgment pursuant to Rule 54(b) is proper.

7  Furthermore, Digital Envoy's claims against Google stem from Google's use of Digital
8  Envoy's technology in Google's AdSense program, and its assertion that Google misused Digital
9  Envoy's proprietary technology. See Amended Complaint, ¶¶ 44-75.  However, Google's breach
10 of contract and trade secret misappropriation counterclaims arise from distinct and independent
11 sets of facts: Google's breach of contract counterclaim is based on allegations that Digital Envoy
12 breached the License Agreement's forum selection clause and by disclosing Google's confidential
13 information.  See id., ¶¶ 29-30.  Google also alleges that Digital Envoy breached a non-disclosure
14 agreement entered into by the parties and that this breach constitutes misappropriation of trade
15 secrets.  See id., ¶¶ 38, 44-48.

16 None of these unadjudicated counterclaims relate in any way to the subject matter of
17 Digital Envoy's adjudicated claims.  Google's counterclaims are factually distinct and not
18 intertwined with Digital Envoy's claims against Google such that an immediate appeal of Digital
19 Envoy's claims will not lead to successive appeals on the same issues, even if a subsequent appeal
20 is filed in this action.  See Core Vent Corp., 11 F.3d at 1484 (Rule 54(b) certification is proper
21 when entry of final judgment will not result in piecemeal appeals of the same issues).
22 Accordingly, the Court should enter final judgment on Digital Envoy's adjudicated claims
23 pursuant to Rule 54(b).

### IV.    CONCLUSION

25 Google's declaratory judgment counterclaim is now moot in light of this Court's orders
26 granting Google's summary judgment on all of Digital Envoy's claims.  Based on these orders,
27 there no longer exists an actual case or controversy surrounding Google's use of Digital Envoy's
28 technology.  Accordingly, Google's declaratory judgment claim should be dismissed pursuant to

-7-

Federal Rule of Civil Procedure 12(b)(1). Google's remaining counterclaims are factually and legally unrelated to Digital Envoy's adjudicated claims, and therefore, in accord with sound judicial administration and because there is no just cause for delay of an appeal, the Court should enter final judgment on Digital Envoy's adjudicated claims pursuant to Rule 54(b).

DATED: February 15, 2006

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Brian R. Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile:  404.443.5751

Attorneys for DIGITAL ENVOY, INC.