Writer's Direct Line: 415-774-2981
bblackman@sheppardmullin.com

February 15, 2006

Our File Number: 05VA-111623

*VIA ELECTRONIC FILING*

The Honorable Richard Seeborg
United States Magistrate Judge
United States District Court
280 South 1st Street
San Jose, CA 95113

      **Re:**   *Digital Envoy, Inc. v. Google Inc.*
             **United States District Court for the Northern District of California, Case No. C-04-01497.**

Your Honor:

      We write on behalf of Digital Envoy, Inc. ("Digital Envoy") to request the Court revisit its January 24, 2006, Order denying as moot Digital Envoy's Motion to Compel Further Responses To Digital Envoy's Interrogatories, Requests For Production of Documents, and 30(b)(6) Deposition Notices ("Motion to Compel"). *See* Order Clarifying and Expanding Scope of Order Granting Google's Motion for Summary Judgment Regarding Damages at 7, n. 5. For the reasons set forth below, several of the discovery requests that are the subject of the Motion to Compel relate directly to Google Inc.'s ("Google") counterclaims, which remain pending in this action. Accordingly, Digital Envoy requests a ruling on its Motion to Compel so that it may obtain discoverable information directly relevant to its defenses against Google's counterclaims.

      Google's has asserted counterclaims for breach of contract and trade secret misappropriation. *See* Amended Answer and Counterclaim, ¶¶ 30, 38, and 44. The following discovery requests are relevant to those counterclaims and were the subject of Digital Envoy's Motion to Compel:

      **Deposition Topic 9**: All damages claimed by Google in its counterclaims, including the causation of such damages.

      **Deposition Topic 12**: The factual basis for your claim that Digital Envoy disclosed each of the alleged trade secrets (treating each subpart separately) in your 2019(d) disclosure.

      **Deposition Topic 7**: Google's responses to discovery requests, including but not limited to its search for and retrieval of documents.

*See* Digital Envoy's Points and Authorities In Support of Its Motion to Compel Further Responses to Digital Envoy's Interrogatories, Requests for Production of Documents, and 30(b)(6) Deposition Notices ("Memo") at pp. 9-10.

February 15, 2006
Page 2

      Digital Envoy has moved to dismiss Google's counterclaim for declaratory judgment on the ground that the counterclaim is moot due to the Court's recent orders on Digital Envoy's claims.  *See* Digital Envoy's Motion to Dismiss and for Entry of Final Judgment.  However, should Google be allowed to proceed with its declaratory judgment counterclaim, then Digital Envoy should be allowed to compel further discovery responses from Google that relate to that counterclaim – as set forth in its Motion to Compel.  In particular, Google's declaratory judgment counterclaim seeks a determination that Google "has not exceeded the scope of the license agreement with Digital Envoy and that it has not misused any supposed intellectual property licensed to Digital Envoy." *See* Answer to Amended Complaint of Digital Envoy and Amended Counterclaims for Breach of Contract, Declaratory Judgment, and Trade Secret Misappropriation, ¶ 34.  The following discovery requests are directly relevant to Digital Envoy's defense of this counterclaim and were the subject of its Motion to Compel:

> **Document Request 18:**  All documents relating to information other than web site information provided by Google to then existing or prospective AdWords or AdSense customers relating to AdWords, AdSense, and any other program or offering relating to the placemen of advertisements on any web site.
>
> **Deposition Topic 1**:   All uses made by Google of Digital Envoy's data or technology, including but not limited to the technical flow of that results in an advertisement being displayed in connection with the AdSense programs.
>
> **Deposition Topic 2**:   Google's procedures for confirming adherence to and compliance with Google's licensing agreements with third party licensors.
>
> **Deposition Topic 3**:   Google's actions in confirming adherence to and compliance with the terms of Google's Licensing Agreement with Digital Envoy.
>
> **Deposition Topic 10**: All affirmative defenses raised by Google.

*See* Memo at pp. 4; 7-8; 10.

                                         Respectfully Submitted,

                                         /s/ Brian Blackman
                                         Brian R. Blackman

                       for SHEPPARD MULLIN RICHTER & HAMPTON LLP

W02-SF:5BB\61485248.1

February 15, 2006
Page 3


cc:    Timothy H. Kratz, Esq.
       Robert J. Waddell, Jr., Esq.
       P. Craig Cardon, Esq.
       David Kramer, Esq.