1 | P. CRAIG CARDON, Cal. Bar No. 168646
2 | BRIAN R. BLACKMAN, Cal. Bar No. 196996
  | KENDALL M. BURTON, Cal. Bar No. 228720
3 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  | Four Embarcadero Center, 17th Floor
  | San Francisco, California 94111-4106
4 | Telephone:    415-434-9100
  | Facsimile:    415-434-3947
5 |
6 | TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
  | LUKE ANDERSON (Admitted *Pro Hac Vice*)
7 | ROBERT J. WADDELL, JR. (Admitted *Pro Hac Vice*)
  | JOHN A. LOCKETT III (Admitted *Pro Hac Vice*)
8 | MCGUIREWOODS LLP
  | 1170 Peachtree Street, N.E., Suite 2100
9 | Atlanta, Georgia 30309
  | Telephone:    404.443.5500
10 | Facsimile:    404.443.5751
11 | PATRICK J. FLINN, Cal. Bar No. 104423
   | ALSTON & BIRD LLP
12 | One Atlantic Center
   | 1201 West Peachtree Street
13 | Atlanta, Georgia 30309
   | Telephone: 404-881-7000
14 | Facsimile: 404-881-7777

15 | Attorneys for DIGITAL ENVOY, INC.

16 | UNITED STATES DISTRICT COURT
17 | NORTHERN DISTRICT OF CALIFORNIA
18 | SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., | Case No. C 04 01497 RS |
| Plaintiff/Counterdefendant, | **DIGITAL ENVOY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS GOOGLE'S DECLARATORY JUDGMENT COUNTERCLAIM AND MOTION FOR ENTRY OF JUDGMENT** |
| v. | |
| GOOGLE, INC., | |
| Defendant/Counterclaimant. | Date:        March 22, 2006<br>Time:        9:30 a.m.<br>Courtroom: 4, 5th Floor |
| | The Honorable Richard Seeborg |

-1-

## I. INTRODUCTION

Google opposes Digital Envoy's Rule 54(b) motion by arguing that its declaratory judgment claim, for which the Court can award Google nothing more than it has already been awarded, should be litigated. Google does not cite a single case supporting its assertion that its declaratory judgment claim remains an actual case or controversy in light of the Court's recent dispositive rulings ending Digital Envoy's claims. Google's real motives here are transparent: Google seeks to prolong the litigation of its unrelated claims in an effort to deny Digital Envoy the ability to seek appellate review of the Court's dispositive rulings for strategic litigation advantage in the hope that Digital Envoy will surrender under the economic pressure of unnecessary delay. For the reasons set forth below, because Google's declaratory judgment claim is moot, and because its remaining counterclaims are factually distinct from Digital Envoy's adjudicated claims, Digital Envoy respectfully requests that this Court dismiss Google's declaratory judgment claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and to enter final judgment on Digital Envoy's claims pursuant to Federal Rule of Civil Procedure 54(b).

## II. ARGUMENT & CITATION OF AUTHORITIES

**A. Google's Declaratory Judgment Counterclaim Is Moot As a Result of the Court's Recent Dispositive Rulings.**

**1. There is no longer a justiciable case or controversy between the parties.**

Article III of the U.S. Constitution requires the existence of an actual case or controversy between the parties as a prerequisite to jurisdiction in a United States court, and there is no exception to this foundational requirement in a declaratory judgment action. *See Nat'l Union Fire Insurance Co. v. ESI Ergonomic Solutions, LLC*, 342 F. Supp. 2d 853, 862 (D. Ariz. 2004) (holding that the "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution.). As the Court is well aware, Digital Envoy initiated this litigation by bringing claims against Google arising from Google's misuse of Digital Envoy's proprietary technology and information. The effect of the Court's recent orders is to deny Digital Envoy any relief whatsoever stemming from Google's misconduct. Quite plainly this ends the controversy between the parties in this Court.

Google does not (and cannot) deny that its counterclaim seeking a judicial declaration that its conduct was "licensed" by Digital Envoy has meaning and effect *only* in the context of Digital Envoy's claims. The licensing agreement between the parties has expired, and Google has stated that it no longer makes any use of Digital Envoy's intellectual property. Because Google has prevailed on a dispositive issue, the case between the parties in this Court is over. Google cannot compel the Court and Digital Envoy to engage in continued and protracted litigation that can afford Google no additional relief or remedy beyond what it has already received.

