*E-FILED 3/28/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIGITAL ENVOY, INC., <br><br>    Plaintiff, <br><br>v. <br><br>GOOGLE, INC., <br><br>    Defendant. <br> ———————————————— / | NO. C 04 01497 RS <br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR ENTRY OF JUDGMENT, DENYING MOTION TO COMPEL, AND SETTING FURTHER DATES** |

## I. INTRODUCTION

In a series of prior summary judgment orders, the Court has adjudicated virtually all of the affirmative claims asserted by plaintiff Digital Envoy, Inc. against defendant Google, Inc. in this action. Digital Envoy now seeks: 1) dismissal of Google's counterclaim for declaratory relief that relates directly to Digital Envoy's original allegations against Google, on grounds that the counterclaim is now moot; and 2) entry of judgment under Rule 54 (b) of the Federal Rules of Civil Procedure to permit immediate appellate review of the Court's rulings on Digital Envoy's claims.

Digital Envoy is correct that no basis remains to justify adjudicating Google's declaratory relief counterclaim. Google relies on patent law cases to argue that jurisdiction over the claim still exists. Unlike the circumstances in those case, though, litigating the declaratory relief claim here would afford Google no other or different relief than it has already obtained by defeating Digital Envoy's affirmative claims. Even assuming jurisdiction might still be proper, Google has not shown

1

a compelling reason that such jurisdiction should be exercised.

Conversely, Digital Envoy has failed to show that sufficient reasons exist to allow for the possibility of two separate appeals being taken in this action. Accordingly, the motion to dismiss the declaratory relief counterclaim will be granted, but the motion for entry of judgment under Rule 54 (b) will be denied.

Also before the Court is Digital Envoy's motion to compel certain discovery, originally filed on October 31, 2005, which was previously denied as moot. By letter dated February 15, 2006 , Digital Envoy requested the Court to revisit those portions of its motion arguably still at issue, given Google's counterclaims, and the Court agreed to do so. However, the motion will now be denied on the grounds that it was initially filed in violation of Local Civil Rule 26-2.

## II.  DISCUSSION[1]

### A. Motion to Dismiss Counterclaim

Digital Envoy's motion to dismiss Google's declaratory relief counterclaim is brought under Rule 12 (b) (1) of the Federal Rules of Civil Procedure, which authorizes dismissal through motion practice where the court "lacks jurisdiction over the subject matter."  Under Article III , section 2 of the Constitution, federal courts have subject matter jurisdiction only over "cases" and "controversies."  The doctrines of mootness and ripeness both serve as limitations on whether a matter may be considered a justiciable "case or controversy." See *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 ("a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur"); see also *Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n.1 (explaining that dismissal on mootness grounds is a dismissal for lack of jurisdiction, properly characterized as made under Rule 12 (b) (1) rather than 12 (b) (6)).

---

[1] The background facts have been recited in the Court's prior orders and will not be repeated here.

2

Here, Google's declaratory relief counterclaim alleges:

> There is an actual and justiciable controversy between the parties concerning the scope of Google's license . . . . Digital Envoy has demanded money from Google for activities allegedly outside the scope of the license   Google denies any unlicensed activity and further denies that any further money is owned [sic] to Digital Envoy . . . Digital Envoy Filed a lawsuit . . . [¶]  Google therefore seeks a declaration that it has not exceeded the scope of its license with Digital Envoy, that it has not otherwise breached the Agreement with Digital Envoy and that it has not misused any supposed intellectual property . . . .

Amended Counterclaim at paras.33-34.

By orders dated November 8, 2005 and January 24, 2006 the Court has ruled that Digital Envoy may not recover damages against Google, and with one exception discussed below, all of Digital Envoy's claims have effectively been dismissed.[2]  Google nonetheless contends that its declaratory relief counterclaim remains viable because there has never been an adjudication as to whether or not Google in fact breached the license agreement between the parties.  Rather, Google contends, the Court ruled only that Digital Envoy was precluded by the terms of the contract from recovering damages under any of its legal theories absent a showing of "wilful misconduct."

