1  P. CRAIG CARDON, Cal. Bar No. 168646
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
2  BRIAN D. ANDERSON, Cal. Bar No. 221645
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone:    415-434-9100
   Facsimile:    415-434-3947
5

6  TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
   LUKE ANDERSON (Admitted *Pro Hac Vice*)
7  ROBERT J. WADDELL, JR. (Admitted *Pro Hac Vice*)
   JOHN A. LOCKETT III (Admitted *Pro Hac Vice*)
8  MCGUIRE WOODS, L.L.P
   1170 Peachtree Street, N.E., Suite 2100
9  Atlanta, Georgia 30309
   Telephone: 404.443.5500
10 Facsimile:  404.443.5751

11 Attorneys for DIGITAL ENVOY, INC.

12                    UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15 DIGITAL ENVOY, INC.,                    Case No. C 04 01497 RS

16              Plaintiff/Counterdefendant,
                                            **DIGITAL ENVOY'S MOTION FOR**
17       v.                                 **SUMMARY JUDGMENT [REDACTED]**

18 GOOGLE, INC.,                            **[UNREDACTED PLEADING FILE**
                                            **SUBMITTED UNDER SEAL]**
19              Defendant/Counterclaimant.
                                            Dept.:    The Honorable Richard Seeborg
20

21

22

23

24

25

26

27

28

W02-SF:5MPF1\61491410.1                                DIGITAL ENVOY'S MOTION FOR
                                                       SUMMARY JUDGMENT

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................................ 1

II.  STATEMENT OF FACTS ............................................................................. 4

III. ARGUMENT AND CITATION OF AUTHORITY ...................................... 8

A.   Digital Envoy's Motion Is Timely. .......................................................... 8

B.   Digital Envoy Is Entitled to Summary Judgment on All of Google's
     Remaining Counterclaims Because There Exists No Genuine Issue of
     Material Fact and Digital Envoy Is Entitled to Prevail as a Matter of Law. ............ 9

C.   Digital Envoy's Initial Filing of this Action in the Northern District of
     Georgia Does Not Support Google's Breach of Contract Claim. ........................ 10

     1.   No California court has recognized Google's novel cause of action. ......... 10

     2.   Google Already Has Obtained the Full Benefit of the Forum
          Selection Clause. ................................................................................. 10

     3.   Google's claim is an improper attempt to recover its litigation costs. ........ 11

     4.   A consistent application of the Court's construction of the License
          Agreement bars Google's recovery of damages. .......................... 12

D.   Google Cannot Establish That Digital Envoy Breached Any Agreement or
     Misappropriated Google's Trade Secrets. ................................................ 12

     1.   Google's trade secrets claim fails as a matter of law. .................... 12

REDACTED

     2.   Google also cannot demonstrate that Digital Envoy acquired these
          alleged trade secrets under a duty not to disclose them. ........................ 16

          a.   The NDA does not apply to any of the "disclosures"
               identified by Google. ..................................................... 16

          b.   Section 15 of the License Agreement does not apply to any
               of the "disclosures" identified by Google. ....................... 18

c.      Digital Envoy's "disclosures" did not breach any duty owed under the NDA. ............................................................................. 19

3.    The information Google seeks to protect has no economic value and Google failed to maintain its secrecy. ......................................... 20

a.      Google's "trade secrets" are not valuable. ..................................... 20

b.      Google's failed to keep its use of Digital Envoy's data secret........ 21

c.      Google's failure to keep the information secret renders it incapable of trade secret protection.................................................. 21

4.    Consistent application of the Court's construction of the License Agreement bars Google's breach of contract and trade secret claims. ........ 22

IV.    CONCLUSION ........................................................................................................ 22

1

TABLE OF AUTHORITIES

2    Federal Cases

3    Business Objects, S.A. v. Microstrategy, Inc.,
        381 F. Supp. 2d 1107 (N.D. Cal. 2005) ........................................................ 9
4
     Omron Healthcare,
5        28 F.3d at 604 ........................................................................................... 11