Google's failure to address the substance of a case directly on point highlights the weakness of its argument. In *Gladwell Governmental Services, Inc. v. County of Marin*, a court in this district addresses the precise issues before this Court. *See Gladwell Governmental Services, Inc. v. County of Marin*, No. 04-3332, 2005 WL 2656964, at *2 (N.D. Cal. Oct. 17, 2005). Although Google contends that *Gladwell* "contains only a single conclusory sentence" on point and "offers no analysis and cites no authority for that proposition," Google is wrong. *See* Opposition at 10. *Gladwell*, in fact, holds "the declaratory relief sought is as to the validity of defenses to an action that has been dismissed. The fact that, [the plaintiff] *may in the future* obtain a reversal of the dismissal on appeal simply does not create a 'present live controversy.'" *See id.*, at *2. (emphasis original) (citing to *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1988) (there is no "case or controversy" where an action seeks declaratory relief as to the validity of defenses that the defendant *may or may not* advance in future litigation that *may or may not* take place)).

Not only is *Gladwell* directly on point, its analysis contains more than a single conclusory sentence and cites to the United States Supreme Court for authority, and Google's conclusory dismissal of the case is at best misleading if not an outright misrepresentation. Indeed, the *Gladwell* court's reasoning is directly applicable to the circumstances here – that is, a counterclaim for declaratory judgment is no longer viable when a plaintiff's claims seeking damages and other relief has concluded. *Id.*[1]

---

[1] Google's effort to distinguish Digital Envoy's other cases fares no better. In *Ashcroft v. Mattis*, a plaintiff sought brought a claim for damages against police officers and sought a declaratory judgment that a state statute under which the officers were operating was

-2-

Moreover, "the purpose of the Declaratory Judgment Act is to 'avoid the accrual of avoidable damages' by allowing a potential defendant to bring an action clarifying the rights and obligations of the parties earlier rather than later." *See Morcote v. Oracle Corp.*, Case No. 05-0386, 2005 WL 3157512, at *5 (N.D. Cal. Nov. 23, 2005). As the *Morcote* court explained, "[t]he requisite case or controversy is absent where a plaintiff no longer wishes – or is no longer able – to engage in the activity concerning which it is seeking relief." *Id.* (*citing Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005)). Here, at this point in the litigation, Google faces no "accrual of avoidable damages" because it has prevailed on a dispositive issue ending Digital Envoy's claims in this Court. Google provides no authority for its proposition that because the Court of Appeals may reverse this Court's dispositive rulings, this Court is obligated to address every other potentially-dispositive issue that Google may raise.

**2. Google's cases do not support continued jurisdiction over Google's declaratory judgment counterclaim.**

In support of its contention that its declaratory judgment counterclaim is still viable, Google relies exclusively on *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), and cases purporting to follow *Cardinal*. *See* Opposition at 6. However, *Cardinal* does not and cannot help Google here and is readily distinguishable in key respects. Neither *Cardinal* nor the

---

unconstitutional. 431 U.S. 171, 171 (1977). The Supreme Court, in holding that the declaratory judgment claim was moot, wrote "[t]his suit was brought to determine the police officers' liability for the death of appellee's son. That issue has been decided, and there is no longer any possible basis for a damages claim. Nor is there any possible basis for a declaratory judgment." *Id.*, 431 U.S. at 172. It is the fact that the trial court ruled the plaintiff could not recover damages – not the fact that he did not appeal the ruling as Google contends – which mooted his declaratory judgment claim. In *Aldens, Inc. v. Packel*, the court recognized that a mirror-image declaratory judgment counterclaim is moot upon the disposition of the plaintiff's claim. *See* 524 F.2d 38, 51 (3d Cir. 1975). This is precisely the issue before this Court because Google's declaratory judgment counterclaim provides it no further basis for relief as a result of the Court's dispositive rulings on Digital Envoy's claims. Likewise, *Texas v. United States*, 523 U.S. 296 (1998), and *City of Rome, New York v. Verizon Comm., Inc.,* 362 F.3d 168 (3d Cir. 2004) both stand for the proposition that a declaratory judgment claim does not present an actual case or controversy if the party seeking the relief only faces harm based on the happening of some contingent future events. *See* 523 U.S. at 301; 362 F.3d at 182 n. 12. In this case, Google only faces harm if Digital Envoy succeeds on its appeal. Accordingly, *Texas* and *City of Rome* support Digital Envoy's position that Google's declaratory judgment claim is no longer viable based on the Court's recent dispositive rulings.