Google's characterization of the basis for the Court's prior rulings is accurate (see January 24, 2006 Order at p. 2), but it does not follow that there remains an existing justiciable controversy between the parties. Google previously had a basis to seek declaratory relief because Digital Envoy was asserting legal claims–and had even filed a lawsuit–against Google. An element of *all* of Digital Envoy's claims, regardless of legal theory, was *damages*. See, e.g. *Regan Roofing Co., Inc. v. Superior Court*, 24 Cal.App. 4th 425, 434-35 (1994) (noting that "damage to the plaintiff is one of the "standard elements" of breach of contract claim); *Sargent Fletcher, Inc. v. Able Corp.,* 110 Cal.App.4th 1658, 1666 (2003) (listing elements of California trade secret claim, including damages).  That the Court has ruled that Digital Envoy is legally *barred* from recovering damages is not meaningfully different than if Digital Envoy had been unable to show that it had *suffered*

---

[2] On January 25, 2006, the Court vacated the judgment it had entered in this action, because Google's counterclaims were still pending.  That order, however, did not revive Digital Envoy's affirmative claims.

damages as a factual matter. Either way, Digital Envoy cannot establish an element of its claims, and its affirmative case is over. With those claims against Google foreclosed, Google has no basis to seek further declaratory relief; there is no claim against which it needs protection.

Google offers two basic arguments for a different result. First, Google analogizes to patent law, and cites cases where courts have held that a counterclaim for declaratory relief of patent *invalidity* is not necessarily mooted by a ruling that a defendant has not *infringed* the patent. Google relies primarily on *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) in which the Supreme Court disapproved the Federal Circuit's then-routine practice of vacating judgments of invalidity whenever it upheld a finding of non-infringement. 508 U.S. at 89-90. Numerous distinctions between the policy and procedural issues in *Cardinal* and this case exist,[3] but perhaps the most germane relates to the *Cardinal* court's observation that "[a] company once charged with infringement must remain concerned about the risk of similar charges if it develops and markets similar products in the future." 508 U.S. at 99-100. Because of that risk, a defendant in a patent case *does* have something to gain from a counterclaim declaration of invalidity. Such a declaration frees the defendant to continue modifying and developing its products in the art at issue without fear that any changes will convert that which previously did not infringe into something that does.[4]

In contrast, Google has nothing to gain at this juncture beyond a moral victory in seeking a declaration that it did not breach the contract here. Because Digital Envoy is precluded for recovering damages, it simply does not matter whether there ever was a breach or not.

The analogy Google seeks to draw between this case and patent law would be more nearly apt

---

[3] Indeed, as Digital Envoy points out on reply, at least some post-*Cardinal* cases have found that *Cardinal* has no application at all to mootness determinations at the trial court level. See e.g., *Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed.Cir. 1998) ("*Cardinal Chemical* simply prohibits us, as an intermediate appellate court, from vacating a judgment of invalidity when we conclude that a patent has not been infringed, and therefore has no bearing on the district court's actions in this case."

[4] Google insists that the *Cardinal* court took pains to explain that it was addressing the situation where there was no clear indication that the defendant would be subject to further charges of infringement absent a ruling on invalidity. While that may be so, there is still a practical effect to a declaration of patent invalidity, for the parties and for the public, that would be lacking here from a declaration that Google did not breach the parties' agreement.

4

if the counterclaim in the patent case sought a declaration of *non-infringement* rather than invalidity. Google has not cited authority, and the Court is not aware of any, holding that a counterclaim seeking a declaration of non-infringement remains viable after a finding that the plaintiff alleging infringement has no cognizable claim.[5]

Google's second argument is that its counterclaim is not moot because Digital Envoy's affirmative claims are still subject to being revived on appeal. In support of this argument, Google cites language from *Cardinal* discussing the fact that when an intermediate court chooses to decide an appeal on one alternate ground, a higher court is not thereafter precluded from reaching the other alternate issue. Nothing in *Cardinal*, however, establishes a rule that a counterclaim like the one here must still be litigated at the trial court level even though the affirmative claims that it mirrors have been dismissed.

Even if the possibility that Digital Envoy will obtain a reversal on appeal could be characterized as meaning that Google's counterclaim is not fully and forever moot, it would not mean that there is a present and existing controversy to be adjudicated. That the controversy *might* arise again in the future *if* Digital Envoy were to appeal successfully at best means that the claim should be dismissed under the label of unripeness rather than mootness, but dismissal is still appropriate. See *Calderon v. Ashmus*, 523 U.S. 740, 747 (1988) (holding that declaratory judgment does not lie as to validity of defense that might or might not be raised in future proceeding); *Gladwell Governmental Service, Inc. v. County of Marin*, No. 04-3332 SBA, 2005 WL 2656962 (N.D. Cal Oct, 17, 2005) (dismissing declaratory relief counterclaims because "[t]he fact that, theoretically speaking, [plaintiff] *may in the future* obtain a reversal of the dismissal on appeal simply does not create a "present live controversy").