6    Omron Healthcare, Inc. v. McLaren Exports Ltd.,
        28 F.3d 600 (7th Cir. 1994) ...................................................................... 10
7
     Pacific Bell Tel. Co. v. California Dept. of Trans.,
8        365 F. Supp. 2d 1085 (N.D. Cal. 2005) ...................................................... 9

9    RGC Int'l Investors, LDC v. ARI Network Services, Inc.,
        2004 U.S. Dist. LEXIS 1161 (D. Del. Jan. 22, 2004) ................................ 10
10
     Religious Technology Center v. Netcom On-line Communication Services, Inc.,
11       923 F. Supp. 1231 (N.D. Cal. 1995) ....................................................... 13, 21

12   Religious Technology Centers,
        923 F. Supp. at 1254 ................................................................................. 15
13
     S.O.S., Inc. v. Payday, Inc.,
14       886 F.2d 1081 (9th Cir. 1989) ................................................................... 16

15   Stutz Motor Car of America, Inc. v. Reebok Int'l, Ltd.,
        909 F. Supp. 1353 (C.D. Cal. 1995) .......................................................... 21
16
     Wells v. Entre Computer Centers, Inc.,
17       915 F.2d 1566 (4th Cir. 1990) ................................................................... 10

18   State Cases

19   Abba Rubber Co. v. Seaquist,
        235 Cal. App. 3d 1 (1991) ......................................................................... 20
20
     DVD Control Assoc., Inc. v. Bunner,
21       116 Cal. App. 4th 241 (2004) ..................................................................... 21

22   Estate of Gaines,
        15 Cal. 2d 255 (1940) ................................................................................ 17
23
     Gemini Aluminum Corp. v. California Custom Shapes,
24       95 Cal. App. 4th 1249 (2002) ..................................................................... 20

25   Morlife, Inc. v. Lloyd Perry,
        56 Cal. App. 4th 1514 (1997) ..................................................................... 20
26
     Pedus Security Services, Inc. v. Con-Way Express, Inc.,
27       2001 WL. 1660036 (Cal. App. Dec. 28, 2001) ........................................... 17

28

Rogers v. Davis,
    28 Cal. App. 4th 1215 (1990) ................................................................ 11

Schmidt v. Macco Construction Co.,
    119 Cal. App. 2d 717 (1953) ................................................................ 17

Trope v. Katz,
    11 Cal. 4th 274 (1995) ........................................................................ 11

Federal Statutes

Federal Rule of Civil Procedure
    Rule 11 ................................................................................................ 11
    Rule 26 .................................................................................................. 2
    Rule 56(b) ............................................................................................. 8

State Statutes

California Civil Code
    § 1021 ................................................................................................. 11
    § 3426.1 .............................................................................................. 20
    § 3426.1(b)(2) ..................................................................................... 15
    § 3426.1(D)(2) .................................................................................... 21

W02-SF:5MPF1\61491689.1
W02-SF:5MPF1\61491410.1

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1                          **I.    INTRODUCTION**

2          In an obvious effort to gain some strategic bargaining position in this case, and without

3    conducting any prior due diligence, Google boldly and rashly filed counterclaims against Digital

4    Envoy based on the alleged disclosure of Google's "trade secrets" to certain prospective Digital

5    Envoy customers in late 2003.  Before Google filed its counterclaims, Digital Envoy told Google

6    that Google's claims were frivolous.  Digital Envoy even offered to show Google the pubic

7    references to the so-called "trade secrets" that were mentioned in Digital Envoy's presentations.

8    Google refused the offer, choosing to filed its counterclaims instead.

9          On April 10, 2006, more than a year after bringing its counterclaims but only two days

10   before Google knew Digital Envoy would be moving for summary judgment, Google apparently

11   discovered on its own (or, perhaps, it knew all along), that Digital Envoy was absolutely correct

12   about the public sources.  As a result and at the last possible moment, Google withdrew all "trade

13   secret" designations related to Digital Envoy's disclosure of

14
                              **REDACTED**
15

16         up on its offer, Google would have discovered that it should have withdrawn *all* of its

17   "trade secret" designations.