-3-

many cases that come after it address the issue currently before the Court: whether or not this Court's dispositive ruling denying Digital Envoy the possibility of any relief whatsoever renders Google's declaratory judgment counterclaim unnecessary, superfluous, and moot. Instead, *Cardinal* analyzes the Federal Circuit's former *per se* rule of vacating adjudicated declaratory judgment counterclaims on patent validity when it affirms a trial court's judgment of non-infringement. *See id.* at 95 ("the issue before us, therefore concern[s] the jurisdiction of an intermediate appellate court – not the jurisdiction of either the trial court or this Court. In the trial court, of course, a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy."). Thus, *Cardinal*, first and foremost, stands for the limited proposition that an intermediate appellate court's decision to affirm a trial court's finding of non-infringement alone does not *require* the appellate court to vacate a trial court's declaratory judgment of patent invalidity. *See id.* at 96.

District and appellate courts coming after *Cardinal* have held expressly that *Cardinal* does not *require* a district court to retain jurisdiction over a declaratory judgment counterclaim for patent invalidity upon a finding of non-infringement. [2]  *See, e.g.*, *Ball Corp. v. American Nat'l Can Co.*, 846 F. Supp. 729, 730 (S.D. Ind. 1993) (holding that *Cardinal* addresses a policy of the Federal Circuit and leaves undisturbed the requirement that a justiciable controversy exist in the district court); *see also Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("*Cardinal Chemical* simply prohibits us, as an intermediate appellate court, from vacating a judgment of invalidity when we conclude that a patent has not been infringed, and therefore has no bearing on the district court's actions."); *America Online, Inc. v. AT&T Corp.*, 64 F. Supp. 2d 549, 571 (E.D. Va. 1999) *rev'd on other grounds*, 243 F.3d 812 (4th Cir. 2001) ("The appellate courts and the district courts, including this one, which have considered the holding of

---

[2] *Cover v. Schwartz* properly recognizes that a trial court may find that declaratory judgment claims for invalidity and unenforceability are moot upon finding no infringement of the patent. *See* 133 F.2d 541, 545 (2nd Cir. 1943)  Contrary the Google's assertion, *Cardinal* does not contradict the *Cover* court's reasoning, recognizing that a district court retains discretion to determine that there exists an actual case or controversy. *See Cardinal*, 508 U.S. at 95.

*Cardinal Chemical*, have all come to the conclusion that the case does not apply at the trial level."); *City of Virginia Beach, Virginia v. Brown*, 858 F. Supp. 585, 589 n. 10 (E.D. Va. 1994) (holding that *Cardinal* addressed the jurisdiction of an intermediate appellate court only, not of the district court).

Moreover, *Cardinal* devoted great effort to emphasize the unique context of patent litigation to support its conclusion, considering factors that are inapplicable to the present case. Emphasizing public policy concerns present in patent cases, the Supreme Court made clear that an intermediate appellate court had a duty to maintain jurisdiction over an adjudicated invalidity counterclaim, even after affirming a finding of non-infringement because: (i) the successful litigant has an important interest in preserving the value of the declaratory judgment of invalidity so that it will not be the subject of a future lawsuit for infringement of the same patent based on different conduct; (ii) the patent holder has an interest in seeking review adverse findings of a trial court calling into question a patent's validity; and (iii) the public has an interest in determining once and for all the validity of a patent. *See Cardinal* at 100.