---

[5] The patent cases cited by Google all involved counterclaims for invalidity, unenforceability, or both. See *Fort James Corp. v. Solo Cup Co.,* 412 F.3d 1340 (Fed. Cir. 2005) (uneforceability counterclaim)*; Fin Control Sys. Pty, Ltd. v. OAM, Inc.,* 265 F.3d 1311 (Fed. Cir. 2001) (invalidity and unenforceability counterclaim)*; see also General Electric Co. v. Nintendo Co.,* 179 F.3d 1350 (Fed. Cir 1999) (invalidity finding subject to review notwithstanding noninfringement). The one case Google cites outside the patent context arose under copyright law, and involved a counterclaim seeking a declaration that no copyright existed in the software at issue. *ITOFCA Inc. v. MetaTrans Logistics, Inc.,* 235 F.3d 360, 362 (7th Cir. 2002)   As such, it is analogous to the patent cases, but not to this case.

5

Finally, as Digital Envoy points out, even where there may be a sufficient case or controversy to create jurisdiction "the Declaratory Judgment Act affords the district court some discretion in determining whether or not to exercise that jurisdiction." *Cardinal*, 508 U.S. at 95 n.17. Here, even assuming that jurisdiction might still technically exist, there is nothing that militates in favor of going through the exercise of deciding whether Google acted within its rights. Neither party, in a practical sense, needs further judicial review of its respective rights and responsibilities under the contract at this point; Digital Envoy is without a remedy even were Google found to have violated the agreement and Google faces no further exposure to claims from Digital Envoy, barring appellate adjustment.

Accordingly, subject to the conditions discussed in the following section, Google's counterclaim for declaratory relief will be dismissed.

### B. Digital Envoy's Claim for Injunctive Relief

In its prior orders, the Court concluded that Digital Envoy could not recover *damages* absent willful conduct. The Court was not asked to decide, and did not decide, whether Digital Envoy's request for injunctive relief was similarly barred.[6] In its reply brief in this motion, Digital Envoy represents that "there is no longer any injunctive relief for Digital Envoy to obtain" because the parties' license agreement has expired and "Google has represented that it no longer makes any use whatsoever of Digital Envoy's proprietary technology." Reply Brief at 6.

Whether or not Digital Envoy's representation in its brief is a binding judicial admission, some further procedural step is necessary to terminate the injunctive claim. Accordingly, the Court will condition its dismissal of Google's declaratory relief claim on the filing of a dismissal by Digital Envoy of its injunctive claim within five days of this order. This order shall constitute the order of court required for the dismissal by Rule 41 of the Federal Rules of Civil Procedure.

---

[6] Technically, an injunction is only a *remedy*, not a claim for relief. Because of this, in Digital Envoy's amended complaint the request for an injunction appears only in the prayer, not as a separately stated claim or count. Nevertheless, since the Court's orders rejecting Digital Envoy's various claims for relief were based on reasoning that would not necessarily have been equally applicable to an injunctive remedy, it cannot be said that those orders disposed of the request for an injunction. For convenience, the Court will refer to that request as Digital Envoy's "injunctive claim."

6

### C. Motion for Entry of Judgment under Rule 54 (b)

Rule 54 (b) of the Federal Rules of Civil Procedure provides:

> [w]hen more than one claim for relief is presented in an action, . . . the court may direct entry of final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

While a trial court has considerable discretion in ruling on a Rule 54 (b) motion, the Ninth Circuit has cautioned against granting such motions absent unusual circumstances. "At least in our experience, requesting–or granting a request for–certification in ordinary situations such as this is not routine. We believe it should not become so." *Wood v. GCC Bend, LLC,* 422 F.3d 873, 879 (9th Cir. 2005); see also *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10 (1980). ("[p]lainly, sound judicial administration does not require that Rule 54 (b) requests be granted routinely.").

Here, Google and Digital Envoy dispute the extent to which Google's remaining counterclaims relate to or overlap with Digital Envoy's original affirmative claims, either factually or legally. Not surprisingly, Digital Envoy argues that there is no significant overlap and Google argues to the contrary. The truth lies somewhere in between. Google's remaining counterclaims allege that, 1) Digital Envoy breached the forum selection provision of the parties' agreement by originally seeking to litigate the present dispute in Georgia, and 2) Digital Envoy breached the parties' agreement and an associated non-disclosure agreement by publicly disclosing certain information about Google's use of data provided by Digital Envoy under the parties' relationship. The latter allegations are pleaded both as contractual claims and as a trade secret misappropriation.

While the claim regarding the forum selection clause presents a relatively narrow and discrete issue that perhaps could be litigated independently without inefficient use of judicial resources, the remaining claims will involve issues that intertwine and overlap factually with Digital Envoy's affirmative claims. Both sides' cases will require an understanding of the factual and legal relationship between the parties and some analysis of the parties' respective rights and duties under the contract. Although Digital Envoy may be correct that the issues are not so closely related that it would be *impossible* to sever the two portions of this case in the manner proposed by its motion, the

7

1 issues are not so distinct as to compel a conclusion that motion should be granted.