18         All of Google's remaining designated "trade secrets" should be withdrawn cannot satisfy

19   the definition because, first and foremost, they are not *secret*:

20         Google's Designation No. 1(a):

21

22
                              **REDACTED**
23

24
   ─────────────────────
25   [1]   Google has marked its brand new amended designations "HIGHLY CONFIDENTIAL
         ATTORNEY'S EYES ONLY".  See Declaration of Robert J. Waddell, Jr. ("Waddell
26       Decl.") Exhibit 16. As set forth below, this confidentiality designation is unwarranted.
         Yet, due to Google's claim and in spite of the public availability or non-confidential nature
27       of all of the information contained in Google's amended designations, Digital Envoy is
         compelled to file this motion under seal.
28

1

2    Google's Designation No. 1(b):

3

4                              REDACTED

5

6

7    Google Designation No. 1(c):

8

9

10

11

12

13                            REDACTED

14

15

16

17

18

19

20    Google Designation No. 1(d): (Use of Digital Envoy's technology) for fraud detection

21

22

23                            REDACTED

24

25

26

27    Google Designation No. 1(e):

28

W02-SF:5MPF1\61491410.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

-3-

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

asserts one other dubious counterclaim arising from Digital Envoy's good faith original initiation of this lawsuit in the Northern District of Georgia. Google, seeking impermissibly to recover its attorney's fees absent statutory or contractual authorization, alleged that Digital Envoy "breached" the License Agreement's forum selection provision. Indeed, Google obtained full benefit of the forum selection clause by litigating the entire case in this Court, and Google cannot recover its attorney's fees associated with making a legal arguments in this case. Google's novel "cause of action" is therefore patently invalid and Google must be denied the illegitimate leverage it seeks to gain from it.

## II.    STATEMENT OF FACTS

Digital Envoy and Google began discussions relating to Google's possible use and licensing of Digital Envoy's proprietary geographic location technology in 2000. The parties communicated extensively with each other about Digital Envoy's products and Google's interest in those products. Digital Envoy asked Google to sign a non-disclosure agreement during the course of these discussions; however, Google insisted that these conversations not be covered under NDA. *See* Declaration of Robert B. Friedman ("Friedman Decl."), ¶¶12-13.

In late November 2000, the parties began serious negotiation of possible business opportunity whereby Google would license Digital Envoy's technology for certain limited and specified purposes. Around that time, on November 29, 2000, Google finally consented to entering into a Mutual Non-Disclosure Agreement ("NDA"), made effective as of November 28, 2000, that provided a precise mechanism whereby the parties could exchange confidential information prior to and during the final stages of negotiation of their agreement. *See id.*, ¶ 12.

2

REDACTED

W02-SF:5MPF1\61491410.1

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15     REDACTED
16
17
18
19
20
21
22        On March 29, 2004, Digital Envoy filed a complaint in the Northern District of Georgia

23   asserting claims arising from Google's unlicensed use of Digital Envoy's proprietary information.

24   Digital Envoy filed its complaint in Georgia in good faith, on grounds that the so-called forum

25   selection clause did not apply to Digital Envoy's claims. *See* Freidman Decl., Ex. R. Waddell

26   Decl.., Ex. Q.  Google, before answering, moved to dismiss or transfer Digital Envoy's Complaint.

27   On the parties' papers, without holding a hearing, the Georgia court denied Google's motion to

28   dismiss and transferred the case to this Court. *See* Waddell Decl, Ex. Q.  The Court never required

-7-

DIGITAL ENVOY'S MOTION FOR
                                                                                    SUMMARY JUDGMENT

1    any Google representative to travel to Georgia, Google's only claimed "damages" related to this

2    counterclaim are its attorney's fees and costs associated with a single motion, which the Georgia

3    court partially granted.  In any event, Google has obtained the full benefit of the forum selection

4    provision having litigated the entire case in this Court.