These concerns, which justify *Cardinal's* conclusion, are not present here. *First*, Google faces no lawsuit, other than this one, based on the conduct set forth in the Complaint because Google no longer uses Digital Envoy's technology. *Second*, unlike in a patent infringement lawsuit where a plaintiff attempts to enforce a governmentally-granted monopoly in the form of a patent (which necessarily implicates public policy concerns), in this case, Digital Envoy is seeking to enforce its intellectual property rights arising from a singular relationship with a particular party – Google. Accordingly, the same public policy concerns are not implicated because the source of Google's use of Digital Envoy's technology and, in turn, the source of Digital Envoy's claims against Google, arise solely from a private business transaction between two parties, which has been adjudicated completely in this Court. In short, unlike the patent context, there is no public policy reason for the Court to entertain protracted litigation on a question of whether Google's

conduct was "licensed" when the Court can grant Google nothing more than it has already obtained.[3]

### 3. Digital Envoy's injunctive relief claim does not make Google's declaratory judgment claim still viable.

Next, Google makes the specious argument that Digital Envoy's claim for injunctive relief to prevent Google from using Digital Envoy's intellectual property in its AdSense programs renders the declaratory judgment claim viable. *See* Opposition at 4 n. 2 ("the request [for injunctive relief] remains viable and by itself demonstrates the ongoing controversy between the parties."). This is not true and fails to consider that the facts existing at the time of Digital Envoy's Complaint have changed and are now longer present. Digital Envoy sought injunctive relief at a time when Google was using its technology in AdSense. The parties' license agreement has now expired and Google has represented that it no longer makes any use whatsoever of Digital Envoy's proprietary technology. In other words, there is no longer any injunctive relief for Digital Envoy to obtain. Likewise, Google's declaratory judgment counterclaim no longer presents an actual case or controversy for this Court to decide.

---

[3] Google's post-*Cardinal* cases also do not advance Google's argument. *Fort James Paper Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005), and *Fin Control Systems PTY, Ltd. v. OAM, Inc.*, 265 F.3d 1311 (Fed. Cir. 2001), relying on and citing *Cardinal*, both stand for the proposition that in patent litigation, because of the threat of future litigation between the parties and the public interests involved, a finding of non-infringement does not necessarily moot a declaratory judgment counterclaim for invalidity. Google also cites a copyright case, *ITOFCA, Inc. v. Megatrans Logistics, Inc.* for this same point. *See ITOFCA, Inc. v. Megatrans Logistics, Inc.*, 235 F.3d 360 (7th Cir. 2000). However, *ITOFCA* does not address: (i) what constitutes a justiciable case or controversy for a stand-alone declaratory judgment claim; or (ii) whether the possibility of a future appeal of a trial court's order creates a justiciable case or controversy – which are Google's arguments in opposition to Digital Envoy's motion. Nor does *ITOFCA* address whether the trial court would be authorized to dismiss the counterclaims with prejudice as moot. Rather, ITOFCA holds that a dismissal without prejudice of properly-instituted counterclaims is not a final order because the effect of the order would allow the claims to be refiled, thereby depriving the court of appeals jurisdiction.

### 4. This Court should exercise its discretion and refuse to hear Google's declaratory judgment claim.

Finally, courts always have discretion as to whether to entertain declaratory judgment at all. *See Cardinal*, 508 U.S. at 95 n. 17 ("As we have noted, the Declaratory Judgment Act affords the district court some discretion in determining whether or not to exercise that jurisdiction, even when [an actual case or controversy] has been established."). For the reasons set forth above, protracted litigation of Google's declaratory judgment counterclaim would be a waste of the parties' and Court's time at this juncture when the Court can award Google no further relief. Indeed, the result would be to transform a relatively short trial into a lengthy one – with the added time and expenditure for both the Court and the parties resulting in nothing because the Court has ruled that Digital Envoy can obtain no relief whatsoever resulting from Google's misconduct. Therefore, the Court also should decline to entertain Google's desire for protracted litigation on a question on which it can obtain nothing more than it has already obtained.[4]

## B. Final Judgment Pursuant to Rule 54(b) Is Warranted.

### 1. Rule 54(b) judgment should be granted on Digital Envoy's adjudicated and unrelated claims.

A motion made under Rule 54(b) must show: (1) at least one claim or the rights of one party have been fully resolved; (2) that there is no just cause for delay of an appeal; and (3) that final judgment has been entered. *See Curtiss-Wright Corp v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). When the issues involved in the unadjudicated claims are independent from the issues surrounding the claims to be appealed, certification is proper. *See Morrison-Knudsen Co. v. J.D. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see also Adidas America, Inc. v. Payless Shoesource, Inc.*, Case No. 01-01655, 2006 WL 26210, at *1 (9th Cir. January 5, 2006). To determine whether there is just cause to delay entry of final judgment under Rule 54(b), a district court must take into