2     In *Wood* the Ninth Circuit observed,

> The greater the overlap the greater the chance that this court will have to revisit the same facts–spun only slightly differently–in a successive appeal. The caseload of this court is already huge. More than fifteen thousand appeals were filed in the last year. We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason.

422 F.3d at 882.

    In *Wood* the factual overlap was so great that the Ninth Circuit concluded it had been an abuse of discretion to grant the Rule 54 (b) motion. Even assuming that there is less overlap here such that it might not be error to grant Digital Envoy's motion, it does not follow that the motion *must* be granted. To a significant degree the Ninth Circuit would still be required to review the same set of facts twice were this motion granted, and Digital Envoy has not shown sufficient cause for imposing that burden on the Circuit court in this instance.

    The Court does not mean to denigrate the importance to Digital Envoy of having final resolution of its affirmative claims as soon as possible, but that interest does not serve to distinguish this case from most others. Accordingly, the motion will be denied.

    D. <u>Motion to Compel</u>

    Pursuant to Digital Envoy's February 15, 2006 letter, the only issue remaining from its motion to compel is whether Google should be compelled to produce deposition witnesses to testify under Rule 30 (b) (6) as to Topic 9 ("All damages claimed by Google, including causation of such damages"), Topic 12 ("The factual basis for your claim that Digital Envoy disclosed each of the alleged trade secrets . . . in your 2019 (d) disclosure"), and Topic 7 ("Google's responses to discovery request, including but not limited to its search for and retrieval of documents.") At the hearing, Digital Envoy represented that only Topics 9 and 12 remain in issue.

    Google contends that the motion to compel additional depositions was untimely both under the scheduling order previously in effect and under Local Rule 26-2, which requires motions to

compel fact discovery to be brought within seven days of the fact-discovery cut-off. Digital Envoy counters that the parties continued jointly to schedule and negotiate for depositions after the cut-off and that it is "sharp practice" for Google to rely on the deadlines now.

Digital Envoy's apparent reliance on the parties' continuing discussions and scheduling arrangements with respect to certain deposition matters is insufficient to excuse compliance with Rule 26-2 as to the particular 30 (b) (6) deposition notice that remains in issue. There is similarly no dispute that the notice was served and objected to in May of 2005. There is no dispute that, after multiple extensions, fact discovery closed on June 24, 2005. Even assuming Digital Envoy had reason to believe that some depositions might go forward after the June 24, 2005 deadline, when that deadline arrived Digital Envoy necessarily knew that, 1) no agreement was in place that Google would produce witnesses in response to the 30 (b) (6) notice at issue, and 2) no stipulation or order was in effect extending the June 24, 2005 deadline. Under Rule 26-2 Digital Envoy was then obliged to file its motion to compel within seven court days. This motion, not filed until October 2005, was therefore untimely.

### III. SETTING OF FURTHER DATES

Jury trial in this action will commence on June 12, 2006. A pretrial conference will be held on May 26, 2006 at 2:00 p.m.

9

IV.  CONCLUSION

Digital Envoy's motion to dismiss Google's declaratory relief counterclaim is GRANTED, on the condition that it file a dismissal of its own request for injunctive relief within five days of the filing of this order.  Digital Envoy's Rule 54 (b) motion for entry of judgment and its motion to compel are DENIED.  Digital Envoy's renewed motion to compel is DENIED.

IT IS SO ORDERED.

Dated: March 28, 2006

RICHARD SEEBORG
United States Magistrate Judge

United States District Court
For the Northern District of California

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 Brian David Anderson     banderson@sheppardmullin.com

3 Colleen Bal     cbal@wsgr.com, eminjarez@wsgr.com

4 Brian R. Blackman     bblackman@sheppardmullin.com

5 P. Craig Cardon     ccardon@sheppardmullin.com, msariano@sheppardmullin.com

6 Patrick J. Flinn     pflinn@alston.com, roreilly@alston.com

7 Charles Tait Graves     tgraves@wsgr.com

8 Stephen C. Holmes     sholmes@wsgr.com, pmarquez@wsgr.com

9 David H. Kramer     dkramer@wsgr.com, dgrubbs@wsgr.com

10 David L. Lansky     dlansky@wsgr.com

11 Chan S. Park     cpark@wsgr.com,

13 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

15 **Dated: 3/28/06**                                                      **Chambers of Judge Richard Seeborg**

**By:** _____/s/ BAK_____