5                    **III.    ARGUMENT AND CITATION OF AUTHORITY**

6    **A.    Digital Envoy's Motion Is Timely.**

7                    Federal Rule of Civil Procedure 56(b) states that "[a] party against whom a claim,

8    counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time,

9    move with or without supporting affidavits for a summary judgment in the party's favor as to all

10   or any part thereof."  *See* Fed. R. Civ. P. 56(b).  The Local Rules of this Court do not specify a

11   deadline for dispositive motions, and none of the scheduling orders entered in this case have

12   imposed a deadline for dispositive motions.[3]  On this basis alone, Digital Envoy's motion is

13   timely.

14                   Moreover and more importantly, Digital Envoy has not delayed in bringing this motion.

15   Google, on its own time and schedule, filed several pretrial dispositive motions, the latest of which

16   it filed in August 2005 seeking *partial* summary judgment on Digital Envoy's damages claims.

17   *See* Google's Notice of Motion for Partial Summary Judgment re: Digital Envoy's Damages

18   Claims.  After the extended briefing ordered by the Court, Google's motion to reconsider the

19   Court's original order, and two hearings, the Court entered judgment against Digital Envoy on all

20   of its affirmative claims.  *See* Orders of November 8, 2005 and January 25, 2006.  The effect of

21   the Court's orders was suddenly to leave Google's counterclaims as the only remaining claims in

22   the case.  Digital Envoy always intended to seek summary adjudication of Google's

23   counterclaims, but on a schedule consistent with the Court's scheduling orders and after the

24   completion of all discovery (including expert discovery).  After the status conference conducted

25   by the Court on February 8, 2006, during which the Court stated that the trial would occur in

26

27   [3]    Indeed, every scheduling order entered by the Court has provided a deadline for all pretrial
            motions to be heard after the conclusion of all discovery.

28

W02-SF:5MPF1\61491410.1                                                DIGITAL ENVOY'S MOTION FOR
                                                                       SUMMARY JUDGMENT

1    December 2006 at the earliest, the parties even submitted a stipulated amended scheduling order

2    permitting pretrial motions to be heard as late as August 16, 2006. *See* Stipulation and Proposed

3    Scheduling Order filed February 15, 2006. In fact, Digital Envoy had a pending motion to compel

4    that the Court set to be heard on the March 22, 2006. At that hearing, the Court set an expedited

5    trial schedule, moving the trial from December 2006 to June 12, 2006. As a result, Digital Envoy

6    shortly thereafter sought available hearing dates from Google for Digital Envoy's dispositive

7    motion to be heard. Google immediately asserted that Digital Envoy's motion would be untimely,

8    but nonetheless stated that its counsel would be available for a May 17, 2006 hearing date. Any

9    opposition to Digital Envoy's motion on timeliness grounds would not serve the interests of

10   efficiency or judicial economy.

11   **B.**    **Digital Envoy Is Entitled to Summary Judgment on All of Google's Remaining**

12          **Counterclaims Because There Exists No Genuine Issue of Material Fact and Digital**

13          **Envoy Is Entitled to Prevail as a Matter of Law.**

14          "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and

15   admissions on file, together with the affidavits, if any show that there is no genuine issue as to any

16   material fact and that the moving party is entitled to judgment as a matter of law." *See Business*

17   *Objects, S.A. v. Microstrategy, Inc.*, 381 F. Supp. 2d 1107, 1109 (N.D. Cal. 2005). "An issue is

18   'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-

19   moving party." *See id.* "A party moving for summary judgment who does not have the ultimate

20   burden of persuasion at trial, must produce evidence which either negates an essential element of

21   the non-moving party's claims or show that the non-moving party does not have enough evidence

22   of an essential element to carry its ultimate burden of persuasion at trial." *Pacific Bell Tel. Co. v.*

23   *California Dept. of Trans.*, 365 F. Supp. 2d 1085, 1087 (N.D. Cal. 2005). "Once the moving party

24   meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own

25   evidence set forth specific facts showing that there is a genuine issue for trial. In order to make

26   this showing, the non-moving party must identify with reasonable particularity the evidence that

27   precludes summary judgment." *See id.* If the non-moving party fails to make this showing, the

28   moving party is entitled to summary judgment as a matter of law. *See id.*

C.     **Digital Envoy's Initial Filing of this Action in the Northern District of Georgia Does Not Support Google's Breach of Contract Claim.**

1.     *No California court has recognized Google's novel cause of action.*

Digital Envoy initially filed this lawsuit, in good faith, against Google in the Northern District of Georgia. In response to Digital Envoy's Georgia complaint, Google moved to dismiss or transfer the case to this Court. After full briefing, but before Google filed an answer, the Northern District of Georgia denied Google's motion to dismiss and granted Google's motion to transfer the case to this Court. The Georgia court held no hearing and ruled on Google's motion on the papers.