---

[4] Google's insistence on further litigation on this moot issue is exactly the same as demanding that the Court resolve unnecessary issues after the Court has ruled on a dispositive point. Because the Court has already ruled that Digital Envoy can recover nothing from Google, there simply is no reason at this juncture to resolve unnecessary issues that can have no effect on the Court's final judgment.

consideration the equities involved as well as judicial administrative interests. *See* 446 U.S. at 7-8 (1980); *see also Khan v. Park Capital Sec., LLC*, Case No. 03-00574, 2004 WL 1753385, at *7 (N.D. Cal. Aug. 5, 2004) (Seeborg, J.). Digital Envoy has satisfied this burden.

### 2. The interests of judicial economy are served by Rule 54(b) certification.

Google does not dispute that the Court's recent dispositive rulings ended all of Digital Envoy's claims. Thus, Google only contests whether there is no just cause for delay for entry of judgment here. The absence of piecemeal appeals fosters judicial economy. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). The less the overlap between the facts of the adjudicated claims and the unadjudicated claims, the less the chance of piecemeal appeals of claims based on those facts, and the more appropriate is Rule 54(b) certification. *Id.* Here, Google's remaining viable counterclaims are factually distinct from and unrelated to Digital Envoy's claims. Digital Envoy's claims stem from Google's improper use of Digital Envoy's technology in Google's AdSense program. Google's claims stem from Digital Envoy's filing of a lawsuit in Georgia and the use of Google's name in its marketing presentations. *See* Google, Inc.'s Amended Answer and Counterclaim, ¶ 29-30; 44-48. Claims arising from such disparate fact patterns are precisely the sort type of claims that are subject to final judgment pursuant to Rule 54(b). *See id.* at 880 (holding that claims when claims arise from largely the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated facts, Rule 54(b) certification is not proper). Google argues that its pending claims are related to Digital Envoy's adjudicated claims because Google may choose to use some of the same evidence to support its otherwise unrelated counterclaims and the otherwise unrelated counterclaims arise from the same business relationship.[5] However, overlapping evidence offered for entirely different purposes for entirely different claims does not render the parties' respective claims "interrelated" for purposes of Rule 54(b). *See id.* at 879 (interrelated claims are those that could

---

[5] Google also raises the specter that its claims are barred because it cannot establish any willful misconduct by Digital Envoy, thus rendering its counterclaims "related" to Digital Envoy's adjudicated claims. Unless Google intends to take a contrary position to that it has asserted previously in this case, Digital Envoy presumes that Google perceives a distinction and difference between its claims and those of Digital Envoy.

-8-

come back to the appellate court "on the same set of facts."). In short, overlapping facts make a case inappropriate for Rule 54(b) certification – not overlapping documents which are evidence of different facts for different claims.[6]

### 3. Equity requires that the Court enter final judgment pursuant to Rule 54(b).

Equity is served by allowing Digital Envoy to commence its appeal immediately. Based on statements by the Court at the status hearing on February 8, 2006, the earliest a trial of Google's counterclaims could take place is December, 2006 – some nine months away.[7] There is no just reason to delay Digital Envoy's appeal of this Court's recent order until after that time. Google's opposition to Digital Envoy's motion is nothing more than a transparent attempt to gain a strategic advantage in this litigation through an attempt to force delay of ultimate resolution of the parties' central dispute.

Furthermore, the delay Google advocates for entry of judgment while it presses its own tenuous counterclaims, which, until now, have never been a focus in this litigation, is little more than an effort to force a surrender based on economic pressure it seeks to exploit.[8] delaying Digital Envoy's appeal in order to first litigate Google's counterclaims is inappropriate given the weakness of Google's case. This motion is not the proper vehicle to address the entire multitude of misstatements and inaccuracies in Google's gratuitous and biased presentation of its

---

[6] Google also suggests that it intends to appeal the Court's denial of Google's motion for summary judgment on the licensing issue, which it would do if Digital Envoy is granted final judgment. *See* Opposition at 15 n. 12. However, the basis for Google's appeal would be whether the Court erred in finding that summary judgment was inappropriate based on disputed evidence. Should Google for some reason prevail in its appeal of the Court's ruling, the result would be that summary judgment would be granted *in Google's favor* thereby ending further adjudication on that issue. Google fails to explain how such a scenario could result in multiple appeals of the same issue justifying unnecessary delay in the entry of judgment on Digital Envoy's claims.