Google now contends, despite obtaining full benefit of the forum selection clause by litigating this action in California instead of Georgia, that Digital Envoy's initial filing of the lawsuit in Georgia constitutes a breach of contract for which it is entitled to damages. Google's novel theory finds no support under California law.[4] There is no reported California case authorizing the claim Google asserts or awarding "damages" to a party who successfully enforces a forum selection clause.[5] Nor is there any statutory basis authorizing Google's claim. Therefore, Google's novel theory is without legal support or merit, and Digital Envoy is entitled to summary judgment on Google's claim.

2.     *Google Already Has Obtained the Full Benefit of the Forum Selection Clause.*

Google has vindicated fully its rights through its enforcement of the forum selection clause by having the litigation proceed in this Court. In California, a plaintiff asserting a claim for breach

---

[4]     The License Agreement is governed by California law. *See* License Agreement, § 12.

[5]     Indeed, nationwide, only a handful of courts have even addressed such a theory, and the better reasoned cases have held that a successful party is not entitled to a monetary damage award when the party obtains specific performance (*i.e.*, transfer to the selected forum). *See, e.g., Wells v. Entre Computer Centers, Inc.*, 915 F.2d 1566 (4th Cir. 1990) (denying claim for damages resulting from plaintiff's bringing of claim in forum different from the one in the forum selection clause); *RGC Int'l Investors, LDC v. ARI Network Services, Inc.*, 2004 U.S. Dist. LEXIS 1161, at *18 (D. Del. Jan. 22, 2004) (dismissing breach of contract claim arising from violation of forum selection clause and holding "enforcement of a forum selection clause results in transfer, dismissal or retention of jurisdiction," not an award of "damages"); *see also Omron Healthcare, Inc. v. McLaren Exports Ltd.*, 28 F.3d 600, 604 (7th Cir. 1994) (noting that party sought specific performance in lieu of damages for alleged breach of forum selection clause).

-10-

1  of contract is entitled *either* to specific performance *or* damages, but not both. *See Rogers v.*
2  *Davis*, 28 Cal. App. 4th 1215, 1220 (1990) (a breach of contract plaintiff cannot be awarded both
3  specific performance and damages because such an award would constitute double recovery); *see*
4  *also Omron Healthcare*, 28 F.3d at 604 (a party who obtains specific performance of a forum
5  selection clause is not also entitled to damages). Thus, Google's attempt here to maintain a cause
6  of action for breach of contract when it has obtained the full benefit of its rights under the contract
7  is an impermissible attempt to seek more than which it is entitled. Google is not entitled to such
8  double recovery.

9      **3.**    *Google's claim is an improper attempt to recover its litigation costs.*

10     It is indisputable that the License Agreement contains no fee-shifting provision or other
11  authorization for one party to seek payment of its attorneys' fees from the other party. *See*
12  generally License Agreement. Because Google obtained a transfer of this case to this Court – all
13  of which the forum selection clause entitled it – the only presumed "damages" Google now seeks
14  is recovery of its costs of litigation.[6] However, Google is not entitled to such recovery in
15  contravention of long-standing principal of American law that a party in litigation bears its own
16  litigation costs and fees. *See Trope v. Katz*, 11 Cal. 4th 274, 278 (1995) (California follows the
17  American rule that each party must ordinarily pay his own attorneys' fees); *see also* Cal. Code
18  Civ. P. § 1021. Per Google's theory, every unsuccessful legal argument by a party in litigation
19  would render that party liable for the other party's attorney's fees without regard to whether the
20  parties bargained for such a result. Indeed, where, as here, the parties declined to make any
21  provision in the License Agreement regarding attorneys' fees, the intent of the parties must be
22  construed as in harmony with the long-standing principal that each party is responsible for its own
23  compensation of its attorneys.[7]

24  _____
25  [6]  The Georgia court rendered its decision on Google's motion to transfer on the papers, requiring no hearing or personal appearance by Google or its attorneys in Georgia. *See* Waddell Decl, Ex. Q.