[7] Google disingenuously asserts that a trial in this case is set for April 2006 despite being present for the February 8 hearing and its subsequent filing of a stipulated case management schedule contemplating a much later trial date.

[8] Indeed, until now, Google has been quite inactive in its prosecution of its counterclaims, even so far as refusing to produce any corporate witnesses in response to Digital Envoy's Rule 30(b)(6) Notice seeking testimony about those counterclaims. *See* Digital Envoy's Points and Authorities In Support of Its Motion to Compel Further Responses to Digital Envoy's Interrogatories, Requests for Production of Documents and 30(b)(6) Deposition Notices at 10-12.

counterclaims; however, Google's counterclaims are patently weak and were plainly instituted to obtain litigation leverage. In particular,

- Google asserts that Digital Envoy breached a non disclosure agreement by disclosing the fact that Google was a customer of Digital Envoy during marketing presentations, when Digital Envoy, openly and with Google's permission, had been advertising Google as a customer on Digital Envoy's website and in press releases since 2001, years before the so-called "disclosure" by Digital Envoy.

- Google employees routinely disclosed the uses Google was making of Digital Envoy's technology to prospective customers and investors of Digital Envoy – prospective customers and investors that were under no obligation of secrecy. *See* DE 009243; *see also* Deposition of Matt Cutts, at 102; Deposition of Steven Schimmel at 153.

- According to Google's own witness, in November, 2001, Google engineer Matt Cutts told VISA (which was also not under an confidentiality agreement) that Google used Digital Envoy's data to target advertisements and to select the correct home page (and provided other detailed information about Google's use of Digital Envoy's technology), precisely the same type of "disclosures" made by Digital Envoy for which Google now seeks a remedy. *See* DE 008743- DE 008744.

- Finally, Google's counterclaims are strange indeed considering Google's repeated representations to the Court that it obtained no value from using Digital Envoy's technology (and that it may have actually lost money by using it), and that it could replace Digital Envoy's technology with that of a competitor at any time without any negative consequences to its business, thereby calling its purported trade secret claim into question.

At bottom, Google's interests in prolonging this litigation and delaying appellate review of Digital Envoy's claims would seem to have little to do with efficiency.[9] Google's real desire to impose an unnecessary and unjustified economic burden on Digital Envoy is an inappropriate basis to deny Digital Envoy's motion for Rule 54(b) judgment. *See Curtiss-Wright*, 446 U.S. at 12 (economic circumstances of the parties are relevant to a Rule 54(b) analysis); *see also See Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980) (a district court should consider economic hardship to the parties in evaluating Rule 54(b) motion).

---

[9] Digital Envoy is not even seeking to stay further proceedings on Google's counterclaims, but is merely requesting that the Court sever Digital Envoy's unrelated claims, which have been fully and finally adjudicated in this Court.

### III. CONCLUSION

Google's declaratory judgment counterclaim is now moot because Google can obtain no further relief other that what it has already been granted by the Court's dispositive rulings. There no longer exists an actual case or controversy in this Court arising from Google's misuse of Digital Envoy's technology. Accordingly, Google's declaratory judgment claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Google's remaining counterclaims are factually and legally unrelated to Digital Envoy's adjudicated claims, and therefore, in accord with sound judicial administration and because there is no just cause for delay of an appeal, the Court should enter final judgment on Digital Envoy's adjudicated claims pursuant to Rule 54(b).

DATED: March 8, 2006

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Brian R. Blackman
P. CRAIG CARDON
BRIAN R. BLACKMAN

TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
LUKE ANDERSON (Admitted *Pro Hac Vice*)
MCGUIRE WOODS, L.L.P
1170 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404.443.5706
Facsimile: 404.443.5751

Attorneys for DIGITAL ENVOY, INC.