26  [7]  This should be especially the case here. Digital Envoy initiated this lawsuit in Georgia
27  asserting a good faith argument that its claims fell outside the forum selection provision. Both its Complaint and opposition to Google's motion to transfer were signed in full compliance with Federal Rule of Civil Procedure 11. Even though a party may seek
28

-11-

1     **4.**    *A consistent application of the Court's construction of the License Agreement bars*

2            *Google's recovery of damages.*

3     As the Court is well aware, Google has urged an interpretation of Section 8 of the parties'

4 License Agreement that bars any recovery of damages "unless caused by the [other party's] willful

5 misconduct." *See* License Agreement, § 8. This Court held that "willful misconduct" means that

6 a party must establish that the other party "acted in violation of the parties' Agreement with a

7 specific intent to harm" the other party or "with a positive, active, and absolute disregard of the

8 consequences of its actions." *See* November 8, 2005 Order at 4. Because the only evidence in the

9 record establishes that Digital Envoy initiated this lawsuit in Georgia in good faith, making sound

10 and reasonable legal arguments that the forum selection provision did not apply, Google can

11 adduce no evidence that could come close to meeting this Court's definition of willful misconduct.

12 Accordingly, even leaving aside the deficiencies of Google's novel cause of action, a consistent

13 application of this Court's construction of the License Agreement to Google's counterclaims

14 renders Google without any remedy for "damages." Therefore, Digital Envoy is entitled to

15 summary judgment on Google's cause of action alleging breach of the forum selection provision.

16

17

18

19

20

21

REDACTED

22

23

24     **a.**

25

sanctions for violations of Rule 11, Google did not do so nor did the Georgia court even

26 mention that sanctions were appropriate in this case. Google should not, on the basis of its
strained contract theory, be permitted to seek an award of attorneys' fees here when it did

27 not see fit to raise the issue in a context that was at least procedurally correct in the
Georgia court (even though such an argument would have been wholly without merit).

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

REDACTED

16
17
18
19
20
21
22
23
24
25

8

26
27

REDACTED

28

-13-

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

-14-

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

-15-

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

W02-SF:5MPF1\61491410.1

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



REDACTED

REDACTED

9

-17-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

-18-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
REDACTED
16
17
18
19
20
21
22
23
24
25
11
26
27    REDACTED
28

W02-SF:5MPF1\61491410.1                                           DIGITAL ENVOY'S MOTION FOR
                                                                  SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

-20-

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

-21-

DIGITAL ENVOY'S MOTION FOR
SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15                                        **REDACTED**

16

17

18

19

20

21                    IV.     **CONCLUSION**

22          For the forgoing reasons, Digital Envoy's motion for summary judgment should be

23    granted.

24

25

26

27    [12]   The Court defined "damages" to apply to actual damages, unjust enrichment, and a
       reasonable royalty.  *See* November 8, 2005 Order.

28

-22-

1  DATED:  April 14, 2006

2                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                    By      _____/s/ Brian D. Anderson_____
                                        P. CRAIG CARDON
5                                       BRIAN R. BLACKMAN
                                        BRIAN D. ANDERSON
6

7                            TIMOTHY H. KRATZ (Admitted *Pro Hac Vice*)
                             LUKE ANDERSON (Admitted *Pro Hac Vice*)
8                            MCGUIRE WOODS, L.L.P
                             1170 Peachtree Street, N.E., Suite 2100
9                            Atlanta, Georgia 30309
                             Telephone: 404.443.5706
10                           Facsimile:  404.443.5751

11                               Attorneys for DIGITAL ENVOY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-

DIGITAL ENVOY'S MOTION FOR
                                                                                       SUMMARY JUDGMENT